IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION AND EMC ISRAEL DEVELOPMENT CENTER, LTD., Plaintiffs, | ) | |
| v. | ) | C.A. No. 12-956 (GMS) |
| ZERTO, INC., Defendant. | ) | |

**REVISED JOINT CLAIM CONSTRUCTION CHART**

Pursuant to the Scheduling Order in this case, the Parties hereby submit this Joint Claim Construction Chart.

## I. AGREED CLAIM CONSTRUCTIONS

The parties have agreed upon the construction for the following terms:

### A. U.S. Patent No. 7,577,867

| | CLAIM TERM OR PHRASE | AGREED CONSTRUCTION |
|---|---|---|
| 1. | "acknowledgement(s)"<br>(Claims 9-11, 13, 18, 35) | "indication(s) that a request was received" |
| 2. | "confirmation(s)"<br>(Claims 11, 12, 37-39) | "indication(s) that a request was completed" |
| 3. | "consistent data recovery"<br>(Claim 9) | Plain and ordinary meaning. |
| 4. | "cross-tagging success"<br>(Claim 12, 39) | "an indication that a consistency group was successfully tagged" |
| 5. | "consistency group"<br>(Claims: 9-10, 16, 18, 33-34, 45) | "a basic logical entity for which data protection services, such as replication, tagging and journaling, are provided by a DPA; a consistency group includes (i) at least one logical storage unit for a source side storage system that is to be protected, (ii) corresponding logical units for a backup site, and (iii) at least one logical unit used for journaling at the backup site by storing a journal, which is a record of write transactions used to maintain and rollback a duplicative storage system to a previous point in time" |

| | CLAIM TERM OR PHRASE | AGREED CONSTRUCTION |
|---|---|---|
| 6. | "data protection"<br>(Claim 33) | Plain and ordinary meaning. |
| 7. | "data protection appliance" or "DPA"<br>(Claims 9-13, 16, 18, 33-34, 37-41, 45) | "a computer or a cluster of computers that serve as a data protection appliance, responsible for data protection services including inter alia data replication of a storage system, and journaling of I/O requests issued by a host computer to the storage system by storing the I/O requests in a journal, which is a record of write transactions used to maintain and rollback a duplicate storage system to a previous point in time" |
| 8. | "host device"<br>(Claims: 9, 13, 17, 33, 45) | "an internal interface in a host, to a logical storage unit" |
| 9. | "host device agents"<br>(Claims 9, 17-18) | "hardware and/or software, associated with a host device, that performs tasks, including routing and/or intercepting I/O requests" |
| 10. | "host device controller(s)"<br>(Claims 9-11, 13, 17, 33-36, 38, 40-41, 44, 45) | "hardware and/or software, associated with a host device, that processes I/O requests" |
| 11. | "initiate tags"<br>*<br>"initiating a tag"<br>(Claims 33, 34, 45) | "begin the process of marking a consistency group at a specific point in time"<br>*<br>"beginning the process of marking a consistency group at a specific point in time" |
| 12. | "issuing requests"<br>(Claims 9, 33) | "sending requests" |

| | CLAIM TERM OR PHRASE | AGREED CONSTRUCTION |
|---|---|---|
| 13. | "logical parts of a network"<br>(Claims 33, 45) | "non-physical parts of a network" |
| 14. | "logical parts of a storage area network"<br>(Claims 9, 18) | "non-physical parts of a network of nodes that send and receive I/O and other requests, each node in the network being an initiator or a target, or both an initiator and a target" |
| 15. | "LU"<br>(Claims 9, 16, 18) | "a logical entity provided by a storage system for accessing data from the storage system" |
| 16. | "states"<br>(Claim 16) | Plain and ordinary meaning. |
| 17. | "tag"<br>*<br>"tagging"<br>(Claims 9, 10, 16, 18, 33-34, 39, 45) | "a special write transaction to mark a point in time"<br>*<br>"writing a special write transaction to mark a point in time" |

