IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| EMC CORPORATION AND EMC ISRAEL DEVELOPMENT CENTER, LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | C.A. No. 12-956-GMS |
| ZERTO, INC., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM

### I.     Introduction

On August 21, 2013, EMC Corporation and EMC Israel Development Center, Ltd. ("EMC") filed an Amended Complaint against Zerto, Inc. ("Zerto") alleging infringement of five patents (the "patents-in-suit"). (D.I. 64.) Zerto answered the Amended Complaint a month later and asserted, *inter alia*, invalidity counterclaims for each of the patents-in-suit. (D.I. 67.) Presently before the court is EMC's Rule 12(b)(6) Motion to Dismiss Zerto's Counterclaims of Invalidity for failure to satisfy the *Twombly/Iqbal* pleading standard, (D.I. 70); and Zerto's Motion for Leave to Amend its Answer to the First Amended Complaint, Affirmative Defenses and Counterclaims to add two counterclaims alleging that three of the patents-in-suit are unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("PTO"), (D.I. 97). For the reasons discussed below, the court grants both motions.

### II.    EMC's motion to dismiss Zerto's counterclaims of invalidity

In reviewing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the court must "construe the [challenged pleading] in the light most favorable to the [pleader],

accept its allegations as true, and draw all reasonable inferences in favor of the [pleader] . . . ." *In Re Bill of Lading Transm'n and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). To overcome a motion to dismiss, the defendant's counterclaim must plead "'enough factual matter' that, when taken as true, 'states a claim to relief that is plausible on its face.'" *Id.* at 1331 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a [pleading] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

EMC argues that courts in this district have applied the *Twombly/Iqbal* pleading standard to invalidity counterclaims in patent cases,[1] and that Zerto's "counterclaims of invalidity are merely bare-bones legal conclusions devoid of any supporting factual allegations that fall far short of stating a claim under *Twombly* and *Iqbal*." (D.I. 70 at 1.) In response, Zerto avers that its invalidity counterclaims were pled with the degree of particularity required in Federal Rule of Civil Procedure Form 18, contain enough specificity to identify a plausible claim for relief, and put EMC on notice of the invalidity allegations.[2] (D.I. 73 at 1.) Additionally, it argues that "[t]here is no principled basis for requiring more specificity in the Counterclaims than in the affirmative claims to which they respond, and courts refuse to dismiss counterclaims to avoid such incongruity." (*Id.* at 3.)

---

[1] *See Senju Pharm. Co., Ltd v. Apotex, Inc.*, 921 F. Supp. 2d 297,303 (D. Del. 2013) (finding, under circumstances similar to those at issue here, that "the pleading standards set forth in *Twombly* and *Iqbal* apply to counterclaims of invalidity."); *Internet Media Corp. v. Hearst Newspapers, LLC*, C.A. No. 10-690-SLR, 2012 U.S. Dist. LEXIS 126788, at *6-7 (D. Del. Sept. 6, 2012) (same); *accord Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011) ("In the wake of *Twombly* and *Iqbal*, it is clear that a[] counterclaim must set forth sufficient facts to give rise to a plausible claim for relief.").

[2] Zerto notes that EMC did not move to dismiss the "essentially identical" counterclaims in Zerto's Answer to the original Complaint. (D.I. 73 at 2; D.I. 35.)

The court is not persuaded by Zerto's arguments. In *Senju*, Judge Robinson addressed and rejected arguments similar to those advanced by Zerto. *See* 921 F. Supp. 2d at 302-03.

> Generally, the courts that have declined to apply the rigors of *Twombly* and *Iqbal* to invalidity counterclaims have reasoned that doing so would: (1) render the courts' local patent rules on the pleading standard for invalidity counterclaims superfluous; and (2) be inequitable to defendants in that it would impose on them a higher pleading burden than the Form 18 pleading burden on patent plaintiffs.