**B. U.S. Patent Nos. 7,603,395 and 7,971,091**

| | CLAIM TERM OR PHRASE | AGREED CONSTRUCTION |
|---|---|---|
| 1. | "application consistent point in time"<br>(Claim 9 ('091 Patent)) | "a point in time when all pending write operations for an application have been committed to disk" |
| 2. | "dataset"<br>(Claims 1 ('395 Patent) / 1, 17, 20 ('091 Patent)) | "a collection of data" |

| | | |
|---|---|---|
| 3. | "production application"<br>(Claims 1, 3, 9, 15 ('395 Patent); 1, 9, 12, 17, 20 ('091 Patent)) | "one or more software application(s) that generate(s) data" |
| 4. | "reliably"<br>(Claims 1 ('395 Patent); 17 ('091 Patent)) | "dependably" |
| 5. | "replication application"<br>(Claims 1-3, 7-8 ('395 Patent); 1, 5, 9, 17, 20 ('091 Patent)) | "an application configured to create a replica of a dataset and perform other replication operations" |
| 6. | "replication operations"<br>(Claims 1, 9, 15 ('395 Patent); 1, 9, 17, 20 ('091 Patent)) | "operations performed by a replication application, e.g., mirroring and/or backup/recovery operations" |

**C. U.S. Patent No. 7,647,460**

| | CLAIM TERM OR PHRASE | AGREED CONSTRUCTION |
|---|---|---|
| 1. | "communication link"<br>(Claims 1, 4, 9, 13, 14, 17, 22-23, 25, 28, 30, 38, 44) | "a path over which data can be transferred" |
| 2. | "in response to the information being written from the CPU to the first storage system"<br>(Claims 28, 30)<br>*<br>"responsive to the information being written from the CPU to the [first/source] storage system"<br>(Claims 1, 22, 38, 44) | Plain and ordinary meaning. |

| | CLAIM TERM OR PHRASE | AGREED CONSTRUCTION |
|---|---|---|
| 3. | "intranet"<br>(Claims 3, 18, 32, 40, 44) | "a private communication network that uses Internet technologies, including Internet Protocol, to share data and/or resources within a private enterprise" |
| 4. | "mirroring controller"<br>(Claims 1, 10-11, 13, 22-24, 27, 44-46) | "one or more controllers configured to mirror" |
| 5. | "multicasting"<br>(Claim 29) | "transmitting the same data from a source to more than one destination in a single transaction" |
| 6. | "network cloud"<br>(Claims: 1-3, 5, 18-19, 28-32, 36-40) | "a communication system that implements a protocol wherein information transferred through the cloud includes a destination address so that the information can be transported by the cloud to the appropriate destination" |

**D. U.S. Patent No. 6,073,222**

| | CLAIM TERM OR PHRASE | AGREED CONSTRUCTION |
|---|---|---|
| 1. | "actual data storage device"<br>(Claims 1, 10, 20, 23) | "a readable and writable physical storage device" |
| 2. | "clearing the preservation memory"<br>(Claims 2, 21) | "clearing the preservation memory such as by setting information to indicate that there are no valid entries in the storage" |
| 3. | "data block association memory that associates the preserved original data block with a corresponding address in the mass storage system" | "memory that stores information providing a correspondence between a preserved original data block and an address in the mass storage system" |

| | | |
|---|---|---|
| | (Claim 3)<br>*<br>"data block association memory that associates the original data block preserved in the preservation memory with a corresponding address in the mass storage system"<br>(Claim 24) | |
| 4. | "disk level"<br>(Claims 5, 25) | "the level of data blocks of a disk" |
| 5. | "mass storage system"<br>(Claims 1, 3, 5-8, 20, 23-26) | "storage system that includes one or more physical storage devices" |
| 6. | "program code means for …"<br>(Claims 20-26) | The source code implementing the subject function(s) that was submitted as an Appendix to the application that led to the '152 patent, and equivalents thereof. |
| 7. | "selected moment"<br>(Claims 1, 20, 23) | "point in time that was selected" |
| 8. | "virtual device"<br>(Claims 1, 4, 7-8, 10, 20, 22) | "a device that appears as an actual storage device" |