*Id.* at 302 (citations omitted). The *Senju* Court provided two persuasive arguments against the above reasoning. First, the District of Delaware has not adopted local patent rules governing pleading standards or service of factual contentions for invalidity counterclaims. *Id.* at 302-03. Second, the Federal Circuit has explained that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement . . . ." *In re Bill of Lading*, 681 F.3d at 1336. As such, "the fact that Form 18 (rather than *Twombly* and *Iqbal*) remains the standard for pleading [direct] infringement claims is an insufficient justification for deviating from *Twombly* and *Iqbal* for pleading other causes of action." *Senju*, 921 F. Supp. 2d at 303. Therefore, the court concurs with Judge Robinson's holding in *Senju* -- "the pleading standards set forth in *Twombly* and *Iqbal* apply to counterclaims of invalidity." *Id.* (citations omitted).

Accordingly, counterclaims of invalidity do not need detailed factual allegations; however, a pleader's "obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.* (citations omitted)

In the present case, Zerto's counterclaims of invalidity recite:

> One or more claims . . . is invalid for failure to comply with the conditions for patentability specified by Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.

(D.I. 67 at 12-15.)  The court finds that those counterclaims do not contain sufficient factual matter to satisfy the pleading standards set forth in *Twombly* and *Iqbal*.  Indeed, they are merely bare-bones legal conclusions devoid of any supporting factual allegations.  Accordingly, the court grants EMC's motion to dismiss Zerto's counterclaims of invalidity.

## III.   Zerto's Motion for Leave to Amend

Leave to amend a complaint should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Zerto filed a timely motion for leave to amend, pursuant to the Amended Scheduling Order.  (D.I. 68.)  In addition, the court does not find, and EMC does not allege, that the amendment will cause undue prejudice.[3]  Accordingly, the issue before the court is whether Zerto's two proposed inequitable conduct counterclaims are futile.[4]

---

[3] To demonstrate prejudice, the nonmoving party must show that the amendment would: (1) require it to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

[4] Futility of amendment occurs when the pleading, as amended, does not state a claim upon which relief can be granted. *See Burlington*, 114 F.3d at 1434.  To this end, the standard for assessing futility of amendment under Rule 15(b) is the same as the standard of legal sufficiency applicable under Rule 12(b). *See Travel Syndication Tech. v. Fuzebox, L.L.C.*, C.A. No. 11-553-SRF, 2012 U.S. Dist. LEXIS 73117, at *8-11 (D. Del. May 25, 2012) (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

"To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011). A claim for inequitable conduct must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). "[T]o plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. In addition, the pleading "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29.

EMC contends that Zerto's eleventh counterclaim, concerning EMC's U.S. Patent No. 7,577,867 ("the '867 patent"), is futile because it is based on the purported violation of a duty to disclose prior art, which does not apply to a patent holder in *inter partes* review (IPR) proceedings.[5] (D.I. 101 at 6.) EMC further argues that Zerto's factual allegations fail to establish a plausible basis for inferring that EMC attorneys made any misrepresentations with the specific intent to deceive the PTO. (*Id.* at 6-9.) In addition, EMC argues that Zerto's twelfth counterclaim, regarding U.S. Patent Nos. 7,971,091 ("the '091 patent") and 7,603,395 ("the '395 patent"), fails to sufficiently plead inequitable conduct because it does not identify the "who,"

---

[5] EMC argues that "those involved with an IPR proceeding are subject to a general duty of good faith and candor, provided in 37 C.F.R. § 42.11, that differs significantly from the duties associated with patent prosecution (37 C.F.R. § 1.56) and reexamination (37 C.F.R. §§ 1.555, 1.933)." (D.I. 101 at 6.) Specifically, patent prosecution and reexamination include an additional duty to disclose information (e.g., prior art) known to the individual to be material to patentability. (*Id.*) In contrast, IPR proceedings are based on prior art proffered by a petitioner and the patent holder has no obligation to disclose prior art. (*Id.* at 2.)