## II. DISPUTED CLAIM CONSTRUCTIONS

At this time, the Parties do not agree on the constructions of the remaining terms, phrases, and clauses listed below. The intrinsic evidence supporting each Party's constructions is cited in the charts below. The Parties reserve the right to rely on additional intrinsic evidence and/or the intrinsic evidence cited or relied upon by the opposing Party.

**A. U.S. Patent No. 7,577,867**

| | **DISPUTED CLAIM TERM OR PHRASE** | **EMC PROPOSED CONSTRUCTION** | **ZERTO PROPOSED CONSTRUCTION** |
|---|---|---|---|
| 1. | "data protection appliance (DPA) manager"<br><br>(Claims 9-12, 18, 33-34, 37-39, 45) | This term should be given its plain and ordinary meaning. If the Court further construes this term, EMC proposes that the Court adopt the following as its plain and ordinary meaning:<br><br>"a computer or a cluster of computers that issues requests to at least one DPA"<br><br>**Intrinsic Evidence**:<br><br>1:66-5:5; 5:18-22; 5:62-6:30; 20:27-56; 21:55-24:60. | "a DPA that receives a cross-tag instruction, sends quiescence and tag commands, receives confirmations, and sends un-quiesce commands"<br><br>**Intrinsic Evidence**:<br><br>Fig. 1 & 8 and corresponding text in the written description; 5:18-22; 3:4-5:5; 20:27-24:60. |

**B. U.S. Patent Nos. 7,603,395 and 7,971,091**

| | **DISPUTED CLAIM TERM OR PHRASE** | **EMC PROPOSED CONSTRUCTION** | **ZERTO PROPOSED CONSTRUCTION** |
|---|---|---|---|
| 1. | "client file index"<br><br>(Claims 3, 6 ('091 Patent)) | "an index of client files"<br><br>**Intrinsic Evidence**:<br><br>7:13-44; 14:19-25. | "an index of the backed up data items"<br><br>**Intrinsic Evidence**:<br><br>'395 Patent: 7:13-24.<br><br>'091 Patent: 7:17-28. |
| 2. | "event marker"<br><br>(Claim 1, 6-7, 9, 14, 18 ('395 Patent); 1, 9, 12-13, 17, 20 ('091 | "a data structure that includes information that can be used to identify a pseudosnapshot"<br><br>**Intrinsic Evidence**: | "a data structure that includes the date and time at which the pseudosnapshot was created"<br><br>**Intrinsic Evidence**:<br><br>'395 Patent: Abstract; 3:30-45; 5:56-6:7; 13:50- |