"what," "how," and "why" requirements, and does not provide a "reasonable inference" of deceptive intent. (*Id.* at 13-20.) The court disagrees.

Viewed in its entirety, Zerto's eleventh counterclaim alleges that specific EMC attorneys violated their duty of candor and good faith by intentionally making *misrepresentations* to the PTO *concerning the prior art status* of a reference Zerto submitted in connection with its petition for IPR of the '867 patent.[6]   (D.I. 106 at 2; D.I. 97-2 at 15-20.)   As such, the counterclaim does not allege EMC failed to provide the PTO a particular prior art reference.   In addition, the court finds that the allegations, viewed in the light most favorable to Zerto, set forth sufficient facts from which the court may reasonably infer that the identified EMC attorneys made statements and withheld information with the intent to deceive the PTO.   Accordingly, the court finds a further developed record is necessary to resolve the inequitable conduct issue and declines to dismiss Zerto's eleventh counterclaim at this early stage.

Zerto's twelfth counterclaim generally alleges that "EMC filed patent applications for an 'invention' that was merely a combination of two existing prior art products and failed to provide the PTO with enough detail about either product to allow it to determine whether the combination was inventive." (D.I. 106 at 8; D.I. 97-2, ¶ 62.)   The counterclaim identifies specific individuals alleged to have violated their duties of candor and good faith. (D.I. 97-2, ¶¶ 48-62.)   It also identifies alleged prior art products, the relevant claim limitations, and how/why the prior art would have been material to the claim limitations. (*Id.*, ¶¶ 62-65.)   Finally, the counterclaim sets forth sufficient facts from which the court may reasonably infer that the

---

[6] The court notes that while Zerto's proposed counterclaim alleges that EMC attorneys violated 37 C.F.R. § 1.56, (97-2, ¶¶ 39-40), it also asserts that EMC attorneys violated their broader "duty of candor and good faith in dealing with the PTO by intentionally and deceptively failing to disclose material information to the PTO" in connection with a Zerto's IPR petition, (*id.*, ¶ 31). The counterclaim further identifies statements alleged to be misrepresentations, the material information omitted from those statements, and the effect the statements had on the PTO. (*Id.*, ¶¶ 41-45.)

identified individuals withheld the prior art information with the intent to deceive the PTO. (*Id.*, ¶ 66.) Therefore, the court finds that the facts alleged in in Zerto's twelfth counterclaim are, on their face, sufficient to satisfy the requirements of both Rule 9(b) and the Federal Circuit's ruling in *Exergen*.

Accordingly, the court grants Zerto leave to amend because its amended pleading was timely filed pursuant to the amended scheduling order, does not present evidence of undue prejudice, and contains inequitable conduct allegations that are not futile.

## IV. CONCLUSION

For the reasons discussed above, the court grants EMC's motion to dismiss Zerto's counterclaims of invalidity, with leave to amend. In addition, the court grants Zerto's motion for leave to amend its answer to add counterclaims of inequitable conduct.

Dated: July 31, 2014

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EMC CORPORATION AND EMC ISRAEL )
DEVELOPMENT CENTER, LTD., )
                        )
               Plaintiffs, )
                        )
      v. )           C.A. No.  12-956-GMS
                        )
ZERTO, INC., )
                        )
             Defendant. )

## ORDER

At Wilmington, this 31st day of July, 2014,

IT IS HEREBY ORDERED THAT:

1. EMC's Rule 12(b)(6) Motion to Dismiss Zerto's Counterclaims of Invalidity (D.I. 70) is

   GRANTED WITHOUT PREJUDICE;

2. Zerto is granted leave to amend its counterclaims of invalidity;

3. Zerto's Motion for Leave to Amend its Answer to the First Amended Complaint,

   Affirmative Defenses and Counterclaims (D.I. 97) is GRANTED; and

4. Zerto shall file its amended Answer within seven (7) days of the date of this Order.

_____
UNITED STATES DISTRICT JUDGE