| | | | |
|---|---|---|---|
| | Patent)) | 3:30-45; 13:50-16:17; 16:60-67; 17:58-18:18.<br><br>Serial No. 11/381,343 ('395 File History): Aug. 20, 2008 Amendment "A" and Response at 9-10.<br><br>Serial No. 11/381,343 ('395 File History): Apr. 9, 2009 Amendment "B" and Response at 9-13.<br><br>Serial No. 11/381,343 ('091 File History): Aug. 6, 2008 Amendment "A" and Response at 8-9.<br><br>Serial No. 11/381,343 ('091 File History): April. 23, 2009 Amendment "B" and Response at 8-12.<br><br>Serial No. 11/381,343 ('091 File History): Aug. 19, 2010 Amendment "E" and Response at 10-14. | 18:18.<br><br>'091 Patent: Abstract; 3:35-50; 5:60-6:11; 13:50-18:18.<br><br>Serial No. 11/381,343: 11/6/08 Amend., at 7-9.<br><br>Serial No. 11/381,343: 4/23/09 Amend., at 8-12. |
| 3. | "pseudosnapshot"<br><br>(Claims 1, 8-10, 14-16, 18 ('395 Patent); 1, 5, 9-10, 14-15, 17-18, 20 ('091 Patent)) | "a dataset, identified by an event marker, within the continuous data protection system that can be surfaced"<br><br>**Intrinsic Evidence**:<br><br>Figs. 4 & 5; 2:11-38; 3:30-4:12; 6:20-44; 7:25-64; 12:62-18:59.<br><br>Serial No. 11/381,343 ('395 File History): Aug. 20, 2008 Amendment "A" and Response at 9-10.<br><br>Serial No. 11/381,343 ('395 File History): Apr. 9, 2009 Amendment "B" and Response at 9-13.<br><br>Serial No. 11/381,343 ('091 File History): Aug. 6, 2008 Amendment "A" and Response at 8-9.<br><br>Serial No. 11/381,343 ('091 File History): April. 23, 2009 Amendment "B" and Response at 8-12.<br><br>Serial No. 11/381,343 ('091 File History): Aug. 19, 2010 Amendment "E" and Response at 10-14. | "an item, presented to a user as a traditional snapshot and associated with an event marker, that can be used to surface a copy of application data as it existed at the time of the event marker"<br><br>**Intrinsic Evidence**:<br><br>'395 Patent: 2:11-38; 3:30-4:12; 6:20-34; 12:62-18:59.<br><br>'091 Patent: 2:15-43; 3:35-4:17; 6:24-35; 12:62-18:59.<br><br>Serial No. 11/381,347: 4/9/09 Amend, at 10-13.<br><br>Serial No. 11/381,343: 11/6/08 Amend., at 7-9.<br><br>Serial No. 11/381,343: 4/23/09 Amend., at 8-12.<br><br>Serial No. 11/381,343: 11/19/10 Amend., at 9-13. |

| | | | |
|---|---|---|---|
| 4. | “quiesce”<br>*<br>“quiescing [the production application]”[1]<br>(Claims 3 (’395 Patent); 12 (’091 Patent)) | “in response to an instruction to do so, enter an inactive state wherein the production application does not generate write operations”<br>*<br>“instructing the production application to enter an inactive state wherein the production application does not generate write operations”<br>**Intrinsic Evidence**:<br>Fig. 4, 3:30-64; 7:1-12; 12:35-45; 13:38-49; 15:17-27; 18:27-42.<br>Serial No. 11/381,343 (’395 File History): Aug. 20, 2008 Amendment “A” and Response at 9-10.<br>Serial No. 11/381,343 (’395 File History): Apr. 9, 2009 Amendment “B” and Response at 9-13.<br>Serial No. 11/381,343 (’091 File History): Aug. 6, 2008 Amendment “A” and Response at 8-9.<br>Serial No. 11/381,343 (’091 File History): April. 23, 2009 Amendment “B” and Response at 8-12.<br>Serial No. 11/381,343 (’091 File History): Aug. 19, 2010 Amendment “E” and Response at 10-14. | “pause write activity”<br>*<br>“pausing write activity”<br>**Intrinsic Evidence**:<br>’395 Patent: 3:30-45; 7:1-12; 12:35-44; 13:39-49; 15:17-27; 18:27-42.<br>’091 Patent: 3:35-50; 7:3-16; 12:37-46; 13:39-49; 15:17-27; 18:27-42. |
| 5. | “quiescent state”<br>(Claims 1, 9, 15 (’395 Patent); 1, 9, 17 (’091 | “a state that results from the production application executing an instruction to quiesce”<br>**Intrinsic Evidence**: | “a state in which write activity is paused”<br>**Intrinsic Evidence**:<br>’395 Patent: 3:30-45; 7:1-12; 12:35-44; 13:39-49; |

[1] EMC believes the term “quiescing” should not be construed in isolation and therefore provides a construction for the phrase “quiescing the production application” (Claim 12, ’091 Patent).

| | | | |
|---|---|---|---|
| | Patent)) | Fig. 4, 3:30-64; 7:1-12; 12:35-45; 13:38-49; 15:17-27; 18:27-42.<br><br>Serial No. 11/381,343 ('395 File History): Aug. 20, 2008 Amendment "A" and Response at 9-10.<br><br>Serial No. 11/381,343 ('395 File History): Apr. 9, 2009 Amendment "B" and Response at 9-13.<br><br>Serial No. 11/381,343 ('091 File History): Aug. 6, 2008 Amendment "A" and Response at 8-9.<br><br>Serial No. 11/381,343 ('091 File History): April. 23, 2009 Amendment "B" and Response at 8-12.<br><br>Serial No. 11/381,343 ('091 File History): Aug. 19, 2010 Amendment "E" and Response at 10-14. | 15:17-27; 18:27-42.<br><br>'091 Patent: 3:35-50; 7:3-16; 12:37-46; 13:39-49; 15:17-27; 18:27-42 |
| 6. | "surfacing of a copy of the at least a portion of the series of transactions"<br><br>*<br><br>"surfacing the copy of at least a portion of the series of transactions"<br><br>*<br><br>"surfacing a copy of at least a portion of the series of transactions"<br><br>*<br><br>"surfacing of a copy | "generating a data structure from the dataset of the at least a portion of the series of transactions"<br><br>*<br><br>"generating the data structure from the dataset of at least a portion of the series of transactions"<br><br>*<br><br>"generating a data structure from the dataset of at least a portion of the series of transactions"<br><br>*<br><br>"generating a data structure from the dataset of a series of transactions"<br><br>**Intrinsic Evidence**:<br><br>Titles; Figs. 4 & 6; 2:11-50; 3:30-4:12; 6:29-67; 7:25-38; 14:1-45; 15:27-18:59. | *See* Zerto's proposed construction for "surfaced" and "surfacing" below; the rest of the language need not be construed. |

| | | | |
|---|---|---|---|
| | of transactions"<br><br>(Claims 1, 8-9, 14 ('395 Patent)) | Serial No. 11/381,343 ('395 File History): Apr. 9, 2009 Amendment "B" and Response at 9-13.<br><br>Serial No. 11/381,343 ('091 File History): April. 23, 2009 Amendment "B" and Response at 8-12.<br><br>Serial No. 11/381,343 ('091 File History): Aug. 19, 2010 Amendment "E" and Response at 10-14. | |
| 7. | "surfaced"<br><br>*<br><br>"surfacing"<br><br>(Claims 1, 4-5, 8-9, 12-15 ('395 Patent); 1, 2, 9, 17, 20 ('091 Patent)) | *See* EMC's proposed constructions for "surfacing…" above. | "generating a snapshot of data as it existed at a given point in time from a series of transactions stored in a write journal"<br><br>**Intrinsic Evidence**:<br><br>'395 Patent: 2:11-38; 3:30-35; 6:35-7:37; 13:39-14:45; 16:1-18:58.<br><br>'091 Patent: 2:16-43; 3:35-50; 6:39-7:42; 13:13:39-14:45; 16:1-18:58. |
| 8. | "write journal"<br><br>(Claims 1, 4, 5 ('395 Patent); 1, 20 ('091 Patent)) | "storage in which a series of write transactions are stored along with information that can be used to identify an order of the write transactions"<br><br>**Intrinsic Evidence**:<br><br>Figs. 1 & 5; 5:34-6:19; 15:27-67; 17:58-18:2. | "an area of storage in which a series of write transactions are stored in chronological order"<br><br>**Intrinsic Evidence**:<br><br>'395 Patent: Fig. 5 and corresponding text in the written description; 5:34-6:19; 15:27-67.<br><br>'091 Patent: Fig. 5 and corresponding text in the written description; 5:38-6:23; 15:27-67. |

## C. U.S. Patent No. 7,647,460

| | DISPUTED CLAIM TERM OR PHRASE | EMC PROPOSED CONSTRUCTION | ZERTO PROPOSED CONSTRUCTION |
|---|---|---|---|
| 1. | "storage system"<br>(Claims 1,10-13, 22-24, 27-30, 36-38, 42-46) | "the set of components that stores and controls the storage of information written from the CPU, including one or more storage devices and one or more controllers"<br>**Intrinsic Evidence**:<br>1:36-61; 3:18-21; 5:45-48; 6:6-44; 10:29-46; 11:38-12:11; Figs 1, 2, and 5.<br>Serial No. 08/935,344: May 9, 2000 Amendment and Response at 9-18.<br>Serial No. 08/935,344: July 25, 2000 Office Action at 2-3.<br>Serial No. 08/935,344: Oct. 25 2000 Amendment and Response at 5-15.<br>Serial No. 08/935,344: Appellant's Appeal Brief at 2-4, 8-15, 20, 24-25.<br>Serial No. 08/935,344: Appellant's Reply Brief at 5-17.<br>Serial No. 08/935,344: Appellant's 2nd Reply Brief at 4-12.<br>Serial No. 08/935,344: Appeal Brief (Amended) at 2-4, 6-13, 18-29.<br>U.S. Patent No. 5,960,216 (incorporated by reference): Figs. 1-3; 1:21-32; 3:48-62; 4:7-5:16; | "the combination of a storage device and its storage controller"<br>**Intrinsic Evidence**:<br>Figs 1, 2, and 5, esp. Items 3 and 5, and corresponding text in the written description;<br>1:17-25;<br>Serial No. 08/935,344: 5/9/00 Amend., at 10-18.<br>Serial No. 08/935,344: 10/15/00 Amend., at 5-15.<br>Serial No. 08/935,344: 12/22/00 Response, at 3-5.<br>Serial No. 08/935,344: Appeal Brief, at 8-20.<br>Serial No. 08/935,344: Reply Brief, at 5-19.<br>Serial No. 08/935,344: 2nd Reply Brief, at 4-12<br>Serial No. 08/935,344: Decision, at 5-7. |

| | DISPUTED CLAIM TERM OR PHRASE | EMC PROPOSED CONSTRUCTION | ZERTO PROPOSED CONSTRUCTION |
|---|---|---|---|
| | | 5:32-43; 7:38-49; 14:1-60; 18:27-20:65.<br><br>U.S. Patent No. 6,038,605 (incorporated by reference): Figs. 1-3; 1:24-35; 3:41-65; 4:10-5:20; 5:36-48; 7:44-54; 14:6-64. | |
| 2. | "controller"<br><br>(Claims 38, 42-43) | "a component of the storage system that controls at least one function of the storage system"<br><br>**Intrinsic Evidence**:<br><br>Figs. 1, 2, 4 & 5; 1:17-2:30; 2:46-3:17; 5:45-6:5; 6:55-8:45; 8:65-10:4; 10:29-11:37.<br><br>U.S. Patent No. 5,960,216 (incorporated by reference): Figs. 1-3; 1:17-32; 3:48-62; 4:7-5:16; 5:32-43; 7:38-49; 14:1-60; 18:27-20:65.<br><br>U.S. Patent No. 6,038,605 (incorporated by reference): Figs. 1-3; 1:24-35; 3:41-65; 4:10-5:20; 5:36-48; 7:44-54; 14:6-64. | "a device that manages the operation of and connection to another device"<br><br>**Intrinsic Evidence**:<br><br>Fig. 1, esp. Items 5 and 7, and corresponding text in the written description; 1:17-2:30; 2:46-3:17; 5:45-6:5; 6:55-8:45; 9:25-10:4; 10:61-11:37.<br><br>Serial No. 08/935,344: 8/30/99 Amend., at 8.<br><br>Serial No. 08/935,344: 1/21/00 Amend., at 2. |
| 3. | "means … for mirroring"<br><br>(Claims 11, 13, 43, 46) | Function: mirroring at least some of the information written from the CPU to the first storage system in the second storage system<br><br>Structure: source and target storage controllers, network RDF controller, and network interface unit<br><br>**Intrinsic Evidence**:<br><br>Figs. 1, 2, 4 & 5; 1:17-2:30; 2:46-3:17; 5:45-6:5; 6:55-8:45; 8:65-10:4; 10:29-11:37.<br><br>U.S. Patent No. 5,960,216 (incorporated by | Function: mirroring at least some of the information written from the CPU to the first storage system in the second storage system<br><br>Structure: source and target storage controllers, network RDF controller, network interface unit, and a network cloud<br><br>**Intrinsic Evidence**:<br><br>Figs 1, 2, 4, and 5, esp. Items 3 and 5, and corresponding text in the written description; 1:17-3:21; 5:45-6:5; 6:55-8:45. |

| | DISPUTED CLAIM TERM OR PHRASE | EMC PROPOSED CONSTRUCTION | ZERTO PROPOSED CONSTRUCTION |
|---|---|---|---|
| | | reference): Figs. 1-3; 1:17-32; 3:48-62; 4:7-5:16; 5:32-43; 7:38-49; 14:1-60; 18:27-20:65.<br>U.S. Patent No. 6,038,605 (incorporated by reference): Figs. 1-3; 1:24-35; 3:41-65; 4:10-5:20; 5:36-48; 7:44-54; 14:6-64. | |
| 4. | "mirror"[2]<br>(Claims 1, 22, 23, 44)<br>*<br>"to mirror at least some of the information written from the CPU to the first storage system in the second storage system"<br>(Claims 1, 22, 44)<br>*<br>"to mirror at least some of the information written | "maintain a continually updated copy of data that exists on a portion of the first storage system on the second storage system by copying each write to the portion of the first storage system to the second storage system"<br>*<br>"maintain a continually updated copy of data that exists on a portion of the first storage system on the second and third storage systems by copying each write to the portion of the first storage system to the second and third storage systems"<br>**Intrinsic Evidence:**<br>1:36-50; 11:38-12:3.<br>Serial No. 08/935,344: Aug. 30, 1999 Amend. at | "mirror": "create an identical copy of data that exists on one system on a second system"<br>EMC's other "mirroring" terms: *See* Zerto's proposed construction for "mirroring"; the rest of the language need not be construed.<br>**Intrinsic Evidence**:<br>1:10-3:21.<br>Serial No. 08/935,344: 8/30/99 Amend., at 9. |

[2] EMC believes the term "mirror" should not be construed in isolation and therefore provides a construction for the phrases "to mirror at least some of the information written from the CPU to the first storage system in the second storage system" (Claims 1, 22, 44), and "to mirror at least some of the information written from the CPU to the first storage system in both the second and third storage systems" (Claim 23).

| | DISPUTED CLAIM TERM OR PHRASE | EMC PROPOSED CONSTRUCTION | ZERTO PROPOSED CONSTRUCTION |
|---|---|---|---|
| | from the CPU to the first storage system in both the second and third storage systems"<br>(Claim 23) | 9-15;<br>Serial No. 08/935,344: Nov. 4, 1999 Office Action at 1-6.<br>Serial No. 08/935,344: Jan. 21, 2000 Amendment and Response at 2-6.<br>Serial No. 08/935,344: Oct. 25 2000 Amendment and Response at 5-15.<br>Serial No. 08/935,344: Appellant's Appeal Brief at 2-4, 8-15, 20, 24-25.<br>Serial No. 08/935,344: Appellant's Reply Brief at 5-17.<br>Serial No. 08/935,344: Appellant's 2nd Reply Brief at 4-12.<br>Serial No. 08/935,344: Appeal Brief (Amended) at 2-4, 6-13, 18-29.<br>U.S. Patent No. 5,960,216 (incorporated by reference): 4:7-20<br>U.S. Patent No. 6,038,605 (incorporated by reference): 4:10-24 | |

**D. U.S. Patent No. 6,073,222**

| | DISPUTED CLAIM TERM OR PHRASE | EMC PROPOSED CONSTRUCTION | ZERTO PROPOSED CONSTRUCTION |
|---|---|---|---|
| 1. | "original data block"<br>(Claims 1-6, 20-22, 24-26) | This term should be given its plain and ordinary meaning.<br>**Intrinsic Evidence**:<br>Abstract; Figs. 1-5, 7A; 6:2-5; 19:37-61; 21:21-24.<br>U.S. Patent No. 5,649,152 (incorporated by reference): Abstract; 5:22-34; 5:48-60. | "a block of data stored on the mass storage system at the time the snapshot was taken"<br>**Intrinsic Evidence**:<br>Abstract; Fig. 7A; 8:54-64; 19:28-67; 22:24-25:15 |
| 2. | "preservation memory"<br>(Claims 1-2, 8-9, 20-22, 24) | "storage used for preserving data blocks"<br>**Intrinsic Evidence**<br>Abstract; Claims 1-2, 8-9, 20-22, 24; Figs. 1-5, 7A; 8:65-9:12; 11:1-67; 13:1-14:45; 14:66-15:21; 17:1-19:67; 21:11-27; 22:24-43; 22:52-24:41; 25:34-26:3.<br>U.S. Patent No. 5,649,152 (incorporated by reference): Abstract; Figs. 1-2; 2:49-65; 3:43-49; 3:66-4:62; 5:48-6:10; 6:41-50. | "memory dedicated to holding a snapshot of a portion of memory at the selected moment"<br>**Intrinsic Evidence**:<br>Abstract;<br>Figs. 1, 3 and 7A, esp. Item 22, and corresponding text in the written description;<br>6:1-48; 8:65-9:12; 11:1-12:2; 12:24-36; 13:45-14:45; 14:66-15:37; 17:1-18:49; 19:6-55; 21:65-22:51; 23:6-25:16. |
| 3. | "when a new block written to the mass storage system is to overwrite the original data block"<br>(Claims 1, 20) | This term should be given its plain and ordinary meaning. If the Court further construes this term, EMC proposes that the Court adopt the following as its plain and ordinary meaning:<br>"in response to a new block written to the mass storage system that is to overwrite the original data block" | "before a new block written to the mass storage system is to overwrite the original data block"<br>**Intrinsic Evidence**:<br>Figs. 4 and 7A and corresponding text in the written description; 8:54-64; 19:5-61; 22:24-25:15. |

| | DISPUTED CLAIM TERM OR PHRASE | EMC PROPOSED CONSTRUCTION | ZERTO PROPOSED CONSTRUCTION |
|---|---|---|---|
| | | **Intrinsic Evidence:**<br>Abstract; Figs. 4 and 7A; 5:65-6:11; 8:64-9:12; 11:1-34;13:45-14:21; 17:1-18:2; 19:5-61; 22:24-26:33.<br>‘152 patent: Abstract; Fig. 2; 4:25-49; 5:48-65. | |

MORRIS, NICHOLS, ARSHT & TUNNEL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box. 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

OF COUNSEL:

Michael N. Rader
Gregory F. Corbett
Allen S. Rugg
Nathan R. Speed
Elizabeth A. DiMarco
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
(617) 646-8000

Paul T. Dacier
Krishnendu Gupta
William R. Clark
EMC CORPORATION
176 South Street
Hopkinton, MA 01748

*Attorneys for Plaintiffs*

April 11, 2014

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Monté T. Squire*

Adam W. Poff (#3990)
Monté T. Squire (#4764)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
msquire@ycst.com

OF COUNSEL

Matthew B. Lowrie
Aaron W. Moore
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2600
Boston, MA 02199-7610
(617) 342-4006

*Attorneys for Defendant Zerto, Inc.*