IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION AND EMC ISRAEL DEVELOPMENT CENTER, LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 12-956 (GMS) |
| ZERTO, INC., | ) ) ) | **REDACTED -- PUBLIC VERSION** |
| Defendant. | ) | |

## PROPOSED PRETRIAL ORDER

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

OF COUNSEL:

Michael N. Rader
Allen S. Rugg
Richard F. Giunta
Nathan R. Speed
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000

Paul T. Dacier
Krishnendu Gupta
William R. Clark
EMC CORPORATION
176 South Street
Hopkinton, MA 01748

*Attorneys for Plaintiff*

YOUNG CONAWAY STARGATT & TAYLOR LLP
Adam W. Poff (#3990)
Monté T. Squire (#4764)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
msquire@ycst.com

OF COUNSEL:

Matthew B. Lowrie
Aaron W. Moore
Lucas I. Silva
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2600
Boston, MA 02199-7610
(617) 342-4006

*Attorneys for Defendant*

This matter having come before the Court at a Pretrial Conference held pursuant to Fed. R. Civ. P. 16, and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19899, (302) 658-9200 and Wolf Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210, (617) 646-8000 having appeared as counsel for plaintiffs EMC Corporation and EMC Israel Development Center, Ltd. (collectively, "EMC") and Young, Conaway, Stargatt & Taylor LLP, 1000 North King Street, Wilmington, Delaware 19801, (302) 571-6600 and Foley & Lardner LLP, 111 Huntington Avenue, Suite 2500, Boston, MA 02199, (617) 342-4000 having appeared as counsel for defendant Zerto, Inc. ("Zerto"), the following actions were taken:

(1)     This is an action for patent infringement and the jurisdiction of the court is involved under 28 U.S.C. §§ 1331 and 1338(a).  Jurisdiction is not disputed.

EMC alleges that Zerto indirectly infringes U.S. Patent No. 7,647,460 (the "'460 patent"), U.S. Patent No. 6,073,222 (the "'222 patent"), U.S. Patent No. 7,603,395 (the '395 patent") and U.S. Patent No. 7,971,091 (the "'091 patent"), and U.S. Patent No. 7,577,867 (the "'867 patent") (together, the "Asserted Patents") and directly infringes the '867 patent.  Zerto has asserted counterclaims for declarations of non-infringement and invalidity as to the '460, '222, '395, '091, and '867 patents.  Zerto has also alleged unenforceability of the '867, '395, and '091 patents due to inequitable conduct.  In the event that Zerto is found liable for infringement of the '460, '222, '395, '091, and/or '867 patents, EMC seeks a permanent injunction, damages, and attorneys' fees.  In the event that Zerto is found to have willfully and deliberately committed acts of infringement of the '867 patent, EMC will seek treble damages.

EMC's patent infringement claims are set forth in its First Amended Complaint filed August 19, 2013 (D.I. 64).  Zerto's counterclaims for declarations of non-infringement,

invalidity, and unenforceability due to inequitable conduct are set forth in its Amended Answer

to the First Amended Complaint, Affirmative Defenses and Counterclaims (D.I. 115).  EMC's

response to Zerto's counterclaims is set forth in its Answer to the Amended Counterclaims of

Zerto, Inc. (D.I. 137).

(2)     The following stipulations and statements were submitted and are attached to and made a

   part of this Order.

   (a)     a comprehensive stipulation or statement of all uncontested facts, which will

          become a part of the evidentiary record in the case (and which may be read to the

          jury by the court or any party) – submitted herewith as Schedule A;

   (b)     an agreed statement or statements by each party of the contested issues of fact and

          law and a statement or statements of contested issues of fact or law not agreed to:

          • the parties' joint statement of contested issues of fact or law is

             submitted herewith as Schedule B-1.

   (c)     except for impeachment exhibits and demonstrative exhibits, schedules of all

          exhibits, including documents, summaries, charts and other items expected to be

          offered in evidence set out in the attached Schedule C:

          • for EMC: Schedule C-1;

          • for Zerto: Schedule C-2;

          • jointly for both parties: Schedule C-3;

          • additional stipulations agreed to by the parties with respect to exhibits,

             witness and other matters, including demonstrative exhibits: Schedule

             C-4.

2

(d)     lists of names and addresses of the potential witnesses to be called by each party,

with a statement of any objections to calling, or to the qualifications of, any

witness identified on the list;[1]

- EMC's witness list is submitted herewith as <u>Schedule D-1</u>.

- Zerto's witness list is submitted herewith as <u>Schedule D-2</u>.

(e)     stipulations or statements setting forth the qualifications of each expert witness in

such form that the statement can be read to the jury at the time the expert witness

takes the stand;

- EMC's statement of expert witness qualifications is submitted

herewith as <u>Schedule E-1</u>.

- Zerto's statement of expert witness qualifications is submitted

herewith as <u>Schedule E-2</u>.

(f)     a list of all depositions, or portions thereof, to be read into evidence and

statements of any objections thereto;

- EMC's list of deposition designations is submitted herewith as

<u>Schedule F-1</u>.

- Zerto's list of deposition designations is submitted herewith as

<u>Schedule F-2</u>.

(g)     an itemized statement of special damages;

---

[1]     The parties agree that the name(s) of witnesses and separate lists of exhibits to be used
with each witness, along with the order of presentation of the witnesses, will be disclosed by
email by 6:00 p.m. two calendar days before the witness is expected to testify.  Objections to any
exhibits will be provided by 6:00 p.m. the night before the witness is expected to testify, and the
parties shall meet and confer by no later than 9:00 p.m. that same night to narrow and/or resolve
such objections, through representatives who are authorized to state final positions and make
final decisions regarding such matters.

- EMC's itemized statement is submitted herewith as <u>Schedule G-1</u>.

- Zerto's response to EMC's itemized statement is submitted herewith as <u>Schedule G-2</u>.

(h)     waivers of any claims or defenses that have been abandoned by any party;

- EMC's statement as to any waivers is submitted herewith as <u>Schedule H-1</u>.

- Zerto's statement as to any waivers is submitted herewith as <u>Schedule H-2</u>.

(i)     for the jury trial:

(1)     trial briefs;

- EMC's trial brief is submitted herewith as <u>Schedule I(i)-1</u>.

- Zerto's trial brief is submitted herewith as <u>Schedule I(i)-2</u>.

(2)     Three sets of marked proposed jury instructions, verdict forms, and special interrogatories; and

- The parties' proposed jury instructions are submitted herewith as <u>Schedule I(ii)-1</u>.

- EMC's proposed verdict form is submitted herewith as <u>Schedule I(ii)-2</u>.

- Zerto's proposed verdict form is submitted herewith as <u>Schedule I(ii)-3</u>.

(3)     a list of the questions the party requests the court to ask prospective jurors in accordance with Fed. R. Civ. P. 47(a) and D. Del. LR 47.1(a);

- EMC's proposed <u>voir dire</u> questions is submitted herewith as <u>Schedule I(iii)-1</u>.

- Zerto's proposed <u>voir dire</u> questions is submitted herewith as <u>Schedule I(iii)-2</u>.

(j)     proposed *Findings of Fact and Conclusions of Law* for equitable issues are not submitted with this Pre-Trial Order, however, as stated on <u>Schedule J</u> submitted herewith, EMC requests that the Court conduct a bench trial to address Zerto's allegations that certain Asserted Patents are unenforceable due to inequitable conduct, and Zerto requests that the Court conduct a bench trial to address EMC's allegations of willful infringement of the '867 patent.  EMC opposes Zerto's request for a bench trial on the issue of willfulness.  To the extent EMC's and/or Zerto's request(s) is granted, EMC and Zerto propose to submit proposed *Findings of Fact and Conclusions of Law* in accordance with a schedule set forth by the Court;

(k)     a statement summarizing the history and status of settlement negotiations indicating whether further negotiations are ongoing and likely to be productive – submitted herewith as <u>Schedule K</u>;

(l)     a statement as to whether each party has completed discovery, including the depositions of expert witnesses – submitted herewith as <u>Schedule L</u>; and

(m)     evidentiary issues the parties will be prepared to address at the Pretrial Conference and during trial.

- EMC's list of evidentiary issues it intends to raise is submitted herewith as <u>Schedule M-1</u>.

- Zerto's list of evidentiary issues it intends to raise is submitted herewith as <u>Schedule M-2</u>.

(3)    Trial of this case is expected to take ten days, per the Court's October 1, 2013 Scheduling Order (D.I. 68).

(4)    Indicate the type of trial by placing an X in the appropriate box:

Jury    X                Non-jury

(5)    The parties recommend that eight jurors be selected at the commencement of the trial.

(6)    This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(7)    Possibility of settlement of this case was considered by the parties.  The parties have engaged in good faith efforts to explore the resolution of the controversy by settlement.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP          YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Michael J. Flynn*                                          */s/ Monté T. Squire*

_____          _____
Jack B. Blumenfeld (#1014)                         Adam W. Poff (#3990)
Michael J. Flynn (#5333)                             Monté T. Squire (#4764)
1201 North Market Street                            Rodney Square
P.O. Box 1347                                          1000 North King Street
Wilmington, DE 19899-1347                       Wilmington, DE 19801
(302) 658-9200                                         (302) 571-6600
jblumenfeld@mnat.com                             apoff@ycst.com
mflynn@mnat.com                                    msquire@ycst.com

OF COUNSEL:

Michael N. Rader
Allen S. Rugg
Richard F. Giunta
Nathan R. Speed
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000

Paul T. Dacier
Krishnendu Gupta
William R. Clark
EMC CORPORATION
176 South Street
Hopkinton, MA 01748

*Attorneys for Plaintiff*

Original Filing Date:  March 30, 2015
Redacted Filing Date:  April 6, 2015

OF COUNSEL:

Matthew B. Lowrie
Aaron W. Moore
Lucas I. Silva
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2600
Boston, MA 02199-7610
(617) 342-4006

*Attorneys for Defendant*

## SCHEDULE A:

## JOINT STATEMENT OF UNCONTESTED FACTS

### I.      THE PARTIES

1.      Plaintiff EMC Corporation is a Massachusetts corporation with a place of business at 176 South Street, Hopkinton, Massachusetts 01748.  Plaintiff EMC Israel Development Center ("EIDC") is an Israeli corporation with a place of business at 7 Hamada Street, Herzliya, Israel.

2.      Defendant Zerto, Inc. is a Delaware corporation with a place of business at 27-43 Wormwood Street, Suite 530, Boston, MA 02210.

### II.     BACKGROUND

3.      Zerto Ltd., an Israeli entity, was founded on November 12, 2009.

4.      On May 11, 2011, Zerto, Inc. was founded as a U.S. entity owned by Zerto Ltd.

5.      Zerto, Inc. is a wholly-owned subsidiary of Zerto Ltd.

6.      Zerto, Inc. provides data replication software for the enterprise market.

7.      Zerto Ltd. designs and develops the Zerto Virtual Replication software product.

8.      Zerto, Inc. markets, sells, and offers for sale the Zerto Virtual Replication software product in the United States.

### III.    THE '867 PATENT

9.      U.S. Patent No. 7,577,867 ("the '867 patent) is entitled "Cross Tagging to Data for Consistent Recovery," was filed on February 17, 2006, and issued on August 18, 2009.

10.     Ziv Kedem is a named inventor on the '867 patent.

11.     Michael Lewin, Yair Heller, Shlomo Ahal, Assaf Natanzon, and Evgeny Drukh are also named inventors on the '867 patent.

12.     Neither Zerto, Inc. nor Zerto Ltd. have a license to the '867 patent.

1

## IV.    THE '460 PATENT

13.    U.S. Patent No. 7,647,460 ("the '460 patent") is entitled "Method and Apparatus for Implementing a Remote Mirroring Data Facility Without Employing a Dedicated Leased Line to Form the Link Between Two Remotely Disposed Storage Devices" and issued on January 12, 2010.

14.    Robert Wilson, Dennis P.J. Ting, and Mehamood Hosein are named inventors on the '460 patent.

15.    Neither Zerto, Inc. nor  Zerto Ltd. have a license to the '460 patent.

## V.    THE '222 PATENT

16.    U.S. Patent No. 6,073,222 ("the '222 patent") is entitled "Using a Virtual Device to Access Data As It Previously Existed in a Data Storage System" and issued on June 6, 2000.

17.    Richard Ohran and Michael Ohran are named inventors on the '222 patent.

18.    Neither Zerto, Inc. nor Zerto Ltd. have a license to the '222 patent.

## VI.    THE '091 PATENT

19.    U.S. Patent No. 7,971,091 ("the '091 patent") is entitled "Network Configuration Backup and Restore Operations Using Continuous Data Protection" and issued on June 28, 2011.

20.    Scott F. Bingham, Matthew D. Buchman, Upanshu Singhal, John C. Rokicki, and Venkatesha Murthy are named inventors of the '091 patent.

21.    Neither Zerto, Inc. nor Zerto Ltd. have a license to the '091 patent.

## VII.    THE '395 PATENT

22.    U.S. Patent No. 7,063,395 ("the '395 patent") is entitled "Using Pseudosnapshots For Continuous Data Protection Systems to Surface a Copy of Data" and issued on October 13, 2009.

23.     Scott F. Bingham, Matthew D. Buchman, Upanshu Singhal, John C. Rokicki, and Venkatesha Murthy are the named inventors of the '395 patent.

24.     The '395 patent expires on September 24, 2026.

25.     Neither Zerto, Inc. nor Zerto Ltd. have a license to the '395 patent.

**SCHEDULE B-1:**

**JOINT STATEMENT OF CONTESTED ISSUES OF FACT AND LAW**

The parties submit the following list of agreed contested issues of fact and law:

**I.      EMC'S CLAIMS OF INFRINGEMENT**

1.      Whether EMC has proven that Zerto has indirectly infringed or is indirectly infringing the '460 patent (claims 1, 30, 32, 37, 38, 40, 42, 44, and 45).

2.      Whether EMC has proven that Zerto has indirectly infringed or is indirectly infringing the '222 patent (claim 1).

3.      Whether EMC has proven that Zerto has indirectly infringed or is indirectly infringing the '395 patent (claims 1, 2, 4, and 8).

4.      Whether EMC has proven that Zerto has indirectly infringed or is indirectly infringing the '091 patent (claims 1 and 5).

5.      Whether EMC has proven that Zerto has indirectly infringed or is indirectly infringing the '867 patent (claim 45).

6.      Whether EMC has proven that Zerto has directly infringed or is directly infringing the '867 patent (claim 45).

7.      Whether Zerto is entitled to a declaratory judgment of non-infringement of any asserted claim.

**II.     EMC'S CLAIM OF WILLFUL INFRINGEMENT**

8.      If EMC has proven infringement of the '867 patent, whether EMC has proven that Zerto's infringement of the '867 patent was willful.

**III.    ZERTO'S CLAIMS OF INVALIDITY AND UNENFORCEABILITY**

9.      Whether Zerto has shown that claims 1, 30, 32, 37, 38, 40, 42, 44, and 45 of the '460 patent are invalid as anticipated by U.S. Patent Number 6,073,209 ("Bergsten").

10.     Whether Zerto has shown that claims 1, 30, 32, 37, 38, 40, 42, 44, and 45 of the '460 patent are invalid as anticipated by U.S. Patent Number 5,544,347 ("Yanai").

11.     Whether Zerto has shown that claims 1, 30, 32, 37, 38, 40, 42, 44, and 45 of the '460 patent are invalid as obvious in view the combination of Yanai, Bergsten and/or U.S. Patent Number 5,991,813 ("Zarrow").

12.     Whether Zerto has shown that claims 1, 2, 4, and 8 of the '395 patent are invalid as anticipated by U.S. Patent Number 7,720,817 ("Stager II").

13.     Whether Zerto has shown that claims 1, 2, 4, and 8 of the '395 patent are invalid as anticipated by U.S. Patent Number 7,421,617 ("Anderson").

14.     Whether Zerto has shown that claims 1, 2, 4, and 8 of the '395 patent are invalid as anticipated by U.S. Patent Number 7,577,867 ("Lewin").

15.     Whether Zerto has shown that claims 1, 2, 4, and 8, of the '395 patent are invalid as obvious in view of Mendocino RecoveryONE ("Mendocino") and EMC Networker PowerSnap Module ("Networker").

16.     Whether Zerto has shown that claims 1 and 5 of the '091 patent are invalid as anticipated by Stager II.

17.     Whether Zerto has shown that claims 1 and 5 of the '091 patent are invalid as anticipated by Anderson.

18.     Whether Zerto has shown that claims 1 and 5 of the '091 patent are invalid as anticipated by Lewin.

19.     Whether Zerto has shown that claims 1 and 5 of the '091 patent are invalid as obvious in view of Mendocino and Networker.

20.     Whether Zerto has shown that claim 45 of the '867 patent is invalid due to the sale or public use of the Kashya KBX4000 product.

21.     Whether Zerto has shown that claim 1 of the '222 patent is invalid as anticipated by U.S. Patent Number 5,664,186 ("Bennett").

22.     Whether Zerto has shown that claim 1 of the '222 patent is invalid as anticipated by Implementing Concurrent Copy ("Concurrent Copy").

23.     Whether Zerto has shown that claim 1 of the '222 patent is invalid as anticipated by FreezeFrame.

24.     Whether Zerto has shown that the '395 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("USPTO").

25.     Whether Zerto has shown that the '091 patent is unenforceable due to inequitable conduct before the USPTO.

26.     Whether Zerto has shown that the '867 patent is unenforceable due to inequitable conduct before the USPTO.

27.     Whether Zerto has shown that it is entitled to a declaratory judgment of invalidity or unenforceability for any, all, or a combination of the Asserted Patents.

28.     Whether EMC has proven that assignor estoppel bars Zerto from challenging the validity or enforceability of the asserted claim of the '867 patent.

## IV.    DAMAGES

29.     Whether EMC has proven that it is entitled to damages.

30.     If EMC is entitled to damages, the amount of those damages.

## V.    INJUNCTIVE RELIEF

31.     Whether EMC has proven that it is entitled to a permanent injunction.

## VI.     ATTORNEYS FEES AND COSTS

32.     Whether this is an exceptional case pursuant to 35 U.S.C. § 285.

33.     Whether attorney fees, expenses, and/or costs are due to the prevailing party, and the amount.

**SCHEDULE C-1:**

**<u>EMC'S EXHIBIT LIST</u>**

EMC provides its trial exhibit list as Attachment A to this Proposed Pretrial Order.  EMC reserves the right to add entries to, delete entries from, or modify entries on its exhibit list, as its exhibit list is based on EMC's current knowledge and understanding of the issues to be presented at trial.  The inclusion of any exhibit on EMC's exhibit list is not to be construed as an admission as to the admissibility of any exhibit.

**SCHEDULE C-2:**

**ZERTO'S EXHIBIT LIST**

Zerto provides its trial exhibit list as Attachment B to this Proposed Pre-trial Order.

Zerto reserves the right to add entries to, delete entries from, or modify entries on its exhibit list, as its exhibit list is based on Zerto's current knowledge and understanding of the issues to be presented at trial.  The inclusion of any exhibit on Zerto's exhibit list is not to be construed as an admission as to the admissibility of any exhibit.

**SCHEDULE C-3:**

**<u>JOINT EXHIBIT LIST</u>**

The parties provide a joint trial exhibit list as Attachment C to this Proposed Pre-trial Order.

**SCHEDULE C-4:**

**STIPULATIONS REGARDING EXHIBITS, WITNESSES, AND OTHER MATTERS**

**I.      EXHIBIT LISTS**

1.      The parties agree that any description of an exhibit on any exhibit list is provided for convenience only.  Such descriptions shall not be used as an admission or otherwise as evidence regarding any matter.

2.      Listing of an exhibit on a party's own exhibit list is not an admission by that party that such exhibit would be relevant or admissible if offered by the opposing party.

3.      Each party reserves the right to use exhibits from the other party's exhibit list, even if not separately listed on its own exhibit list, subject to all evidentiary objections.  Neither party will remove an exhibit from its exhibit list without agreement from the other party, unless the other party is provided the opportunity to add such exhibit to its own exhibit list.

4.      Each party reserves the right to use and offer into evidence solely for purposes of impeachment exhibits that were not set forth on its exhibit list.

**II.     DOCUMENTS CONTAINING JUDICIAL ADMISSIONS**

8.      A party may read at trial (subject to such rulings as the Court may make as to admissibility) a factual statement made by or on behalf of its party-opponent in any of such party opponent's pleadings, initial disclosures, responses to interrogatories, responses to requests for admissions, or any amendment to or supplementation thereof, without any need for the offering party to have included the document being read from on its trial exhibit list, provided that the party seeking to read such statement provides notice by e-mail to the other party by 6:00 p.m. two calendar days preceding the day on which such statement is intended to be presented at trial.

### III.    IDENTIFICATION OF TESTIFYING WITNESSES AND ASSOCIATED EXHIBITS

9.      Each party will give notice by e-mail to the other party of (a) the name of any witness it expects to or may present at trial for direct examination and (b) the exhibit number of any exhibits that it expects to or may use during the direct examination of each such witness, by 6:00 p.m. EDT two calendar days preceding the day on which such witnesses are intended to be presented at trial on direct examination.

10.     The party receiving identification of such exhibits shall inform the party identifying such exhibits of any objections by 6:00 p.m. EDT on the day following receipt, and the parties shall meet and confer by no later than 9:00 p.m. EDT that same day to narrow and/or resolve such objections, through representatives who are authorized to state final positions and make final decisions regarding such matters.

11.     The foregoing schedule shall be applied regardless of whether any particular calendar date is a Saturday, Sunday or holiday.  For example, as to witnesses who may be presented for direct examination at trial on Monday, April 27, 2015, the witnesses and the exhibit numbers of the associated exhibits that may be used during each such witness's direct examination shall be identified by e-mail before 6:00 p.m. EDT on Saturday, April 25, 2015.

### IV.    DEMONSTRATIVE TRIAL EXHIBITS

12.     The parties agree that demonstrative trial exhibits ("demonstratives") need not be listed on the parties' exhibit lists in the Pretrial Order, but rather should be handled in accordance with the protocol set forth in this Schedule, subject to the proviso that demonstratives may not be used to present exhibits for which advance disclosure was required under ¶ 9 hereof if such advance disclosure was not made as required in ¶ 9 hereof.

13.     The party seeking to use a demonstrative will provide to the other side by e-mail a color representation of such demonstrative in PDF, PowerPoint, or some other commonly viewable format, except that in the case of video or animations, the party seeking to use such demonstrative will provide it to the other side on a DVD, CD, USB drive, FTP site, by email, or any other common media format.  For irregularly sized physical demonstratives, the party seeking to use such demonstratives will provide a color representation as a PDF of 8.5 x 11 inch copies of the demonstrative.

14.     Each party will provide, by e-mail or courier, a copy of such demonstratives by 6:00 p.m. EDT on the calendar day preceding the day on which such demonstratives are intended to be used at trial. For example, PDFs of such demonstratives intended for use at trial on Monday April 27, 2015 would be exchanged by e-mail before 6:00 p.m. EDT on Sunday, April 26, 2015.

15.     The party receiving identification of such demonstratives shall inform the party identifying such demonstratives of any objections by 9:00 p.m. EDT on the day of receipt, and the parties shall meet and confer as soon as possible thereafter that evening to narrow and/or resolve such objections, through representatives who are authorized to state final positions and make final decisions regarding such matters.

16.     The foregoing schedule shall be applied regardless of whether any particular calendar date is a Saturday, Sunday, or holiday.

17.     To the extent that any objections to such a demonstrative remain unresolved after the parties have met and conferred as provided above, the parties agree to raise any such unresolved objections with the Court before the demonstrative in question is presented at trial.

18.     The advance notification provisions for demonstratives do not apply to such exhibits (a) used in closing statements, (b) created in the courtroom during live testimony, or

(c) that contain only excerpts, enlargements, and/or simple highlighting or ballooning of exhibits listed on either party's trial exhibit list.

19.     EMC's demonstratives will be marked for identification during trial with PDX numbers.  Zerto's demonstratives will be marked for identification during trial with DDX numbers.

## V.     RULE 1006 EXHIBITS

20.     The parties agree that the parties may continue to add Rule 1006 exhibits to their respective trial exhibit lists up to one week prior to the April 7, 2015 pre-trial conference.

## VI.     CONTINUING CONFERRAL BY THE PARTIES TO FURTHER NARROW ISSUES

21.     The parties have agreed to continue to work together following the filing of this Pre-Trial Order to further refine their respective lists of trial exhibits and objections thereto, their lists of deposition designations and objections and counter-designations thereto, the proposed jury instructions and objections thereto, and the proposed verdict forms, in order to narrow the issues that the Court may be called upon to resolve.  The parties thus anticipate that prior to the April 7, 2015 pre-trial conference, and/or prior to the start of trial on April 27, 2015, they may file updated lists of trial exhibits and objections thereto, updated lists of deposition designations and objections and counter designations thereto, an updated set of proposed jury instructions and objections thereto, and an updated verdict form.

22.     The parties agree to confer as necessary to resolve any issues relating to the quality and accuracy of exhibits following the exchange of exhibit copies.

## SCHEDULE D-1:

## EMC'S WITNESS LIST

EMC identifies the following potential fact and expert witnesses whom it will or may call at trial, excluding such rebuttal witnesses (who are not presently identifiable) as may be necessary.

Each name listed is accompanied by (a) the witness's address, (b) an indication of whether the witness *will* be called in the absence of reasonable notice to opposing counsel to the contrary, and which *may* be called as a possibility only, and (c) a statement of any objections provided by Zerto to calling, or to the qualifications of, any of the witnesses on EMC's list. With respect to the EMC expert witnesses listed below, statements of the subject-matter of their testimony and their qualifications are provided in Schedule E-1 to this Pretrial Order.  Witnesses are listed alphabetically in each category and no representation is made as to the order in which fact or expert witnesses might be called at trial.

This list does not constitute (a) a commitment that EMC will call any particular witness at trial, (b) a representation that any of the witnesses listed are available or will appear for trial, or (c) an agreement or acknowledgement that an instruction of any kind would be warranted if any witness listed below is not called at trial.

If any listed witness should prove to be unavailable at time of trial, EMC reserves the right to use such witness's deposition testimony.

EMC also reserves the right to (a) call any witnesses listed or called by Zerto, (b) substitute witnesses, to the extent that the employment of any listed witness changes or the witness otherwise becomes unavailable for trial, (c) call additional witnesses to provide foundational testimony should Zerto contest the authenticity or admissibility of any exhibit

offered into evidence at trial; and (e) amend its witness list in light of further rulings by the Court or any other changed circumstances.

## A.     FACT WITNESSES

| Name | Address | Will/May | Objections by Zerto |
|------|---------|----------|---------------------|
| Hank Chen | EMC Corporation 176 South Street Hopkinton, MA 01748 | May | |
| Christos Karamanolis | VMware, Inc. 3401 Hillview Ave. Palo Alto, CA 94304 | May | Irrelevant; not properly identified during discovery |
| Allan Lipka | EMC Corporation 176 South Street Hopkinton, MA 01748 | May | |
| Assaf Natazon | EMC Corporation 176 South Street Hopkinton, MA 01748 | May | |
| Barbara Robidoux | EMC Corporation 176 South Street Hopkinton, MA 01748 | Will | Not properly identified during discovery |
| John Rokicki | EMC Corporation 176 South Street Hopkinton, MA 01748 | Will | |
| Dennis Ting | EMC Corporation 176 South Street Hopkinton, MA 01748 | May | |
| Bob Wilson | EMC Corporation 176 South Street Hopkinton, MA 01748 | May | |

## B.     EXPERT WITNESSES

| Name | Address | Will/May | Objections by Zerto |
|------|---------|----------|---------------------|
| Phillip Green | Hoffman Alvary & Company LLC Seven Wells Avenue Newton, MA, 02459 U | Will | 702, 703 |
| Ian Jestice | 2815 S. Main street Soquel, CA 95073 | Will | 702, 703 |

**SCHEDULE D-2:**

**ZERTO'S WITNESS LIST**

Zerto identifies the following potential fact and expert witnesses whom it will or may call at trial, excluding such rebuttal witnesses (who are not presently identifiable) as may be necessary.

Each name listed is accompanied by (a) the witness's address, (b) an indication of whether the witness *will* be called in the absence of reasonable notice to opposing counsel to the contrary, and which *may* be called as a possibility only, and (c) a statement of any objections provided by EMC to calling, or to the qualifications of, any of the witnesses on Zerto's list. With respect to the Zerto expert witnesses listed below, statements of the subject-matter of their testimony and their qualifications are provided in Schedule E-2 to this Pretrial Order. Witnesses are listed alphabetically in each category and no representation is made as to the order in which fact or expert witnesses might be called at trial.

This list does not constitute (a) a commitment that Zerto will call any particular witness at trial, (b) a representation that any of the witnesses listed are available or will appear for trial, or (c) an agreement or acknowledgement that an instruction of any kind would be warranted if any witness listed below is not called at trial.

If any listed witness should prove to be unavailable at time of trial, Zerto reserves the right to use such witness's deposition testimony.

Zerto also reserves the right to (a) call any witnesses listed or called by EMC, (b) substitute witnesses, to the extent that the employment of any listed witness changes or the witness otherwise becomes unavailable for trial, (c) call additional witnesses to provide foundational testimony should EMC contest the authenticity or admissibility of any exhibit

offered into evidence at trial; and (e) amend its witness list in light of further rulings by the Court

or any other changed circumstances.

## A.   FACT WITNESSES

| Name | Address | Will/May | Objections by EMC |
|---|---|---|---|
| Paul Allerhand | 56 Mandalay Road<br>Newton, MA 02459 | May | |
| Curtis Anderson | 13074 Montrose Street<br>Saratoga, CA 95070 | May | |
| Jennifer Gill | Zerto, Inc.<br>27-43 Wormwood Street<br>Suite 530<br>Boston, MA 02210 | May | |
| Paul Zeiter | Zerto, Inc.<br>27-43 Wormwood Street<br>Suite 530<br>Boston, MA 02210 | May | |
| Richard Mayfield | 2748 Camino Segura<br>Pleasanton, CA 94566 | May | |
| Oded Kedem | Zerto, Inc.<br>27-43 Wormwood Street<br>Suite 530<br>Boston, MA 02210 | Will | 701, 702, 703 |
| Ziv Kedem | Zerto, Inc.<br>27-43 Wormwood Street<br>Suite 530<br>Boston, MA 02210 | Will | |

## B.   EXPERT WITNESSES

| Name | Address | Will/May | Objections by EMC |
|---|---|---|---|
| Russell Parr | 1004 Buckingham Way<br>Yardley, PA 19067 | Will | 702, 703 |
| Erez Zadok | Computer Science Dept.<br>2313-B Comp. Sci. Bldg.<br>Stony Brook University<br>Stony Brook, NY 11794 | Will | 702, 703 |

**SCHEDULE E-1:**

**EMC'S STATEMENT OF EXPERT WITNESS
QUALIFICATIONS AND SUBJECT MATTER**

I.     **PHILIP GREEN, C.P.A., A.S.A, C.M.A.**

   A.     **Background/Qualifications**

Mr. Green has over 20 years of experience advising clients in the area of intellectual property valuation and licensing.  Mr. Green specializes in the valuation and licensing of patents, trademarks, copyrights, and trade secrets.  Mr. Green regularly negotiates intellectual property licenses, values intellectual property portfolios, and assesses the appropriate measure of damages for intellectual property infringement for his clients.

Mr. Green is one of four founding principals in the consulting firm of Hoffman Alvary & Company LLC.  Prior to founding his firm, Mr. Green was a senior manager in the Dispute Analysis and Corporate Recovery Services practice of Price Waterhouse LLP, an international accounting and consulting firm.

Mr. Green is a Certified Public Accountant and a Certified Management Accountant. Mr. Green is accredited in Business Valuation by the American Institute of Certified Public Accountants and is designated as an Accredited Senior Appraiser by the American Society of Appraisers. Mr. Green has an M.B.A. with a concentration in Accounting from the Rutgers Graduate School of Management.

   B.     **Subject Matter**

Mr. Green is expected to testify on the subject of damages and harm to EMC, as set out in his expert report and pre-trial testimony.  Mr. Green is also expected to testify regarding the opinions of Zerto's damages expert, Mr. Russell Parr, and any other issues reflected in or relating to Mr. Green's expert report.

Mr. Green's testimony is also expected to respond to any damages issues raised after his pre-trial testimony, including issues raised at trial.

## II.     IAN JESTICE

### A.     Background/Qualifications

Mr. Jestice has over forty years of professional, hands-on experience in computer technology and telecommunications.  He specializes in file systems, data storage, and computer interfaces.  He worked for IBM in the 1970s, where he helped develop the Winchester disk drive, which is an early hard drive similar to the hard drives found in desktops and laptops today.  He later worked for Amdahl/Fujitsu in its computer storage division, where he wrote software for magnetic, solid state, and cached disk storage systems, and performed diagnostic testing on data storage devices such as disk arrays, RAIDs, tape drives, solid state disks, and optical "juke boxes."

Mr. Jestice was a co-founder of Zadian Technologies, a company that produced test equipment and software for data storage devices, where he designed and wrote automated tests for the verification of data storage devices and implemented the company's data network. At Zadian, he also presented training seminars on the SCSI interface between computers and peripheral devices, such as hard drives.

In his other experience, Mr. Jestice has designed and built digital file storage systems, databases, networks, and embedded systems as parts of large scale telecommunications systems for his clients.  Mr. Jestice has also provided forensic analysis on data storage devices and file systems.  Mr. Jestice is fluent in numerous programming languages.

### B.     Subject Matter

Mr. Jestice is expected to testify regarding (a) the operation of the accused product, (b) Zerto's infringement of the Asserted Patents, (c) the validity of the Asserted Patents,

including over the alleged prior art, (d) the portion of the accused product's value that is attributable to the inventions claimed in the Asserted Patents, (e) the level of ordinary skill in the art at the times that the respective Asserted Patents were filed, (f) the state of the art at the times that the respective Asserted Patents were filed, (g) the opinions of Zerto's technical expert, Dr. Erez Zadok, and (h) any other issues reflected in or relating to his opening, rebuttal, or supplemental expert reports, as set out in his expert reports and pre-trial testimony.

Mr. Jestice's testimony is also expected to respond to any issues concerning infringement, validity, enforceability or damages that are raised after his pre-trial testimony, including issues raised at trial.

**SCHEDULE E-2:**

**ZERTO'S STATEMENT OF EXPERT WITNESS
QUALIFICATIONS AND SUBJECT MATTER**

**I.    RUSSELL L. PARR, C.F.A., A.S.A., C.L.P.**

   **A.    Background/Qualifications**

   Mr. Parr has over thirty years of experience in the area of intellectual property valuation and royalty rate consulting for use by his clients in license negotiations.  He has a Masters in Business Administration and a Bachelor of Science in Electrical Engineering from Rutgers University.

   Mr. Parr is the President of IPRA Inc., an independent consulting firm that provides services including financial analysis and valuation assessments relating to intellectual property. He has published three books regarding royalty rates at which intellectual property is licensed and is also a co-author of additional books on the valuation of management of intellectual property.  Additionally, Mr. Parr has been a guest speaker regarding intellectual property matters at over forty professional conferences.

   Mr. Parr has been awarded the professional designations of Chartered Financial Analyst from the CFA Institute, Accredited Senior Appraiser from the American Society of Appraisers, and Certified Licensing Professional from the Licensing Executive Society.

   **B.    Subject Matter**

   Mr. Parr is expected to testify on the subject of damages, as set out in his expert report and pre-trial testimony.  Mr. Parr is also expected to testify regarding the opinions of EMC's damages expert, Mr. Philip Green, and any other issues reflected in or relating to Mr. Parr's expert report and his deposition testimony.

Mr. Parr's testimony is also expected to respond to any damages issues raised after his pre-trial testimony, including issues raised at trial.

## II. DR. EREZ ZADOK, Ph.D.

### A. Background/Qualifications

Dr. Zadok has over thirty years of professional, hands-on experience in computer systems and technology. He is an Associate Professor in the Computer Science Department at Stony Brook University and directs the Filesystems and Storage Lab in Stony Brook's Computer Science Department. Dr. Zadok's research specializes in file systems and storage systems, operating systems, energy efficiency, performance and benchmarking, information technology and system administration, security, networking, compilers, and software engineering.

In the 1990s, Dr. Zadok was a full-time systems administrator at Columbia University's Computer Science department, where he was responsible for providing reliable, convenient, high-speed storage management and backups using various backup/restore systems and software. Later on, while working towards his Ph.D. thesis on versatile file system development, Dr. Zadok served as manager to the entire Information Technology staff at Columbia University. He also consulted for SOS Corporation and HydraWEB Technologies, as a systems administrator and programmer, often managing data storage use and backup/restore duties, among other roles. Since 1995, Dr. Zadok has taught courses on operating systems, storage and file systems, advanced systems programming in Unix/C, systems administration, and more.

Dr. Zadok has also published over 100 refereed publications, covering a wide range of technologies such as file systems, storage systems, security, performance benchmarking and optimization, and energy efficiency. He has also published a book covering systems administration topics related to network storage. Dr. Zadok is also currently serving as co-chair

2

to the 13th USENIX conference on File and Storage Technologies, a premiere conference in the area of storage technologies.

Dr. Zadok has also personally developed techniques and code to migrate, backup, clone, replicate, version, and snapshot data.  He has consulted in areas relating to secure storage and applications' data security, and has developed many file systems and operating system extensions including a snapshotting and sandboxing file system, a load balancing and replication/mirroring file system, and a Web-based backup system.  Dr. Zadok is a named inventor on two pending United States patent applications and two issued patents.

### B.      Subject Matter

Dr. Zadok is expected to testify regarding (a) the operation of the accused product, (b) Zerto's non-infringement of the Asserted Patents, (c) the invalidity of the Asserted Patents, including over the identified prior art, (d) the portion of the accused product that is accused of infringing the inventions claimed in the Asserted Patents, (e) the level of ordinary skill in the art at the times that the respective Asserted Patents were filed, (f) the state of the art at the times that the respective Asserted Patents were filed, (g) the opinions of EMC's technical expert, Mr. Ian Jestice, and (h) any other issues reflected in or relating to Dr. Zadok's opening or rebuttal expert reports, as set out in his expert report and pre-trial testimony.

Dr. Zadok's testimony is also expected to respond to any issues concerning infringement, invalidity, enforceability, or damages that are raised after his pre-trial testimony, including issues raised at trial.

## SCHEDULE F-1:

## EMC'S LIST OF DEPOSITION DESIGNATIONS

EMC hereby submits this initial list of prior testimony for use at trial.

EMC reserves the right to use any and all of its initial designations as counter-designations to Zerto's initial designations.  EMC also reserves the right to supplement its designations, including designations for authenticity and/or other admissibility purposes.

EMC has not fully designated prior testimony of those witnesses Zerto has indicated they will call live at the trial.  Should Zerto decide not to call such witnesses, EMC reserves the right to designate the prior testimony of those witnesses.

EMC has endeavored to include on its Exhibit List (Schedule C-1) all documents discussed in the below designated testimony.  To the extent any such exhibit was inadvertently omitted, it is to be considered included within the exhibits EMC expects to introduce at trial.

The witnesses' testimony identified in this submission are:

1.   Deposition of Rapidparts, Inc. (Zach Dickinson)

2.   Deposition of UGL Unicco (Darrell Stymiest)

3.   Deposition of GoDaddy, Inc. (Keena Willis)

4.   Deposition of Richard Ohran

5.   Deposition of Michael Ohran

6.   Deposition of Richard Mayfield

7.   Deposition of Paul Allerhand

8.   Deposition of Paul Zeiter

9.   Deposition of Jennifer Gill

10.   Deposition of Zerto Ltd. (Oded Kedem)

11.   Deposition of Oded Kedem

| Deponent:  Rapidparts, Inc. (Dickinson, Zach) | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Deposition Date:  December 3, 2014** | | | | | | | |
| **EMC'S DESIGNATIONS** | | **ZERTO'S EVIDENTIARY OBJECTIONS[2]** | **ZERTO'S COUNTER-DESIGNATIONS[3]** | | **EMC'S EVIDENTIARY OBJECTIONS** | **EMC'S COUNTER-COUNTER-DESIGNATIONS** | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) |
| 7:10 | 9:24 | 401, 403, 701, 802 | 15:1 | 18:12 | NNFF, 401/402, 403 | | |
| 10:14 | 10:18 | 401, 403, 701, 802, 901 | 10:20 | 10:23 | 401/402, 403 | | |
| 10:25 | 12:17 | 401, 403, 602, 701, 802 | 15:25 | 18:12 | NNFF, 401/402, 403 | | |
| 12:25 | 13:4 | 401, 403, 602, 701, 802 | 13:6 | 14:4 | | | |
| 14:6 | 14:12 | 401, 403, 602, 701, 802 | 14:13 | 15:19 | NNFF, 401/402, 403 | | |
| 15:20 | 15:24 | 401, 403, 701, 802 | 15:25 | 18:12 | NNFF, 401/402, 403 | | |
| 18:14 | 21:24 | 401, 403, 602, 701, 802 | 28:1 | 28:18 | 401/402, 403, 602 | | |
| 25:19 | 27:18 | 401, 403, 701, 802, 901 | | | | | |
| 29:5 | 29:11 | 401, 403, 602, 701, 802 | | | | | |

---

[2]     Zerto additionally maintains the objections stated on the record for this and all other depositions.

[3]     EMC disputes that Zerto may use during EMC's case-in-chief any counter-designations that EMC has marked herein as "[NNFF]."  Where a Zerto counter-designation is followed by the notation "[NNFF]," EMC contends that the counter-designated testimony does not constitute testimony that in fairness should be considered with the part that EMC designated, as per F.R.C.P. 32(a)(6) or that in fairness ought to be considered at the same time as the indicated testimony that Zerto designated, as per F.R.E. 106.

| Deponent: UGL Unicco (Stymiest, Darrell) Deposition Date: October 30, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| **EMC's Designations** | | **Zerto's Evidentiary Objections** | **Zerto's Counter-Designations** | | **EMC's Evidentiary Objections** | **EMC's Counter-Counter-Designations** | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) |
| 7:16 | 7:20 | 401 | | | | | |
| 8:10 | 16:17 | 401, 403, 602, 701, 802 | | | | | |
| 18:19 | 19:17 | 401, 403, 602, 701, 802 | | | | | |
| 21:4 | 21:7 | 401, 403, 602, 701, 802 | | | | | |
| 27:14 | 27:25 | 401, 403, 602, 701, 802 | 26:11 | 27:13 | NNFF, 401/402, 403 | | |
| 28:8 | 29:13 | 401, 403, 602, 701, 802 | 29:14 37:25 | 32:19 38:7 | NNFF, 401/402, 403 | | |
| 33:3 | 33:5 | 401, 403, 602, 701, 802 | | | | | |
| 34:23 | 36:13 | 401, 403, 602, 701, 802 | | | | | |

| Deponent: GoDaddy, Inc. (Willis, Keena) Deposition Date: December 18, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| **EMC's Designations** | | **Zerto's Evidentiary Objections** | **Zerto's Counter-Designations** | | **EMC's Evidentiary Objections** | **EMC's Counter-Counter-Designations** | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) |
| 7:7 | 8:21 | 401, 403, 802 | 9:1 | 9:17 | 401/402, 403 | | |
| 9:20 | 9:23 | 401, 403, 602 | 10:1 | 11:3 | 401/402, 403 | | |
| 11:5 | 13:23 | 401, 403, 602, 701, 802 | 20:16 | 23:14 | NNFF | | |

| Deponent:  GoDaddy, Inc. (Willis, Keena) Deposition Date:  December 18, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| 17:13 | 17:16 | 401, 403, 602, 701, 802 | | | | | |
| 17:20 | 18:25 | 401, 403, 602, 701, 802 | 24:16 | 30:6 | 403 | 13:24 30:16 | 15:4 33:20 |
| 19:19 | 20:6 | 401, 403, 602, 701, 802 | 24:16 | 30:6 | 403 | 13:24 30:16 | 15:4 33:20 |
| 31:13 | 33:20 | 401, 403, 602, 701, 802 | 24:16 | 30:6 | 403 | 13:24 30:16 | 15:4 31:12 |

| Deponent:  Ohran, Richard Deposition Date:  September 16, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| EMC'S DESIGNATIONS | | ZERTO'S EVIDENTIARY OBJECTIONS | ZERTO'S COUNTER-DESIGNATIONS | | EMC'S EVIDENTIARY OBJECTIONS | EMC'S COUNTER-COUNTER-DESIGNATIONS | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) |
| 38:17 | 40:18 | | | | | | |
| 53:12 | 54:13 | | | | | | |
| 67:24 | 71:8 | | | | | | |
| 77:23 | 78:8 | | | | | | |
| 89:5 | 89:19 | | | | | | |
| 104:9 | 105:4 | | | | | | |

| Deponent:  Ohran, Michael Deposition Date:  September 17, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| EMC'S DESIGNATIONS | | ZERTO'S EVIDENTIARY OBJECTIONS | ZERTO'S COUNTER-DESIGNATIONS | | EMC'S EVIDENTIARY OBJECTIONS | EMC'S COUNTER-COUNTER-DESIGNATIONS | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) |
| 26:25 | 28:1 | | | | | | |
| 28:9 | 29:9 | | | | | | |
| 29:17 | 32:10 | | | | | | |

| Deponent: Ohran, Michael Deposition Date: September 17, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| 34:1 | 34:14 | | | | | | |
| 41:20 | 43:1 | | | | | | |
| 60:4 | 60:15 | | | | | | |
| 110:11 | 111:20 | | | | | | |
| 117:15 | 118:9 | | | | | | |
| 118:15 | 119:5 | | | | | | |
| 121:24 | 122:7 | | | | | | |
| 123:1 | 124:18 | | | | | | |
| 126:19 | 127:21 | | | | | | |

| Deponent: Mayfield, Richard Deposition Date: September 12, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| EMC's Designations | | ZERTO'S EVIDENTIARY OBJECTIONS | ZERTO'S COUNTER-DESIGNATIONS | | EMC's EVIDENTIARY OBJECTIONS | EMC's COUNTER-COUNTER-DESIGNATIONS | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) |
| 49:5 | 51:20 | | 51:21 | 52:10 | 602 | | |
| 52:11 | 52:20 | | | | | | |
| 57:9 | 57:24 | | | | | | |

| Deponent: Allerhand, Paul Deposition Date: November 12, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| EMC's Designations | | ZERTO'S EVIDENTIARY OBJECTIONS | ZERTO'S COUNTER-DESIGNATIONS | | EMC's EVIDENTIARY OBJECTIONS | EMC's COUNTER-COUNTER-DESIGNATIONS | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) |
| 12:2 | 16:9 | | | | | | |
| 17:2 | 17:20 | | | | | | |
| 24:5 | 24:17 | 401, 403, 602 | | | | | |

| Deponent:  Allerhand, Paul | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Deposition Date:  November 12, 2014 | | | | | | | |
| 35:19 | 42:20 | 401, 403, 602 | 67:1 | 68:18 | NNFF, 401/402, 403 | | |
| 48:17 | 59:14 | | | | | | |
| 60:8 | 62:12 | | | | | | |
| 62:22 | 63:9 | | | | | | |
| 64:13 | 66:20 | | | | | | |
| 69:16 | 71:15 | | | | | | |
| 73:12 | 74:4 | | | | | | |
| 74:11 | 75:18 | | | | | | |
| 76:9 | 82:21 | | | | | | |
| 84:8 | 94:17 | 401, 403, 602 | | | | | |
| 95:8 | 110:20 | 401, 403, 602 | | | | | |
| 102:1 | 102:21 | | | | | | |
| 117:15 | 119:6 | 401, 602, 701, 801 | 114:23 | 117:13 | 401/402 | | |
| 121:7 | 121:16 | 401, 602, 701, 801 | 119:10 121:17 | 121:6 121:21 | | | |
| 123:19 | 124:17 | | 124:18 | 126:16 | | | |
| 126:20 | 130:1 | | | | | | |
| 136:21 | 140:16 | | | | | | |
| 141:6 | 143:11 | 401, 403, 602 | | | | | |
| 161:16 | 162:4 | 401, 602, 701, 801 | | | | | |
| 164:16 | 165:4 | 401, 403 | | | | | |
| 169:7 | 170:7 | | | | | | |
| 172:13 | 173:15 | | | | | | |
| 179:4 | 179:8 | 401, 602, 701, 801 | | | | | |
| 179:10 | 182:9 | 401, 602, 701, 801 | | | | | |

| Deponent: Zeiter, Paul | | | | | | | |
|---|---|---|---|---|---|---|---|
| Deposition Date: September 16, 2014 | | | | | | | |
| **EMC'S DESIGNATIONS** | | **ZERTO'S EVIDENTIARY OBJECTIONS** | **ZERTO'S COUNTER-DESIGNATIONS** | | **EMC'S EVIDENTIARY OBJECTIONS** | **EMC'S COUNTER-COUNTER-DESIGNATIONS** | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) |
| 10:1 | 11:24 | 401, 403 | | | | | |
| 11:23 | 12:7 | 401, 403 | | | | | |
| 12:8 | 12:24 | 401, 403 | | | | | |
| 13:12 | 17:12 | 401, 403 | | | | | |
| 20:24 | 21:19 | | | | | | |
| 32:15 | 33:20 | 401, 602, 403 | | | | | |
| 36:1 | 38:7 | 401, 602, 403 | | | | | |
| 37:24 | 38:12 | | | | | | |
| 45:17 | 46:21 | 401, 602, 403 | | | | | |
| 45:17 | 47:1 | | | | | | |
| 53:15 | 59:18 | | | | | | |
| 57:4 | 57:21 | | | | | | |
| 63:3 | 65:16 | | | | | | |
| 65:22 | 66:20 | | 66:21 | 70:13 | NNFF, 401/402, 403 | | |
| 70:21 | 81:21 | | | | | | |
| 74:1 | 74:22 | | | | | | |
| 83:18 | 85:2 | | | | | | |
| 86:10 | 86:15 | | | | | | |
| 94:7 | 94:24 | | | | | | |
| 98:15 | 103:3 | | | | | | |
| 103:16 | 104:17 | | | | | | |
| 106:3 | 107:9 | | | | | | |
| 107:11 | 110:12 | | 110:13 | 113:12 | NNFF, 401/402, 403 | | |

6

| Deponent: Zeiter, Paul Deposition Date: September 16, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| 108:6 | 108:15 | | | | | | |
| 114:7 | 114:20 | | | | | | |
| 115:4 | 118:24 | | | | | | |
| 115:40 | 117:1 | | | | | | |
| 117:14 | 120:7 | | | | | | |
| 120:16 | 124:5 | | | | | | |
| 136:23 | 137:17 | 401, 602, 403, 701, 802 | | | | | |
| 137:1 | 137:20 | | | | | | |
| 139:5 | 142:23 | 401, 403, 701, 802 | 142:24 | 143:22 | 401/402, 403 | 143:23 | 145:10 |
| 150:14 | 151:13 | 401, 602, 403, 701, 802 | 146:3 | 150:10 | NNFF, 401/402, 403 | | |
| 155:14 | 161:24 | 401, 602, 403, 701, 802 | | | | | |
| 162:16 | 168:20 | | | | | | |
| 169:8 | 173:5 | | 173:6 | 174:9 | | | |
| 174:10 | 176:10 | | | | | | |
| 177:5 | 179:19 | | | | | | |
| 196:14 | 198:18 | 401, 602, 403, 701 | 198:19 | 200:2 | NNFF, 401/402, 403 | | |
| 221:5 | 221:12 | 401, 602, 403, 701 | 208:22 | 214:7 | NNFF, 401/402, 403 | | |
| 229:17 | 230:5 | 401, 602, 403 | | | | | |
| 244:20 | 244:23 | | | | | | |

| Deponent:  Gill, Jennifer | | | | | | | |
| Deposition Date:  September 17, 2014 | | | | | | | |
| EMC'S DESIGNATIONS | | ZERTO'S EVIDENTIARY OBJECTIONS | ZERTO'S COUNTER-DESIGNATIONS | | EMC'S EVIDENTIARY OBJECTIONS | EMC'S COUNTER-COUNTER-DESIGNATIONS | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) |
|---|---|---|---|---|---|---|---|
| 8:16 | 9:17 | | | | | | |
| 11:6 | 12:9 | | | | | | |
| 12:11 | 14:14 | 401, 403 | | | | | |
| 23:3 | 23:24 | 401, 403, 602 | | | | | |
| 34:3 | 34:11 | | | | | | |
| 35:9 | 36:6 | | | | | | |
| 38:20 | 39:11 | | | | | | |
| 40:7 | 43:19 | 401, 403, 602, 802 | | | | | |
| 44:15 | 45:11 | 401, 403 | | | | | |
| 46:21 | 54:4 | | | | | | |
| 96:10 | 98:24 | 401, 403 | | | | | |
| 104:9 | 110:8 | 401, 403, 602, 802 | | | | | |
| 105:7 | 109:22 | | | | | | |
| 117:14 | 118:2 | | | | | | |
| 118:9 | 122:9 | 401, 403, 602, 802 | | | | | |
| 139:13 | 145:2 | 401, 403, 602, 701, 802 | | | | | |
| 146:16 | 146:21 | 401, 403, 602, 701 | | | | | |
| 146:24 | 148:20 | 401, 403, 602, 701 | | | | | |
| 148:24 | 157:18 | 401, 403, 602, 701 | | | | | |

8

| Deponent:  Gill, Jennifer | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Deposition Date:  September 17, 2014** | | | | | | | | |
| 159:11 | 159:16 | 401, 403, 602, 701 | | | | | | |
| 159:21 | 160:20 | 401, 403, 602, 701 | | | | | | |
| 165:1 | 168:1 | 401, 403, 602, 701 | | | | | | |
| 172:18 | 174:10 | 401, 403, 602, 701 | | | | | | |

| Deponent:  Zerto Ltd. (Kedem, Oded) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Deposition Date:  October 29-30, 2014** | | | | | | | | |
| EMC'S DESIGNATIONS | | ZERTO'S EVIDENTIARY OBJECTIONS | ZERTO'S COUNTER-DESIGNATIONS | | EMC'S EVIDENTIARY OBJECTIONS | EMC'S COUNTER-COUNTER-DESIGNATIONS | | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | |
| 9:4 | 9:6 | | | | | | | |
| 9:13 | 9:20 | | | | | | | |
| 45:7 | 46:12 | | | | | | | |
| 51:7 | 52:11 | | | | | | | |
| 54:8 | 55:1 | | | | | | | |
| 55:15 | 55:19 | | | | | | | |
| 55:23 | 56:6 | | | | | | | |
| 68:24 | 69:19 | | | | | | | |
| 70:15 | 70:24 | | | | | | | |
| 71:18 | 72:4 | | | | | | | |
| 75:4 | 83:19 | | | | | | | |
| 83:22 | 85:12 | | | | | | | |
| 86:10 | 88:24 | | | | | | | |
| 89:12 | 89:22 | | | | | | | |
| 92:5 | 93:18 | | | | | | | |

| Deponent: Zerto Ltd. (Kedem, Oded) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Deposition Date: October 29-30, 2014 | | | | | | | |
| 93:8 | 93:12 | | | | | | |
| 93:19 | 94:1 | | | | | | |
| 98:16 | 104:3 | 403, 602, 802 | | | | | |
| 106:1 | 106:9 | | | | | | |
| 108:13 | 108:21 | | | | | | |
| 114:6 | 114:18 | | | | | | |
| 123:19 | 123:24 | | | | | | |
| 127:24 | 128:11 | | | | | | |
| 129:5 | 129:14 | | | | | | |
| 130:18 | 131:13 | | | | | | |
| 132:18 | 133:9 | | | | | | |
| 134:19 | 136:2 | | | | | | |
| 140:13 | 141:23 | | | | | | |
| 142:2 | 143:9 | | | | | | |
| 156:19 | 157:11 | | | | | | |
| 162:6 | 162:18 | | | | | | |
| 163:1 | 163:9 | | | | | | |
| 164:1 | 165:24 | | | | | | |
| 167:12 | 168:19 | | | | | | |
| 169:2 | 169:13 | | | | | | |
| 171:1 | 171:24 | | | | | | |
| 172:16 | 172:22 | | | | | | |
| 175:13 | 177:17 | | | | | | |
| 178:9 | 178:13 | | | | | | |
| 179:7 | 180:6 | | | | | | |
| 180:18 | 181:6 | | | | | | |
| 182:12 | 183:9 | | | | | | |
| 185:6 | 185:18 | | | | | | |
| 186:18 | 187:24 | | | | | | |
| 191:8 | 192:9 | | | | | | |

| Deponent:  Zerto Ltd. (Kedem, Oded) Deposition Date:  October 29-30, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| 192:3 | 193:5 | | | | | | |
| 194:24 | 195:7 | | | | | | |
| 201:8 | 202:4 | 602 | | | | | |
| 204:20 | 205:6 | | | | | | |
| 211:17 | 212:6 | | | | | | |
| 218:21 | 218:24 | | | | | | |
| 243:20 | 244:6 | 602 | | | | | |
| 284:22 | 286:2 | | | | | | |
| 286:18 | 286:23 | | | | | | |
| 287:19 | 288:12 | | | | | | |
| 299:7 | 299:16 | | | | | | |
| 308:20 | 309:17 | | | | | | |

| Deponent:  Kedem, Oded Deposition Date:  October 30, 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|
| EMC'S DESIGNATIONS | | ZERTO'S EVIDENTIARY OBJECTIONS | ZERTO'S COUNTER-DESIGNATIONS | | EMC'S EVIDENTIARY OBJECTIONS | EMC'S COUNTER-COUNTER-DESIGNATIONS | |
| From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) | | From (Page:Line) | To (Page:Line) |
| 318:21 | 319:2 | 602 | | | | | |
| 388:5 | 388:10 | 401, 403 | | | | | |

11

**SCHEDULE F-2:**

**ZERTO'S LIST OF DEPOSITION DESIGNATIONS**

Zerto hereby submits this initial list of prior testimony for use at trial.

Zerto reserves the right to use any and all of its initial designations as counter-designations to EMC's initial designations.  Zerto also reserves the right to supplement its designations, including for authenticity and/or other admissibility purposes.

Zerto has not designated prior testimony of those witnesses EMC has indicated they will call live at the trial including, in particular, John Rokicki and Dennis Ting.  Should EMC decide not to call such witnesses, Zerto reserves the right to designate the prior testimony of those witnesses.

Zerto has endeavored to include on its Exhibit List (Schedule C-2) all documents discussed in the below designated testimony.  To the extent any such exhibit was inadvertently omitted, it is to be considered included within the exhibits Zerto expects to introduce at trial.

The witnesses whose testimony is identified in this submission are:

1.     Curtis Anderson

2.     Scott Bingham

3.     Hank Chen

4.     William Clark

5.     Sara Jones

6.     Allan Lipka

7.     Richard Mayfield

8.     Michael Ohran

9.     Richard Ohran

10.    Edmund Walsh

11.    Robert Wilson

**EMC Corporation, et al. v. Zerto, Inc.**
**12-cv-956 (GMS)**
**Defendant's Deposition Designations**∗

**Witness: Curtis Anderson**

**Date of Deposition: November 4, 2014**

| Initial Designations | | | | | Counterdesignations | | | | Counter Counter Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line |
| 5 | 5 | 5 | 20 | | | | | | | | | | |
| 6 | 24 | 10 | 24 | 401/402, 403, 602, 701 | 12 | 10 | 12 | 25 | 401, 403 | 10 | 25 | 12 | 9 |
| 13 | 2 | 30 | 18 | 401/402, 403, 602, 701 | | | | | 602 | | | | |
| 31 | 1 | 35 | 20 | 401/402, 403, 602, 701 | | | | | | | | | |
| 36 | 5 | 38 | 8 | | 40 | 11 | 41 | 1 | 401, 403 | 38 | 21 | 39 | 19 |
| 43 | 6 | 47 | 6 | 701 | | | | | 602 | | | | |
| 47 | 15 | 50 | 24 | | | | | | | | | | |

∗ EMC additionally maintains the objections stated on the record for this and all other depositions.

| EMC Corporation, et al. v. Zerto, Inc. |||||||||||||
| 12-cv-956 (GMS) |||||||||||||
| Defendant's Deposition Designations |||||||||||||
| Witness: Scott Bingham |||||||||||||
| Date of Deposition: September 19, 2014 |||||||||||||
| Initial Designations |||| Counterdesignations |||||| Counter Counter Designation ||||
| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 10 | 8 | 12 | | | | | | | | | | |
| 9 | 13 | 15 | 3 | 602 | 15 | 4 | 15 | 7 | 401, 403 | | | | |
| 17 | 18 | 19 | 23 | 602, 701 | | | | | | | | | |
| 22 | 22 | 37 | 2 | 602, 701 | 20 | 1 | 22 | 21 | 401, 403, 602 | | | | |
| 37 | 9 | 39 | 8 | 602 | | | | | | | | | |
| 39 | 20 | 41 | 10 | | 41 | 17 | 42 | 8 | 401, 403 | | | | |
| 42 | 24 | 44 | 16 | 401/402 | | | | | | | | | |
| 45 | 5 | 50 | 19 | 602 | 44 | 17 | 45 | 4 | 401, 403 | | | | |
| 51 | 1 | 52 | 9 | 602 | 50 | 23 | 50 | 25 | | | | | |
| 52 | 23 | 53 | 18 | 602 | | | | | | | | | |
| 54 | 6 | 57 | 15 | 401/402, 602 | | | | | | | | | |
| 58 | 24 | 59 | 13 | | 59 | 24 | 60 | 2 | | 60 | 3 | 60 | 21 |
| 60 | 22 | 61 | 10 | 602 | | | | | | | | | |
| 63 | 5 | 64 | 17 | 602, 802 | | | | | | | | | |
| 65 | 1 | 69 | 12 | 802 | | | | | | | | | |
| 70 | 2 | 70 | 15 | 602, 802 | 70 | 21 | 71 | 1 | 401, 403, 602 | | | | |
| 72 | 15 | 74 | 11 | 602, 802 | | | | | | | | | |
| 74 | 21 | 77 | 23 | | 74 | 18 | 74 | 20 | 401, 403 | | | | |
| 78 | 12 | 79 | 12 | 802 | 77 | 24 | 78 | 11 | 401, 403, 701 | | | | |
| 81 | 12 | 84 | 25 | 802 | 85 | 1 | | | 401 | | | | |
| 85 | 2 | 85 | 13 | 602 | | | | | | | | | |
| 87 | 5 | 88 | 20 | 602, 802 | 85 | 14 | 87 | 4 | 401, 403, 602, 701 | | | | |
| 89 | 9 | 89 | 18 | | | | | | | | | | |
| 90 | 5 | 90 | 25 | | | | | | | | | | |
| 92 | 10 | 101 | 4 | 802 | | | | | | | | | |
| 101 | 13 | 102 | 10 | | | | | | | | | | |

| EMC Corporation, et al. v. Zerto, Inc. 12-cv-956 (GMS) Defendant's Deposition Designations | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Witness: Barry Burke** | | | | | | | | | |
| **Date of Deposition: October 31, 2014** | | | | | | | | | |
| **Initial Designations** | | | | | **Counterdesignations** | | | | |
| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections |
| 6 | 16 | 6 | 18 | | | | | | |
| 16 | 10 | 18 | 5 | 602, 701 | | | | | |
| 18 | 8 | 23 | 20 | 602, 701, 802 | | | | | |
| 24 | 1 | 24 | 13 | 602, 701, 802 | 23 24 | 21 14 | 23 24 | 24 21 | 401, 407 401, 407 |
| 25 | 19 | 28 | 7 | 602, 701 | | | | | |
| 28 | 12 | 29 | 22 | 602, 701 | | | | | |
| 32 | 10 | 35 | 1 | 602, 701, 802 | 35 | 2 | 35 | 16 | 401, 403 |
| 36 | 3 | 38 | 8 | 602, 701, 802 | | | | | |
| 38 | 11 | 41 | 1 | 602, 701 | 41 | 2 | 42 | 21 | 401, 403, 701 |
| 47 | 3 | 48 | 22 | 401/402, 403, 602, 701, 802 | | | | | |
| 50 | 1 | 52 | 22 | 602, 701, 802 | | | | | |
| 54 | 18 | 55 | 14 | 401/402, 403, 602, 701, 802 | | | | | |

| EMC Corporation, et al. v. Zerto, Inc.<br>12-cv-956 (GMS)<br>Defendant's Deposition Designations | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Witness: Hank Chen | | | | | | | | | |
| Date of Deposition: November 12, 2014 | | | | | | | | | |
| Initial Designations | | | | | Counterdesignations | | | | |
| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections |
| 5 | 16 | 5 | 19 | | | | | | |
| 6 | 17 | 6 | 24 | | | | | | |
| 27 | 12 | 30 | 23 | Outside the Scope of 30(b)(6), 401/402, 403, 602 | 8<br>15<br>25 | 7<br>8<br>21 | 8<br>15<br>26 | 23<br>22<br>10 | 401, 403<br>401, 403<br>401, 403, 602 |
| 38 | 18 | 40 | 22 | | | | | | |

| EMC Corporation, et al. v. Zerto, Inc. |||||||||
|:---:|:---:|:---:|:---:|:---:|:---:|:---:|:---:|:---:|
| **12-cv-956 (GMS)** |||||||||
| **Defendant's Deposition Designations** |||||||||
| **Witness: William Clark** |||||||||
| **Date of Deposition: October 24, 2014** |||||||||
| **Initial Designations** |||| | **Counterdesignations** ||||
| **Begin Page** | **Begin Line** | **End Page** | **End Line** | **Objections** | **Begin Page** | **Begin Line** | **End Page** | **End Line** | **Objections** |
| 5 | 8 | 5 | 10 | | | | | | |
| 29 | 7 | 29 | 18 | 602 | 28 | 13 | 29 | 6 | 401, 403 |
| 31 | 8 | 36 | 7 | 802 | 36 | 8 | 36 | 19 | 401, 403 |
| 37 | 15 | 40 | 13 | | 40 | 14 | 41 | 10 | 401, 403 |
| 41 | 11 | 43 | 18 | | 40 | 14 | 41 | 10 | |
| 43 | 24 | 45 | 21 | | | | | | |
| 46 | 2 | 48 | 24 | | | | | | |
| 49 | 9 | 50 | 17 | 611 | | | | | |
| 55 | 11 | 56 | 10 | 611 | | | | | |
| 63 | 19 | 67 | 13 | 401/402, 403, 602 | 56 | 11 | 63 | 18 | 401, 403 |
| | | | | | 67 | 14 | 67 | 19 | 401, 403 |
| 71 | 13 | 74 | 16 | 401/402, 403, 602, 611 | | | | | |
| 74 | 23 | 75 | 19 | 401/402, 403, 602, 611 | | | | | |
| 75 | 23 | 76 | 14 | 401/402, 403, 602, 611 | | | | | |

**EMC Corporation, et al. v. Zerto, Inc.**
**12-cv-956 (GMS)**
**Defendant's Deposition Designations**

**Witness: Allan Lipka**

**Date of Deposition: November 12, 2014**

| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | **Initial Designations** | | | **Counterdesignations** | | | | | **Counter Counter Designation** | |
| 6 | 2 | 6 | 6 | | | | | | | | | | |
| 6 | 12 | 6 | 17 | | | | | | | | | | |
| 8 | 24 | 10 | 6 | | | | | | | | | | |
| 12 | 23 | 15 | 20 | 401/402, 403, 602 | | | | | | | | | |
| 16 | 18 | 18 | 15 | 401/402, 403, 602 | | | | | | | | | |
| 18 | 24 | 20 | 5 | 401/402, 403, 602 | 20 | 6 | 20 | 7 | | | | | |
| 20 | 13 | 20 | 15 | 401/402, 403, 602, 611 | | | | | | | | | |
| 20 | 17 | 20 | 21 | 401/402, 403, 602, 611 | | | | | | | | | |
| 21 | 8 | 26 | 24 | 602 | 27 | 1 | 27 | 4 | | | | | |
| 27 | 5 | 28 | 16 | | | | | | | | | | |
| 28 | 23 | 29 | 18 | | | | | | | | | | |
| 30 | 24 | 33 | 24 | 611, 802 | 34 | 1 | 35 | 5 | 401, 403 | | | | |
| 35 | 6 | 36 | 4 | | | | | | | | | | |
| 37 | 21 | 38 | 12 | | | | | | | | | | |
| 38 | 21 | 40 | 20 | 602 | | | | | | | | | |
| 43 | 11 | 45 | 14 | | | | | | | | | | |
| 45 | 17 | 46 | 5 | | | | | | | | | | |
| 46 | 11 | 48 | 18 | 602, 611 | | | | | | | | | |
| 48 | 23 | 49 | 12 | | | | | | | | | | |
| 50 | 15 | 54 | 19 | 602, 611 | | | | | | | | | |
| 59 | 4 | 61 | 16 | 401/402, 403, 602, 611 | | | | | | | | | |
| 62 | 13 | 63 | 4 | 401/402, 403, 602 | 63 | 5 | 63 | 17 | | 71 | 19 | 73 | 15 |
| 63 | 18 | 65 | 4 | 602 | | | | | | | | | |
| 65 | 23 | 66 | 7 | | | | | | | | | | |
| 66 | 21 | 69 | 2 | 401/402, 403, 602, 611 | | | | | | | | | |
| 69 | 9 | 71 | 18 | 401/402, 403, 602, 611 | | | | | | | | | |

| EMC Corporation, et al. v. Zerto, Inc. 12-cv-956 (GMS) Defendant's Deposition Designations |||||||||||||
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Witness: Sara Jones |||||||||||||
| Date of Deposition: October 28, 2014 |||||||||||||
| Initial Designations | | | | | Counterdesignations | | | | | Counter Counter Designation | | | |
| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line |
| 5 | 3 | 5 | 7 | | | | | | | | | | |
| 6 | 5 | 7 | 9 | | | | | | | | | | |
| 9 | 25 | 10 | 9 | | 11 | 4 | 11 | 13 | 401, 403 | | | | |
| 25 | 10 | 25 | 24 | | 25 | 25 | 26 | 7 | 401, 403 | 26 | 8 | 27 | 9 |
| 29 | 25 | 30 | 12 | | | | | | | | | | |
| 31 | 13 | 33 | 25 | 401/402, 403, 602, 802 | | | | | | | | | |
| 43 | 10 | 53 | 4 | 401/402, 403, 602, 611, 701, 802 | 53 | 5 | 53 | 9 | 401, 403 | | | | |
| 53 | 10 | 56 | 18 | 401/402, 403, 602, 701, 802 | | | | | | | | | |
| 59 | 22 | 63 | 16 | 401/402, 403, 602, 701, 802 | | | | | | | | | |
| 64 | 5 | 64 | 21 | 401/402, 403, 802 | | | | | | | | | |
| 65 | 21 | 71 | 20 | 401/402, 403, 602, 611, 701, 802 | | | | | | | | | |
| 72 | 22 | 73 | 12 | 401/402, 403, 602, 701, 802 | | | | | | | | | |
| 74 | 13 | 76 | 13 | 401/402, 403, 602, 802 | | | | | | | | | |
| 77 | 1 | 82 | 12 | 401/402, 403, 602, 611, 701, 802 | 82 | 13 | 83 | 5 | 401, 403 | | | | |
| 83 | 6 | 84 | 19 | 401/402, 403, 602, 611, 802 | | | | | | | | | |
| 85 | 11 | 85 | 14 | | | | | | | | | | |
| 87 | 8 | 98 | 12 | 401/402, 403, 602, 611, 701 802 | | | | | | | | | |

| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 | 2 | 102 | 11 | 401/402, 403, 611, 701, 802 | 104 | 22 | 106 | 17 | | | | | |
| 110 | 8 | 115 | 20 | 401/402, 403, 602, 611, 701, 802 | | | | | | | | | |
| 116 | 14 | 120 | 18 | 401/402, 403, 602, 611, 701, 802 | 121 | 8 | 123 | 5 | 401, 403, 701 | | | | |

**EMC Corporation, et al. v. Zerto, Inc.**
**12-cv-956 (GMS)**
**Defendant's Deposition Designations**

Witness: Richard Mayfield
Date of Deposition: September 12, 2014

| Initial Designations | | | | | Counterdesignations | | | | | Counter Counter Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line |
| 5 | 7 | 5 | 24 | | | | | | | | | | |
| 11 | 4 | 13 | 18 | 401/402, 701 | | | | | | | | | |
| 15 | 3 | 15 | 5 | | | | | | | | | | |
| 15 | 13 | 15 | 23 | 401/402, 602, 802 | 14 | 18 | 14 | 22 | | 13 | 19 | 14 | 17 |
| 16 | 17 | 18 | 18 | 401/402, 701 | 18 | 19 | 19 | 4 | 401, 403, 701 | | | | |
| 20 | 1 | 22 | 10 | 401/402, 701 | | | | | | | | | |
| 22 | 14 | 25 | 18 | 401/402, 701 | | | | | | | | | |
| 26 | 2 | 27 | 6 | 401/402, 602, 701 | | | | | | | | | |
| 27 | 13 | 27 | 16 | | | | | | | | | | |
| 28 | 25 | 29 | 23 | 401/402, 701 | 27 | 18 | 28 | 24 | 401, 403, 701 | | | | |
| 30 | 15 | 31 | 16 | 401/402, 701 | 31 | 17 | 32 | 25 | 401, 403 | | | | |
| 33 | 1 | 35 | 3 | 401/402, 701 | | | | | | | | | |
| 36 | 24 | 37 | 9 | 401/402, 701 | | | | | | | | | |
| 38 | 5 | 38 | 13 | 401/402 | 39 | 9 | 39 | 16 | | 39 | 17 | 41 | 8 |
| 41 | 11 | 41 | 17 | 401/402, 602, 802 | 41 | 18 | 42 | 2 | 401, 403 | | | | |
| 42 | 23 | 43 | 10 | 401/402, 602 | | | | | | | | | |
| 51 | 21 | 52 | 10 | 401/402, 602 | 52 | 11 | 52 | 20 | 401, 403, 602 | | | | |
| 54 | 4 | 56 | 4 | 401/402, 701 | 57 | 9 | 57 | 24 | 401, 403, 701 | 58 | 1 | 61 | 18 |

**EMC Corporation, et al. v. Zerto, Inc.**
**12-cv-956 (GMS)**
**Defendant's Deposition Designations**

Witness: Michael Ohran
Date of Deposition: September 17, 2014

| Initial Designations | | | | | Counterdesignations | | | | | Counter Counter Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line |
| 5 | 19 | 5 | 24 | | | | | | | | | | |
| 28 | 2 | 28 | 8 | | 26 | 25 | 28 | 1 | 401, 403 | | | | |
| | | | | | 28 | 9 | 29 | 9 | | 29 | 10 | 29 | 16 |
| | | | | | 29 | 17 | 32 | 10 | | 32 | 11 | 33 | 6 |
| 34 | 15 | 35 | 2 | 401/402, 602, 701 | 34 | 1 | 34 | 14 | 401, 403, 701 | | | | |
| 43 | 2 | 43 | 24 | 401/402 | 41 | 20 | 43 | 1 | 401, 403 | | | | |
| 47 | 9 | 47 | 14 | 401/402, 602 | | | | | | | | | |
| 48 | 7 | 57 | 16 | 401/402, 602, 802 | 60 | 4 | 60 | 15 | 401, 403 | | | | |
| 64 | 4 | 65 | 16 | 401/402, 602, 802 | | | | | | | | | |
| 67 | 21 | 70 | 23 | 401/402, 602, 701, 802 | | | | | | | | | |
| 76 | 6 | 81 | 22 | 401/402, 602 | | | | | | | | | |
| 108 | 4 | 110 | 10 | | 110 | 11 | 111 | 20 | 401, 403, 701 | | | | |
| 116 | 9 | 117 | 14 | 401/402, 602 | 117 | 15 | 118 | 9 | 401, 403, 701 | | | | |
| | | | | | 118 | 15 | 119 | 5 | 401, 403, 701 | | | | |
| | | | | | 121 | 24 | 122 | 7 | 401, 403, 701 | | | | |
| 124 | 22 | 126 | 18 | 401/402, 602, 701, 802 | 123 | 1 | 124 | 18 | 401, 403, 701 | | | | |
| 127 | 22 | 134 | 21 | 401/402, 602, 701, 802 | 126 | 19 | 128 | 1 | 401, 403, 701 | | | | |

| EMC Corporation, et al. v. Zerto, Inc.<br>12-cv-956 (GMS)<br>Defendant's Deposition Designations | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Witness: Richard Ohran** | | | | | | | | | |
| **Date of Deposition: September 16, 2014** | | | | | | | | | |
| **Initial Designations** | | | | | **Counterdesignations** | | | | |
| **Begin Page** | **Begin Line** | **End Page** | **End Line** | **Objections** | **Begin Page** | **Begin Line** | **End Page** | **End Line** | **Objections** |
| 5 | 9 | 5 | 12 | | | | | | |
| 26 | 24 | 29 | 10 | 401/402, 701 | | | | | |
| 29 | 19 | 31 | 5 | | | | | | |
| 34 | 12 | 34 | 23 | 401/402, 602 | | | | | |
| 51 | 2 | 53 | 11 | 701 | 53 | 12 | 54 | 13 | 401, 403 |
| | | | | | 38 | 17 | 40 | 18 | 401, 403, 407 |
| 54 | 14 | 55 | 4 | 701 | 55 | 5 | 55 | 12 | 401, 701 |
| 55 | 15 | 57 | 8 | | 57 | 9 | 59 | 10 | 401, 403 |
| 64 | 22 | 67 | 23 | 401/402, 602, 701 | 67 | 24 | 71 | 8 | 401, 403, 602 |
| 71 | 9 | 74 | 3 | 401/402, 602, 701 | | | | | |
| 76 | 18 | 79 | 9 | 602 | | | | | |
| 85 | 14 | 86 | 21 | 802 | 86 | 22 | 87 | 19 | 401, 403, 701, 602 |
| 87 | 20 | 87 | 25 | | | | | | |
| 88 | 13 | 89 | 4 | 401/402, 602, 701 | 89 | 5 | 89 | 19 | 401, 403, 602 |
| 89 | 20 | 90 | 14 | 401/402 | | | | | |
| 101 | 8 | 104 | 8 | 401/402, 602 | 104 | 9 | 105 | 4 | 401, 403, 602 |
| 105 | 5 | 106 | 4 | 401/402, 602 | | | | | |

| EMC Corporation, et al. v. Zerto, Inc.<br>12-cv-956 (GMS)<br>Defendant's Deposition Designations | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Witness: Edmund Walsh | | | | | | | | | | | | |
| Date of Deposition: September 18, 2014 | | | | | | | | | | | | |
| Initial Designations | | | | Counterdesignations | | | | | Counter Counter Designation | | | |
| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line |
| 6 | 11 | 6 | 24 | | | | | | | | | | |
| 7 | 23 | 8 | 6 | | | | | | | | | | |
| 13 | 11 | 14 | 2 | 401/402, 403, 602 | 14<br>16 | 3<br>4 | 14<br>16 | 24<br>8 | | | | | |
| 15 | 1 | 15 | 8 | 401/402, 403, 602, 611 | | | | | | | | | |
| 16 | 19 | 20 | 2 | 401/402, 403, 602, 611, 802, PR | 20 | 3 | 20 | 7 | | | | | |
| 20 | 8 | 22 | 3 | 401/402, 403, 602, 611, 802, PR | | | | | | | | | |
| 22 | 10 | 23 | 15 | 401/402, 403, 602, 611 | | | | | | | | | |
| 23 | 19 | 25 | 8 | 401/402, 403, 602, 611 | | | | | | | | | |
| 25 | 12 | 26 | 11 | 401/402, 403, 602 | | | | | | | | | |
| 27 | 2 | 27 | 13 | 401/402, 403, 602, 611 | | | | | | | | | |
| 27 | 16 | 28 | 15 | 401/402, 403, 602, 611 | | | | | | | | | |
| 28 | 19 | 29 | 2 | 401/402, 403, 602, 611, 802 | | | | | | | | | |

| Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line | Objections | Begin Page | Begin Line | End Page | End Line |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | 7 | 29 | 13 | 401/402, 403, 602, 611, PR | | | | | | | | | |
| 29 | 17 | 29 | 17 | 401/402, 403, 602, 611, PR | 29 | 18 | 30 | 10 | | | | | |
| 31 | 2 | 31 | 24 | 401/402, 403, 602, 611, PR | | | | | | | | | |
| 32 | 4 | 32 | 16 | 401/402, 403, 602, PR | | | | | | | | | |
| 33 | 16 | 35 | 16 | 401/402, 403, 602, PR | | | | | | | | | |
| 36 | 9 | 36 | 19 | 401/402, 403, 602, PR | | | | | | | | | |
| 37 | 13 | 37 | 17 | 401/402, 403, 611, Not Testimony | 37 | 18 | 38 | 5 | | 32 | 17 | 33 | 15 |
| 38 | 6 | 43 | 24 | 401/402, 403, 602, 611, 701, 702, PR | 10 10 52 | 11 24 21 | 10 11 54 | 13 2 21 | 401, 403, 602, 701, 702 | | | | |
| 44 | 3 | 44 | 6 | 401/402, 403, 602, 611, PR | | | | | | | | | |
| 44 | 17 | 51 | 13 | 401/402, 403, 602, 611, 701, 702, PR | 10 10 52 | 11 24 21 | 10 11 54 | 13 2 21 | 401, 403, 602, 701, 702 | 54 | 22 | 55 | 3 |
| 51 | 20 | 51 | 22 | 401/402, 403, 602, 611 | | | | | | | | | |
| 59 | 4 | 61 | 5 | 401/402, 403, 602 | | | | | | | | | |

PR:  EMC objects to questions seeking attorney client communications or attorney work product and any responses thereto.

| EMC Corporation, et al. v. Zerto, Inc. 12-cv-956 (GMS) Defendant's Deposition Designations | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Witness: Robert Wilson** | | | | | | | | | | | | | |
| **Date of Deposition: September 11, 2014** | | | | | | | | | | | | | |
| **Initial Designations** | | | | | **Counterdesignations** | | | | | **Counter Counter Designation** | | | |
| **Begin Page** | **Begin Line** | **End Page** | **End Line** | **Objections** | **Begin Page** | **Begin Line** | **End Page** | **End Line** | **Objections** | **Begin Page** | **Begin Line** | **End Page** | **End Line** |
| 4 | 23 | 5 | 2 | | | | | | | | | | |
| 5 | 11 | 6 | 21 | | | | | | | | | | |
| 8 | 13 | 12 | 10 | | 12 | 11 | 12 | 17 | | | | | |
| 13 | 23 | 19 | 19 | 401/402, 602, 701 | 13 | 11 | 13 | 22 | 401, 403 | | | | |
| 20 | 15 | 22 | 15 | 401/402 | | | | | | | | | |
| 22 | 19 | 23 | 12 | | 23 | 13 | 23 | 16 | | | | | |
| 26 | 11 | 28 | 12 | 602, 701 | 25 | 17 | 26 | 1 | 403, 701 | 26 | 2 | 26 | 10 |
| | | | | | 28 | 13 | 29 | 1 | | | | | |
| 29 | 13 | 32 | 8 | | | | | | | | | | |
| 36 | 8 | 38 | 23 | | 35 | 8 | 35 | 20 | 401, 403, 701 | | | | |
| 39 | 7 | 42 | 11 | 602, 701 | 42 | 12 | 43 | 1 | 401, 403 | | | | |

**SCHEDULE G-1:**

**EMC'S ITEMIZED STATEMENT OF SPECIAL DAMAGES**

## I.     REASONABLE ROYALTY

EMC seeks a reasonable royalty on all of Zerto's infringing sales under 35 U.S.C. § 284. As detailed more specifically in the report of EMC's damages expert, the minimum reasonable royalty for all of Zerto's infringing sales as of November 6, 2014 is at least ███████, not including pre- and post-judgment interest.

No later than a week prior to trial, EMC expects Zerto to supplement its sales data and EMC's damages expert will use this data to amend his reasonable royalty damages calculation to include the time period from November 6, 2014 until trial, using an analysis similar to that set forth in his expert report.

## II.    TREBLE DAMAGES

EMC seeks treble damages based upon Zerto's willful infringement of the '867 patent.

## III.   INJUNCTION

EMC will seek a permanent injunction preventing Zerto from continuing to infringe the Asserted Patents pursuant to 35 U.S.C. § 283.

## IV.    ATTORNEYS' FEES, COSTS,  AND INTEREST

EMC seeks a declaration that this case is exceptional, and an award of its attorneys' fees pursuant to 35 U.S.C. § 285, as well as costs, expenses, pre-judgment and post-judgment interest, and an accounting, as well as any other form of appropriate relief pursuant to 35 U.S.C. §§ 283-285 or other applicable law.  EMC also seeks reimbursement of its excess costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927.

**SCHEDULE G-2:**

**ZERTO'S ITEMIZED STATEMENT OF SPECIAL DAMAGES**

## I.      RESONABLE ROYALTY

EMC's royalty analysis is grossly overinflated because it is based on the assumption that the technologies described in the patents cover 75% of the functionality of Zerto system—a figure that was plucked from thin air in an effort to justify a higher royalty.  In fact, the evidence will show that a more accurate estimate would be not more than 25%—particularly given that 4 of the 5 patents are only even alleged to be infringed when a customer uses the optional ZertoVSSAgent module, dramatically reducing the amount of any royalty that might be owed.

EMC's damages analysis is also improperly inflated by the inclusion of the "cloud" version of the Zerto product, which is sold by Zerto, Ltd., not Zerto, Inc., as well as the fact that EMC improperly includes pre-Complaint sales for patents that are only allegedly to be infringed indirectly, and Zerto cannot be liable for indirect infringement before it was aware of the patents, and because EMC did not mark.

## II.     TREBLE DAMAGES

EMC's allegation that Zerto willfully infringed is frivolous.  EMC has not pled willful infringement for the '460, '395, '091, or '222 patents, and Zerto's witnesses testified without equivocation that Zerto was unaware of any of the patents before being sued.  *See Execware, LLC v. Staples, Inc.*, 2012 U.S. Dist. LEXIS 174885, *20 (D. Del. Dec. 10, 2012) (explaining that a claim for willful infringement that "relies solely on allegations that [the accused infringer] was made aware of the [patent] by the filing of the [complaint]" must fail) (report and recommendation adopted, 2013 U.S. Dist. LEXIS 6231, 2013 WL 171906 (D. Del. Jan. 16, 2013)); *see In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) ("A

patentee who does not [seek a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.").

At best, EMC might show that Ziv Kedem was aware of the filing of the application that led to the '867 patent. That is legally insufficient to prove willfulness. *See, e.g., Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 U.S. Dist. LEXIS 69952, 2012 WL 1831543, *5-7 (N.D. Cal. 2012) (finding knowledge of a patent application that led to the asserted patent "insufficient to sustain a claim under a theory of willful blindness" because "mere knowledge of a pending patent application is of little significance given the prospect that a patent may not ever be issued, or, if issued, be altered or narrowed in scope"). And there certainly is no evidence that Zerto "(1) subjectively believed there was a high probability [of infringement], and (2) took deliberate actions to avoid learning of that fact," which would be required to prove willful blindness. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070, 179 L. Ed. 2d 1167 (2011).

## III.   EMC IS NOT ENTITLED TO AN INJUNCTION.

EMC would not be entitled to permanent injunction in this case. To be awarded a permanent injunction, a plaintiff must demonstrate that (1) it has suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391, 126 S. Ct. 1837 (2006). Here, EMC cannot show that it would suffer irreparable injury, or that monetary damages would be inadequate, where the damages sought in this case are 0.005% of EMC's $20 billion in annual revenues.

## IV.    EMC IS NOT ENTITLED TO ENHANCED DAMAGES OR ATTORNEYS' FEES.

EMC asserts that it will "seek enhanced damages under 35 U.S.C. § 284 due to Zerto's willful infringement."  EMC has, however, only pled willfulness for one patent and, given the undisputed evidence that Zerto was not aware of the '867 patent prior to being sued, any willfulness argument for the '867 patent would fail as a matter of law.  Without willfulness, and as there are no allegations of litigation misconduct against Zerto or that Zerto's defense is not in good faith, there is absolutely no basis for enhancing damages or shifting attorneys' fees.

As a consequence of EMC's inequitable conduct, Zerto seeks a declaration that this case is exceptional, and an award of its attorneys' fees pursuant to 35 U.S.C. § 285, as well as costs and expenses, as any other form of appropriate relief pursuant to 35 U.S.C. §§ 283-285 or other applicable law.  Zerto also seeks reimbursement of its excess costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927.

**SCHEDULE H-1:**

<u>**EMC'S STATEMENT AS TO WAIVERS OF ANY CLAIMS OR DEFENSES**</u>

EMC has not waived and does not waive any of its claims or defenses in this case.

**SCHEDULE H-2:**

<u>**ZERTO'S STATEMENT AS TO WAIVERS OF ANY CLAIMS OR DEFENSES**</u>

Zerto has not waived and does not waive any of its claims or defenses in this case.

**SCHEDULE I(i)-1:**

**<u>EMC'S TRIAL BRIEF</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EMC CORPORATION AND EMC ISRAEL )
DEVELOPMENT CENTER, LTD., )
  )
              Plaintiffs, )
  )
      v. )   C.A. No. 12-956 (GMS)
  )
ZERTO, INC., )
  )
             Defendant. )

## EMC'S TRIAL BRIEF

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

OF COUNSEL:

Michael N. Rader
Allen S. Rugg
Richard F. Giunta
Nathan R. Speed
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000

Paul T. Dacier
Krishnendu Gupta
William R. Clark
EMC CORPORATION
176 South Street
Hopkinton, MA 01748

*Attorneys for Plaintiff*

Original Filing Date:  March 30, 2015
Redacted Filing Date:  April 6, 2015

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. iii

I.  NATURE OF THE CASE ...........................................................................................1

    A.  The Asserted Patents ......................................................................................2

        1.  The Ting Patent: U.S. Patent No. 7,647,460 ..............................................2

        2.  The Rokicki Patents: U.S. Patents Nos. 7,603,395 and 7,971,091 ..........3

        3.  The Kashya Patent: U.S. Patent No. 7,577,867 .........................................5

        4.  The Vinca Patent: U.S. Patent No. 6,073,222 ...........................................5

    B.  The Accused Product:  Zerto Virtual Replication Software .............................6

II.  THE CONTESTED FACTS THAT EMC WILL SHOW AT TRIAL .........................7

III.  EMC'S THEORIES OF LIABILITY AGAINST ZERTO ..........................................7

    A.  Zerto Directly and/or Indirectly Infringes Each Asserted Claim .....................7

        1.  Zerto Directly Infringes Claim 45 of the Kashya Patent. ..........................8

        2.  Zerto Indirectly Infringes Each Asserted Claim. ......................................8

            a.  Zerto Indirectly Infringes the Asserted Claims 1, 30, 32, 37-38, 40, 42 and 44-45 of the Ting Patent. .............................8

            b.  Zerto Indirectly Infringes Claims 1 and 5 of the '091 Patent and Claims 1-2, 4 and 8 of the '395 Patent .........................9

            c.  Zerto Indirectly Infringes Claim 45 of the Kashya Patent .....................11

            d.  Zerto Indirectly Infringes Claim 1 of the Vinca Patent .........................11

    B.  Willfulness ...................................................................................................12

IV.  EMC'S THEORIES OF DAMAGES AND OTHER RELIEF .................................12

    A.  EMC Is Entitled to a Reasonable Royalty ....................................................12

B.      EMC Is Entitled to a Permanent Injunction. .......................................................13

C.      EMC Is Entitled to Enhanced Damages and Attorneys' Fees. ............................13

V.      ZERTO'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES. ..........................13

A.      Each Asserted Claim Is Infringed. .......................................................................13

B.      Each Asserted Claim Is Valid. .............................................................................14

    1.      Assignor Estoppel Bars Zerto from Challenging the
            Validity and Enforceability of the Kashya Patent. ...................................14

    2.      No Asserted Claim Is Invalid Under 35 U.S.C. §§ 102 or
            103. ............................................................................................................14

    3.      No Asserted Claim Is Invalid Under 35 U.S.C. §§ 101 or
            112. ............................................................................................................14

C.      The Kashya and Rokicki Patents Are Not Unenforceable. ..................................15

VI.     EMC'S ANTICIPATED MOTIONS FOR A DIRECTED VERDICT ..........................15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*eBay Inc.* v. *MercExchange, LLC,*
    547 U.S. 388 (2006) ......................................................................................... 13

*Global-Tech Appliances, Inc. v. SEB S.A.,*
    563 U.S. __, 131 S. Ct. 2060 (2011) .................................................................. 12

*In re Seagate Tech., LLC,*
    497 F.3d 1360 (Fed. Cir. 2007) ......................................................................... 12

**Rules and Statutes**

28 U.S.C. § 1927 ..................................................................................................... 13

28 U.S.C. § 1961 ..................................................................................................... 13

35 U.S.C. § 101 ................................................................................................. 14, 15

35 U.S.C. § 102 ................................................................................................. 14, 15

35 U.S.C. § 103 ....................................................................................................... 15

35 U.S.C. § 271 ............................................................................................... 8, 9, 11

35 U.S.C. § 283 ....................................................................................................... 13

35 U.S.C. § 284 .................................................................................................. 12-13

35 U.S.C. § 285 .................................................................................................. 12-13

## I.     NATURE OF THE CASE

This is a patent infringement action between two competitors in the field of data protection software.

EMC has been in the business of protecting data for more than three decades.  By investing tens of billions of dollars in research and development, as well as in acquisitions of innovative technologies, EMC has revolutionized the world of data protection.  The five patents EMC asserts in this case are the direct result of EMC's investment in advancing the state of data protection technology.  The patents claim inventions fundamental to that technology.

Although Zerto, Inc. is a relatively new entrant to the data protection industry, its founders—brothers Ziv Kedem and Oded Kedem—have a previous history with EMC.  The Kedem brothers previously worked at Kashya Ltd., an Israeli company that designed and developed data protection hardware and software products.  In May 2006, EMC acquired Kashya for $153 million.  As part of the acquisition, the Kedem brothers became EMC executives.  As executives, the brothers were given access to EMC's confidential business plans, including plans to develop data protection software for virtual machines.

Ziv Kedem left EMC in 2007.  Later, while Oded Kedem was still an EMC executive, the Kedem brothers conceived, and met with investors to seek funding for, a new startup: Zerto Ltd.  As pitched to investors, Zerto Ltd. was to develop data protection software for virtual machines, just as EMC planned to do in a project in which the Kedems were involved as EMC employees.  Once funding for Zerto Ltd. was secured, Oded Kedem quit EMC, and weeks later Zerto Ltd. was formed.  In May 2011, Zerto Ltd. founded Zerto, Inc. as a wholly-owned Delaware subsidiary.  Zerto, Inc. soon began selling, offering for sale, and importing the data protection software that Zerto Ltd. had designed.

As its acquisition of Kashya demonstrates, EMC recognizes the value of, and respects, intellectual property. Zerto, on the other hand, paid no heed to the fact that its software practiced inventions EMC had previously created or acquired, including those that EMC acquired from Kashya. EMC filed this action to prevent Zerto from competing against EMC using EMC's own inventions.

### A.    The Asserted Patents

#### 1.    The Ting Patent: U.S. Patent No. 7,647,460

The Ting Patent discloses a "remote mirroring" data protection system in which two storage systems are connected via a communication link. As data is written to the source storage system, a copy is transferred over the link to a target storage system where it is also written. This process results in the target storage system maintaining a continually updated copy of data, and provides an alternate source of data in the event that the source storage system fails or is destroyed, e.g., by a fire, natural disaster, etc.

Named inventor Dennis Ting is expected to testify at trial that although remote mirroring was previously known, the known systems had drawbacks. In one known system, the host device that issued a write to the source storage system had to also issue a second write over a communication link to the target storage system. This technique burdened the host with having to issue two writes. In a second known system, the host was unburdened from having to issue two writes, as mirroring controllers were added to the storage systems and those controllers communicated directly to mirror writes made to the source storage system to the target. In this system in which mirroring was handled directly by the storage systems, a dedicated communication line was required to connect the two storage systems, and data was transferred over that line using specific "data link layer" protocols such as ESCON or FDDI. The use of a dedicated line was expensive and could only be implemented over relatively short distances.

Mr. Ting will testify that he and his fellow inventors recognized that known remote mirroring systems could be improved upon.  Specifically, Mr. Ting and his fellow inventors recognized that remote mirroring could be accomplished with a non-dedicated network cloud that used network layer protocols such as IP to connect the storage systems.  This innovative solution addressed limitations of the prior art because the network cloud could be implemented on a low-cost public network (e.g., a corporate intranet), data could be transmitted over that network to any remote location without geographic constraint, and the host was not burdened with both generating writes and performing the mirroring operation.

### 2.    The Rokicki Patents: U.S. Patents Nos. 7,603,395 and 7,971,091

The Rokicki Patents share a common specification.  Mr. Rokicki is expected to testify that the innovations in these patents were developed when EMC integrated one of its traditional replication software products with a continuous data protection ("CDP") system.

At the time of the invention, CDP systems were relatively new.  In such systems, write transactions that an application issues to a primary storage system are also stored in a separate location, sometimes referred to as a "CDP engine."  Over time, the CDP engine stores a copy of each write transaction, thereby retaining information about every change made to data at the primary storage system.  The user can use the CDP engine to access the data as it appeared at a given point in time in the past.  Thus, CDP permits recovery of data at any prior point-in-time.

Replication software also existed at the time of the invention, and most relied on "traditional snapshot" technology to replicate data.  Using traditional snapshot technology required creating a distinct replica or representation of data every time a snapshot was taken, so taking snapshots at regular time intervals consumed significant storage space and resources.

Snapshot-based replication offered benefits, including "application awareness," i.e., the ability to generate a snapshot at a time when the application had stopped generating data. This ensured that the snapshot included data in an "application-consistent" state, i.e., a state from which applications can more reliably recover (distinguished from a "crash-consistent" state).

At the time of the invention, many in the industry believed that an application-aware CDP system was undesirable because CDP systems allowed for any-point-in-time recovery. Mr. Rokicki and his fellow inventors bucked conventional thinking and concluded that an application-aware CDP system would be beneficial because it could recover data in application-consistent states, while also avoiding the consumption of significant storage space. They accomplished this by integrating a replication application as a front-end to a CDP system.

In the Rokicki system, "pseudosnapshots" are used in lieu of traditional snapshots. Generating pseudosnapshots only requires inserting "event markers" into the CDP engine at desired points in time, thereby creating earmarked datasets that can later be reliably surfaced as a copy. A pseudosnapshot can later be recovered by reading from the CDP engine the earmarked data that was stored at the time associated with the event marker. Every pseudosnapshot is available for recovery, but since it consumes far less storage than would be required to store traditional snapshots, event markers can be stored far more frequently than traditional snapshots.

In one of the systems claimed in the Rokicki patents, each time an application issues a write transaction, a data tap creates a copy of the transaction and the copied transaction is stored in a write journal on a CDP system. A replication application communicates with the CDP system and is configured to generate "event markers" that identify points in time in the series of write transactions stored in the write journal, including points in time when the application has been instructed to cease generating write transactions and is in an application-consistent state.

The replication application is further configured to present event markers to a user through a graphical user interface and, in response to a user selection of an event marker, to generate a data structure from the stored transactions corresponding to the selected event marker.  In a different claimed system, a remote server sends replication instructions to the replication application.

### 3.    The Kashya Patent: U.S. Patent No. 7,577,867

EMC acquired the Kashya Patent as part of its acquisition of Kashya.  Ziv Kedem is a named inventor on the Kashya Patent, which discloses a system for consistent data recovery that tags a dataset at a point in time when a host device controller has halted processing IOs for a host.  The system organizes its components into one or more "consistency groups" that each includes one or more "host device(s)" and "data protection appliance(s)."  A "data protection appliance manager" issues a request to one or more data protection appliance(s) to cause host device controllers of the consistency group to halt processing IO requests and to create a tag to mark the consistency group at a specific point in time.  By causing the controllers to halt processing IO requests, the system ensures that the tag is created when the data is in a consistent state, even though applications on the host devices are free to continue generating IOs.

### 4.    The Vinca Patent: U.S. Patent No. 6,073,222

The Vinca Patent discloses a method for (a) preserving data as it existed on a mass storage system at a particular moment in time and (b) accessing the preserved data as it existed at that point in time, even if it was subsequently overwritten.  To do this, when a data block is overwritten, it is preserved in a "preservation memory."  A "virtual device" is created that can access data in the preservation memory and the mass storage system.  This provides a user with access to data as it existed at a selected moment in time, even if the accessed data includes some data blocks located on the mass storage system (because they have not been overwritten) and other data blocks preserved in the preservation memory (because they have been overwritten).

**B.**      **The Accused Product:  Zerto Virtual Replication Software**

EMC contends that Zerto's Virtual Replication software ("the Accused Product")

infringes each Asserted Patent.  Zerto markets the Accused Product as a business continuity and

disaster recovery solution for virtual machines.  Virtual machines are software emulations of

physical computers that run applications and perform operation just like physical computers.

The software that creates the virtual machines is typically referred to as a hypervisor.

The Accused Product allows for recovery by maintaining, at a remote site, a continually

updated copy of data that a virtual machine at a primary site generates.  The Accused Product

also allows a user to access the remote data at historic points-in-time, including a known "good"

point-in-time, e.g., an application-consistent state for a particular virtual machine.



## II.   THE CONTESTED FACTS THAT EMC WILL SHOW AT TRIAL

EMC will establish the facts identified in Schedule B to the proposed pretrial order.

## III.   EMC'S THEORIES OF LIABILITY AGAINST ZERTO

### A.   Zerto Directly and/or Indirectly Infringes Each Asserted Claim.

EMC will show by a preponderance of the evidence that Zerto directly and/or indirectly

infringes at least one valid and enforceable asserted claim.  EMC's primary evidence is:

(1) Zerto's technical documents, (2) source code for the Accused Product, (3) testimony of the

corporate witness for Zerto Ltd., (4) testimony of EMC's technical expert witness, (5) Zerto's

publicly available technical and marketing materials, (6) the Accused Product itself, including

screenshots and/or demonstrations of the software, and (7) Microsoft technical documents.

**1.      Zerto Directly Infringes Claim 45 of the Kashya Patent.**

EMC will show that Zerto has directly infringed claim 45 of the Kashya Patent either

literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or

selling the Accused Product in violation of 35 U.S.C. § 271(a).

EMC will show at trial that the Accused Product, ███████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████

**2.      Zerto Indirectly Infringes Each Asserted Claim.**

      **a.      Zerto Indirectly Infringes the Asserted Claims 1, 30, 32, 37-38, 40, 42 and 44-45 of the Ting Patent.**

EMC will show that Zerto, through its dealings with customers, has induced, and is

inducing, infringement of claims 1, 30, 32, 37-38, 40, 42 and 44-45 of the Ting Patent in

violation of 35 U.S.C. § 271(b) and has contributed, and is contributing, to the infringement of

those claims in violation of 35 U.S.C. § 271(c).

EMC will show at trial that the Accused Product, when installed in accordance with Zerto's administrator guide and instructional manuals, is part of a computer system that includes a CPU, a first/source storage system, and a second/target storage system. Once installed, the software creates a fourth component, a mirroring controller, that becomes part of the storage system and mirrors information written from the CPU to the first/source storage system in the second/target storage system. The four components, which are also components of the asserted claims, are shown in the annotated figure below from Zerto's marketing materials:



The Accused Product also requires the use of network layer protocols (i.e., TCP/IP) to transfer data from the storage system at the protected site to a storage system at the replication site. This requirement necessarily means that the link between the first/source storage system and the second/target storage system is a network cloud, just as it is in the asserted claims.

**b.      Zerto Indirectly Infringes Claims 1 and 5 of the '091 Patent and Claims 1-2, 4 and 8 of the '395 Patent.**

EMC will show that Zerto, through its dealings with customers, has induced, and is inducing, infringement of the claims 1, 2, 4 and 8 of the '395 Patent and claims 1 and 5 of the '091 Patent in violation of 35 U.S.C. § 271(b) and has contributed, and is contributing, to the infringement of those claims in violation of 35 U.S.C. § 271(c).

(1)     Claims 1, 2, 4 and 8 of the '395 Patent

EMC will show at trial that the Accused Product, when installed in accordance with Zerto's administrator guide and instructional manuals, creates a computer system that includes (1) a data tap, (2) a continuous data protection system, and (3) a replication application, each of which is a component of the asserted claims.  The replication application that the software creates is the ZVM.  Just like the replication application of the asserted claims, the ZVM is configured to (a) initiate the generation of a pseudosnapshot, (b) create at least on event marker that identifies a point in time that corresponds to a quiescent state for a portion of write transactions stored in a write journal, (c) present the pseudosnapshots to a user in a graphical user interface ("GUI") wherein the pseudosnapshot is viewed by the user as a traditional snapshot, and (d) surface a copy of data that was generated and saved before a selected pseudosnapshot was created. ███████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████

(1)     Claims 1 and 5 of the '091 Patent

EMC will show at trial that the Accused Product, when installed in accordance with Zerto's administrator guide and instructional manuals, creates a computer system that includes (1) a CDP system and (2) a replication application, each of which is a component of the asserted claims.  The claims further require that the replication application be configured to (a) initiate the generation of a pseudosnapshot wherein the pseudosnapshot is identified by an event marker that is associated with a point in time when a production application was in a quiescent state, and also (b) initiate surfacing a copy of a dataset that was saved before generation of the pseudosnapshot.

As discussed above in Section I.A.1.a(1), the ZVM is configured to perform these functions. Moreover, Zerto's customers, following the instructions provided in Zerto's administrator's guide and instructional manuals, also create a second ZVM at a remote site. The second ZVM is configured to send instructions to the first ZVM, and is a remote server, which is the final component of the asserted claims.

### c.     Zerto Indirectly Infringes Claim 45 of the Kashya Patent.

EMC will show that Zerto, through its dealings with customers, has induced and is inducing infringement of claim 45 of the Kashya Patent in violation of 35 U.S.C. § 271(b).

As noted above in Section III.A.1, the Accused Product, including the ZertoVssAgent program, is program code stored on a computer-readable storage medium that meets each limitation of claim 45. Zerto customers directly infringe claim 45 when they download and install the software, and also when they use the software, including the optional ZertoVssAgent software. Zerto actively encourages its customers to install and use the software.

### d.     Zerto Indirectly Infringes Claim 1 of the Vinca Patent.

EMC will show that Zerto, through its dealings with customers, has induced and is inducing infringement of claim 1 of the Vinca Patent in violation of 35 U.S.C. § 271(b) and has contributed, and is contributing, to the infringement of the claim in violation of 35 U.S.C. § 271(c).

EMC will show at trial that the Accused Product, when installed in accordance with Zerto's administrator guide and instructional manuals, ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

- 11 -

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

### B.   Willfulness

EMC will present evidence demonstrating that Zerto has willfully infringed the '867 patent by showing that Zerto was aware of or willfully blind to the patent at least since the Accused Product became available in September 2011, but chose to continue its infringement in reckless disregard of its infringing activity and with no good-faith basis for doing so.  *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. __, 131 S. Ct. 2060 (2011).  As a result of its willful infringement, EMC will show that Zerto is liable for treble damages pursuant to 35 U.S.C. § 284, and that EMC is entitled to recover its attorneys' fees because this case is exceptional under 35 U.S.C. § 285.

## IV.   EMC'S THEORIES OF DAMAGES AND OTHER RELIEF

### A.   EMC Is Entitled to a Reasonable Royalty.

If EMC prevails on liability, it is entitled to damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty."  35 U.S.C. § 284.  EMC therefore seeks a reasonable royalty on past sales of the Accused Product, and will show, under the *Georgia-Pacific* factors, the amount of that reasonable royalty.

EMC will prove its damages theory through, *inter alia*, Zerto's sales and other documents, EMC license agreements and other documents, testimony of Zerto employees about the marketing and selling of the Accused Product and the parties' competitive relationship, testimony of EMC employees, and testimony of EMC's damages expert.

### B.     EMC Is Entitled to a Permanent Injunction.

EMC will demonstrate that it is entitled to a permanent injunction under 35 U.S.C. § 283

and *eBay Inc.* v. *MercExchange, LLC*, 547 U.S. 388 (2006), enjoining Zerto from making, using,

offering to sell, selling, and/or importing the Accused Product within or into the United States.

EMC will also show that it is entitled to an injunction enjoining Zerto from inducing third-parties

to directly infringe the Asserted Patents.  In doing so, EMC will show that it has suffered and

continues to suffer irreparable harm as a result of Zerto's infringement, that monetary damages

are inadequate to compensate EMC for its harm, that the balance of hardships warrants a

permanent injunction, and that the public interest will not be disserved by an injunction.

### C.     EMC Is Entitled to Enhanced Damages and Attorneys' Fees.

EMC intends to seek enhanced damages under 35 U.S.C. § 284 due to Zerto's willful

infringement.  EMC also seeks attorneys' fees under 35 U.S.C. § 285 because of the exceptional

nature of this case.  EMC also seeks reimbursement of its excess costs, expenses, and attorneys'

fees pursuant to 28 U.S.C. § 1927, and pre- and post-judgment interest under 28 U.S.C. § 1961.

## V.     ZERTO'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES.

Zerto has raised allegations of non-infringement and invalidity as to all Asserted Patents

and allegations of unenforceability as to the Kashya and Rokicki Patents, both in the form of

defenses to EMC's infringement claims and as declaratory counterclaims.  EMC will show that

Zerto lacks evidence to sustain these defenses and counterclaims.

### A.     Each Asserted Claim Is Infringed.

As discussed above, EMC will show by a preponderance of the evidence at trial that

Zerto has directly or indirectly infringed each asserted claim of the Asserted Patents.

B.    **Each Asserted Claim Is Valid.**

1.    **Assignor Estoppel Bars Zerto from Challenging the Validity and Enforceability of the Kashya Patent.[1]**

Ziv Kedem is a named inventor of the Kashya Patent, and assigned his rights to the patent to EMC Israel Development Center, Inc.'s predecessor-in-interest for valuable consideration. Assignor estoppel therefore bars Mr. Kedem and those in privity with him, including Zerto, from challenging the validity or enforceability of the Kashya Patent.  EMC will present evidence that assignor estoppel bars Zerto from challenging the validity or enforceability of the Kashya patent.

2.    **No Asserted Claim Is Invalid Under 35 U.S.C. §§ 102 or 103.**

Zerto alleges that each asserted claim is invalid under Section 102 and, in some cases, 103.  Zerto's technical expert has offered no opinion of invalidity under Section 103 for either claim 45 of the Kashya Patent or claim 1 of the Vinca Patent.  Zerto's allegations will be shown at trial to be unsupported by clear and convincing evidence.  EMC's evidence will include, *inter alia*, inventor testimony and testimony from EMC's technical expert.

3.    **No Asserted Claim Is Invalid Under 35 U.S.C. §§ 101 or 112.**

Zerto nominally alleges that each asserted claim is invalid under Sections 101 and 112 of the Patent Statute, although its technical expert has not offered any opinion that any asserted claim is invalid under either section.  If Zerto is permitted to proffer testimony or introduce evidence that any asserted claim is invalid under Sections 101 or 112, EMC will show, on the contrary, that an ordinary artisan could practice the claimed inventions without undue experimentation and that each asserted claim is directed to statutory subject matter.

---

[1] The assignor estoppel issue should be decided at summary judgment.  EMC offers a brief summary of the assignor estoppel issue in case the Court allows the issue to proceed to the jury.

### C.   The Kashya and Rokicki Patents Are Not Unenforceable.[2]

Zerto alleges that counsel for EMC made misrepresentations to the PTO concerning the prior art status of a reference that Zerto submitted in connection with a failed IPR for the Kashya Patent.  Zerto will be unable to set forth even a prima facie case of – let alone prove by clear and convincing evidence – any misrepresentation or any intent to deceive the PTO.  If needed, EMC will respond with testimony from counsel for EMC who were involved with the IPR petition, and/or documentary evidence, including the PTO record from the IPR petition.

With respect to the Rokicki Patents, Zerto alleges that the prosecuting attorneys and named inventors failed to disclose material information concerning certain prior art products to the PTO.  Zerto will be unable to set forth even a prima facie case of – let along prove by clear and convincing evidence – any failure to disclose material information or any intent to deceive the PTO.  If needed, EMC will respond with testimony from one or more named inventors, testimony from one or more prosecuting attorneys, and/or the patent file histories.

## VI.  EMC'S ANTICIPATED MOTIONS FOR A DIRECTED VERDICT

EMC anticipates that it will move for a directed verdict on the following bases: (1) Zerto indirectly infringes one or more of the asserted claims, (2) Zerto directly infringes claim 45 of the Kashya Patent, (3) Zerto willfully infringed claim 45 of the '867 patent, (4) assignor estoppel bars Zerto from challenging the validity or enforceability of the Kashya Patent, (5) Zerto cannot prove that any asserted claim is invalid under 35 U.S.C. §§ 101, 102, 103 or 112, and/or (6) the Kashya and/or Rokicki Patents are not unenforceable due to inequitable conduct.

EMC reserves the right to move for judgment as a matter of law on any additional issues that Zerto advances at trial depending on the evidence or lack thereof.

---

[2] The issue of inequitable conduct should not be tried before the jury, but EMC offers a summary of its defense to the inequitable conduct allegations in case the issue proceeds to the jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

OF COUNSEL:

Michael N. Rader
Allen S. Rugg
Richard F. Giunta
Nathan R. Speed
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000

Paul T. Dacier
Krishnendu Gupta
William R. Clark
EMC CORPORATION
176 South Street
Hopkinton, MA 01748

*Attorneys for Plaintiff*

Original Filing Date:  March 30, 2015
Redacted Filing Date:  April 6, 2015

**SCHEDULE I(i)-2:**

**ZERTO'S TRIAL BRIEF**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EMC CORPORATION AND EMC ISRAEL DEVELOPMENT CENTER, LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 12-956-GMS |
| ZERTO, INC., | ) ) | |
| Defendant. | ) ) ) | |

**<u>ZERTO'S TRIAL BRIEF</u>**

## <u>TABLE OF CONTENTS</u>

I.     NATURE OF THE CASE ................................................................... 1

II.    THE ZERTO VIRTUAL REPLICATION SOFTWARE ................................ 1

III.   THE ASSERTED CLAIMS ARE NOT INFRINGED ..................................... 3

    A.   U.S. Patent No. 7,647,460 ......................................................... 3

    B.   U.S. Patents Nos. 7,603,395 and 7,971,091 ............................... 5

    C.   U.S. Patent No. 7,577,867 ......................................................... 6

    D.   U.S. Patent No. 6,073,222 ......................................................... 7

    E.   Zerto Cannot Be Found to Have Willfully Infringed .................... 8

IV.   THE ASSERTED CLAIMS ARE INVALID ............................................... 9

    A.   U.S. Patent No. 7,647,460 ......................................................... 9

    B.   U.S. Patents Nos. 7,603,395 and 7,971,091 ............................. 10

    C.   U.S. Patent No. 7,577,867 ....................................................... 11

    D.   U.S. Patent No. 6,073,222 ....................................................... 12

V.    THREE OF THE PATENTS ARE UNENFOREACLEE DUE
     TO INEQUITABLE CONDUCT ......................................................... 12

    A.   U.S. Patents Nos. 7,603,395 and 7,971,091 ............................. 12

    B.   U.S. Patent No. 7,577,867 ....................................................... 13

VI.   DAMAGES ................................................................................... 14

    A.   Any a Reasonable Royalty Would be Small .............................. 14

    B.   EMC Is Not Entitled to a Permanent Injunction. ....................... 15

    C.   EMC Is Not Entitled to Enhanced Damages or Attorneys' Fees. ............ 15

VII.  THE CONTESTED FACTS THAT ZERTO WILL SHOW AT TRIAL .......... 15

## I.     NATURE OF THE CASE

This is a patent infringement action brought by a $20 Billion company against a small startup.  Rather than compete against Zerto's technology in the marketplace, EMC has instead reached into its large patent portfolio for a series of old patents (two of which EMC obtained in acquisitions, and one of which is so old that it has expired) that have nothing to do with Zerto's cutting-edge, virtualized replication system.

That EMC's case is about harassing a company with new and better technology, rather than the vindication of legitimate patent rights, is confirmed by EMC's repeated allegations about a company called VMWare (not EMC) having come up with the idea of putting the replication in the "hypervisor."  Even if those allegations were true—and they are not—that would have absolutely no bearing on whether any of these EMC patents are infringed or invalid.

## II.    THE ZERTO VIRTUAL REPLICATION SOFTWARE

Zerto's Virtual Replication software is a continuity and disaster recovery solution for virtual machines.  Virtual machines are software emulations of physical computers that run applications and perform operations just like physical computers.  Because virtual machines can run on shared computing resources, they can cut down on hardware and energy costs, and also make a company's IT infrastructure easier to manage.  The software that creates a virtual machine is typically referred to as a hypervisor.

Generally speaking, the Zerto system allows a system administrator to protect against data loss at a "protected" site by copying data that is being written from applications at that site to a "recovery" or "backup" site.  In the event of a problem at the protected site, the data that had been copied to the recovery site can be used to generate a copy of what existed at the protected site at a given point in time, such as before the problem at the protected site arose.  Users of the applications can move to the copy to get up and running again.  The system is illustrated below:



A component called the Zerto Virtual Manager ("**ZVM**") is software that manages replication between the protected and recovery sites.  A Zerto Virtual Appliance ("**VRA**") is installed in its own virtual machine on each hypervisor that includes virtual machines to be protected.  The **Zerto** Driver is a small software component that resides in the hypervisor to monitor and cop I/O traffic from the virtual machines hosted by the hypervisor.  The **Journal** exists at the recovery site, in one or more virtual machines, to receive and store copies of the write transactions that are obtained by the Zerto driver.

Data protection in the Zerto system begins with the creation of **Recovery Disks** at the recovery site that are copies of the disks at the protected site that are going to be protected.  This is an initial full backup of the protected virtual machines' virtual disks.  Once the Recovery

2

Disks are created, the Zerto system operates by having the **Driver** watch for I/O transactions from the protected machines.  The **VRA** at the protected site will then copy those transactions and send them to the **VRA** at the recovery site.  The **VRA** at the recovery site will place the transactions into the **Journal**, maintaining the chronological order, and the writes are accumulated in the **Journal** until they are needed for a **Failover**, as described below.  The system also creates **Checkpoints** that are stored in the **Journal**.

If there is a problem at the protected site, the administrator can perform a **Failover**, the purpose of which is to create a replica, at the recovery site, of protected site data as it existed at a certain point in time before the problem arose.  In the **Failover**, write transactions in the **Journal** are applied to the **Recovery Disc** in sequential order ("first-in-first out") to move the **Recovery Disk** forward to the desired point in time.

## III.    THE ASSERTED CLAIMS ARE NOT INFRINGED

### A.    U.S. Patent No. 7,647,460

The '460 Patent discloses a "remote mirroring" data protection system in which two storage systems are connected via a communication link, like the internet.  The target storage system maintains a continually updated copy of data, which EMC has described as a "mirror image of the source storage system" and "like a household mirror."

Zerto does not infringe the '460 patent because it does not maintain a continually updated copy of data.  There is no mirror image.  Instead, Zerto copies every disc write at the source site to the Journal at the second site, where the write transactions are stored in chronological order.  There is nothing at the second site that is an "essentially real-time" and "continually updated" "copy of data."  While a Zerto user may create a copy at the recovery site by performing a Failover, that happens only in the case of a problem, not in "essentially real time," and, when it does happen, the protected site is different, so there still is no "mirror image."

Zerto also does not infringe the '460 patent because it does not transfer data between "storage systems."  Zerto's system does not copy data between storage systems because the components that perform the copying are located in virtual machines that run on the host computer, not in the physical or (even virtual) storage system.  This can be seen in the figure below, showing how data is copied (the blue arrow) between VRAs (in the red oval) that are running on virtual machines, well above the storage systems:



In fact, Zerto's system cannot infringe because, if the claims are stretched to cover it, they are necessarily invalid as they would also clearly cover the prior art, as described below.

### B.     U.S. Patents Nos. 7,603,395 and 7,971,091

Each of the claims of these patents require a "pseudosnapshot" that "corresponds to a quiescent state."  The Court construed "quiescent state" to mean "an inactive state wherein the production application does not generate write operations."

4

The Zerto software does not cause any application to enter an inactive state where a production application does not generate write operations.  End users of the Zerto software who are interested (and using Microsoft Windows) may download (from Zerto, Ltd.) a separate software module (called the "ZertoVSSAgent") that can trigger a Microsoft product called Volume Shadow Copy Service ("VSS").  VSS is essentially a go-between; when an application like ZertoVSSAgent invokes VSS, VSS tells the production applications to prepare for a backup. What the applications do in response to that request, however, is *up to the author of the application*.  In other words, whether an application can or does enter "an inactive state" to "not generate write operations" depends on the application itself.  Zerto has nothing to do with that.

Here, there is no evidence that (a) any end user of Zerto software invoked VSS when any VSS-enabled application was running or (b) that any such application entered "an inactive state wherein [it did] not generate write operations" when VSS was invoked.  The only evidence on this issue is from one user who testified that he installed ZertoVssAgent on one virtual machine dedicated to e-mail, but did not identify any VSS-enabled application, and certainly could not say how any such application operated.

Claims 1 and 9 of the '395 patent and 20 of the '091 patent also require that the pseudosnapshot is viewed by the user "as a snapshot."  Zerto cannot infringe these claims because Zerto's software presents the user with Checkpoints, which are just markers in the Journal, not "snapshots."  In fact, EMC's own expert described the Zerto system as "replication *without using traditional snapshots*."  Additionally, claims 1, 9, and 20 of the '091 patent require a "remote server."  Zerto's system does not require a remote server, and there is no evidence that any Zerto end user has ever used a remote sever.

Finally, claim 9 of the '091 patent requires initial and final times for the pseudosnapshot, and claims 1 and 20 both require that the pseudosnapshot be "associated with a particular transaction in the series of transactions."  EMC's expert does not even try to explain how these limitations are met in the Zerto software.

## C.    U.S. Patent No. 7,577,867

Zerto's system cannot infringe the '867 patent for at least two reasons.

First, in the method claimed in the '867 patent, a "host device controller" "processes the host device I/O requests, and . . . can halt such processing and . . . resume such processing," and a "DPA manager" sends a request to a "DPA" "to cause [the] host device controllers . . . to halt processing I/O requests."  EMC does not allege that Zerto has a DPA that causes a host device controller to halt processing I/O requests.  Instead, EMC argues that there is literal infringement when a Zerto end user invokes VSS, because applications then stop sending writes, and that, because the applications stop sending writes, the host device controllers are "halted."  That argument simply does not meet the claim language, which requires an instruction that causes *the host device controllers to halt processing I/Os*, not that applications stop sending I/Os.

Second, the Court construed "consistency group" in the '867 patent to require, among other things, a "journal" that is "a record of write transactions used to maintain and rollback a duplicative storage system to a previous point in time."  This construction is particularly significant because EMC used it to persuade the Patent Office to not review the '867 patent.  Zerto, however, does not have a journal that is used to "rollback a duplicative storage system to a previous point in time" because Zerto only ever rolls the target system *forward*, applying writes to the recovery disk (the initial full backup) *to bring it forward in time*.  The difference between rolling back, as claimed in the patent, and rolling forward, as in Zerto's system, is illustrated below:

 

Finally, with respect to claim 45 (the only claim of any patent for which EMC alleges

direct infringement), Zerto cannot infringe because it does not maintain the "computer readable

media" (the server with ZertoVSSAgent) such that it could directly infringe this claim.

### D.    U.S. Patent No. 6,073,222

EMC's argument for infringement of the expired '222 patent is truly an effort to fit a

square peg into a round hole.  This patent concerns a method for accessing data as it existed in a

mass storage system at a selected moment.  Basically, the patent describes allowing a backup to

be taken of data as it existed at a point in time by copying data that is about to be overwritten

into another location, called the preservation memory.  Then, when one wants to access the data

as it existed at the selected point, data that had been overwritten is copied from the preservation

memory, and data that had not been overwritten is copied directly from the mass storage system.

As explained above, Zerto's system is nothing like that, as it copies *every* new block (not just

blocks that are about to be overwritten) into a journal at a second site.  When one wants to access

the data as it existed at an earlier point in time, the writes stored in the journal are applied to an

initial static copy of to bring it up to date.

Thus, Zerto does not "preserv[e] an original data block as it existed in the mass storage

system at the selected moment by placing the original data block in the preservation memory

when a new block written to the mass storage system is to overwrite the original data block after

the selected moment," as in the claim, because all new blocks are copied as they are written.

There are no original data blocks placed in a preservation memory "when a new block" is about to "overwrite the original data block." That concept simply does not exist in Zerto's system.

In addition, the claim requires "using a virtual device to "access[] the preserved original data block placed in the preservation memory" and "accessing another original data block that remains in the mass storage system and that has not been overwritten since the selected moment." The Zerto software does not access an "original data block that remains in the mass storage system" because, in the case of a Failover, it constructs a backup exclusively from information contained at the backup site, where the "mass storage" system has to be on the protected site (the "source" side in the '222 patent). And, if the "mass storage system" were on Zerto's backup site ( the "target" side in the '222 patent), the claim would still not be infringed because it is for "a method for accessing data as it existed in the mass storage system" and Zerto provides a method for accessing data as it existed on the protected site, not the backup site.

### E.    Zerto Cannot Be Found to Have Willfully Infringed

EMC's allegation that Zerto willfully infringed is frivolous. EMC has not pled willful infringement for the '460, '395, '091, or '222 patents, and Zerto's witnesses testified without equivocation that Zerto was unaware of any of the patents before being sued. *See Execware, LLC v. Staples, Inc.*, 2012 U.S. Dist. LEXIS 174885, *20 (D. Del. Dec. 10, 2012) (explaining that a claim for willful infringement that "relies solely on allegations that [the accused infringer] was made aware of the [patent] by the filing of the [complaint] . . . must fail") (report and recommendation adopted, 2013 U.S. Dist. LEXIS 6231, 2013 WL 171906 (D. Del. Jan. 16, 2013)); *see In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (*en banc*) ("A patentee who does not [seek a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.").

At best, EMC might show that Ziv Kedem was aware of the filing of the application that led to the '867 patent. That is legally insufficient to prove willfulness. *See, e.g., Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 U.S. Dist. LEXIS 69952, 2012 WL 1831543, *5-7 (N.D. Cal. 2012) (finding knowledge of a patent application that led to the asserted patent "insufficient to sustain a claim under a theory of willful blindness" because "mere knowledge of a pending patent application is of little significance given the prospect that a patent may not ever be issued, or, if issued, be altered or narrowed in scope"). And there certainly is no evidence that Zerto "(1) subjectively believed there was a high probability [of infringement], and (2) took deliberate actions to avoid learning of that," which would be required to prove willful blindness. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070, 179 L. Ed. 2d 1167 (2011).

## IV.   THE ASSERTED CLAIMS ARE INVALID

### A.   U.S. Patent No. 7,647,460

In order to try to make the '460 patent cover Zerto's system, EMC sought and obtained the following construction of "storage system": "the set of components that stores and controls the storage of information written from the CPU, including one or more storage devices and one or more controllers." Thus, the "storage system" includes *any* component that stores or controls the storage of information from the CPU.

The prior art includes a patent by an inventor named Zarrow. Zarrow's system performed mirroring from one site to a second site over the Internet, where the controllers that performed the mirroring were located on the host computer. Prior to the construction of "storage system" in this case it was assumed (for example, by the Patent Office during prosecution) that Zarrow would not be anticipatory because the mirroring was not between the physical storage systems. In light of the broad claim construction that EMC argued for and obtained in this case, however, Zarrow's mirroring controllers *are* part of the "storage system." This is illustrated

below, where the figure on the left represents the '460 patent, in which mirroring is performed from the storage system (shown in solid red) through a cloud.  The figure on the right represents Zarrow, in which mirroring is performed from the host, but part of the host is also part of the "storage system" under EMC's construction.



The result is that Zarrow anticipates because, just like in the patent, (1) the mirroring takes place over a network cloud and (2) the mirroring takes place between "storage systems."

Even if Zarrow does not anticipate, the Bergsten patent does, because it teaches (a) mirroring over an intranet (a "network cloud") and (b) that the mirroring take place between storage systems.  Finally, even if that were not the case, the claims are invalid as obvious, as it was known to (a) mirror between storage systems and (b) mirror over the internet.  Combining the two was just a predictable combination of known techniques to achieve the expected result.

### B.    U.S. Patents Nos. 7,603,395 and 7,971,091

Inventor John Rokicki testified that the invention claimed in the '395 and '091 patents resulted from an effort at EMC to add an existing technology, called "continuous data protection," or "CDP," to the EMC product line, including a prior art EMC product called Networker.  Networker allowed a user to quiesce applications and take "snapshots," which were static copies of the system at point in time.  The continuous data protection technology was supplied by a company called Mendocino.  (As discussed below, EMC did not disclose Networker or Mendocino to the Patent Office.)  All EMC did in developing the inventions

claimed in these patents was to substitute *Mendocino's* CDP system into Networker.  The claimed invention is simply a combination of existing technologies, EMC's Networker and Mendocino's CDP, in an expected way to achieve an expected result.  In fact, Mr. Rokicki testified that there was nothing about making the combination that was beyond "routine software engineering" and there was nothing surprising about it as it was simply "consistent with strategy" and "consistent with user experience and behavior."

In addition, the claims of these patents are invalid as either anticipated by or obvious in light of (a) a patent to an inventor named Stager, (b) a patent to an inventor named Anderson that describes the Mendocino system, and (c) the '867 patent that EMC is asserting in this case.

### C.    U.S. Patent No. 7,577,867

The '867 patent was drafted to cover a Kashya product, called the "KBX4000," that was sold in the United States more than a year before the application for the patent was filed.  The patent is, therefore, invalid under 35 U.S.C. § 102(b).

EMC argues that assignor estoppel prevents Zerto from arguing that the '867 patent is invalid.  EMC, however, engaged in inequitable conduct in responding to a Petition for *Inter Partes* Review of the '867 patent filed by Zerto in 2014, years after Ziv Kedem assigned his rights to EMC.  EMC cannot fairly, or equitably, purchase a patent, years after the sale engage in misconduct with regard to that patent, and then rely on assignor estoppel to prevent the assignor from raising defenses.  In addition, assignor estoppel is unavailable to EMC because its corporate representative testified that EMC assigned no value to the application for the '867 patent when purchasing Kashya.  There is, therefore, a lack of consideration to support an argument that Zerto should be barred from challenging the validity of the patent due to an assignment.

### D.     U.S. Patent No. 6,073,222

Claim 1 of the '222 patent (which is now expired) is invalid as anticipated by a patent to

Bennett, which describes a system that operates the same way as the claimed system.  In Bennett,

in response to a backup request, a file manager makes an entry in a "backup progress table" and

commences copying.  If a request is made to update the area that is being backed up after the

backup begins, the file manager makes a "shadow" copy of that area.  Then, the file manager

updates the original file space, directory, file, or data object as requested by the application, and

uses the shadow copy for the backup of that file space, directory, file, or data object.

Claim 1 is also anticipated by a manual for a product called "Concurrent Copy" and a

manual for a product called "Freeze Frame," both of which operated the same way, saving copies

of portions of the storage system that were about to be overwritten and then providing data from

the storage system for areas that had not been overwritten, and data from the copy for areas that

had been overwritten.

## V.     THREE OF THE PATENTS ARE UNENFOREACLEE DUE
##        TO INEQUITABLE CONDUCT

### A.     U.S. Patents Nos. 7,603,395 and 7,971,091

During the prosecution of the '091 patent, in an unsuccessful effort to establish an earlier

invention date, EMC submitted an affidavit attaching a set of transcripts of invention disclosure

meetings.  In the transcripts, memorializing conversations between attorney Sara Jones and the

named inventors, the inventors explained that the supplier of the "CDP" technology that was at

the heart of the system EMC was developing and would later claim in the '091 and '395 patents

was a company called Mendocino."  The inventors explained that what they were doing was

combining the Mendocino CDP with an existing, prior art product called Networker that had

been offered by a company called Legato, which had been acquired by EMC.  Notably,

Networker already had the ability to quiesce the system prior to taking its static snapshots.  At the conclusion of the second transcript, the attorney explained to the inventors that "[n]ew combinations are definitely patentable and that's the important thing here. . . . I think we should definitely go for it."  In "going for it," however, they failed to inform the Patent Office that the Mendocino CDP and the Legato Networker were in the prior art.

During the prosecution of the '395 patent, EMC argued that the claims were patentable because the prior art did not include features that were present in the art that was being withheld.  For example, after failing to disclose the Legato Networker product that included quiescence, EMC amended to claims to include quiescence and argued that the claims were patentable because "the cited art does not appear to teach or suggest pseudosnapshots that correspond to a quiescent state."  Further, after failing to disclose the Mendocino CDP (standing for "continuous data protection") that included event markers, EMC argued that the claims were patentable because the prior art lacked "a continuous data protection system" and lacked event markers.  In the '091 application, EMC similarly argued that the claims were patentable because the prior art did not include features, including the event markers, that were present in the withheld art.

The information withheld by EMC would have been highly material to the prosecution of the '091 and '395 patent, as these references, if fully disclosed in a manner that would have allowed the Patent Office to consider them, would have invalidated the claims, and intent should be inferred from the circumstances, rending the '395 and '091 patents unenforceable.

### B.     U.S. Patent No. 7,577,867

Zerto filed a petition for Inter Partes Review of the '867 patent on July 19, 2013.  Among the references included in the petition was a copy of an Administrator's Guide for the Kashya KBX4000 product.  EMC filed a response to the petition in which it argued that the Administrator's Guide was (a) not a "printed publication" and (b) not public.  EMC made those

arguments to the PTO despite the facts that it had purchased Kashya, had obtained custody of Kashya's files, including the Administrator's Guide, and was fully aware that the Administrator's Guide had been publically distributed in the U.S. before the critical date.

Relying on EMC's representations, the PTO declined to institute the Inter Partes Review of the '867 patent.  In particular, the PTO relied on EMC's assertion that the Administrator's Guide "contains a notice of its 'confidential and proprietary' status," an argument made by EMC despite the fact that EMC knew the Administrator's Guide had been publically distributed prior to the critical date.  The Board also relied on EMC's argument that "[the Administrator's Guide] has a copyright date of 2013" and that "[the Administrator's Guide] includes edits shown in track changes of the type that appear in working drafts of electronic documents," arguments made despite the fact that EMC knew the copy of the manual submitted to the PTO was, in all material respects, identical to copies of the manual that had been disseminated prior to the critical date.

The misrepresentations made by EMC to the PTO were highly material, as they persuaded the PTO to not consider the Administrator's Guide as prior art, where, if considered, the claims would have been found to be invalid.  Again, intent should be inferred from the circumstances, rendering the '867 patent unenforceable.

## VI.   DAMAGES

### A.   Any a Reasonable Royalty Would be Small

EMC's royalty analysis is grossly overinflated because it is based on the assumption that the technologies described in the patents cover 75% of the functionality of Zerto system—a figure that was plucked from thin air in an effort to justify a higher royalty.  In fact, the evidence will show that a more accurate estimate would not more than 25%—particularly given that 4 of the 5 patents are only even alleged to be infringed when a customer uses the *optional* ZertoVSSAgent module, dramatically reducing the amount of any royalty that might be owed.

14

EMC's damages analysis is also improperly inflated by the inclusion of the "cloud" version of the Zerto product, which is sold by Zerto, Ltd., not Zerto, Inc., as well as the fact that EMC improperly includes pre-Complaint sales for patents that are only alleged to be infringed indirectly, and Zerto cannot be liable for indirect infringement before it was aware of the patents.

## B.      EMC Is Not Entitled to a Permanent Injunction.

EMC would not be entitled to permanent injunction in this case.  To be awarded a permanent injunction, a plaintiff must demonstrate that (1) it has suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837 (2006).  Here, EMC cannot show that it would suffer irreparable injury, or that monetary damages would be inadequate, where *the damages sought in this case are 0.005% of EMC's $20 billion of annual revenues*.

## C.      EMC Is Not Entitled to Enhanced Damages or Attorneys' Fees.

EMC asserts that it will "seek enhanced damages under 35 U.S.C. § 284 due to Zerto's willful infringement."  As discussed above, however, EMC has only pled willfulness for one patent and, given the undisputed evidence that Zerto was not aware of the '867 patent prior to being sued, any willfulness argument for the '867 patent would fail as a matter of law.  Without willfulness, and as there are no allegations of litigation misconduct against Zerto or that Zerto's defense is not in good faith, there is absolutely no basis for shifting attorney's fees.

## VII.    THE CONTESTED FACTS THAT ZERTO WILL SHOW AT TRIAL

Zerto will establish the facts identified in Schedule B-3 to the proposed pretrial order.

**SCHEDULE I(ii)-1:**

**PARTIES' PROPOSED JURY INSTRUCTIONS**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION AND EMC ISRAEL DEVELOPMENT CENTER, LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 12-956 (GMS) |
| ZERTO, INC., | ) ) | |
| Defendant. | ) ) | |

## PRELIMINARY JURY INSTRUCTIONS

## INTRODUCTION

Members of the jury: Now that you have been sworn, I am going to give you some preliminary instructions to guide you in your participation in the trial.

These instructions will give you some general rules and guidance that might apply to any civil case. However, because this is a patent trial which will deal with subject matter that is not within the everyday experience of most of us, I will also give you some additional preliminary instructions regarding patents to assist you in discharging your duties as jurors.

## THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

You may recall that during the process that led to your selection as jurors, I advised you that this is a civil action for patent infringement arising under the patent laws of the United States.

As I previously told you, the Plaintiffs in this case are EMC Corporation and EMC Israel Development Center, Ltd. The Defendant in this case is Zerto, Inc. I will refer to both Plaintiffs

as EMC, and the Defendant as Zerto. The dispute between the parties relates to the manufacture and operation of data protection and recovery software. During the trial, the parties will offer testimony to familiarize you with this technology.

EMC owns five United States Patents which it alleges that Zerto infringes: Patent Numbers 7,647,460, 6,073,222, 7,603,395, 7,971,091, and 7,577,867. Because these numbers are so long, patents are usually referred to by their last three digits. For example, Patent No. 7,647,460 is called simply "the '460 patent." EMC contends that Zerto makes, uses, sells, and offers for sale data protection and recovery software that infringes these patents and that such infringement is willful. EMC seeks damages for Zerto's alleged infringement.

EMC does not contend that all of the claims of each patent are infringed by Zerto. Instead, EMC asserts that only certain claims are infringed. They may be called "asserted claims." The software product that EMC contends infringes the asserted claims is called Zerto Virtual Replication. I, and the attorneys and witnesses, may refer to it as the "accused product." The "accused product" simply refers to the product that EMC asserts infringes its patent. You, of course, will determine whether or not the accused product infringes the asserted claims of any of EMC's patents.

Persons or companies sued for allegedly infringing a patent can deny infringement. They can also defend a charge of infringement by proving the patent is invalid. In this case, Zerto denies that it infringes EMC's patents and asserts what are called affirmative defenses to the charges of infringement. I will tell you more about infringement in a few minutes. I will instruct you as to defenses to a charge of infringement and possible damages resulting from a finding of infringement in my instructions to you at the close of the evidence.

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the patents mean. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court – you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on

4

the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

**<u>BURDEN OF PROOF</u>**

As I have already told you, in this case, EMC is the owner of five patents which it contends Zerto infringes. EMC, therefore, has the burden of proving infringement by what is called a preponderance of the evidence. That means EMC has to produce evidence which, considered in the light of all the facts, leads you to believe that what EMC alleges is more likely true than not true. To put it differently, if you were to put EMC's and Zerto's evidence on opposite sides of a scale, the evidence supporting EMC's allegations would have to make the scale tip somewhat on its side. If EMC fails to meet this burden, the verdict must be for Zerto. EMC must also prove its damages by a preponderance of the evidence.

In this case, Zerto asserts that EMC's patents are invalid.  A patent, however, is presumed to be valid. Accordingly, the party challenging the patent has the burden of proving by clear and convincing evidence that the patent is invalid. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence. EMC also contends that Zerto willfully infringed the '867 patent. EMC must prove willful infringement by clear and convincing evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

## GENERAL GUIDANCE REGARDING PATENTS

I will now give you a general overview of what a patent is and how one is obtained.

A.      Constitutional Basis for Patent Grant

The United States Constitution, Article I, Section 8, grants the Congress of the United States the power to enact laws "to promote the progress of science and the useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

B.      Exclusionary Right and Term of a Patent

The United States Patent and Trademark Office is responsible for reviewing patent applications and granting patents. Once the "Patent Office" or "PTO" has issued a patent, the patent owner has the right to exclude others from making, using, selling, or offering for sale the invention throughout the United States for the length of the patent term. If the invention covered by the patent is a method, the patent law gives the patent owner the right to exclude others from using the method throughout the United States or making or selling throughout the United States any product made by the patented method anywhere in the world.

A person who, without the patent owner's authority makes, uses, sells, or offers to sell a product or employs a method that is covered by one or more claims of a valid patent, infringes the patent. A person can also induce others to infringe a patent by suggesting to other persons or companies that they undertake acts that constitute infringement. This is called inducing infringement.

<u>The Parts Of A Patent</u>

I will next briefly describe the parts of a patent and some of the procedures followed by those attempting to obtain patents. Many of the terms used by me in this description are contained in a "Glossary of Patent Terms," which I will give to you along with a copy of these preliminary instructions. Feel free to refer to the Glossary throughout the trial.

For an invention to be patentable, it must be new, useful, and, at the time the invention was made, must not have been obvious to a person having ordinary skill in the art to which the subject matter pertains.

Under the patent laws, the United States Patent and Trademark Office examines patent applications and issues patents. A person applying for a patent must include a number of items in his or her application, including: (1) a detailed description of the invention in terms sufficiently full, clear, concise and exact to enable any person skilled in the art to which the invention pertains to be able to make and use the invention; (2) a disclosure of the best mode of carrying out the invention known to the inventor at the time of filing; and (3) one or more claims.

The application includes a written description of the invention called a "specification" and may include drawings that illustrate the invention. The specification concludes with one or more claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention. When a patent application is received at the Patent and Trademark Office, it is assigned to an examiner, who examines the application, including the claims, to determine whether the application complies with the requirements of the U.S. patent laws. The examiner reviews the prior work of others in the form of voluminous files of patents and publications. This type of material is called "prior art." Prior art is generally technical information and knowledge that was known to the public either before the invention by the applicant or more than one year

before the filing date of the application. Documents found in the search of prior art are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched.  The compilation of the papers concerning the proceedings before the Patent Office is called the "prosecution history," "file wrapper," or "file history." The PTO does not have its own laboratories or testing facilities.

The examiner may "reject" the application claims if he or she believes that they are applications for inventions that are not patentable in light of the prior art, or because the patent specification does not adequately describe the claimed inventions. The applicant may then amend the claims to respond to the examiner's rejections. If, after reviewing the prior art maintained at the PTO, the examiner concludes that the claims presented by the applicant define the applicant's claimed invention over the most relevant known prior art in a manner that is patentable and that the patent meets the other requirements for patentability, the application is granted as a U.S. patent.

<u>Summary Of The Patent Issues</u>

In this case, you must decide several things according to the instructions that I will give you at the end of the trial. Those instructions will repeat this summary and will provide more detail.  One thing you will need not decide is the meaning of the patent claims. That is one of my jobs -- to explain to you what the patent claims mean. By the way, the word "claims" is a term of art and I will instruct you on its meaning at trial's end. Meanwhile, you will find a definition in the glossary attached to these preliminary instructions. In essence, you must decide:

(1)     whether EMC has proven by a preponderance of the evidence that the Zerto's accused product infringes the asserted claims of one or more of the five patents;

(2)     if you find that EMC's '867 patent is infringed, you must decide whether EMC

has proven, by clear and convincing evidence, that the infringement was willful;

(3)     whether those asserted claims of  EMC that have been infringed have been proven

by Zerto by clear and convincing evidence to be invalid; and

(4)     for those patents that are valid and infringed, whether EMC has proven its

measure of damages for the infringement by a preponderance of the evidence.

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or

permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to

deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or

witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember

it is because they are not supposed to talk with you nor you with them. In this way, any

unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try

to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your

own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you

start your deliberations at the end of the case.

During the trial, you may, but are not required to take notes regarding testimony; for

example, exhibit numbers, impression of witnesses or other things related to the proceedings. A

word of caution is in order. There is generally I think a tendency to attach undue importance to

matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights of the trial. Also, keep in mind that you will not have a transcript of the testimony to review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

If you do take notes, you must leave them in the jury deliberation room which is secured at the end of each day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2)     These preliminary instructions to you;

(3)     Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4)     The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5)     My final instructions on the law to you;

(6)     The closing arguments of the lawyers which will be offered to help you make
        your determination; and, finally,

(7)     Your deliberations where you will evaluate and discuss the evidence among
        yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

## TRIAL SCHEDULE

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take 10 days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for the your convenience in the jury deliberation room.

## GLOSSARY OF PATENT TERMS

Applicants             The named inventors who are applying for the patent.

Assignment             Transfer of ownership rights in a patent or patent application from
                       one person or company to another.

Claims                 The part of a patent that defines the invention. These are found at
                       the end of the patent specification in the form of numbered
                       paragraphs.

| | |
|---|---|
| <u>Disclosure of Invention</u> | The part of the patent specification that explains how the invention works and usually includes a drawing. |
| <u>File Wrapper, File History or Prosecution History</u> | The written record of proceedings in the United States Patent and Trademark Office ("Patent Office" or "PTO"), including the original patent application and later rejections, responses to the rejections and other communications between the Patent Office and the applicant. |
| <u>Patent Application</u> | The initial papers filed in the Patent Office by an applicant. These typically include a specification, drawings, claims and the oath (Declaration) of the applicant. |
| <u>Patent Examiners</u> | Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and whether the disclosure adequately describes the invention. |
| <u>Prior art</u> | Any information that is used to describe public, technical knowledge prior to the invention by the applicant or more than a year prior to the filing of his/her application. |
| <u>Prior Art References</u> | Any item of prior art (publication, patent or product) used to determine patentability. |
| <u>Specification</u> | The part of the patent application or patent that describes the invention, and may include drawings. The specification does not define the invention, only the claims do. |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION AND EMC ISRAEL DEVELOPMENT CENTER, LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 12-956 (GMS) |
| ZERTO, INC., | ) ) | |
| Defendant. | ) | |

**<u>PROPOSED FINAL JURY INSTRUCTIONS</u>**

# TABLE OF CONTENTS

**Page**

1. GENERAL INSTRUCTIONS.................................................................................1

   1.1. INTRODUCTION [JOINT] ....................................................................1

   1.2. JUROR'S DUTIES [JOINT]....................................................................2

   1.3. EVIDENCE DEFINED [JOINT]..............................................................3

   1.4. DIRECT AND CIRCUMSTANTIAL EVIDENCE [JOINT]...................4

   1.5. CONSIDERATION OF EVIDENCE [JOINT]........................................5

   1.6. STATEMENTS OF COUNSEL [JOINT].................................................6

   1.7. CREDIBILITY OF WITNESSES [JOINT] .............................................7

   1.8. EXPERT TESTIMONY [JOINT] .............................................................9

   1.9. DEPOSITIONS AS SUBSTANTIVE EVIDENCE [JOINT] ...............10

   1.10. NUMBER OF WITNESSES [JOINT]...................................................11

   1.11. BURDENS OF PROOF .........................................................................12

   1.12. USE OF NOTES [JOINT].......................................................................14

2. THE PARTIES AND THEIR CONTENTIONS.................................................15

   2.1. THE PARTIES [JOINT] ........................................................................15

   2.2. EMC'S CONTENTIONS [JOINT].........................................................16

   2.3. ZERTO'S CONTENTIONS [JOINT] ....................................................17

   2.4. SUMMARY OF PATENT ISSUES [JOINT].........................................18

3. PATENT INFRINGEMENT..............................................................................19

   3.1. INFRINGEMENT OF PATENT CLAIMS [JOINT] ...........................19

   3.2. CONSTRUCTION OF CLAIMS [JOINT] ............................................21

   3.3. INDEPENDENT AND DEPENDENT CLAIMS [JOINT] ..................22

   3.4. "COMPRISING" CLAIMS [JOINT]......................................................23

   3.5. PATENT INFRINGEMENT – GENERALLY .......................................24

   3.6. LITERAL INFRINGEMENT – DIRECT [JOINT]................................26

   3.7. DIRECT INFRINGEMENT – KNOWLEDGE OF THE PATENT AND
       INTENT TO INFRINGE ARE IMMATERIAL ...................................27

   3.8. DIRECT INFRINGEMENT – INFRINGEMENT UNDER THE
       DOCTRINE OF EQUIVALENTS ........................................................29

   3.9. INDIRECT INFRINGEMENT – ACTIVE INDUCEMENT ...............32

   3.10. CONTRIBUTORY INFRINGEMENT [JOINT] ................................34

3.11.   WILLFUL INFRINGEMENT [JOINT]..............................................................36

3.12.   INFRINGEMENT DESPITE DEFENDANT'S IMPROVEMENTS OR
PATENTS ON IMPROVEMENTS...................................................................38

4.   INVALIDITY....................................................................................................39

4.1.   PRESUMPTION OF VALIDITY—BURDEN OF PROOF [JOINT] ................39

4.2.   EFFECTIVE FILING DATE [JOINT] .................................................................40

4.3.   PRIOR ART [JOINT] ..........................................................................................41

4.4.   ANTICIPATION ..................................................................................................43

4.5.   OBVIOUSNESS [JOINT]....................................................................................47

4.6.   THE FIRST OBVIOUSNESS FACTOR: SCOPE OF PRIOR ART
[JOINT] ................................................................................................................49

4.7.   THE SECOND OBVIOUSNESS FACTOR: DIFFERENCES BETWEEN
THE CLAIMS AND THE PRIOR ART ..............................................................50

4.8.   THE THIRD OBVIOUSNESS FACTOR: LEVEL OF ORDINARY
SKILL [JOINT] ...................................................................................................53

4.9.   THE FOURTH OBVIOUSNESS FACTOR: EVIDENCE CONCERNING
NON-OBVIOUSNESS (SECONDARY CONSIDERATIONS) [JOINT]...........55

4.10.   NON-OBVIOUSNESS – HINDSIGHT BIAS [JOINT].....................................56

5.   DAMAGES .........................................................................................................57

5.1.   DAMAGES – GENERALLY ..............................................................................57

5.2.   DAMAGES – REASONABLE ROYALTY [JOINT].........................................59

5.3.   REASONABLE ROYALTY – RELEVANT FACTORS [JOINT]....................60

5.4.   REASONABLE ROYALTY – MULTIPLE PATENTS [JOINT].......................63

6.   DELIBERATION AND VERDICT [JOINT]....................................................64

# 1.  GENERAL INSTRUCTIONS

## 1.1. INTRODUCTION [JOINT]

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions.  You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read.  You will be able to take your copies with you into your deliberations and refer to them at any time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

AUTHORITY

The Honorable Judge Sleet, Miscellaneous Jury Instructions (Rev. 1/18/06), at 1.

## 1.2.    JUROR'S DUTIES [JOINT]

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties.  You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  You are the sole judges of the facts.  It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, Zerto is liable and if so, what monetary damages should be awarded to EMC.

Now, as far as my duty is concerned, I have the duty of advising you about the law you should apply to the facts as you find them.  You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy.  You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  You must accept them despite how you feel about their wisdom.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

AUTHORITY

The Honorable Judge Sleet, Miscellaneous Jury Instructions (Rev. 1/18/06), at 1-2; *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 2 (Jan. 14, 2014).

## 1.3.    EVIDENCE DEFINED [JOINT]

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath either here at trial or at a recorded deposition, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

AUTHORITY

The Honorable Judge Sleet, Miscellaneous Jury Instructions (Rev. 1/18/06), at 2-3; *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 3 (Jan. 14, 2014).

## 1.4.    DIRECT AND CIRCUMSTANTIAL EVIDENCE [JOINT]

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

AUTHORITY

The Honorable Judge Sleet, Miscellaneous Jury Instructions (Rev. 1/18/06), at 3.

### 1.5.    CONSIDERATION OF EVIDENCE [JOINT]

You should use your common sense in weighing the evidence.  Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it

deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you

are free to reach that conclusion.

AUTHORITY

The Honorable Judge Sleet, Miscellaneous Jury Instructions (Rev. 1/18/06), at 4.

## 1.6.    STATEMENTS OF COUNSEL [JOINT]

A further word about statements and arguments of counsel.  The attorneys' statements and arguments are not evidence.  Instead, their statements and arguments are intended to help you review the evidence presented.  If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law.  An attorney may argue all reasonable conclusions from evidence in the record.  It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence.  What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

AUTHORITY

The Honorable Judge Sleet, Miscellaneous Jury Instructions (Rev. 1/18/06), at 4.

## 1.7.   CREDIBILITY OF WITNESSES [JOINT]

You are the sole judges of each witness's credibility.  You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial or during a deposition.  You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

<u>AUTHORITY</u>

The Honorable Judge Sleet,  Miscellaneous Jury Instructions (Rev. 1/18/06), at 4-5.

## 1.8.    EXPERT TESTIMONY [JOINT]

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.  You are free to accept or reject the testimony of experts, just as with any other witness.

AUTHORITY

The Honorable Judge Sleet,  Miscellaneous Jury Instructions (Rev. 1/18/06), at 6; *Avid Tech. v. Harmonic Inc.* No. 11-cv-1040, D.I. 153 at 8 (Jan. 31, 2014).

### 1.9.    DEPOSITIONS AS SUBSTANTIVE EVIDENCE [JOINT]

During this trial, you have heard testimony from the playing of videotape excerpts or the reading of written excerpts from depositions.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness testified in person here in the courtroom.

<u>AUTHORITY</u>

*Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 9 (Jan. 31, 2014).

## 1.10.   NUMBER OF WITNESSES [JOINT]

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

<u>AUTHORITY</u>

The Honorable Judge Sleet, Miscellaneous Jury Instructions (Rev. 1/18/06), at 6.

## 1.11.   BURDENS OF PROOF [JOINT]

In any legal action, facts must be proven by a required weight of the evidence, known as the "burden of proof." In a civil case such as this, there are two different burdens of proof that are used. The first is called a preponderance of the evidence. The second is called clear and convincing evidence.

In this case, EMC asserts claims of patent infringement by Zerto and seeks damages for this alleged infringement. EMC has the burden of proving its claims of patent infringement and damages by a preponderance of the evidence. That means that EMC must produce evidence that, when considered in light of all the facts, leads you to believe that what EMC claims is more likely true than not true. To put it differently, if you were to put EMC's and Zerto's evidence on opposite sides of a scale, the evidence supporting EMC's claims would have to make the scales tip somewhat on EMC's side.

Preponderance of the evidence, however, does not depend on the number of witnesses or amount of evidence that a particular party presents. Rather, it depends on the amount of weight that you attribute to the evidence presented to you. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

EMC also asserts that Zerto's infringement has been willful. EMC has the burden of proving this by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Finally, Zerto asserts that EMC's Asserted Patents are invalid.  A patent is presumed to be valid.  Accordingly, Zerto has the burden of proving that each asserted claim is invalid by clear and convincing evidence.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt.  That requirement does not apply to a civil case; therefore, you should put it out of your mind.

AUTHORITY

The Honorable Judge Sleet, Miscellaneous Jury Instructions (Rev. 1/18/06), at 6-7; *Avid Tech. v. Harmonic, Inc.*, No. 11-cv-1040, D.I. 153 at 11 (Jan. 31, 2014); *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 10 (Jan. 14, 2014).

## 1.12.    USE OF NOTES [JOINT]

You may use notes taken during trial to assist your memory. Remember that your notes are for your personal use. They may not be given or read to anyone else. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. Your notes are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your notes are valuable only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.

This instruction applies both to notes you have taken on the blank paper the Court has given you, as well as any notes you may have taken on any exhibits given to you by the attorneys. Also, remember that you will not have any of your notes with you when you deliberate, although you will have a single clean copy of all documents that have been admitted into evidence.

AUTHORITY

*Braun Melsungen AG v. Terumo Med. Corp.,* No. 09-cv-347, D.I. 339 at 13 (Nov. 18, 2010).

## 2.   THE PARTIES AND THEIR CONTENTIONS

### 2.1.      THE PARTIES [JOINT]

As I did at the start of the case, I will first give you a summary of each side's contentions in this case. I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

As I previously told you, the Plaintiffs in this case are EMC Corporation and EMC Israel Development Center, Ltd.  The Defendant in this case is Zerto, Inc.  As we have done throughout the trial, I will refer to both Plaintiffs as EMC, and the Defendant as Zerto.

EMC is the owner of U.S. Patent Numbers 7,577,867, 7,647,460, 6,073,222, 7,603,395, and 7,971,091.  I will refer to these patents as the "Asserted Patents," the "Patents-In-Suit" or by their last three numbers, as "the '867 Patent," "the '460 Patent," "the '222 Patent," "the '395 Patent," and "the '091 Patent."

AUTHORITY

*Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 12 (Jan. 31, 2014); *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 11 (Jan. 14, 2014).

## 2.2.    EMC'S CONTENTIONS [JOINT]

EMC seeks a determination that Zerto infringed each Asserted Claim by making, using, importing, offering to sell, and selling its Zerto Virtual Replication software ("the Accused Product").  EMC seeks money damages out of its claim that Zerto infringes claim 45 of the '867 Patent, claims 1, 30, 32, 37, 38, 40, 42, 44, or 45 of the '460 Patent, claim 1 of the '222 Patent, claims 1, 2, 4, or 8 of the '395 Patent, or claims 1 or 5 of the '091 Patent.  I will refer to these claims collectively as the "Asserted Claims."

EMC contends that Zerto infringed each Asserted Claim in the following three ways:

1.   EMC contends that Zerto directly infringed claim 45 of the '867 Patent.

2.   EMC contends that Zerto actively induced infringement of each Asserted Claim.

3.   EMC contends that Zerto contributed to the infringement of each Asserted Claim.

EMC also contends that that Zerto's infringement of the '867 Patent was willful and that it is entitled to enhanced damages.

I will explain further each of these contentions.

AUTHORITY

*Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 12 (Jan. 31, 2014) and *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 12 (Jan. 14, 2014).

## 2.3.   ZERTO'S CONTENTIONS [JOINT]

Defendant Zerto contends that the accused Zerto Virtual Replication software does not directly infringe any Asserted Claim.

Zerto also contends that it has not induced or contributed to the infringement of any Asserted Claim.

Zerto further contends that each Asserted Claim is invalid.  Zerto contends that certain Asserted Claims are invalid as anticipated by a prior art reference.  Zerto contends that certain Asserted Claims are invalid as obvious in view of one or more prior art references.  Zerto contends that the Asserted Claim of the '867 Patent is invalid because the invention claimed was offered for sale or in public use more than one year before the application that led to the '867 patent was filed.

Zerto also denies EMC's allegation of willful infringement of the '867 Patent.

Zerto also contends that EMC is not entitled to any damages.  First, Zerto contends that EMC has not shown that it is entitled to any damages for infringement of any Asserted Claim of any Asserted Patent.  Second, Zerto contends that EMC has not shown that it is entitled to enhanced damages for willful infringement of the Asserted Claim of the '867 Patent.

I will explain further each of these contentions.

AUTHORITY

*Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 12 (Jan. 31, 2014); *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 13 (Jan. 14, 2014).

## 2.4. SUMMARY OF PATENT ISSUES [JOINT]

I will now summarize the issues that you must decide and for which I will provide instructions to guide your deliberations.  You must decide the following main issues:

1.  Whether EMC has proven by a preponderance of the evidence that Zerto directly infringed claim 45 of the '867 Patent.

2.  Whether EMC has proven by a preponderance of the evidence that Zerto has induced or contributed to another entity's infringement of any Asserted Claim.

3.  If you find that claim 45 of the '867 Patent is infringed, whether EMC proved by clear and convincing evidence that Zerto's infringement of that claim was willful.

4.  Whether Zerto has proven by clear and convincing evidence that any Asserted Claim is invalid due to anticipation or obviousness.

5.  Whether Zerto has proven by clear and convincing evidence that claim 45 of the '867 Patent is invalid because the invention claimed was in public use or on sale more than a year before the application that led to the '867 patent was filed.

6.  If you find Zerto liable for patent infringement, you must then decide the amount of damages adequate to compensate EMC for Zerto's infringement. EMC has the burden to establish the amount of its damages by a preponderance of the evidence.

AUTHORITY

*Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 15 (Jan. 31, 2014); *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 14-15 (Jan. 14, 2014).

### 3.   PATENT INFRINGEMENT

### 3.1.   INFRINGEMENT OF PATENT CLAIMS [JOINT]

Throughout the trial, and in my instructions, you have heard much about patent "claims" and the "Asserted Claims."  Before you can decide many of the issues in this case, you will need to understand the role of patent "claims."

The claims of a patent are the numbered paragraphs at the end of the patent.  The claims are important because it is the words of the claims that define what a patent covers.  Only the claims of a patent can be infringed.  The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage.  Each claim is effectively treated as if it were a separate patent, and each claim may cover more or less than another claim.  Therefore, what a patent covers depends, in turn, on what each of its claims covers

I previously instructed you that the asserted patent claims involved here are claim 45 of the '867 Patent, claims 1, 30, 32, 37, 38, 40, 42, 44, and 45 of the '460 Patent, claim 1 of the '222 Patent, claims 1, 2, 4, and 8 of the '395 Patent, and claims 1 and 5 of the '091 Patent.

In patent law, the requirements of a claim are often referred to as "claim elements" or "claim limitations."  When a thing (such as a software product) meets each and every requirement of a claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of that claim.  In other words, a claim covers a method or product only where each and every one of the claim elements or limitations is present in that method or product.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid.  The law says that it is my role to define the terms of the claims and it is your role to apply my definitions to the issues that you are asked to decide in this case.  Therefore, as I explained to you at the start

of the case, I have determined the meaning of the claims and I will provide to you my definitions

of certain claim terms.  You must accept my definitions of these words in the claims as being

correct.  It is your job to take these definitions and apply them to the issues that you are deciding,

including the issues of infringement and validity.

<u>AUTHORITY</u>

Federal Circuit Bar Association Model Patent Jury Instructions §§ 2.1 & 2.2 (2012); *Avid Tech.*

*v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 16 (Jan. 31, 2014).

### 3.2.    CONSTRUCTION OF CLAIMS [JOINT]

I will now explain to you the meaning of some of the words of the claims in this case.  In doing so, I will explain some of the requirements of the claims.  As I have previously instructed you, you must accept my definitions of these words in the claims as correct, and you must use my definitions to make your decisions of whether an Asserted Claim is infringed or not valid.  For any words in the claim for which I have not provided you with a definition, you should apply their common meaning to one of ordinary skill in the art.  You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity.  Those issues are yours to decide.  The claim terms for which I have provided a definition are set forth in Appendix A.[12]

I instruct you that the following claim terms have the following definitions:

[READ APPENDIX A]

<u>AUTHORITY</u>

Federal Circuit Bar Association Model Patent Jury Instructions § 2.3 (2012); *Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 17 (Jan. 31, 2014).

---

[1]    Zerto respectfully objects to the jury being instructed on the meaning of terms of the claims of the patents-in-suit for which the Court declined to adopt Zerto's proposed constructions.

[2]    EMC respectfully objects to the jury being instructed on the meaning of terms of the claims of the patents-in-suit for which the Court declined to adopt EMC's proposed constructions.

## 3.3. INDEPENDENT AND DEPENDENT CLAIMS [JOINT]

This case involves two types of patent claims:  independent claims and dependent claims.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim.  Thus, it is not necessary to look at any other claim to determine what an independent claim covers.  In this case, claims 45 of the '867 Patent, claims 1, 30, 38, and 44 of the '460 Patent, claim 1 of the '222 Patent, claim 1 of the '395 Patent, and claim 1 of the '091 Patent are each independent claims.

The remainder of the Asserted Claims are "dependent claims."  A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements.  In this way, the claim "depends" on another claim.  A dependent claim incorporates all of the requirements of the claim(s) to which it refers.  The dependent claim then adds its own additional requirements.  To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim(s) to which it refers.  A product or prior art reference that meets all of the requirements of both the dependent claim and the claim(s) to which it refers infringes or invalidates that dependent claim.  I will explain infringement and invalidity later.

AUTHORITY

Federal Circuit Bar Association Model Patent Jury Instructions § 2.2a (2012); *Finjan, Inc. v. Symantec Corp*, No. 10-cv-593, D.I. 743 at 27 (Dec. 20, 2012).

### 3.4.    "COMPRISING" CLAIMS [JOINT]

The beginning portions, or preambles, of certain Asserted Claims use the word "comprising."  These Asserted Claims are: '867 Patent claim 45; '460 Patent claims 1, 30, 37, 38, 40, 42, and 44; '222 Patent claim 1; '395 Patent claims 1, 4, and 8; and '091 Patent claim 1.

The word "comprising" means "including" or "containing."  A claim that uses the word "comprising" is not limited to the elements recited in the claim, but also covers methods or systems having all of the recited elements and additional elements not recited in the claim. Therefore, if you find that an accused product or method includes all of the elements of the claim, the fact that the accused product or method might include additional elements would not avoid infringement of the claim, so long as the presence of the additional component or method steps does not negate an element of the claim.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 3.7 (2012); *Finjan, Inc. v. Symantec Corp*, No. 10-cv-593, D.I. 743 at 28 (Dec. 20, 2012).

### 3.5.    PATENT INFRINGEMENT – GENERALLY [JOINT]

I will now instruct you on how to decide whether or not Zerto has infringed the Asserted Patents.  Infringement is assessed on a claim-by-claim basis.  Therefore, there may be infringement as to one claim but no infringement as to another.  Infringement of one or more Asserted Claims by Zerto is sufficient for you to find Zerto liable for infringement.

Patent law gives the owner of a valid patent the right to keep others from importing, making, using, offering to sell, or selling the patented invention within the United States during the term of the patent.  In this case, there are three possible ways that a claim might be infringed: (1) directly infringing the patent either literally or under the doctrine of equivalents; (2) actively inducing infringement of the patent; or (3) contributing to infringement.  Active inducement and contributory infringement are referred to as indirect infringement.  There cannot be indirect infringement without someone else engaging in direct infringement.

I will explain these different types of infringement in a minute.

The patent owner may enforce its rights by filing a lawsuit for patent infringement.  Here, EMC, the patent owner, has sued Zerto, the accused infringer.  EMC has alleged that Zerto directly infringes claim 45 of the '867 Patent and that Zerto's customers directly infringe each Asserted Claim.  In addition, EMC has alleged that Zerto has actively induced and contributed to the infringement of each Asserted Claim by its customers.

In order to prove infringement, EMC must prove that the requirements for one or more of these types of infringement are met by a preponderance of the evidence, i.e., that it is more likely than not that all of the requirements of one or more of each of these types of infringement has been proved.

I will now explain each of these types of infringement in more detail.

AUTHORITY

Federal Circuit Bar Association Model Patent Jury Instructions § 3.1 (2012); AIPLA's Model

Patent Jury Instructions § 3.0 (2012); *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*,

No. 12-cv-23, D.I. 168 at 20 (Jan. 14, 2014).

### 3.6.    LITERAL INFRINGEMENT – DIRECT [JOINT]

There are two types of "direct infringement": (1) "literal infringement" and (2) "infringement under the doctrine of equivalents."  I will discuss literal infringement here, and the doctrine of equivalents in section 3.8.

In order to prove direct infringement by literal infringement, EMC must prove by a preponderance of the evidence, i.e., that it is more likely than not, that Zerto or its customers made, used, sold, offered for sale within, or imported into the United States a product or process that meets all of the requirements of a claim and did so without the permission of EMC during the time the Asserted Patents were in force.  You must compare the Accused Product with each requirement of an Asserted Claim to determine whether all of the requirements of that Asserted Claim are met.

You must determine, separately for each Asserted Claim, whether Zerto or its customers has infringed.  There is one exception to this rule.  If you find that an Asserted Claim on which other claims depend is not infringed, there cannot be infringement of any dependent claim that refers directly or indirectly to that independent claim.  On the other hand, if you find that an independent claim has been infringed, you must still decide, separately, whether the Accused Product meets additional requirements of any Asserted Claims that depend from the independent claim, thus, whether those claims have also been infringed.  A dependent claim includes all the requirements of any of the claims to which it refers plus additional requirements of its own.

AUTHORITY

Federal Circuit Bar Association Model Patent Jury Instructions § 3.1a (2012); *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 20-21 (Jan. 14, 2014).

### 3.7.   DIRECT INFRINGEMENT – KNOWLEDGE OF THE PATENT AND INTENT TO INFRINGE ARE IMMATERIAL

In this case, EMC asserts that Zerto has directly infringed the Asserted Claim of the '867 Patent and that Zerto's customers have also directly infringed the Asserted Claims of the '867 Patent, the '460 Patent, the '222 Patent, the '395 Patent, and the '091 Patent.  As I will explain shortly, in order to find Zerto responsible for a customer's direct infringement, you must also find that Zerto induced or contributed to that infringement.

Someone can directly infringe a patent without knowing of the patent or without knowing that what they are doing is an infringement of the patent.  They also may directly infringe a patent even though they believe in good faith that what they are doing is not an infringement of any patent.  However, as I will explain shortly, someone cannot induce or contribute to the infringement of another without knowing of the patent and intending to cause the infringement.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 3.1 (2012); *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 22 (Jan. 14, 2014).

ZERTO'S POSITION:

Zerto proposes the underlined language above to clarify that knowledge and intent are material to indirect infringement.

EMC'S POSITION:

EMC objects to Zerto's addition of an incomplete standard for knowledge and intent. This addition is misleading and prejudicial because it does not accurately set forth the standard for "knowledge" or "intent," and could mislead the jury regarding those legal concepts.

By contrast, EMC's language is materially identical to the AIPLA's Model Patent Jury Instructions § 3.1, with the addition of the sentence: "As I will explain shortly, in order to find

Zerto responsible for a customer's direct infringement, you must also find that Zerto induced or contributed to that infringement."  EMC submits that this additional agreed to language is sufficient to clarify to the jury that there are different standards for direct and indirect infringement.

### 3.8.    DIRECT INFRINGEMENT – INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

Even if there is not literal direct infringement of a claim, there can still be direct infringement under the doctrine of equivalents.  EMC alleges that if Zerto does not infringe claim 45 of the '867 patent literally, Zerto does so under the doctrine of equivalents.

Under the doctrine of equivalents, a product or process infringes a claim if the accused product or process contains elements or performs steps corresponding to each and every requirement of the claim that is equivalent to, even though not literally met by, the accused product or process.  You may find that an element or step is equivalent to a requirement of a claim that is not met literally if a person having ordinary skill in the field of technology of the patent would have considered the differences between them to be "insubstantial" or would have found that the structure or action: (1) performs substantially the same function and (2) works in substantially the same way (3) to achieve substantially the same result as the requirement of the claim.  In order for the structure or action to be considered interchangeable, the structure or action must have been known at the time of the alleged infringement to a person having ordinary skill in the field of technology of the patent. Interchangeability at the present time is not sufficient.  In order to prove infringement by "equivalents," a patent owner must prove the equivalency of the structure or actions to a claim element by a preponderance of the evidence. You may not find that Zerto's product infringes the patent claim under the "doctrine of equivalents" if by doing so the patent claim would cover products and methods that were already in the prior art. Defendant has the burden of coming forward with evidence to show that it was in the prior art

AUTHORITY

Federal Circuit Bar Association Model Patent Jury Instructions § 3.1c (2012).

29

ZERTO'S POSITION:

Zerto does not believe that this instruction is appropriate because EMC's technical expert, Mr. Jestice, has not articulated the basis for any opinion that Zerto infringes any claim of the '867 patent under the doctrine of equivalents, and certainly not asserted claim 45.  Moreover, the discussion in his expert report for the doctrine of equivalents (for un-asserted claim 33) states "[t]o the extent that this claim is interpreted to preclude a component of the DPA and/or DPA manager, e.g., the ZertoVssAgent, from being present on the protected host device, the DPA and/or DPA manager limitations would be met under the doctrine of equivalents."  No party has interpreted the claim in that manner.

However, if the Court does determine that it is appropriate to include the instruction, Zerto proposes the addition of the underlined sentence above in the final paragraph to clarify that the jury may not find infringement under the doctrine of equivalents if, by doing so, the claims are interpreted in such a way as to cover the prior art.  This sentence is taken from the AIPLA Model Patent Jury Instructions, § 3.12.

EMC'S POSITION

EMC submits that its doctrine of equivalents theory was adequately disclosed.  Indeed, Zerto's own list of evidentiary issues submitted in this pre-trial order include a request that EMC be limited in its doctrine of equivalents theory to certain arguments regarding claim 45 of the '867 patent.

Further, EMC's supplemental interrogatory responses served November 20, 2014 alleged this doctrine of equivalents theory.  And EMC's technical expert, Mr. Jestice offered his opinion on the very same theory.  Zerto's contention to the contrary is unavailing. Mr. Jestice's discussion of claim 45 incorporated his discussion of the doctrine of equivalents for claim 33.

Accordingly, EMC requests that the Court include the doctrine of equivalents instruction.

Should the Court agree to include this instruction, the Court should not include Zerto's additional language, which is directed to the defense of "ensnarement."  Zerto did not articulate an ensnarement defense to the doctrine of equivalents during discovery.  Further, ensnarement is a question of law for the judge, not a question of fact for the jury.  *See, e.g.*, AIPLA Model Patent Jury Instructions, § 3.12 n.6.

### 3.9.    INDIRECT INFRINGEMENT – ACTIVE INDUCEMENT

In this case, Zerto is accused of inducing its customers to directly infringe the Asserted Patents, either literally or under the doctrine of equivalents.  As with direct infringement, you must determine active inducement on a claim-by-claim basis.

To prove this allegation, EMC must establish that it is more likely than not that:

1.   Zerto aided, instructed, or otherwise acted with the intent to cause its customers to act in a manner that constitutes direct infringement of at least one claim of an Asserted Patent;

2.   Zerto knew of the Asserted Patent, or showed willful blindness to the existence of the patent, at that time;

3.   Zerto knew, or was willfully blind to the fact, that its actions would result in its customers infringing at least one claim of the Asserted Patents; and

4.   Zerto's customers directly infringed the at least one claim.

To find willful blindness: (1) Zerto must have subjectively believed that there was a high probability that a patent existed covering its product; and (2) Zerto must have taken deliberate actions to avoid learning of the patent.

To find that Zerto induced infringement, it is not necessary to show that Zerto has directly infringed as long as you find that someone has directly infringed.  However, if there is no direct infringement by anyone, Zerto cannot have induced infringement of the Accused Patent.

Furthermore, in order to establish active inducement of infringement, it is not sufficient that Zerto's customers directly infringe the claim.  Nor is it sufficient that Zerto was aware of the act(s) by its customers that allegedly constitute the direct infringement.  Rather, you must find that Zerto specifically intended for its customers to infringe the Asserted Patents or that Zerto believed there

32

was a high probability that its customers would infringe the Asserted Patents, but remained willfully

blind to the infringing nature of its customers' acts, in order to find inducement of infringement.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 3.3 (2012).

ZERTO'S POSITION:

      Zerto proposes the above underlined changes to the instruction.  Zerto disagrees that the

last paragraph is redundant of the elements set forth earlier in the instruction and believes that the

language should be included to clarify for the jury the elements that are required.

EMC'S POSITION

      EMC's version of the instruction is clear and adequately sets out the legal standard.

EMC's version is also almost identical to the AIPLA Model Patent Jury Instruction § 3.3.

      EMC submits that Zerto's additional language is redundant of the elements set forth

earlier in the instruction.  Additionally, Zerto's proposal has the potential of adding confusion

because it omits limitations required to find induced infringement, including that there must be

an underlying act of direct infringement.

### 3.10.   CONTRIBUTORY INFRINGEMENT

EMC asserts that Zerto has contributed to the direct infringement of its customers.  As with direct infringement, you must determine contributory infringement on a claim-by-claim basis.

To establish contributory infringement of any claim of any Asserted Patent, EMC must prove that it is more likely than not that Zerto had knowledge of the patent, and that:

1.  Zerto sells, offers to sell, or imports within the United States a component of a product, or apparatus for use in a process, during the time the Asserted Patent is in force;

2.  The component or apparatus has no substantial, non-infringing use;

3.  The component or apparatus constitutes a material part of the invention;

4.  Zerto knew that the component was especially made for use in a product or method that infringed at least one claim of the Asserted Patent; and

5.  Zerto's customers have directly infringed the at least one claim by using the accused products.

To find contributory infringement, it is not necessary to show that Zerto has directly infringed as long as you find that someone has directly infringed.  However, if there is no direct infringement by anyone, Zerto cannot have contributed to the infringement of the patent.

Furthermore, as with active inducement, in order to establish contributory infringement, it is not sufficient that Zerto's customers directly infringe the claim.  Nor is it sufficient that Zerto was aware of the act(s) by its customers that allegedly constitute the direct infringement.  Rather, you must find that Zerto specifically intended for its customers to infringe the Asserted Patents or that Zerto knew that the combination for which the component was designed was both patented and infringing.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 3.4 (2012); *Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 27 (Jan. 31, 2014).

ZERTO'S POSITION:

      Zerto proposes the above changes to these instructions to clarify for the jury the elements that are required, and to explain that the same level of knowledge is required for contributory and induced infringement.  *Global Tech. Appliances, Inc. et al. v. S.E.B. S.A.*, 131 S. CT. 2060, 2066-67 (2011).

EMC'S POSITION

      EMC's version of the instruction is clear and adequately sets out the legal standard. EMC's version is also based on *Avid* and the AIPLA Model Patent Jury Instruction § 3.4.

      EMC submits that Zerto's additional language is redundant of the elements set forth earlier in the instruction.  Additionally, Zerto's proposal has the potential of adding confusion because it omits limitations required to find contributory infringement, including that there must be an underlying act of direct infringement and that the component or apparatus must have no substantial, non-infringing use.

## 3.11.   WILLFUL INFRINGEMENT [JOINT]

If you find on the basis of the evidence and the law as I have explained it that the Accused Product infringes one or more of the Asserted Claims, you must further decide whether or not EMC has proven by clear and convincing evidence that Zerto's infringement was willful.

The first part of the test for willful infringement is objective: EMC must persuade you that Zerto acted despite a high likelihood that its actions infringed a valid and enforceable patent. This is known as recklessness.  In making this determination, you may not consider Zerto's state of mind.  Legitimate or credible defenses to patent infringement, even if not ultimately successful, demonstrate a lack of recklessness.

Only if you conclude that the Zerto's conduct was reckless do you need to consider the second part of the test.  The second part of the test does depend on the state of mind of Zerto. EMC must persuade you that Zerto actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent.

To determine whether Zerto had this state of mind, consider all facts which may include, but are not limited, to:

(1)     Whether or not Zerto acted in accordance with the standards of commerce for its industry;

(2)     Whether or not Zerto intentionally copied a product of EMC that is covered by the Asserted Patent;

(3)     Whether or not there is a reasonable basis to believe that Zerto did not infringe or had a reasonable defense to infringement;

(4)     Whether or not Zerto made a good-faith effort to avoid infringing the Asserted Patent, for example, whether Zerto attempted to design around the Asserted Patent; and

(5)     Whether or not Zerto tried to cover up its infringement

36

EMC must only rely on conduct that occurred prior to the filing of the lawsuit to prove its allegation of willful infringement.  Zerto cannot have willfully infringed a patent of which it was not aware, unless the existence of the patent was so obvious that it should have been known to Zerto.

AUTHORITY

Federal Circuit Bar Association Model Patent Jury Instructions § 3.8 (2012).

*Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 28 (Jan. 14, 2014); *Execware, LLC v. Staples, Inc.*, 2012 U.S. Dist. LEXIS 174885 (D. Del. Dec. 10, 2012); *In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc).

### 3.12.    INFRINGEMENT DESPITE DEFENDANT'S IMPROVEMENTS OR PATENTS ON IMPROVEMENTS

Zerto argues that the Accused Product represents an improvement over the inventions claimed in the Asserted Patents.  However, as long as EMC proves by a preponderance of the evidence that the Accused Product includes all of the elements of at least one Asserted Claim, then you may still find infringement even if there are improvements made to Zerto's product or method, so long as the presence of the additional component or method steps does not negate an element of the claim. Even if you believe that Zerto has made improvements over the inventions claimed in the Asserted Patents, you may still find Zerto liable for infringing EMC's Asserted Claims.

AUTHORITY

*Finjan, Inc. v. Symantec Corp*, No. 10-cv-593, D.I. 743 at 31 (Dec. 20, 2012).

ZERTO'S POSITION:

Zerto disagrees that this instruction is appropriate or necessary as it would be confusing to the jury and is not relevant to any issue in the case.  The instruction suggests that Zerto's Accused Product includes the elements of the Asserted Claims, but that Zerto denies infringement because the Accused Product is an improvement over what is claimed.  That is not the case.

EMC'S POSITION:

EMC submits that the first two paragraphs of Zerto's trial brief indicate that this instruction is necessary.  There, Zerto argues that EMC's "old patents" have nothing to do with "Zerto's cutting-edge, virtualized replication system."  Zerto Trial Br. at 1.  Any prejudice arising from Zerto's argument is precisely what this instruction is intended to address.

## 4.   INVALIDITY

### 4.1.   PRESUMPTION OF VALIDITY—BURDEN OF PROOF [JOINT]

Patent invalidity is a defense to patent infringement.  I will now instruct you on the rules you must follow in deciding whether or not Zerto has proven that any Asserted Claim is invalid. Even though the U.S. Patent Office examiner has found each Asserted Claim patentable, you have the ultimate responsibility for deciding whether each Asserted Claim is valid.

I will now instruct you on the invalidity issues you should consider.  To prove that any claim of a patent is not valid, Zerto must persuade you by clear and convincing evidence, i.e., you must be left with a clear conviction that the claim is not valid. As with infringement, you must determine invalidity on a claim-by-claim basis.

The granting of a patent by the U.S. Patent Office carries with it the presumption that the patent is valid and that the patent's subject matter is new, useful, and constitutes an advance that was not, at the time the invention was made, obvious to one of ordinary skill in the art.  The law presumes, in the absence of clear and convincing evidence to the contrary, that the U.S. Patent Office acted correctly in issuing the patent.  Nevertheless, once the validity of a patent has been put at issue, it is the responsibility of a jury to review what the U.S. Patent Office has done consistent with these instructions on the law.

Even if you find one Asserted Claim invalid, other claims of the same patent may still be valid.

AUTHORITY

*LG Electronics U.S.A., Inc. v. Whirlpool Corp.*,  No. 08-cv-234, D.I. 394 at 19 (Mar. 9, 2010); Federal Circuit Bar Association Model Patent Jury Instructions § 4.1 (2012); *Finjan, Inc. v. Symantec Corp*, No. 10-cv-593, D.I. 743 at 34 (Dec. 20, 2012); *Braun Melsungen AG v. Terumo Med. Corp.,* No. 09-cv-347, D.I. 339 at 27 (Nov. 18, 2010).

## 4.2.   EFFECTIVE FILING DATE [JOINT]

Some of the instructions about invalidity that I am about to give you require you to know

the filing date of the patents in question.  This filing date may also be referred to as the "effective

filing date."  In this case, the parties agree that the effective filing dates are set out in the

following table:

| PATENT | DATE |
|--------|------|
| '460 Patent | September 23, 1997 |
| '222 Patent | October 13, 1994 |
| '867 Patent | February 17, 2006 |
| '395 Patent | May 2, 2006 |
| '091 Patent | May 2, 2006 |

AUTHORITY

*Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 31 (Jan. 31, 2014)

### 4.3. PRIOR ART [JOINT]

Prior art includes any of the following items received into evidence during trial:

1. Any product or method that was publicly known or used by others in the United States before a patented invention was made;

2. Patents that issued more than one year before the filing date of the patent, or before the invention was made;

3. Publications having a date more than one year before the filing date of the patent, or before the invention was made;

4. Any product or method that was in public use or on sale in the United States more than one year before the patent was filed.

Below is a list of the patents, publications or products that Zerto contends are prior art to the Asserted Patents. Zerto must prove by clear and convincing evidence that each of the prior art references listed below qualifies as prior art to the Asserted Patents.[3]

'460 Patent:

1. U.S. Patent No. 6,073,208 ("Bergsten")

2. U.S. Patent No. 5,544,347 ("Yanai")

3. U.S. Patent No. 5,991,813 ("Zarrow")

'222 Patent:

1. U.S. Patent No. 5,664,186 ("Bennett")

2. Application of Implementing Concurrent Copy, Document Number GG24-3990-00 ("Concurrent Copy")

3. Application of Freeze Frame User's Guide, Version 1.1 ("Freeze Frame")

---

[3] This list will be revised at the close of Zerto's case, subject to the evidence introduced by Zerto.

'395 and '091 Patents:

1.   U.S. Patent No. 7,720,817 ("Stager II")

2.   U.S. Patent No. 7,421,617 ("Anderson")

3.   U.S. Patent No. 7,577,867 ("Lewin")

4.   Mendocino RecoveryONE ("Mendocino")

5.   EMC Legato NetWorker PowerSnap Module for EMC Symmetrix DMX Version

     2.1 Installation and Administrator's Guide ("NetWorker")

'867 Patent:

1.   The Kashya KBX4000 product.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 5.0 (2012).

42

## 4.4. ANTICIPATION

A person cannot obtain a patent if someone else already has made an identical invention. If a device or process has been previously invented and disclosed to the public, then it is not new, and therefore the claimed invention is "anticipated" by the prior invention.  Simply put, the invention must be new to be entitled to patent protection under the U.S. patent laws.  To prove anticipation, Zerto must prove with clear and convincing evidence that the claimed invention is not new. You must determine anticipation on a claim-by-claim basis.

For a claim to be anticipated, each and every element of the claim must be present in a single item of prior art, and arranged or combined in the same way as recited in the claim.  You may not combine two or more items of prior art to find anticipation.  The disclosure in the prior art does not have to be in the same words as the claim.  In determining whether every element of a claim is found in a prior art reference (such as a prior publication, patent or product), you must take into account what a person of ordinary skill in the art would have understood from his or her review of the particular prior publication, patent or product.

In determining whether the particular item of prior art anticipates a patent claim, you should take into consideration what is expressly stated <u>or is inherent</u> in the particular item of prior art.

In evaluating whether a prior art reference anticipates a claim, you must also determine whether a person having ordinary skill in the art at the time would have been able to make the claimed invention, based solely on the description in the prior art reference and their own knowledge.  If the prior art reference would not have enabled a person having ordinary skill in the art to make the claimed invention, it cannot be considered as a prior art reference for the purposes of evaluating anticipation.

43

Zerto contends that all asserted claims of the '460 patent are anticipated by each of the following purported prior art references alone:[4]

1. Bergsten

2. Yanai

Zerto contends that claim 1 of the '222 patent is anticipated by each of the following purported prior art references alone:

1. Bennett

2. Concurrent Copy

3. Freeze Frame

Zerto contends that all asserted claims of the '395 and '091 patents are anticipated by each of the following purported prior art references alone:

1. Stager II

2. Anderson

3. Lewin

4. Mendocino

Zerto contends that claim 45 of the '867 patent is anticipated by the following purported prior art reference alone:

1. The Kashya KBX4000 product

If you find by clear and convincing evidence that a patent claim is not new as explained above, namely, that all of the elements of that claim are found either literally or inherently in a single prior art reference, you must find that claim invalid.

---

[4]   This list will be revised at the close of Zerto's case, subject to the evidence introduced by Zerto.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 6.0 (2012); *Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 35-36 (Jan. 31, 2014).

ZERTO'S POSITION:

Zerto proposes the above underlined changes to this instruction, which are taken from the AIPLA Model Patent Jury Instructions and the *Finjan, LG* and *Avid* cases cited by EMC herein. Zerto's disagrees that the instruction misstates the standard for anticipation and Zerto believes the additional language would be helpful to the jury in understanding the concept of anticipation.

EMC'S POSITION

EMC objects to two aspects of Zerto's proposal. First, EMC objects to the use of "inherency" without further clarification to the jury regarding (1) what the standard for inherency is; and (2) an articulation by Zerto in these instructions as to which references it contends inherently anticipate which claims.

Second, Zerto's proposed addition: "if you find by clear and convincing evidence . . . that all of the elements of that claim are found either literally or inherently in a single prior art reference, you must find that claim invalid" is error because it misstates the law. *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008) ("Because the hallmark of anticipation is prior invention, the prior art reference—in order to anticipate under 35 U.S.C. § 102—must not only disclose all elements of the claim within the four corners of the document, but must also disclose those elements 'arranged as in the claim.'").

If the Court is inclined to include language on inherency, EMC respectfully requests that an additional instruction on inherency be given to set out its boundaries clearly for the jury.

Such an instruction may be found in *Finjan, Inc. v. Symantec Corp*, No. 10-cv-593, D.I. 743 at 36 (Dec. 20, 2012).

### 4.5.    OBVIOUSNESS [JOINT]

Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made. Unlike anticipation, which allows consideration of only one item of prior art, obviousness may be shown by considering more than one item of prior art. As with anticipation, you must determine obviousness on a claim-by-claim basis.

In deciding obviousness, you must avoid using hindsight; that is, you should not consider what is known today or what was learned from the teachings of the patent.  You should not use the patent as a road map for selecting and combining items of prior art.  The existence of each and every element of the claimed invention in the prior art does not necessarily prove obviousness.  Most, if not all, inventions rely on building blocks of prior art.  You must put yourself in the place of a person of ordinary skill in the art at the time the invention was made.

The following factors must be evaluated to determine whether Zerto has established that the claimed invention(s) is obvious:

1. The scope and content of the prior art relied upon by Zerto;

2. The difference or differences, if any, between each claim of each patent-in-suit that Zerto contends is obvious and the prior art;

3. The level of ordinary skill in the art at the time the inventions of the respective patents-in-suit were made; and

4. Additional considerations, if any, that indicate that the invention was obvious or not obvious.

Each of these factors must be evaluated, although they may be analyzed in any order, and you must perform a separate analysis for each of the claims. Zerto must prove obviousness by clear and convincing evidence.

Zerto contends that the following single references or combinations of references render the patent obvious.[5]

Zerto contends that the asserted claims of the '460 patent are obvious in view of the following combinations of purported prior art references:

   1.  Yanai, Bergsten and/or Zarrow

Zerto contends that the asserted claims of the '395 and '091 patents are obvious in view of the following combinations of purported prior art references:

   1.  Stager and NetWorker

   2.  Anderson and NetWorker

   3.  Lewin

   4.  Mendocino and NetWorker

I will now explain each of the four obviousness factors you must evaluate in more detail.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 7.0 (2012); Federal Circuit Bar Association Model Patent Jury Instructions § 4.3c (2012); *Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 37-39 (Jan. 31, 2014).

---

[5]   This list will be revised at the close of Zerto's case, subject to the evidence introduced by Zerto.

### 4.6. THE FIRST OBVIOUSNESS FACTOR: SCOPE OF PRIOR ART [JOINT]

You must determine what is the prior art that may be considered in determining whether one or more of the Asserted Claims would have been obvious.  The scope and content of prior art for deciding whether the invention was obvious includes prior art in the same field as the claimed invention, regardless of the problem addressed by the item or reference, and prior art from different fields that a person of ordinary skill in the art using common sense might combine if familiar so as to solve the problem, like fitting together the pieces of a puzzle.

When a party attacking the validity of a patent relies on prior art which was specifically considered by the Examiner during the prosecution of the application leading to the issuance of the patent, that party bears the burden of overcoming the deference due a qualified government agency official presumed to have performed his or her job.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 7.1 (2012); Federal Circuit Bar Association Model Patent Jury Instructions § 4.3c (2012); *Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 40 (Jan. 31, 2014).

### 4.7.  THE SECOND OBVIOUSNESS FACTOR: DIFFERENCES BETWEEN THE CLAIMS AND THE PRIOR ART

You should analyze whether there are any relevant differences between the prior art and the claimed invention from the view of a person of ordinary skill in the art at the time of the invention.  Your analysis must determine the impact, if any, of such differences on the obviousness or nonobviousness of the invention as a whole, and not merely some portion of it.

In analyzing the relevance of the differences between the claimed invention and the prior art, you do not need to look for precise teaching in the prior art directed to the subject matter of the claimed invention.  You may take into account the inferences and creative steps that a person of ordinary skill in the art would have employed in reviewing the prior art at the time of the invention.  For example, if the claimed invention combined elements known in the prior art and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, then this evidence would make it more likely that the claim was obvious.  On the other hand, if the combination of known elements yielded unexpected or unpredictable results, or if the prior art teaches away from combining the known elements, then this evidence would make it more likely that the claim that successfully combined those elements was not obvious.

Importantly, a claim is not proved obvious merely by demonstrating that each of the elements was independently known in the prior art.  You must consider the invention as a whole.  Most, if not all, inventions rely on building blocks long since uncovered, and claimed discoveries almost of necessity will likely be combinations of what is already known.  Therefore, you should consider whether a reason existed at the time of the invention that would have prompted a person of ordinary skill in the art in the relevant field to combine the known elements in the way the claimed invention does.  The reason could come from the prior art, the background knowledge of

one of ordinary skill in the art, the nature of the problem to be solved, market demand, or common sense. You may also consider whether the problem or need was known, the possible approaches to solving the problem or addressing the need were known and finite, and the solution was predictable through use of a known option.

If you find that a reason existed at the time of the invention to combine the elements of the prior art to arrive at the claimed invention, this evidence would make it more likely that the claimed invention was obvious. Again, you must undertake this analysis separately for each claim that Zerto contends is obvious.

In considering whether a claimed invention is obvious, you may but are not required to find obviousness if you find that at the time of the claimed invention, there was a reason that would have prompted a person having ordinary skill in the field of the invention to combine the known elements in a way the claim invention does, taking into account factors such as:

whether the claimed invention was merely the predictable result of using prior art elements according to their known functions;

whether the claimed invention provides an obvious solution to a known problem in the relevant field;

whether the prior art teaches or suggests the desirability of combining elements claimed in the invention;

whether the prior art teaches away from combining the elements in the claimed invention;

whether the elements from the prior art could have been combined in a way that is claimed without undue experimentation;

whether it would have been obvious to try the combinations of

elements, such as when there is a design need or market pressure to

solve a problem and there are a finite number of predictable

solutions; and

whether the change resulted more from design incentives or other

market forces.

To find it rendered the invention obvious, you must find that the prior art provided a reasonable

expectation of success.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 7.2 (2012).

ZERTO'S POSITION:

Zerto proposes the addition of the above underlined language, which is taken from the

*Avid* case cited by EMC.  Zerto disagrees that the language is duplicative and believes that the

language above would assist the jury in understanding the factors it may consider in determining

whether the prior art included teachings that would have led a person having ordinary skill in the

art to combine elements in the manner claimed.

EMC'S POSITION

EMC's proposal is very close to the AIPLA Model Patent Jury Instructions § 7.2.  EMC

submits that Zerto's proposed addition is duplicative of the elements already set forth in the

model instruction.

## 4.8.   THE THIRD OBVIOUSNESS FACTOR:
## LEVEL OF ORDINARY SKILL [JOINT]

Obviousness is determined from the perspective of a person of ordinary skill in the art. The person of ordinary skill is presumed to know all prior art that you have determined to be reasonably relevant. The person of ordinary skill is also a person of ordinary creativity that can use common sense to solve problems.

In deciding what the level of ordinary skill in the field of the invention is, you should consider all the evidence introduced at trial, including but not limited to:

1. The levels of education and experience of the inventors and other persons actively working in the field;

2. The types of problems encountered in the field;

3. Prior art solutions to those problems;

4. Rapidity with which innovations are made; and

5. The sophistication of the technology.

In this case, EMC contends that a person of ordinary skill in the art would have had a Bachelor level degree in computer science, computer engineering, electrical engineering, mathematics or a related field in computing technology, and a few years of experience with data storage systems, or equivalent research experience or knowledge.

Zerto contends that a person of ordinary skill in the art would have had a Bachelor's level degree in computer science, computer engineering, electrical engineering, or a related field in computing technology, and a few years of experience with data storage systems, or equivalent research experience or knowledge.  This description is approximate, and a higher level of education or skill might make up for less experience, and vice-versa.

<u>AUTHORITY</u>

Federal Circuit Bar Association Model Patent Jury Instructions § 4.3c(i).

### 4.9.    THE FOURTH OBVIOUSNESS FACTOR: EVIDENCE CONCERNING NON-OBVIOUSNESS (SECONDARY CONSIDERATIONS) [JOINT]

Before deciding the issue of obviousness or non-obviousness, you must also consider certain factors which, if established, may indicate that the invention would not have been obvious.  No factor alone is dispositive, and you must consider the obviousness or non-obviousness of the invention as a whole.

The factors are:

1. Commercial success of products covered by the asserted claims;

2. A long felt need in the art for a solution to a problem facing the inventors, which was satisfied by the invention of the asserted claims;

3. The failure of others to make the invention;

4. Whether the inventors proceeded contrary to accepted wisdom of the prior art;

5. Copying of the invention by others in the field

These factors are only relevant to obviousness if there is a connection, or nexus, between them and the invention covered by the patent claims. Even if you conclude that some of the above indicators have been established by EMC, those factors should be considered along with all other evidence to determine whether Zerto has proven, by clear and convincing evidence, that an Asserted Claim would have been obvious at the time of the invention.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 7.4 (2012); Federal Circuit Bar Association Model Patent Jury Instructions § 4.3c (2012);  *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, No. 12-cv-23, D.I. 168 at 38 (Jan. 14, 2014).

### 4.10.  NON-OBVIOUSNESS – HINDSIGHT BIAS [JOINT]

The question of non-obviousness is simple to ask, but on occasion difficult to answer.  A person of ordinary skill in the art is presumed to have knowledge of the relevant prior art at the time of the invention.  If you find the available prior art shows each of the elements of the asserted claims, you must determine whether it would then have been obvious to a person of ordinary skill in the art to combine or coordinate these elements in the same manner as the asserted claims.

The difficulty that attaches to honest attempts to answer this question can be attributed to the strong temptation to rely on hindsight while undertaking this evaluation.  It is wrong to use the Asserted Patents as a guide through the maze of prior art references, to combine the right references in the right way so as to achieve the result of the asserted claims.

You must put your mind back to the time each Asserted Patent was filed and determine what one of ordinary skill in the art would have known then.

AUTHORITY

Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 4.8.5, (Mar. 1993); *Linear Tech. Corp. v. Monolithic Power Sys.. Inc.*, No. 06-cv-476, D.I. 228 at 33 (July 2, 2008); AIPLA's Model Patent Jury Instructions § 7.0 (2012).

## 5.  DAMAGES

### 5.1.  DAMAGES – GENERALLY

If you find that the Accused Product infringes any Asserted Claim, and that the infringed claim(s) are not invalid, you must determine the amount of damages to be awarded EMC for the infringement.  EMC has the burden to establish the amount of its damages by a preponderance of the evidence, and is entitled to all damages that can be proven with reasonable certainty.  On the one hand, reasonable certainty does not require proof of damages with mathematical precision. Mere difficulty in ascertaining damages is not fatal to a party's right to recover.  On the other hand, a party is not entitled to speculative damages; that is, you should not award any amount of loss that, although possible, is wholly remote or the result from mere conjecture.

Patent law provides that in the case of infringement of a valid patent claim, the owner of the patent shall be awarded damages adequate to compensate for the infringement.  Damages are compensation for all losses suffered as a result of the infringement.  There are different types of damages that the patent owner may be entitled to recover.  In this case, EMC seeks a reasonable royalty on Zerto's past sales.

If proven by EMC, the amount of those damages must compensate EMC for the infringement.  The purpose of a damage award is to put EMC in about the same financial position it would have been in if the infringement had not happened.  But, the damage award cannot be less than a reasonable royalty.  You may not add anything to the amount of damages to punish an accused infringer or to set an example.  You also may not add anything to the amount of damages for interest.

If you decide that there has been infringement, and that such infringement was willful, that decision must not affect the amount of damages. I will take willfulness into account later.

The fact that I am instructing you on damages does not mean that the Court believes that one party or the other should win in this case.  My instructions about damages are for your guidance only in the event you find in favor of EMC.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 11.0 (2012); *Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 41 (Jan. 31, 2014).

ZERTO'S POSITION:

Zerto proposes the above underlined language in this instruction, which is taken from the *LG* case relied upon by EMC and the AIPLA's Model Patent Jury Instructions.

Zerto believes that the language will help to clarify the instruction for the jury, and disagrees that the language is relevant only to lost profits.

EMC'S POSITION:

EMC is entitled to a reasonable royalty by statute if infringement is proven.  35 U.S.C. § 284.  EMC objects to Zerto's proposed language because the phrase "that is, you should not award any amount of loss that, although possible, is wholly remote or the result from mere conjecture" implies that EMC must have suffered a loss other than Zerto's infringement in order to receive damages.  This is not the law.

Additionally, Zerto did not provide a pin cite, but EMC believes that Zerto is mistaken that its additional language is taken from the AIPLA Model Patent Jury Instructions.

## 5.2.   DAMAGES – REASONABLE ROYALTY [JOINT]

If you find that EMC has established infringement, EMC is entitled to at least a reasonable royalty to compensate it for that infringement.

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention.  A reasonable royalty is the amount of royalty payment that a patent holder and the infringer would have agreed to in a hypothetical negotiation taking place at a time prior to when the infringement first began.  In considering this hypothetical negotiation, you should focus on what the expectations of EMC and Zerto would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations.

In determining this, you must assume that both parties believed the patent was valid and infringed and the patent holder and infringer were willing to enter into an agreement.  The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred.  Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation.

AUTHORITY

Federal Circuit Bar Association Model Patent Jury Instructions § 6.6 (2012); *Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 49-50 (Jan. 31, 2014).

## 5.3.    REASONABLE ROYALTY – RELEVANT FACTORS [JOINT]

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began.  Some of the kinds of factors that you may consider in making your determination are:

1. The royalties received by the patentee for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

2. The rates paid by the licensee for the use of other patents comparable to the patent-in-suit.

3. The nature and scope of the license, as exclusive or nonexclusive, or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

4. The licensor's established policy and marketing program to maintain his or her patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5. The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

6. The effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his non-patented items, and the extent of such derivative or convoyed sales.

7. The duration of the patent and the term of the license.

8. The established profitability of the product made under the patents, its commercial success, and its current popularity.

9. The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

10. The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

11. The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

13. The portion of the realizable profits that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14. The opinion and testimony of qualified experts.

15. The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors.  You may also consider any other factors which in your mind would have increased or decreased the royalty the infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people.  The final factor establishes the framework which you should use in determining a reasonable royalty, that is, the payment that would have resulted from a negotiation between the patent holder and the infringer taking place at a time prior to when the infringement began.

<u>AUTHORITY</u>

Federal Circuit Bar Association Model Patent Jury Instructions § 6.7 (2012);  *Avid Tech. v. Harmonic Inc.*, No. 11-cv-1040, D.I. 153 at 51-52 (Jan. 31, 2014).

### 5.4.    REASONABLE ROYALTY – MULTIPLE PATENTS [JOINT]

If you find that Zerto infringed multiple patents, even by a single infringing act and if you award a reasonable royalty for the infringement, then you may award separate royalties to EMC for each patent that was infringed.  You also may consider the number of patent licenses that are needed for the allegedly infringing product and the effect on the hypothetical negotiation of having to pay a royalty for each of those licenses.

AUTHORITY

AIPLA's Model Patent Jury Instructions § 11.17 (2012)

## 6.  DELIBERATION AND VERDICT [JOINT]

How you conduct your deliberations is up to you.  But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow  jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans.  You are judges – judges of the facts, not me.  Your sole interest is to seek the truth from the evidence in that case.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.  You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence.  Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. Further, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or social networking website such as Twitter, Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages are normally sent to me through the foreperson, who by custom of this court is juror number one.

One more thing about messages.  Do not ever write down or tell anyone else how you stand on your votes.  For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in favor of either party.  You must decide the case yourselves based on the evidence presented.

AUTHORITY

The Honorable Judge Sleet, Miscellaneous Jury Instructions (Rev. 1/18/06), at 7-9.

65

APPENDIX A – DEFINITION OF CLAIM TERMS

**The '867 Patent**

| Claim Term | Construction |
|---|---|
| "consistency group"<br><br>('867 Patent claim 45) | "a basic logical entity for which data protection services, such as replication, tagging and journaling, are provided by a DPA; a consistency group includes (i) at least one logical storage unit for a source side storage system that is to be protected, (ii) corresponding logical units for a backup site, and (iii) at least one logical unit used for journaling at the backup site by storing a journal, which is a record of write transactions used to maintain and rollback a duplicative storage system to a previous point in time" |
| "data protection appliance" or "DPA"<br><br>('867 Patent claim 45) | "a computer or a cluster of computers that serve as a data protection appliance, responsible for data protection services including inter alia data replication of a storage system, and journaling of I/O requests issued by a host computer to the storage system by storing the I/O requests in a journal, which is a record of write transactions used to maintain and rollback a duplicate storage system to a previous point in time" |
| "host device"<br><br>('867 Patent claim 45) | "an internal interface in a host, to a logical storage unit" |
| "host device controller(s)"<br>('867 Patent claim 45) | "hardware and/or software, associated with a host device, that processes I/O requests" |

| Claim Term | Construction |
|---|---|
| "initiate tags" <br> * <br> "initiating a tag" <br> ('867 Patent claim 45) | "begin the process of marking a consistency group at a specific point in time" <br><br> * <br><br> "beginning the process of marking a consistency group at a specific point in time" |
| "issue requests" <br> ('867 Patent claim 45) | "send requests" |
| "logical parts of a network" <br> ('867 Patent claim 45) | "non-physical parts of a network" |
| "tag" <br> * <br> "tagging" <br> ('867 Patent claim 45) | "a special write transaction to mark a point in time" <br><br> * <br><br> "writing a special write transaction to mark a point in time" |
| "data protection appliance (DPA) manager" <br> ('867 Patent claim 45) | "a computer or cluster of computers that receives a cross-tag instruction, sends quiesce and tag commands, receives confirmations, and sends un-quiescence commands" |

<u>APPENDIX A CONT. – DEFINITION OF CLAIM TERMS</u>

<u>**The '460 Patent**</u>

| Claim Term | Construction |
|---|---|
| "communication link"<br><br>('460 Patent claims 1, 30, 38, 44) | "a path over which data can be transferred" |
| "intranet"<br><br>('460 Patent claims 32, 40, 44) | "a private communication network that uses Internet technologies, including Internet Protocol, to share data and/or resources within a private enterprise" |
| "mirroring controller"<br><br>('460 Patent claims 1, 44) | "one or more controllers configured to mirror" |
| "network cloud"<br><br>('460 Patent claims  1, 30, 32, 37, 38, 40) | "a communication system that implements a protocol wherein information transferred through the cloud includes a destination address so that the information can be transported by the cloud to the appropriate destination" |
| "storage system"<br><br>('460 Patent claims 1,10, 37-38, 42, 44-45) | "the set of components that stores and controls the storage of information written from the CPU, including one or more storage devices and one or more controllers" |
| "controller"<br><br>('460 Patent claims 38, 42) | "a component of the storage system that controls at least one function of the storage system" |
| "to mirror at least some of the information written from the CPU to the first storage system in the second storage system"<br><br>('460 Patent claims 1, 44) | "maintain a continually updated copy of data that exists on a first storage system on a second storage system by creating, in essentially real-time, an identical copy of at least some of the information written from the CPU to the first storage system in the second storage system" |

## APPENDIX A CONT. – DEFINITION OF CLAIM TERMS

### The '222 Patent

| Claim Term | Construction |
|---|---|
| "actual data storage device"<br><br>('222 Patent claim 1) | "a readable and writable physical storage device" |
| "mass storage system"<br><br>('222 Patent claim 1) | "storage system that includes one or more physical storage devices" |
| "selected moment"<br><br>('222 Patent claim 1) | "point in time that was selected" |
| "virtual device"<br><br>('222 Patent claim 1) | "a device that appears as an actual storage device" |
| "original data block"<br><br>('222 Patent claim 1) | Plain and ordinary meaning. |
| "when a new block written to the mass storage system is to overwrite the original data block"<br><br>('222 Patent claim 1) | "in response to a new block written to the mass storage system that is to overwrite the original data block" |
| "preservation memory"<br><br>('222 Patent claim 1) | "storage used for preserving data blocks" |

APPENDIX A CONT. – DEFINITION OF CLAIM TERMS

**The '395 and 091 Patents**

| Claim Term | Construction |
|---|---|
| "dataset"<br><br>('395 Patent claim 1; '091 Patent claim 1) | "a collection of data" |
| "production application"<br><br>('395 Patent claim 1; '091 Patent claim 1) | "one or more software application(s) that generate(s) data" |
| "reliably"<br><br>('395 Patent claim 1) | "dependably" |
| "replication application"<br><br>('395 Patent claims 1, 2, 8; '091 Patent claims 1, 5) | "an application configured to create a replica of a dataset and perform other replication operations" |
| "replication operations"<br><br>('395 Patent claim 1; '091 Patent claim 1) | "operations performed by a replication application, e.g., mirroring and/or backup/recovery operations" |
| "write journal"<br><br>('395 Patent claims 1, 4; '091 Patent claim 1) | "storage in which a series of write transactions are stored along with information that can be used to identify an order of the write transactions" |
| "event marker"<br><br>('395 Patent claim 1; '091 Patent claim 1) | "a data structure that includes information that can be used to identify a pseudosnapshot" |
| "pseudosnapshot"<br><br>('395 Patent claims 1, 8; '091 Patent claims 1, 5) | "a dataset, identified by an event marker, within the continuous data protection system that can be surfaced" |
| "quiescent state"<br><br>('395 Patent claim 1; '091 Patent claim 1) | "an inactive state wherein the production application does not generate write operations"[6] |
| "surfacing [a / the] copy of the at least a portion of the series of transactions"<br><br>('395 Patent claims 1, 8) | "generating [a / the] data structure from the dataset of at least a portion of the series of transactions" |

---

[6]     A 'quiescent state' an application consistent state that necessarily requires an instruction to the application to 'quiesce.'

<u>ZERTO'S POSITION:</u>

Zerto objects to EMC's footnote 6.  Zerto's believes that the Court's construction of this term is clear on its face and that the footnote proposed by EMC injects ambiguity into the construction and would be confusing to the jury, at least because it includes the technical language "application consistent state," and "instruction to the application."  It is also confusing because it includes the term "quiesce," which is the term being construed.  Moreover, it would be inappropriate to include this additional language because the purpose of the appendix is to provide for the jury the claim terms and their constructions, not to characterize the constructions, which is what EMC's proposed footnote is intended to do.

<u>EMC'S POSITION:</u>

EMC's footnote is a direct quotation from the Court's *Markman* order.  The footnote clarifies that a "quiescent state" requires an instruction to "quiesce."  The Court omitted this language from its formal instruction, but instructed the parties not to interpret the term "quiescent state" in a manner inconsistent with the Court's reasoning.  EMC's footnote therefore clarifies the full meaning of the Court's formal construction, and reduces the likelihood that the jury would apply "quiescent state" in a manner inconsistent with the Court's reasoning.

**SCHEDULE I(ii)-2:**

**EMC'S PROPOSED VERDICT FORM**

I.  **PATENT INFRINGEMENT**

    A.  <u>**Infringement of U.S. Patent Number 7,577,867 ("the '867 patent")**</u>

        1.  **Has EMC proven, by a preponderance of the evidence, that Zerto has directly infringed claim 45 of the '867 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

        2.  **Has EMC proven, by a preponderance of the evidence, that Zerto has induced infringement of claim 45 of the '867 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

        3.  **If you answered "Yes" to any of Questions 1-2, has EMC proven, by clear and convincing evidence, that the infringement was willful?**

Yes_____          No_____

**B.**     **Infringement of U.S. Patent Number 7,467,460 (the '460 patent)**

1.     **Has EMC proven, by a preponderance of the evidence, that Zerto has induced infringement of any Asserted Claim of the '460 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

If you answered "Yes" to this question, please mark the claim(s) you found to be

infringed:

Claim 1: _____          Claim 30: _____          Claim 32: _____

Claim 37: _____          Claim 38: _____          Claim 40: _____

Claim 42: _____          Claim 44: _____          Claim 45: _____

2.     **Has EMC proven, by a preponderance of the evidence, that Zerto has contributed to the infringement of any Asserted Claim of the '460 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

If you answered "Yes" to this question, please mark the claim(s) you found to be

infringed:

Claim 1: _____          Claim 30: _____          Claim 32: _____

Claim 37: _____          Claim 38: _____          Claim 40: _____

Claim 42: _____          Claim 44: _____          Claim 45: _____

**C.**    <u>**Infringement of U.S. Patent Number 6,073,222 (the '222 patent)**</u>

    **1.**    **Has EMC proven, by a preponderance of the evidence, that Zerto has induced infringement of claim 1 of the '222 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

    **2.**    **Has EMC proven, by a preponderance of the evidence, that Zerto has contributed to the infringement of claim 1 of the '222 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

**D.** <u>**Infringement of U.S. Patent Number 7,603,395 (the '395 patent)**</u>

    **1.** **Has EMC proven, by a preponderance of the evidence, that Zerto has induced infringement of any Asserted Claim of the '395 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

If you answered "Yes" to this question, please mark the claim(s) you found to be

infringed:

    Claim 1: _____          Claim 2: _____          Claim 4: _____

    Claim 8: _____

    **2.** **Has EMC proven, by a preponderance of the evidence, that Zerto has contributed to the infringement of any Asserted Claim of the '395 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

If you answered "Yes" to this question, please mark the claim(s) you found to be

infringed:

    Claim 1: _____          Claim 2: _____          Claim 4: _____

    Claim 8: _____

**E.**     **<u>Infringement of U.S. Patent Number 7,791,091 (the '091 patent)</u>**

    **1.**     **Has EMC proven, by a preponderance of the evidence, that Zerto has induced infringement of any Asserted Claim of the '091 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____     No_____

If you answered "Yes" to this question, please mark the claim(s) you found to be

infringed:

    Claim 1: _____     Claim 5: _____

    **2.**     **Has EMC proven, by a preponderance of the evidence, that Zerto has contributed to the infringement of any Asserted Claim of the '091 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____     No_____

If you answered "Yes" to this question, please mark the claim(s) you found to be

infringed:

    Claim 1: _____     Claim 5: _____

## II.   VALIDITY[4]

### A.   Validity of U.S. Patent Number 7,467,460 (the '460 patent)

1.   **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '460 patent is anticipated by a single prior art reference?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

If you answered "Yes" to this question, please mark the claim(s) you found to be

anticipated:

Claim 1: _____          Claim 30: _____          Claim 32: _____

Claim 37: _____          Claim 38: _____          Claim 40: _____

Claim 42: _____          Claim 44: _____          Claim 45: _____

2.   **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '460 patent would have been obvious at the time of the invention to a person of ordinary skill in the art?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

If you answered "Yes" to this question, please mark the claim(s) you found to be

obvious:

Claim 1: _____          Claim 30: _____          Claim 32: _____

Claim 37: _____          Claim 38: _____          Claim 40: _____

Claim 42: _____          Claim 44: _____          Claim 45: _____

---

[4]   EMC believes that the doctrine of assignor estoppel bars Zerto from challenging the validity of the '867 patent.  Accordingly, EMC has not provided a proposed verdict form concerning the validity of the '867 patent.  EMC reserves the right to provide a proposed verdict form if the Court determines that Zerto is not barred from challenging the validity of the '867 patent.

**B.**     <u>**Validity of U.S. Patent Number 6,073,222 (the '222 patent)**</u>

    **1.**     **Has Zerto proven, by clear and convincing evidence, that claim 1 of the '222 patent is anticipated by a single prior art reference?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

**C.**   **Validity of U.S. Patent Number 7,603,395 (the '395 patent)**

    **1.**   **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '395 patent is anticipated by a single prior art reference?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

If you answered "Yes" to this question, please mark the claim(s) you found to be anticipated:

Claim 1: _____     Claim 2: _____     Claim 4: _____

Claim 8:_____

    **2.**   **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '395 patent would have been obvious at the time of the invention to a person of ordinary skill in the art?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

If you answered "Yes" to this question, please mark the claim(s) you found to be obvious:

Claim 1: _____     Claim 2: _____     Claim 4: _____

Claim 8: _____

**D.** **Validity of U.S. Patent Number 7,791,091 (the '091 patent)**

    **1.** **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '091 patent is anticipated by a single prior art reference?**

    *Checking "yes" below indicates a finding for Zerto.*
    *Checking "no" below indicates a finding for EMC.*

    Yes_____        No_____

    If you answered "Yes" to this question, please mark the claim(s) you found to be

anticipated:

    Claim 1: _____    Claim 5: _____

    **2.** **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '091 patent would have been obvious at the time of the invention to a person of ordinary skill in the art?**

    *Checking "yes" below indicates a finding for Zerto.*
    *Checking "no" below indicates a finding for EMC.*

    Yes_____        No_____

    If you answered "Yes" to this question, please mark the claim(s) you found to be

obvious:

    Claim 1: _____    Claim 5: _____

## III.   DAMAGES

**1.**   **If you found that Zerto infringed at least one Asserted Claim of any Asserted Patent(s), and that the infringed claim(s) was not invalid, state the amount of damages that you find EMC has proven it is entitled to by a preponderance of the evidence.**

Damages: $_____

**SCHEDULE I(ii)-3:**

**ZERTO'S PROPOSED VERDICT FORM**

JURY VERDICT FORM -- PATENT INFRINGEMENT

# U.S. Patent Number 7,467,460 (the '460 patent)

### Induced Infringement Of The '460 Patent

1. **Has EMC proven that it is more likely than not that each and every element of any claim of the '460 patent is met by a single entity other than Zerto?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   **If you check "no" please skip to Page 4; if "yes" please mark any claim for which each and every element is met:**

   Yes_____        No_____

   Claim 1: _____        Claim 30: _____        Claim 32: _____

   Claim 37: _____        Claim 38: _____        Claim 40: _____

   Claim 42: _____        Claim 44: _____        Claim 45: _____

---

2. **For only those claims you marked in response to question 1, has EMC proven that it is more likely than not that Zerto instructed or aided the single entity above in directly infringing any claim of the '460 patent?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   **If you check "no" please skip to Page 4; if "yes" please mark any such claim:**

   Yes_____        No_____

   Claim 1: _____        Claim 30: _____        Claim 32: _____

   Claim 37: _____        Claim 38: _____        Claim 40: _____

   Claim 42: _____        Claim 44: _____        Claim 45: _____

1

JURY VERDICT FORM -- PATENT INFRINGEMENT

3.   **For only those claims you marked in response to question 2, has EMC proven that it is more likely than not that Zerto knew of the '460 patent when it instructed or aided the single entity above in directly infringing any claim of the '460 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 4; if "yes" please mark any such claim:**

Yes_____          No_____

Claim 1: _____      Claim 30: _____      Claim 32: _____

Claim 37: _____      Claim 38: _____      Claim 40: _____

Claim 42: _____      Claim 44: _____      Claim 45: _____

---

4.   **For only those claims you marked in response to question 3, has EMC proven that it is more likely than not that Zerto knew that its actions would actually cause the single entity above to directly infringe any claim of the '460 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 4; if "yes" please mark any such claim:**

Yes_____          No_____

Claim 1: _____      Claim 30: _____      Claim 32: _____

Claim 37: _____      Claim 38: _____      Claim 40: _____

Claim 42: _____      Claim 44: _____      Claim 45: _____

2

5.        **For only those claims you marked in response to question 4, has EMC proven that it is more likely than not that Zerto intended to cause the single entity above to directly infringe any claim of the '460 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 4; if "yes" please mark any such claim:**

Yes_____      No_____

Claim 1: _____     Claim 30: _____     Claim 32: _____

Claim 37: _____     Claim 38: _____     Claim 40: _____

Claim 42: _____     Claim 44: _____     Claim 45: _____

---

6.        **For only those claims you marked in response to question 5, has EMC proven that it is more likely than not that Zerto induced infringement of any claim of the '460 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 4; if "yes" please mark any such claim:**

Yes_____      No_____

Claim 1: _____     Claim 30: _____     Claim 32: _____

Claim 37: _____     Claim 38: _____     Claim 40: _____

Claim 42: _____     Claim 44: _____     Claim 45: _____

# U.S. Patent Number 7,603,395 (the '395 patent)

### Induced Infringement Of The '395 Patent

**1.** **Has EMC proven that it is more likely than not that each and every element of any claim of the '395 patent is met by a single entity other than Zerto?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 11; if "yes" please mark any claim for which each and every element is met.**

Yes_____          No_____

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8: _____

---

**2.** **For only those claims you marked in response to question 1, has EMC proven that it is more likely than not that Zerto instructed or aided the single entity above in directly infringing any claim of the '395 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 7; if "yes" please mark any such claim.**

Yes_____          No_____

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8: _____

---

3.      For only those claims you marked in response to question 2, has EMC proven that it is more likely than not that **Zerto** knew of the '395 patent when it instructed or aided the single entity above in directly infringing any claim of the '395 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 7; if "yes" please mark any such claim.**

Yes_____          No_____

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8: _____

---

4.      For only those claims you marked in response to question 3, has EMC proven that it is more likely than not that **Zerto** knew that its actions would actually cause the single entity above to directly infringe any claim of the '395 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 7; if "yes" please mark any such claim.**

Yes_____          No_____

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8: _____

5.     For only those claims you marked in response to question 4, has EMC proven that it is more likely than not that Zerto intended to cause the single entity above to directly infringe any claim of the '395 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 7; if "yes" please mark any such claim.**

Yes_____      No_____

Claim 1: _____      Claim 2: _____      Claim 4: _____

Claim 8: _____

---

6.     For only those claims you marked in response to question 5, has EMC proven that it is more likely than not that Zerto induced infringement of any claim of the '395 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 7; if "yes" please mark any such claim:**

Yes_____      No_____

Claim 1: _____      Claim 2: _____      Claim 4: _____

Claim 8: _____

---

### Contributory Infringement Of The '395 Patent

7.      **If you answered YES to question 1, has EMC proven that it is more likely than not that Zerto supplied the single entity above with an important component of a product that directly infringes any claim of the '395 patent?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   **If you check "no" please skip to Page 11; if "yes" please mark any such claim.**

   Yes_____          No_____

   Claim 1: _____      Claim 2: _____      Claim 4: _____

   Claim 8: _____

---

8.      **For only those claims you marked in response to question 7, has EMC proven that it is more likely than not that the component supplied by Zerto in question 7 has no substantial non-infringing uses?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   **If you check "no" please skip to Page 11; if "yes" please mark any claim for which the component from question 6 is not a common component.**

   Yes_____          No_____

   Claim 1: _____      Claim 2: _____      Claim 4: _____

   Claim 8: _____

---

9.      **For only those claims you marked in response to questions 7 and 8, has EMC proven that it is more likely than not that Zerto supplied the component from question 7 with knowledge of the '395 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

***If you check "no" please skip to Page 11; if "yes" please mark any claim for which Zerto supplied the component from question 6 with knowledge of the '395 patent.***

Yes_____          No_____

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8: _____

10.     **For only those claims you marked in response to questions 7, 8, and 9, has EMC proven that it is more likely than not that the component Zerto supplied constitutes a material part of the directly infringing product?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

***If you check "no" please skip to Page 11; if "yes" please mark any such claim.***

Yes_____          No_____

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8: _____

11.   **For only those claims you marked in response to questions 7, 8, 9, and 10, has EMC proven that it is more likely than not that Zerto knew that the component from question 7 was especially made or adapted for use in an infringing manner?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 11; if "yes" please mark any claim for which Zerto had knowledge that the component from question 6 was especially made or adapted for use in an infringing manner.**

Yes_____      No_____

Claim 1: _____       Claim 2: _____       Claim 4: _____

Claim 8: _____

---

12.   **For only those claims you marked in response to questions 7, 8, 9, 10, and 11, has EMC proven that it is more likely than not that Zerto intended to cause the single entity above to directly infringe any claim of the '395 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 11; if "yes" please mark any such claim.**

Yes_____      No_____

Claim 1: _____       Claim 2: _____       Claim 4: _____

Claim 8: _____

---

13.    **For only those claims you marked in response to questions 7, 8, 9, 10, 11 and 12, has EMC proven that that it is more likely than not that Zerto contributorily infringed any claim of the '395 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 11; if "yes" please mark any such claim.**

Yes_____          No_____

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8: _____

# U.S. Patent Number 7,971,091 (the '091 patent)

**Induced Infringement Of The '091 Patent**

1. **Has EMC proven that it is more likely than not that each and every element of any claim of the '091 patent is met by a single entity other than Zerto?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   **If you check "no" please skip to Page 18; if "yes" please mark any claim for which each and every element is met.**

   Yes_____         No_____

   Claim 1: _____        Claim 5: _____

---

2. **For only those claims you marked in response to question 1, has EMC proven that it is more likely than not that Zerto instructed or aided the single entity above in directly infringing any claim of the '091 patent?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   **If you check "no" please skip to Page 14; if "yes" please mark any such claim.**

   Yes_____         No_____

   Claim 1: _____        Claim 5: _____

3.      For only those claims you marked in response to question 2, has EMC proven that it is more likely than not that Zerto knew of the '091 patent when it instructed or aided the single entity above in directly infringing any claim of the '091 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 14; if "yes" please mark any such claim.**

Yes_____          No_____

Claim 1: _____        Claim 5: _____

_____

4.      For only those claims you marked in response to question 3, has EMC proven that it is more likely than not that Zerto knew that its actions would actually cause the single entity above to directly infringe any claim of the '091 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 14; if "yes" please mark any such claim.**

Yes_____          No_____

Claim 1: _____        Claim 5: _____

5.   **For only those claims you marked in response to question 4, has EMC proven that it is more likely than not that Zerto intended to cause the single entity above to directly infringe any claim of the '091 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 14; if "yes" please mark any such claim.**

Yes_____          No_____

Claim 1: _____        Claim 5: _____

_____

6.   **For only those claims you marked in response to question 5, has EMC proven that it is more likely than not that Zerto induced infringement of any claim of the '460 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 14; if "yes" please mark any such claim:**

Yes_____          No_____

Claim 1: _____        Claim 5: _____

### Contributory Infringement Of The '091 Patent

7. **If you answered YES to question 1, has EMC proven that it is more likely than not that Zerto supplied the single entity above with an important component of a product that directly infringes any claim of the '091 patent?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   **If you check "no" please skip to Page 18; if "yes" please mark any such claim.**

   Yes_____          No_____

   Claim 1: _____          Claim 5: _____

---

8. **For only those claims you marked in response to question 7, has EMC proven that it is more likely than not that the component supplied by Zerto in question 7 has no substantial non-infringing uses?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   **If you check "no" please skip to Page 18; if "yes" please mark any claim for which the component from question 6 is not a common component.**

   Yes_____          No_____

   Claim 1: _____          Claim 5: _____

---

9.      For only those claims you marked in response to questions 7 and 8, has EMC proven that it is more likely than not that Zerto supplied the component from question 7 with knowledge of the '091 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 18; if "yes" please mark any claim for which Zerto supplied the component from question 6 with knowledge of the '091 patent.**

Yes_____          No_____

Claim 1: _____          Claim 5: _____

10.     For only those claims you marked in response to questions 7, 8, and 9, has EMC proven that it is more likely than not that the component Zerto supplied constitutes a material part of the directly infringing product?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 18; if "yes" please mark any such claim.**

Yes_____          No_____

Claim 1: _____          Claim 5: _____

11.   **For only those claims you marked in response to questions 7, 8, 9, and 10, has EMC proven that it is more likely than not that Zerto knew that the component from question 7 was especially made or adapted for use in an infringing manner?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 18; if "yes" please mark any claim for which Zerto had knowledge that the component from question 6 was especially made or adapted for use in an infringing manner.**

Yes_____          No_____

Claim 1: _____     Claim 5: _____

12.   **For only those claims you marked in response to questions 7, 8, 9, 10, and 11, has EMC proven that it is more likely than not that Zerto intended to cause the single entity above to directly infringe any claim of the '091 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 18; if "yes" please mark any such claim.**

Yes_____          No_____

Claim 1: _____     Claim 5: _____

13. **For only those claims you marked in response to questions 7, 8, 9, 10, 11 and 12, has EMC proven that it is more likely than not that Zerto contributorily infringed any claim of the '091 patent?**

    *Checking "yes" below indicates a finding for EMC.*
    *Checking "no" below indicates a finding for Zerto.*

    ***If you check "no" please skip to Page 18; if "yes" please mark any such claim.***

    Yes_____       No_____

    Claim 1: _____       Claim 2: _____       Claim 4: _____

    Claim 8: _____

JURY VERDICT FORM -- PATENT INFRINGEMENT

# U.S. Patent Number 7,577,867 ("the '867 patent")

**Direct Infringement of the '867 Patent**

1. **Has EMC proven that it is more likely than not that each and every element of claim 45 of the '867 patent is present in Zerto's Virtual Replication Software?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   Yes_____          No_____

---

**Induced Infringement Of The '867 Patent**

2. **Has EMC proven that it is more likely than not that each and every element of claim 45 of the '867 patent is met by a single entity other than Zerto?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   *If you check "no" for questions 1 and 2 please skip to Page 24.*

   Yes_____          No_____

---

3. **If you answered YES to question 2, has EMC proven that it is more likely than not that Zerto instructed or aided the single entity above in directly infringing claim 45 of the '867 patent?**

   *Checking "yes" below indicates a finding for EMC.*
   *Checking "no" below indicates a finding for Zerto.*

   *If you check "no" for questions 1 and 3 please skip to Page 24.*

   Yes_____          No_____

---

4.      If you answered YES to questions 2 and 3, has EMC proven that it is more likely than not that Zerto knew of the '867 patent when Zerto instructed or aided the single entity above in directly infringing claim 45 of the '867 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" for questions 1 and 4 please skip to Page 24.**

Yes_____          No_____

5.      If you answered YES to questions 2, 3, and 4, has EMC proven that it is more likely than not that Zerto knew that its actions would actually cause the single entity above to directly infringe claim 45 of the '867 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" for questions 1 and 5 please skip to Page 24.**

Yes_____          No_____

6.      If you answered YES to questions 2, 3, 4, and 5, has EMC proven that it is more likely than not that Zerto intended to cause the single entity above to directly infringe claim 45 of the '867 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" for questions 1 and 5 please skip to Page 24.**

Yes_____          No_____

JURY VERDICT FORM -- PATENT INFRINGEMENT

7.   **If you answered YES to questions 2, 3, 4, 5, and 6, has EMC proven that it is more likely than not that Zerto induced infringement of claim 45 of the '867 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" for questions 1 and 7 please skip to Page 24.**

Yes_____          No_____

<u>**Willful Infringement of the '867 Patent**</u>[1]

8.      **If you answered YES to questions 1 or 7 above, has EMC proven that it is highly probable from an objective point of view that the defenses put forth by Zerto failed to raise any substantial question as to the infringement of claim 45 of the '867 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 24.**

Yes_____          No_____

9.      **If you answered YES to question 8, has EMC proven that it is highly probable from an objective point of view that the defenses put forth by Zerto failed to raise any substantial question as to the validity of claim 45 of the '867 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 24.**

Yes_____          No_____

---

[1] EMC has only pled willful infringement of the '867 patent. Should the Court allow EMC to allege willful infringement of any other patent, Zerto reserves the right to propose comparable language to that herein for each other such patent.

**10.**   **If you answered YES to questions 8 and 9, has EMC proven that it is highly probable from an objective point of view that the defenses put forth by Zerto failed to raise any substantial question as to the enforceability of claim 45 of the '867 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 24.**

Yes_____          No_____

---

**11.**   **If you answered YES to questions 8, 9 and 10, has EMC proven that it is highly probable that Zerto actually knew that its actions constituted infringement of a valid and enforceable patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 24.**

Yes_____          No_____

---

12.   **If you answered YES to questions 8, 9, 10 and 11, has EMC proven by clear and convincing evidence that Zerto willfully infringed claim 45 of the '867 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____        No_____

_____

# U.S. Patent Number 6,073,222 (the '222 patent)

## Induced Infringement Of The '222 Patent

1.   **Has EMC proven that it is more likely than not that each and every element of claim 1 of the '222 patent is met by a single entity other than Zerto?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 31.**

Yes_____          No_____

---

2.   **If you answered YES to question 1, has EMC proven that it is more likely than not that Zerto instructed or aided the single entity above in directly infringing claim 1 of the '222 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 27.**

Yes_____          No_____

---

3.      If you answered YES to questions 1 and 2, has EMC proven
that it is more likely than not that Zerto knew of the '222
patent when it instructed or aided the single entity above in
directly infringing claim 1 of the '222 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 27.**

Yes_____          No_____


4.      If you answered YES to questions 1, 2, and 3, has EMC proven
that it is more likely than not that Zerto knew that its actions
would actually cause the single entity above to directly infringe
claim 1 of the '222 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 27.**

Yes_____          No_____


5.      If you answered YES to questions 1, 2, 3, and 4, has EMC
proven that it is more likely than not that Zerto intended to
cause the single entity above to directly infringe claim 1 of the
'222 patent?

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 27.**

Yes_____          No_____

6.    **If you answered YES to questions 1, 2, 3, 4, and 5, has EMC proven that it is more likely than not that Zerto induced infringement of claim 1 of the '222 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

---

<u>**Contributory Infringement Of The '222 Patent**</u>

**7.**    **If you answered YES to question 1, has EMC proven that it is more likely than not that Zerto supplied the single entity above with an important component of a product that directly infringes claim 1 of the '222 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 31.**

Yes_____          No_____

---

**8.**    **If you answered YES to question 7, has EMC proven that it is more likely than not that the component supplied by Zerto in question 7 has no substantial non-infringing uses?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 31.**

Yes_____          No_____

---

9.      If you answered YES to questions 7 and 8, has EMC proven
        that it is more likely than not that Zerto supplied the
        component from question 7 with knowledge of the '222 patent?

        *Checking "yes" below indicates a finding for EMC.*
        *Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 31.**

        Yes_____          No_____

10.     If you answered YES to questions 7, 8, and 9, has EMC proven
        that it is more likely than not that the component Zerto
        supplied constitutes a material part of the directly infringing
        product?

        *Checking "yes" below indicates a finding for EMC.*
        *Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 31.**

        Yes_____          No_____

11.   **If you answered YES to questions 7, 8, 9, and 10, has EMC proven that it is more likely than not that Zerto knew that the component from question 7 was especially made or adapted for use in an infringing manner?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 31.**

Yes_____          No_____

12.   **If you answered YES to questions 7, 8, 9, 10, and 11, has EMC proven that that it is more likely than not that Zerto intended to cause the single entity above to directly infringe claim 1 of the '222 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 31.**

Yes_____          No_____

**13.**     **If you answered YES to questions 7, 8, 9, 10, 11 and 12, has EMC proven that that it is more likely than not that Zerto contributorily infringed claim 1 of the '222 patent?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

**If you check "no" please skip to Page 31; if "yes" please mark any such claim.**

Yes_____          No_____

# U.S. Patent Number 7,647,460 (the '460 patent)

**Anticipation Of The '460 Patent**

      **1.**      **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '460 patent is anticipated by U.S. Patent Number 5,991,813 ("Zarrow")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____                    No_____

***Please check all claims you find anticipated by Zarrow:***

Claim 1: _____         Claim 30: _____         Claim 32: _____

Claim 37: _____         Claim 38: _____         Claim 40: _____

Claim 42: _____         Claim 44: _____         Claim 45: _____

---

      **2.**      **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '460 patent is anticipated by U.S. Patent Number 6,073,209 ("Bergsten")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____                    No_____

***Please check all claims you find anticipated by Bergsten:***

Claim 1: _____         Claim 30: _____         Claim 32: _____

Claim 37: _____         Claim 38: _____         Claim 40: _____

Claim 42: _____         Claim 44: _____         Claim 45: _____

**Obviousness Of The '460 Patent**

3.    **Has Zerto proven by clear and convincing evidence that any Asserted Claim of the '460 patent would have been obvious over the combination of U.S. Patent Number 6,073,209 ("Bergsten"), U.S. Patent Number 5,991,813 ("Zarrow"), and U.S. Patent Number 5,544,347 ("Yanai")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

*Please check all claims you find obvious in view of Bergsten, Zarrow and Yanai:*

Claim 1: _____        Claim 30: _____        Claim 32: _____

Claim 37: _____        Claim 38: _____        Claim 40: _____

Claim 42: _____        Claim 44: _____        Claim 45: _____

JURY VERDICT FORM -- PATENT INVALIDITY

# U.S. Patent Number 7,603,395 (the '395 patent)

**Anticipation Of The '395 Patent**

1.  **Has Zerto proven by clear and convincing evidence that any Asserted Claim of the '395 patent is anticipated by U.S. Patent Number 7,720,817 ("Stager II")?**

    *Checking "yes" below indicates a finding for Zerto.*
    *Checking "no" below indicates a finding for EMC.*

    Yes_____          No_____

    **Please check all claims you find anticipated by Stager II:**

    Claim 1: _____          Claim 2: _____          Claim 4: _____

    Claim 8:_____

2.  **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '395 patent is anticipated by U.S. Patent Number 7,421,617 ("Anderson")?**

    *Checking "yes" below indicates a finding for Zerto.*
    *Checking "no" below indicates a finding for EMC.*

    Yes_____          No_____

    **Please check all claims you find anticipated by Anderson:**

    Claim 1: _____          Claim 2: _____          Claim 4: _____

    Claim 8:_____

3.   **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '395 patent is anticipated by U.S. Patent Number 7,577,867 ("Lewin")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

*Please check all claims you find anticipated by Lewin:*

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8:_____

---

**Obviousness Of The '395 Patent**

4.   **Has Zerto proven by clear and convincing evidence that any Asserted Claim of the '395 patent would have been obvious over The RecoveryONE Solution Architecture Guide ("Mendocino") and EMC Legato Networker PowerSnap Module for EMC Symmetrix DMX Version 2.1 Installation and Administrator's Guide ("NetWorker")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

*Please check all claims you find obvious in view of Mendocino and NetWorker:*

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8: _____

JURY VERDICT FORM -- PATENT INVALIDITY

5.   **Has Zerto proven by clear and convincing evidence that any Asserted Claim of the '395 patent would have been obvious over the combination of U.S. Patent Number 7,720,817 ("Stager II") and EMC Legato Networker PowerSnap Module for EMC Symmetrix DMX Version 2.1 Installation and Administrator's Guide ("NetWorker")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

***Please check all claims you find obvious in view of Stager II and NetWorker:***

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8:_____

---

6.   **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '395 patent would have been obvious in view U.S. Patent Number 7,421,617 ("Anderson") and EMC Legato Networker PowerSnap Module for EMC Symmetrix DMX Version 2.1 Installation and Administrator's Guide ("NetWorker")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

***Please check all claims you find obvious in view of Anderson and NetWorker:***

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8:_____

7.    **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '395 patent would have been obvious over U.S. Patent Number 7,577,867 ("Lewin")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

*Please check all claims you find obvious in view of Lewin:*

Claim 1: _____          Claim 2: _____          Claim 4: _____

Claim 8:_____

# U.S. Patent Number 7,791,091 (the '091 patent)

### Anticipation Of The '091 Patent

**1.**    **Has Zerto proven by clear and convincing evidence that any Asserted Claim of the '091 patent is anticipated by U.S. Patent Number 7,720,817 ("Stager II")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

***Please check all claims you find anticipated by Stager II:***

Claim 1: _____          Claim 5: _____

_____

**2.**    **Has Zerto proven by clear and convincing evidence that any Asserted Claim of the '091 patent is anticipated by U.S. Patent Number 7,421,617 ("Anderson")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

***Please check all claims you find anticipated by Anderson:***

Claim 1: _____          Claim 5: _____

3.   **Has Zerto proven by clear and convincing evidence that any Asserted Claim of the '091 patent is anticipated by U.S. Patent Number 7,577,867 ("Lewin")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____                    No_____

*Please check all claims you find anticipated by Lewin:*

Claim 1: _____          Claim 5: _____

---

## Obviousness Of The '091 Patent

4.   **Has Zerto proven by clear and convincing evidence that any Asserted Claim of the '091 patent would have been obvious over The RecoveryONE Solution Architecture Guide ("Mendocino") and EMC Legato Networker PowerSnap Module for EMC Symmetrix DMX Version 2.1 Installation and Administrator's Guide ("NetWorker")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____                    No_____

*Please check all claims you find obvious in view of Mendocino and NetWorker:*

Claim 1: _____          Claim 5: _____

**5.** **Has Zerto proven by clear and convincing evidence that any Asserted Claim of the '091 patent would have been obvious over the combination of U.S. Patent Number 7,720,817 ("Stager II") and EMC Legato Networker PowerSnap Module for EMC Symmetrix DMX Version 2.1 Installation and Administrator's Guide ("NetWorker")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

***Please check all claims you find obvious in view of Stager II and NetWorker:***

Claim 1: _____          Claim 5: _____

---

**6.** **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '091 patent would have been obvious in view U.S. Patent Number 7,421,617 ("Anderson") and EMC Legato Networker PowerSnap Module for EMC Symmetrix DMX Version 2.1 Installation and Administrator's Guide ("NetWorker")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____          No_____

***Please check all claims you find obvious in view of Anderson and NetWorker:***

Claim 1: _____          Claim 5: _____

JURY VERDICT FORM -- PATENT INVALIDITY

**6.**     **Has Zerto proven, by clear and convincing evidence, that any Asserted Claim of the '091 patent would have been obvious over U.S. Patent Number 7,577,867 ("Lewin")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____                 No_____

***Please check all claims you find obvious in view of Lewin:***

Claim 1: _____        Claim 5: _____

# U.S. Patent Number No. 7,577,867 ("the '867 patent")

**Invalidity Due To Sale Or Public Use**

4.    **Has Zerto proven by clear and convincing evidence that Kashya's KBX4000 product included every element of claim 45 of the '867 patent?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____            No_____

---

2.    **If you answered YES to question 1, has Zerto proven by clear and convincing evidence that Kashya's KBX4000 product was on sale or in public use before February 17, 2005?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____            No_____

# U.S. Patent Number 6,073,222 (the '222 patent)

**Anticipation Of The '222 Patent**

1. **Has Zerto proven by clear and convincing evidence that claim 1 of the '222 patent is anticipated by U.S. Patent Number 5,664,186 ("Bennett")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____   No_____

_____

2. **Has Zerto proven by clear and convincing evidence that claim 1 of the '222 patent is anticipated by Implementing Concurrent Copy ("Concurrent Copy")?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____   No_____

_____

3. **Has Zerto proven by clear and convincing evidence that claim 1 of the '222 patent is anticipated by "FreezeFrame"?**

*Checking "yes" below indicates a finding for Zerto.*
*Checking "no" below indicates a finding for EMC.*

Yes_____   No_____

# U.S. Patent Number No. 7,647,460 ("the '460 patent")

**If you find that the '460 Patent is valid and is indirectly infringed by Zerto, Has EMC proven by a preponderance of the evidence that it is entitled to monetary damages resulting from Zerto's indirect infringement?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

# U.S. Patent Number No. 7,603,395 ("the '395 patent")

      **If you find that the '395 Patent is valid and indirectly infringed by Zerto, Has EMC proven by a preponderance of the evidence that it is entitled to monetary damages resulting from Zerto's indirect infringement?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

JURY VERDICT FORM -- PATENT DAMAGES

# U.S. Patent Number No. 7,791,091 ("the '091 patent")

       **If you find that the '091 Patent is valid and indirectly infringed by Zerto, Has EMC proven by a preponderance of the evidence that it is entitled to monetary damages resulting from Zerto's indirect infringement?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

---

JURY VERDICT FORM -- PATENT DAMAGES

# U.S. Patent Number No. 7,577,867 ("the '867 patent")

**If you find that the '867 Patent is valid and directly or indirectly infringed by Zerto, Has EMC proven by a preponderance of the evidence that it is entitled to monetary damages resulting from Zerto's direct or indirect infringement?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

JURY VERDICT FORM -- PATENT DAMAGES

# U.S. Patent Number No. 6,073,222 ("the '222 patent")

**If you find that the '222 Patent was valid and indirectly infringed by Zerto, Has EMC proven by a preponderance of the evidence that it is entitled to monetary damages resulting from Zerto's indirect infringement?**

*Checking "yes" below indicates a finding for EMC.*
*Checking "no" below indicates a finding for Zerto.*

Yes_____          No_____

**If you answered YES to one or more questions above, please state the amount of damages that you find EMC has proven it is entitled to by a preponderance of the evidence:**

Damages:  $_____

**SCHEDULE I(iii)-1:**

**EMC'S PROPOSED VOIR DIRE QUESTIONS**

Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call *voir dire*. The purpose of the *voir dire* examination is:

(a)     to enable the court to determine whether or not any prospective juror should be excused for cause;

(b)     to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges – that is, challenges for which counsel need not give a reason.

**Staff introduced.**

**Panel sworn.**

**I.      JUROR'S RELATIONSHIP WITH THE PARTIES, COUNSEL OR WITNESSES**

This case is an action for patent infringement arising under the patent laws of the United States. The plaintiffs in this case are EMC Corporation and EMC Israel Development Center, Ltd. (or simply "EMC"). The defendant is Zerto, Inc. (or simply "Zerto"). For those of you selected to serve as jurors, I will give you more detailed instructions regarding the meaning of the word infringement once you are sworn-in as jurors and again at the conclusion of the trial. For now, I will simply tell you that EMC accuses Zerto of infringing five patents and seeks damages for that infringement. Zerto denies that it has infringed any of the five patents, and asserts that four of the five patents are invalid.

1.      Have you, a family member, or a close friend ever worked for either EMC or Zerto?

2.      Do you, a family member, or a close friend now own, or have you or any such member ever owned, any stocks or bonds in either EMC or Zerto?

3.   Have you, a family member, or a close friend had any dealings with, or relied financially in any way on, either EMC or Zerto?

4.   Have you, a family member, or a close friend had any experience with the products of any of those companies or otherwise have strong feelings, positive or negative, toward either EMC or Zerto?

**Counsel introduces themselves, their firms, etc.**

5.   Are you related to, or personally acquainted with, any of those attorneys, or have you ever been represented by any of those attorneys or other associates or members of the listed law firms?

6.   You have been given a list of the individuals who might appear as witnesses in this case.  Are you related to, or personally acquainted with, any of those individuals?

**II.   JUROR'S LEGAL KNOWLEDGE AND EXPERIENCE**

7.   Have you, a family member, or a close friend ever worked as a lawyer or in some other job in the legal field?

8.   Do you have any legal education or training?

9.   Have you, a family member, or a close friend been involved in any way in any type of lawsuit?

10.   Have you ever served as a juror in a civil lawsuit?

11.   Have you ever served as a juror in a criminal case or on a grand jury?

**III.   JUROR'S KNOWLEDGE AND EXPERIENCE WITH PATENTS**

12.   Have you, a family member, or a close friend ever worked at a company that was accused of infringing someone else's patent?

13.   Have you, a family member or a close friend ever worked at a company that accused someone else of infringing a patent owned by the company?

14. Have you, a family member or a close friend been involved in any way in patent infringement litigation?

15. Have you, a family member or a close friend ever applied for a patent?

16. Have you, a family member, or a close friend ever had any dealings with the United States Patent & Trademark Office?

17. Have you, a family member or close friend been involved in the negotiation of a patent license?

18. Do you have any strong opinions about a patent granting exclusive rights to the inventors or their employer?

19. Do you believe it would be wrong for a company to profit from its inventions or discoveries?

## IV. JUROR'S KNOWLEDGE REGARDING THE SUBJECT MATTER OF THE CASE

20. You have been given a list of subject areas. Have you ever been educated, employed, trained, or had any experience in any of the areas on the list?

21. How technically minded do you consider yourself?  Not at all?  A little?  Somewhat? Quite?  Very?

22. How interested are you in scientific and technical matters?  Not at all?  A little? Somewhat?  Quite?  Very?

23. Do you have any personal knowledge of this case, or have you read or heard it discussed, or have an opinion regarding it?

24. Do you **not** use computers or the Internet?

25. Do you have personal feelings about the prominence of computers in our modern society?  If so, what are they?

26. Do you have personal views about technology that is used to preserve electronic information?  If so, what are they?

27. Have you ever lost computer information due to a computer failure, virus or service disruption?

28. Do you have experience with computer software programs designed to preserve electronic information?  If so, what programs?

29. Do you have personal views about businesses that develop and sell computer software and services to preserve electronic information?  If so, what are they?

## V.    JUROR'S POTENTIAL BIASES

30. Have you or anyone close to you ever had an idea stolen from you?

31. Do you now or have you ever owned your own business?

32. Do you believe companies frequently try to infringe or violate the patent rights of other companies?

33. Do you have any strongly held opinions or views about whether large corporations behave or do not behave ethically?

34. Do you have any strongly held opinions or views about whether small start-up corporations behave or do not behave ethically?

35. Do you have any special disability or problem that would make it difficult or impossible for you to serve as a member of the jury in this case?

36. Do you know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?

**SCHEDULE I(iii)-2:**

**ZERTO'S PROPOSED VOIR DIRE QUESTIONS**

Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call voir dire.  The purpose of the voir dire examination is:

    (a)    to enable the court to determine whether or not any prospective juror should be excused for cause;

    (b)    to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges—that is, challenges for which counsel need not give a reason.

**Staff introduced.**

**Panel sworn.**

**I.**    **JUROR'S RELATIONSHIP WITH THE PARTIES, COUNSEL OR WITNESSES**

This case is an action for patent infringement.  The plaintiffs in this case are EMC Corporation and EMC Israel Development Center, Ltd. (or simply "EMC").  The defendant is Zerto, Inc. (or simply "Zerto").  For those of you selected to serve as jurors, I will give you more detailed instructions regarding the meaning of the word infringement once you are sworn-in as jurors and again at the conclusion of the trial.  For now, I will simply tell you that EMC accuses Zerto of infringing five patents and seeks damages for that infringement.  Zerto denies that it has infringed any of the five patents, and asserts that all five patents are invalid.

    1.    Please identify your name, age, the city in which you live, and your current job and employer.

    2.    Have you, a family member, or a close friend ever worked for either EMC or Zerto?

3.      Do you, a family member, or a close friend now own, or have you or any such member ever owned, any stocks or bonds in either EMC or Zerto?

4.      Have you, a family member, or a close friend had any dealings with, or relied financially in any way on, either EMC or Zerto?

5.      Have you, a family member, or a close friend had any experience with the products of either of those companies?

6.      Do you, a family member, or a close friend have positive, neutral, or negative opinions toward either EMC or Zerto?

7.      Have you, any member of your family, or a close friend ever been employed by a company which was involved in, or had a business relationship with the computer data backup industry?

**Counsel introduces themselves, their firms, etc.**

8.      Are you related to, or personally acquainted with anyone affiliated with one of the law firms or any of those attorneys present in the Courtroom today?

9.      You have been given a list of the individuals who might appear as witnesses in this case. Are you related to, or personally acquainted with, any of those individuals?

## II.    JUROR'S LEGAL KNOWLEDGE AND EXPERIENCE

10.     Have you, a family member, or a close friend ever worked as a lawyer or in some other job in the legal field?

11.     Do you have any legal education or training?

12.     Have you, a family member, or a close friend been involved in any way in any type of lawsuit?

13.    Have you ever served as a juror in a civil lawsuit?  If so, how many times, what was the case about, did the jury deliberate to verdict, and were you selected as foreperson of the jury?

14.    Have you ever served as a juror in a criminal case or on a grand jury?  If so, how many times, what was the case about, did the jury deliberate to verdict, and were you selected as foreperson of the jury?

15.    Please describe your knowledge of the data backup industry, and whether that knowledge has left you with a positive, negative, or neutral impression of the industry.

## III.    JUROR'S KNOWLEDGE AND EXPERIENCE WITH PATENTS

16.    Have you ever been involved in the development of a new product or process?

17.    Have you, a family member, or a close friend ever worked at a company that was accused of infringing someone else's patent?

18.    Have you, a family member, or a close friend ever worked at a company that accused someone else of infringing a patent owned by the company?

19.    Have you, a family member or a close friend been involved in any way in patent infringement litigation?  If so,

   a.    Did anything about that experience leave you with a positive, negative, or neutral impression of lawsuits, lawyers, or the court system?

   b.    Would that experience make it difficult for you to fairly and impartially evaluate the evidence and render a fair verdict in this case?

20.    Have you, a family member or a close friend, ever applied for a patent? If so, please describe your particular process and result.

21.    Have you, a family member, or a close friend ever been employed by or had any dealings with the United States Patent & Trademark Office?

22.    Have you, a family member or close friend been involved in the negotiation of a patent license?

23.    Do you have any strong opinions about a patent granting exclusive rights to the inventors or their employer?

IV.    **JUROR'S KNOWLEDGE REGARDING THE SUBJECT MATTER OF THE CASE**

24.    You have been given a list of subject areas.  Have you ever been educated, employed, trained, or had any experience in any of the areas on the list?

25.    How technically minded do you consider yourself?  Not at all?  A little? Somewhat?  Quite?  Very?

26.    How interested are you in scientific and technical matters?  Not at all?  A little? Somewhat?  Quite?  Very?

27.    Do you have any personal knowledge of this case, or have you read or heard it discussed, or have an opinion regarding it?

28.    Do you not use computers or the Internet?

29.    Do you have personal feelings about the prominence of computers in our modern society?  If so, what are they?

30.    Do you have personal views about technology that is used to preserve electronic information?  If so, what are they?

31.    Have you ever lost computer information due to a computer failure, virus or service disruption?

32.     Do you have experience with computer software programs designed to preserve electronic information?  If so, what programs?

33.     Do you have personal views about businesses that develop and sell computer software and services to preserve electronic information? If so, what are they?

## V.     JUROR'S POTENTIAL BIASES

34.     Have you or anyone close to you ever had an idea stolen from you or them?

35.     Do you now or have you ever owned your own business?

36.     Do you believe companies frequently try to infringe or violate the patent rights of other companies?

37.     Do you have any strongly held opinions or views about whether large corporations behave or do not behave ethically?

38.     Do you have any strongly held opinions or views about whether small start-up corporations behave or do not behave ethically?

39.     Have you lived your entire life in Delaware?  If not, how long have you lived here and where else have you lived in the last 10 years?

40.     Do you have any strong opinions or views regarding foreigners or ethnic people?

41.     Do you have any strong opinions or views regarding companies who operate in the United States but are headquartered in a foreign country?

42.     Do you have any strong feelings or views regarding the conflict surrounding the Israeli territory?

43.     Do you have any strong feelings or views regarding those who identify with religious groups?

44.     Have you or a member of your immediate family ever served in the military?

45.    Do you have any strong opinions or views regarding military life and life after the military?

46.    Do you have any special disability or problem that would make it difficult or impossible for you to serve as a member of the jury in this case?

47.    Do you know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?

**SCHEDULE J:**

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

EMC requests that the Court conduct a separate bench trial to address Zerto's allegations that U.S. Patent Nos. 7,577,867, 7,603,395 and 7,971,091 are unenforceable due to inequitable conduct, and Zerto requests that the Court conduct a bench trial to address EMC's allegations of willful infringement of the '867 patent.  EMC opposes Zerto's request for a bench trial on the issue of willfulness.  If the Court grants EMC's and/or Zerto's request(s), EMC and Zerto will submit proposed *Findings of Fact and Conclusions of Law* at a time set by the Court.

**SCHEDULE K:**

**SUMMARY OF HISTORY AND STATUS OF SETTLEMENT NEGOTIATIONS**

The parties have engaged in good-faith efforts to explore the resolution of this case by settlement. To date, no agreement has been reached.

On January 26, 2014, Zerto sent EMC a settlement proposal. EMC provided a counter-offer on March 11, 2014. Zerto rejected EMC's counter-offer on May 21, 2014. The parties have engaged in some discussions since May 2014, but those discussions have not led to a settlement.

This case was also referred to Magistrate Judge Burke for the purpose of exploring alternate dispute resolutions. Although teleconference calls with Magistrate Judge Burke were scheduled throughout the course of the litigation (D.I. 34, 41, 67), none was held because the parties did not believe such a teleconference would have been fruitful at the time.

At the present time, no further settlement negotiations are ongoing.

**SCHEDULE L:**

**STATEMENT THAT EACH PARTY HAS COMPLETED DISCOVERY**

Each party has completed discovery, including the depositions of expert witnesses, with the exception of the updating of damages for the period subsequent to that addressed by the parties' damages experts.  EMC included two witnesses on its witness list, Christos Karamanolis and Barbara Robidoux, who were identified in a supplemental interrogatory response served by EMC prior to the close of the fact discovery period and who were not listed on EMC's Initial Disclosures.  Zerto objects to the appearance of any witness to testify at trial who was not adequately disclosed during the discovery period.  However, if the Court does permit EMC to call witnesses who were not identified until the end of the discovery period, Zerto requests the opportunity to depose such witnesses at least two weeks in advance of trial.

With the exception of the above issues concerning discovery related to the updating of expert damages calculations for the period subsequent to that addressed by the parties' damages experts and the belated identification of proposed trial witnesses by EMC, no further discovery shall be permitted absent good cause shown.

**SCHEDULE M-1:**

**EMC'S LIST OF EVIDENTIARY OBJECTIONS**

EMC intends to raise the evidentiary issues listed below at the pretrial conference. EMC

reserves the right to raise additional evidentiary issues as may be required by the Court's

decisions on any issues raised by Zerto, or by any events or developments occurring between the

filing of this Pretrial Order on March 30, 2015, and the pretrial conference presently scheduled

for April 7, 2015. EMC reserves the right to raise further evidentiary issues at trial based on

events or developments after the April 7, 2015 pretrial conference or during the course of trial.

1.      Zerto should not be permitted to proffer any testimony or introduce any evidence

regarding EMC's decision to withdraw U.S. Patent Nos. 7,516,287 and 7,849,361 from the case.

2.      Zerto should not be permitted to proffer any testimony, introduce any evidence or

otherwise refer to its inequitable conduct allegations concerning U.S. Patents Nos. 7,577,867,

7,603,395, and 7,971,091, an issue of law reserved for the Court.

3.      Zerto should not be permitted to proffer any testimony, introduce any evidence or

otherwise refer to EMC's request for a permanent injunction.

4.      Zerto should not be permitted to proffer expert testimony from any witness other

than Mr. Russell Parr and Dr. Erez Zadok because they are the only individuals identified

pursuant to Federal Rule of Civil Procedure 26(a)(2).

5.      Pursuant to Federal Rule of Evidence 702, Zerto's purported damages expert,

Mr. Russell Parr, should not be permitted to offer affirmative expert testimony regarding a

reasonable royalty rate(s) that the parties would have agreed to in a hypothetical negotiation

because any purported affirmative opinion in his expert report is not the "product of reliable

principles or methods" and/or is not based on "sufficient facts or data."

6.      Pursuant to Federal Rule of Evidence 702, Zerto's purported technical expert, Dr. Erez Zadok, should not be permitted to testify that the accused software product does not infringe the Asserted Patents because his testimony is not "based on sufficient facts or data." Specifically, Dr. Zadok neither inspected the source code for the accused product nor used the accused product despite ███████████████████████████████████████████ ███████████████████████████████

7.      Pursuant to Federal Rule of Evidence 702, Zerto's purported technical expert, Dr. Erez Zadok, should not be permitted to offer expert testimony that the KBX4000 product anticipates claim 45 of the '867 patent because his testimony is not "the product of reliable principles and methods."

## SCHEDULE M-2:

## ZERTO'S LIST OF EVIDENTIARY OBJECTIONS

Zerto intends to raise the evidentiary issues listed below at the pretrial conference.  Zerto reserves the right to raise additional evidentiary issues as may be required by the Court's decisions on any issues raised by EMC, or by any events or developments occurring between the filing of this Pretrial Order on March 30, 2015, and the pretrial conference presently scheduled for April 7, 2015.  Zerto reserves the right to raise further evidentiary issues at trial based on events or developments after the April 7, 2015 pretrial conference or during the course of trial.

1.      EMC should not be permitted to call witnesses to testify at trial who were first identified by EMC in supplemental interrogatory responses served on the last day of the fact discovery period and who were never identified by EMC in its Initial Disclosures with the information required by F.R.C.P. 26(a).

2.      EMC should not be permitted to proffer any testimony, introduce any evidence, or otherwise refer to any Director or employee of Zerto having been formerly employed by or affiliated with EMC.  Such evidence is irrelevant to any issue in this case and would be unfairly prejudicial to Zerto.

3.      EMC should not be permitted to proffer any testimony, introduce any evidence, or otherwise refer to EMC's acquisition of Kahsya, Inc. or the amount of money that EMC paid to acquire Kashya, Inc.  Such evidence is irrelevant to any issue in this case and would be unfairly prejudicial to Zerto.

4.      EMC should not be permitted to proffer any testimony, introduce any evidence or otherwise refer to Ziv Kedem's and/or Oded Kedem's positions at Kashya, Inc. or money earned by Ziv Kedem or Odem Kedem through the acquisition of Kashya, Inc. by EMC.  Such evidence is irrelevant to any issue in this case and would be unfairly prejudicial to Zerto.

5. EMC should not be permitted to proffer any testimony, introduce any evidence, or otherwise refer to EMC's "Santorini" project, or any other similar EMC or VMWare project, because such evidence is not relevant to any issue in this case and such evidence would be unfairly prejudicial to Zerto, a waste of time, and confusing to the jury.

6. EMC should not be permitted to proffer any testimony, introduce any evidence or otherwise refer to the registration of the Internet domain www.zertodata.com, including by attempting to introduce or refer to any records obtained from GoDaddy, Inc. or by presenting the testimony of any representative of GoDaddy, Inc. Such testimony or argument would be irrelevant to any issue in this case and it would be unfairly prejudicial to Zerto, a waste of time, and confusing to the jury.

7. Pursuant to Federal Rule of Evidence 702, EMC's purported damages expert, Mr. Green, should not be permitted to offer expert opinion testimony regarding damages because the opinions expressed in his expert report are not the "product of reliable principles or methods."

8. EMC's technical expert, Mr. Jestice should not be permitted to provide any testimony or offer any opinions that are not contained in his expert report.

9. EMC should not be permitted to proffer any testimony, introduce any evidence or otherwise argue or refer to any allegation of infringement of the '867 patent under the doctrine of equivalents, except in response to an argument that claim 45 must be read to preclude a component of the DPA and/or DPA manager from being present on the protected host device. EMC did not allege infringement of the '867 patent under the doctrine of equivalents generally, and EMC's technical expert, Mr. Jestice, has limited his doctrine of equivalents opinion to the aforementioned issue.

10.     EMC should not be entitled to a jury trial on issues of patent invalidity or infringement.

# ATTACHMENT A

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0001** | 6/6/2000 | Certified copy of U.S. Patent No. 6,073,222 (Ohran) | EMC_0198737-EMC_0198768 | R. Ohran Exhibit 1<br>M. Ohran Exhibit 3<br>Jestice Exhibit 7 | 106, 403, 901, 1002 | Exhibit is complete, 403 N/A,[1] NCBA,[2] 901(b), 902, 1003/1004 |
| **PX0002** | 8/18/2009 | Certified copy of U.S. Patent No. 7,577,867 B2 (Lewin, et al.) | EMC_0198789-EMC_0198822 | Jestice Exhibit 14 | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |
| **PX0003** | 10/13/2009 | Certified copy of U.S. Patent No. 7,603,395 B1 (Bingham, et al.) | EMC_0198701-EMC_0198720 | Rokicki Exhibit 3<br>Bingham Exhibit 3<br>Jones Exhibit 3<br>Chen Exhibit 3<br>Jestice Exhibit 13<br>Zadok Exhibit 14 | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |
| **PX0004** | 1/12/2010 | Certified copy of U.S. Patent No. 7,647,460 B1 (Wilson, et al.) | EMC_0198721-EMC_0198736 | Ting Exhibit 1<br>Wilson Exhibit 1<br>Burke Exhibit 7<br>Jestice Exhibit 6<br>Zadok Exhibit 9 | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |

---

[1]  "403 N/A" indicates that FRE 403 objections should not be sustained and that Zerto's objections as stated fail to identify any unfair prejudice, confusion, misleading of the jury, undue delay, waste of time, or cumulativeness that the exhibit allegedly might pose.

[2]  "NBCA" indicates that Zerto has not identified any basis to challenge the authenticity of the exhibit and/or has not identified any basis to believe that the exhibit could not be properly authenticated by one or more of the EMC or Zerto fact witnesses identified in Schedules D-1, D-2, F-1, or F-2.

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0005** | 6/28/2011 | Certified copy of U.S. Patent No. 7,971,091 (Bingham, et al.) | EMC_0198769-EMC_0198788 | Rokicki Exhibit 2 Bingham Exhibit 2 Jones Exhibit 2 Chen Exhibit 4 | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |
| **PX0006** | | Certified File History for U.S. Patent No. 6,073,222 (Ohran) | EMC_0185861-EMC_0189427 | | 106, 403, 901, 1002 | Exhibit is complete, 403 N/A, NCBA, 902, 1003/1004 |
| **PX0007** | | Certified File History for U.S. Patent No. 7,577,867 (Lewin, et al.) | EMC_0184069-EMC_0184657 | | 901, 1002 | NCBA, 902, 1003/1004 |
| **PX0008** | | Certified File History for U.S. Patent No. 7,603,395 (Bingham, et al.) | EMC_0185501-EMC_0185860 | | 901, 1002 | NCBA, 902, 1003/1004 |
| **PX0009** | | Certified File History for U.S. Patent No. 7,647,460 (Wilson, et al.) | EMC_0183412-EMC_0184067 | | 106, 901, 1002 | Exhibit is complete, NCBA, 902, 1003/1004 |
| **PX0010** | | Certified File History for U.S. Patent No. 7,971,091 (Bingham, et al.) | EMC_0184659-EMC_0185499 | | 901, 1002 | NCBA, 902, 1003/1004 |
| **PX0011** | 12/12/1997 | Certified copy of Assignment of U.S. Appl. No. 08/935,844 from Robert Wilson, Dennis P.J. Ting and Mehamood Hosein to EMC Corporation | EMC_0055507-EMC_0055511 | | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0012** | 7/31/2000 | Certified copy of Assignment of U.S. Appl. Nos. 09/271,585; 09/165,180; 09/268,739; 09/225,486; and 09/455,072; and U.S. Patent Nos. 5,978,565; 5,649,152; 5,835,953; and 5,812,748 from Vinca Corporation to Legato Systems, Inc. | EMC_0055512-EMC_0055517 | | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |
| **PX0013** | 9/26/2000 | Certified copy of Assignment of U.S. Appl. Nos. 09/271,585; 09/165,180; 09/268,739; 09/225,486; and 09/455,072; and U.S. Patent Nos. 5,978,565; 5,649,152; 5,835,953; and 5,812,748 from Vinca Corporation to Legato Systems, Inc. | EMC_0055518-EMC_0055526 | | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |
| **PX0014** | 9/6/2000 | Certified copy of Assignment of U.S. Patent No. 6,073,222 from Michael Ohran to Legato Systems, Inc. | EMC_0055527-EMC_0055534 | | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |
| **PX0015** | 11/24/2003 | Certified copy of recordation of Merger between Legato Systems, Inc. and EMC Corporation | EMC_0055535-EMC_0055541 | | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |
| **PX0016** | 5/3/2006 | Certified copy of Assignment of U.S. Patent Appl. No. 11/381,347, from Scott Forrest Bingham, Upanshu Singhai, John C. Rokicki, Matthew D. Buchman, and Venkathesha Murthy to EMC Corporation | EMC_0055542-EMC_0055551 | | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0017 | 5/15/2006 | Certified Assignment Recordation Form and Assignment for U.S. Patent Appl. No. 11/356,920, from Michael Lewin, Yair Heller, Ziv Kedem, Shlomo Ahal, Assaf Natanzon, and Evgeny Drukh to Kashya, Ltd., signed on 5/2/2006 | EMC_0055552-EMC_0055555 | Ziv Kedem Exhibit 7 | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |
| PX0018 | 5/3/2006 | Certified copy of Assignment of U.S. Patent Appl. No. 11/381,343, from Scott Forrest Bingham, Upanshu Singhai, John C. Rokicki, Matthew D. Buchman, and Venkathesha Murthy to EMC Corporation | EMC_0055556-EMC_0055565 | | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |
| PX0019 | 11/21/2006 | Recordation of Kashya Name Change to EIDC | EMC_0006809-EMC_0006811 | | 901, 1002 | NCBA, 901(b), 902, 1003/1004 |
| PX0020 | 7/20/2012 | Original Complaint (D.I. #001) | | | 402, 403, Not Evidence | 401 (infringement),[3] 403 N/A |
| PX0021 | | ███████████████ | COLUMBIA000001-COLUMBIA000009 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703,[4] not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |

---

[3]    Responses to relevance objections set forth in parentheses the topic(s) to which the exhibit is relevant.  EMC has endeavored to identify the most relevant topic(s) for each exhibit, and EMC reserves the right to seek admission on grounds not listed.

[4]    As a courtesy, EMC has endeavored to identify all exhibits that may be disclosed under FRE 703.  EMC reserves the right to seek disclosure of any exhibit under FRE 703, consistent with the rules of court.

### SCHEDULE C-1:
### EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0022** | 3/3/2005 | D | COLUMBIA000010-COLUMBIA000025 | Parr Exhibit 4 Green Exhibit 2 | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0023** | 5/9/2006 | CTED | EMC_0006865-EMC_0006877 | Kedem, Oded - Exhibit 21 | 402, 403, 802, 901, 1002 | 401 (infringement), 403 N/A, not hearsay, NCBA, 901(b), 1003/1004 |
| **PX0024** | 5/23/2006 | | EMC_0006878-EMC_0006880 | Kedem, Oded - Exhibit 21 | 402, 403, 802, 901, 1002 | 401 (infringement), 403 N/A, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0025** | 3/26/2006 | D | EMC_0006881-EMC_0006888 | Zadok Exhibit 4 | 402, 403, 802, 901 | 401 (infringement/validity), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0026** | 9/5/2002 | | EMC_0006898-EMC_0006899 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0027** | 11/21/2002 | | EMC_0006901-EMC_0006908 | | 402, 403, 802, 901, 1002 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0028** | 1/2/2003 | | EMC_0006918-EMC_0006936 | | 402, 403, 802, 901, 1002 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0029** | 2/27/2012 | | EMC_0006951-EMC_0006953 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0030** | 2/27/2012 | | EMC_0006954-EMC_0006955 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0031** | 2/22/2012 | | EMC_0006956-EMC_0006976 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0032** | 2011 | Zerto 2011 Datasheet -- "Hypervisor-Based, Enterprise-Class Replication and Continuous Data Protection" | EMC_0006985-EMC_0006986 | Ziv Kedem Exhibit 44 | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0033** | 2012 | Zerto 2012 Datasheet -- "Hypervisor-Based, Enterprise-Class Replication and Continuous Data Protection" | EMC_0006987-EMC_0006988 | Ziv Kedem Exhibit 43 | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0034** | 3/27/2012 | Simpson, Dave -- "Zerto covers all clouds with hypervisor-based replication for business continuity/DR" | EMC_0006989-EMC_0006992 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0035** | 2012 | Zerto White Paper -- "Hypervisor-based Replication, A New Approach to Business Continuity/Disaster Recovery" | EMC_0007003-EMC_0007008 and ZERTOoo28234-ZERTO0028239 | Zeiter Exhibit 25 Gill Exhibit 15 Kedem, Oded, Exhibit 1 Kedem, Ziv, Exhibit 49 | 402, 403, 802, 901, 1002 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b), 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0036** | 9/22/2011 | U.S. Patent Application Publication No. US2011/0231841 A1 | EMC_0007015-EMC_0007019 | Kedem, Oded Exhibit 10 | 402, 403, 901 | 401 (infringement), 403 N/A, NCBA, 901(b), 902 |
| **PX0037** | 2012 | Zerto White Paper -- "Protect Applications, Not Just Data, BC/DR for Virtualized Applications" | EMC_0007159-EMC_0007163 and ZERTOLTD0009745-ZERTOLTD0009749 | Zeiter Exhibit 26 Gill Exhibit 16 Kedem, Ziv, Exhibit 48 Kedem, Oded, Exhibit 4 Zadok Exhibit 12 | 402, 403, 802, 901, 1002 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0038** | 2012 | Zerto White Paper -- "A Comparison of Hypervisor-based Replication vs. Current and Legacy BC/DR Technologies" | EMC_0007164-EMC_0007170 | | 402, 403, 802, 901, 1002 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0039** | 4/3/2012 | Zerto Blog -- "Is the Hypervisor Now the Storage Array?" | EMC_0014784-EMC_0014785 and EMC_0054136-EMC_0054137 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0040** | 2/26/2013 | Zerto Press Release -- "Zerto Wides Technological Lead with Zerto Virtual Replication 3.0" | EMC_0015312-EMC_0015313 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0041** | | Zerto Datasheet -- "What's New – Zerto Virtual Replication 2.0" | EMC_0018259-EMC_0018262 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0042** | 1/21/2013 | Zerto Blog -- "5 Differences Between Zerto and SRM" | EMC_0018274-EMC_0018278 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0043** | 7/17/2012 | ███████████ | EMC_0018281-EMC_0018281 | | 402, 403, 802, 901, 1002 | 401 (infringement), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |

9

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0044** | 5/8/2006 | ██████ ED | EMC_0018282-EMC_0018334 | Lipka Exhibit 4 | 402, 403, 802, 901, 1002 | 401 (infringement), 403 N/A, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0045** | | ██████ TED | EMC_0020097-EMC_0020099 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0046** | Q1 '09 - 2014 | ██████ | | Burke Exhibit 12 | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |
| **PX0047** | 2009-2013 | ██████ ED     D | EMC_0022943-EMC_0022943 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |
| **PX0048** | 6/2/2011 | ██████ ACT ED | ZERTO_0023223-ZERTO_0023223 | | 402, 403, 602, 802, 901 | 401 (infringement), 403 N/A, 602 met,[5] 801(d), 803/804, 807, NCBA, 901(b) |

---

[5]   "602 met" means that a witness has demonstrated personal knowledge at deposition or can demonstrate personal knowledge at trial.

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0049** | 3/28/2006 - 3/31/2006 | █████████ | EMC_0029417-EMC_0029435 | Lipka Exhibit 2 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0050** | | █████████ | EMC_0029436-EMC_0029441 | Kedem, Oded - Exhibit 15 | 402, 403, 802, 901, 1002 | 401 (infringement), 403 N/A, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0051** | 10/12/2001 | █████████ | EMC_0029447-EMC_0029454 | | 402, 403, 802, 901, 1002 | 401 (infringement), 403 N/A, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0052** | 5/8/2006 | █████████ | EMC_0029463-EMC_0029474 | Ziv Kedem Exhibit 6 | 402, 403, 802, 901, 1002 | 401 (infringement), 403 N/A, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0053 | | | EMC_0029581-EMC_0029582 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0054 | | | EMC_0029676-EMC_0029686 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0055 | 9/18/2001 | | EMC_0036209-EMC_0036247 | | 402, 403, 802, 901 | 401 (validity/infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0056 | | | EMC_0050740-EMC_0051028 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0057 | | Zerto Website -- "About Us: Disaster Recovery and Business Continuity for a New World" | EMC_0053388-EMC_0053389 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |

12

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0058** | | Zerto Website -- "Hypervisor Replication" | EMC_0054055-EMC_0054056 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0059** | 5/29/2013 | Zerto Blog -- "Is  Synchronous Replication Enough?" | EMC_0054134-EMC_0054135 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0060** | 2/22/2012 | Zerto Blog -- "Protecting and Recovering Virtualized Applications is Challenging" | EMC_0054423-EMC_0054424 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0061** | 3/22/2012 | Zerto Blog -- "This Week in Disaster Recovery Vol. 2" | EMC_0054784-EMC_0054785 | Zadok Exhibit 13 | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0062** | | Zerto Datasheet -- "What's New – Zerto Virtual Replication 3.1" | EMC_0055114-EMC_0055115 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0063** | | Zerto Website -- "Business Continuity For Microsoft SQL Server" | EMC_0055154-EMC_0055155 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0064** | | Zerto Datasheet -- "What's New – Zerto Virtual Replication 3.0" | EMC_0055483-EMC_0055486 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0065** | | Zerto Website -- "Cloud Disaster Recovery is Finally Here!" | EMC_0055499-EMC_0055500 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0066** | 7/15/1997 | U.S. Patent No. 5,649,152 (Ohran, et al.) | EMC_0062843-EMC_0062856 | M. Ohran Exhibit 2 | 402, 403, 901 | 401 (infringement), 403 N/A, 703 NCBA, 901(b), 902 |
| **PX0067** | 12/10/2001 | ▉▉▉▉▉▉▉▉▉ | EMC_0165714-EMC_0165751 | | 402, 403, 802, 901 | 401 (validity/infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0068** | 8/15/2014 | Commonwealth of Massachusetts, Receipt for Filing of Zerto, Inc. Annual Report for FY 2013 | EMC_0189428-EMC_0189429 | Ziv Kedem Exhibit 12 Allerhand Exhibit 34 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b), 902 |
| **PX0069** | 3/28/2003 | Microsoft Documentation -- "How Volume Shadow Copy Service Works" | EMC_0189440-EMC_0189444 | Zadok Exhibit 11 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0070** | | Mirosoft Documentation -- Shadow Copy Creation for Providers | EMC_0189451-EMC_0189454 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0071** | | Microsoft Documentation -- Volume Shadow Copy Service | EMC_0189455- EMC_0189466 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0072** | 4/29/2005 | | EMC_0189505- EMC_0189520 | Clark Exhibit 5 | 402, 403, 802, 901, 1002 | 401 (infringement/damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0073** | 4/29/2005 | S | EMC_0189521- EMC_0189538 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0074** | 2/24/2003 | DD AA CC TT EE DD | EMC_0189539- EMC_0189552 | | 402, 403, 802, 901, 1002 | 401 (infringement/damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0075** | 2/24/2003 | ████████████ ACT ED | EMC_0189553-EMC_0189565 | Clark Exhibit 4 | 402, 403, 802, 901, 1002 | 401 (infringement/damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0076** | 3/19/1999 | ████████████ | EMC_0189566-EMC_0189581 | Clark Exhibit 2 | 402, 403, 802, 901, 1002 | 401 (infringement/damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0077** | 5/12/2000 | ████████████ | EMC_0189582-EMC_0189585 | Clark Exhibit 3 | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0078** | | Issue Paper: Data Center Efficiency Assessment | EMC_0189586-EMC_0189620 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0079** | 1/9/2006 | ██████ D | EMC_0189621-EMC_0189632 | Clark Exhibit 6 Parr Exhibit 6 Green Exhibit 4 | 402, 403, 802, 901, 1002 | 401 (infringement/damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0080** | 4/1/2014 | ██████ | EMC_0189633-EMC_0189633 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0081** | 2009-2014 | ██████ | EMC_0189634-EMC_0189634 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |
| **PX0082** | | ██████ | EMC_0189635-EMC_0189635 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |
| **PX0083** | | ██████ | EMC_0189636-EMC_0189636 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0084** | | ██████ D | EMC_0189638-EMC_0189638 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0085** | | VMware ESX and VMware ESXi Product Guide | EMC_0189639-EMC_0189644 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0086** | | VMware Virtual Machine File System:  Technical Overview and Best Practices | EMC_0189645-EMC_0189663 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0087** | | Zerto Datasheet -- "What's New – Zerto Virtual Replication 3.5" | EMC_0189670-EMC_0189671 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0088** | 10/24/2005 | PRNewswire -- "EMC RecoverPoint Spearheads New Information Protection Software" | EMC_0189672-EMC_0189678 | | 402, 403, 802, 901 | 401 (infringement/validity), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0089** | 10/24/2005 | InfoStor -- "EMC 'Validates' CDP" | EMC_0189679-EMC_0189681 | | 402, 403, 802, 901 | 401 (infringement/validity), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0090** | 10/31/2005 | Windows IT Pro -- "Windows IT Pro Storage UPDATE--A New CDP Choice" | EMC_0189709-EMC_0189715 | | 402, 403, 802, 901 | 401 (infringement/validity), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0091** | 11/12/2009 | | EMC_0189723-EMC_0189729 | Ziv Kedem Exhibit 9 | 402, 403, 604, 802, 901 | 401 (infringement), 403 N/A, 604 met, 801(d), 803/804, 807, 901(b) |
| **PX0092** | 11/21/2014 | | EMC_0197709-EMC_0197709 | Ziv Kedem Exhibit 9 | 402, 403, 604, 802, 901 | 401 (infringement), 403 N/A, 604 met, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0093** | 11/12/2009 | | EMC_0197710-EMC_0197719 | Ziv Kedem Exhibit 9 | 402, 403, 604, 802, 901 | 401 (infringement), 403 N/A, 604 met, 801(d), 803/804, 807, 901(b) |
| **PX0094** | 11/7/2009 | | EMC_0190484-EMC0190484 | Kedem, Oded - Exhibit 20 | 402, 403, 602, 802, 901 | 401 (infringement), 403 N/A, 602 met, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0095** | 8/30/2006 | | EMC_0190687-EMC_0190687 | | 402, 403, 602, 802, 901 | 401 (infringement), 403 N/A, 602 met, not hearsay, 803/804, 807, NCBA, 901(b) |
| **PX0096** | 8/28/2006 | | EMC_0190721-EMC_0190722 | | 402, 403, 602, 802, 901 | 401 (infringement), 403 N/A, 602 met, 803/804, 807, NCBA, 901(b) |
| **PX0097** | 6/21/2006 | | EMC_0190736-EMC_0190758 | Kedem, Oded - Exhibit 16 Ziv Kedem Exhibit 23 | 402, 403, 602, 802, 901 | 401 (infringement), 403 N/A, 602 met, 803/804, 807, NCBA, 901(b) |
| **PX0098** | 6/21/2006 | | EMC_0190737-EMC_0190758 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0099** | 9/13/2006 | | EMC_0190764-EMC_0190764 | | 402, 403, 602, 802, 901 | 401 (infringement), 403 N/A, 602 met, not hearsay, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0100** | 9/12/2006 | | EMC_0190765-EMC_0190775 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, not hearsay, 803/804, 807, NCBA, 901(b) |
| **PX0101** | | | EMC_0191263-EMC_0191281 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0102** | | | EMC_0191293-EMC_0191297 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0103** | 4/6/2015 | | EMC_0191301-EMC_0191312 | Lipka Exhibit 3 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0104** | | | EMC_0191313-EMC_0191314 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0105** | | | EMC_0191318-EMC_0191320 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0106 | | | EMC_0191321-EMC_0191324 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0107 | | | EMC_0191325-EMC_0191328 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0108 | | | EMC_0191329-EMC_0191329 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0109 | | | EMC_0191330-EMC_0191330 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0110 | | | EMC_0191331-EMC_0191332 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0111 | | | EMC_0191333-EMC_0191334 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

23

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0112 | | ███████████ | EMC_0191335-EMC_0191351 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0113 | | ███████████ | EMC_0191352-EMC_0191353 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0114 | | ███████████ | EMC_0191354-EMC_0191355 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0115 | | ███████████ | EMC_0191356-EMC_0191359 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0116 | | ███████████ | EMC_0191360-EMC_0191363 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0117 | | ███████████ | EMC_0191364-EMC_0191366 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0118 | | | EMC_0191367-EMC_0191369 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0119 | | | EMC_0191370-EMC_0191375 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0120 | | | EMC_0191376-EMC_0191380 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0121 | | | EMC_0191381-EMC_0191386 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0122 | | | EMC_0191387-EMC_0191390 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0123 | | | EMC_0191391-EMC_0191391 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0124** | | | EMC_0191392-EMC_0191393 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0125** | | | EMC_0191394-EMC_0191397 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0126** | | | EMC_0191398-EMC_0191402 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0127** | | | EMC_0191403-EMC_0191406 | | 402, 403, 604, 802, 901 | 401 (infringement), 403 N/A, 604 met, 803/804, 807, 901(b) |
| **PX0128** | | | EMC_0191407-EMC_0191412 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0129** | | | EMC_0191413-EMC_0191420 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0130 | | ███████ | EMC_0191421-EMC_0191421 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0131 | | ███████ | EMC_0191422-EMC_0191422 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0132 | | ███████ | EMC_0191423-EMC_0191430 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0133 | | ███████ | EMC_0191431-EMC_0191431 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0134 | | ███████ | EMC_0191432-EMC_0191434 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0135 | | ███████ | EMC_0191435-EMC_0191435 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0136** | | | EMC_0191436-EMC_0191473 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0137** | | | EMC_0191474-EMC_0191477 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0138** | | | EMC_0191478-EMC_0191486 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0139** | | | EMC_0191487-EMC_0191496 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0140** | | | EMC_0191497-EMC_0191505 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0141** | | | EMC_0191506-EMC_0191506 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0142** | | ████████ | EMC_0191507-EMC_0191508 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0143** | | ████████ | EMC_0191509-EMC_0191509 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0144** | | ████████ | EMC_0191510-EMC_0191510 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0145** | | ████████ | EMC_0191511-EMC_0191511 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0146** | | ████████ | EMC_0191512-EMC_0191512 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0147** | | ████████ | EMC_0191513-EMC_0191513 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

SCHEDULE C-1:
EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0148 | | | EMC_0191514-EMC_0191514 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0149 | | | EMC_0191515-EMC_0191515 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0150 | | | EMC_0191517-EMC_0191517 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0151 | | | EMC_0191518-EMC_0191518 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0152 | | | EMC_0191519-EMC_0191519 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0153 | | | EMC_0191520-EMC_0191520 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0154 | | ███████ | EMC_0191521-EMC_0191521 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0155 | | ███████ | EMC_0191522-EMC_0191522 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0156 | | ███████ | EMC_0191536-EMC_0191545 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0157 | | ███████ | EMC_0191546-EMC_0191546 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0158 | | ███████ | EMC_0191547-EMC_0191556 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0159 | | ███████ | EMC_0191557-EMC_0191594 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0160 | | | EMC_0191595-EMC_0191596 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0161 | | | EMC_0191597-EMC_0191597 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0162 | | | EMC_0191598-EMC_0191599 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0163 | | | EMC_0191600-EMC_0191604 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0164 | | | EMC_0191605-EMC_0191605 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0165 | | | EMC_0191606-EMC_0191607 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

SCHEDULE C-1:
EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0166 | | | EMC_0191608-EMC_0191610 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0167 | | | EMC_0191611-EMC_0191647 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0168 | | | EMC_0191648-EMC_0191653 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0169 | | | EMC_0191654-EMC_0191660 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| PX0170 | | | EMC_0191661-EMC_0191685 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0171 | | | EMC_0191686-EMC_0191686 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0172** | | | EMC_0191687-EMC_0191688 | | 402, 403, 604, 802, 901 | 401 (infringement), 403 N/A, 604 met, 803/804, 807, NCBA, 901(b) |
| **PX0173** | | | EMC_0191689-EMC_0191725 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0174** | | | EMC_0191726-EMC_0191733 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0175** | | | EMC_0191734-EMC_0191736 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, 901(b) |
| **PX0176** | | | EMC_0191737-EMC_0191791 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0177 | | | EMC_0191793-EMC_0191805 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0178 | 3/31/2006 | | EMC_0192278-EMC_0192298 | | 402, 403, 901 | 401 (infringement), 403 N/A, NCBA, 901(b) |
| PX0179 | 5/9/2006 | | EMC_0192305-EMC_0192309 | | 402, 403, 802, 901, 1002 | 401 (infringement), 403 N/A, not hearsay, 803/804, 807, NBCA, 901(b), 1003/1004 |
| PX0180 | 9/27/1996 | | EMC_0192310-EMC_0192337 | Parr Exhibit 9 | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| PX0181 | 8/21/2007 | | EMC_0192338-EMC_0192354 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0182** | 8/16/2006 | | EMC_0192355-EMC_0192378 | Parr Exhibit 7 | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0183** | 12/22/1998 | | EMC_0192379-EMC_0192397 | Parr Exhibit 8 | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0184** | 9/30/2004 | | EMC_0192398-EMC_0192402 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b) |
| **PX0185** | 4/1/2013 | | EMC_0192403-EMC_0192431 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0186** | 4/1/2013 | | EMC_0192432-EMC_0192462 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0187** | 4/1/1999 | | EMC_0192463-EMC_0192467 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0188** | 3/3/1999 | | EMC_0192468-EMC_0192475 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803, 804, 807, NCBA, 901(b), 1003/1004 |
| **PX0189** | 8/13/2007 | | EMC_0192501-EMC_0192519 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0190** | 3/10/2009 | | EMC_0192520-EMC_0192523 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b) |
| **PX0191** | 2/16/2011 | | EMC_0192524-EMC_0192526 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0192 | 5/17/2011 | | EMC_0192527-EMC_0192528 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b) |
| PX0193 | 7/29/2011 | | EMC_0192529-EMC_0192558 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| PX0194 | 2/2/2009 | | EMC_0192559-EMC_0192566 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, not hearsay, 803/804, 807, NCBA, 901(b), 1003/1004 |
| PX0195 | | | EMC_0192581-EMC_0192582 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0196 | 6/3/2014 | Zerto Press Release -- "Zerto Virtual Replication Now Inludes Offsite Backup" | EMC_0193294-EMC_0193295 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0197** | | Microsoft Documentation -- Windows Shadow Share Documents | EMC_0193296- EMC_0194688 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0198** | | Zerto Webinar -- Disaster Recovery Can't be THIS Easy | EMC_0194695- EMC_0194695 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0199** | | Zerto Website -- Customer Testimonials for Zerto Virtual Replication | EMC_0194849- EMC_0194857 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0200** | 4/22/2014 | Zerto Blog -- "Best Practices for Oracle Database Recovery | EMC_0195086- EMC_0195087 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0201** | | Zerto Website -- "Cloud DR - Overview" | EMC_0195217-EMC_0195218 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0202** | | Zerto Website -- "Disaster Recovery as a Service (DRaaS)" | EMC_0195348-EMC_0195349 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0203** | | Zerto Website -- "Investors" | EMC_0195710-EMC_0195711 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0204** | | Zerto Blog - "Is Synchronous Replication Enough" | EMC_0195721-EMC_0195722 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0205** | 1/21/2013 | Zerto Blog -- "5 Differences Between Zerto and SRM" | EMC_0197078-EMC_0197082 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0206** | 8/5/2011 | Zerto Press Release -- "Zerto Closes $15 Million in Series B Funding, Unveils Commercial Availability" | EMC_0197101-EMC_0197102 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0207** | 7/30/2012 | Zerto Press Release -- "Zerto Virtual Replication 2.0 General Availability Announced" | EMC_0197285-EMC_0197286 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0208** | | Peter Newman, et al. -- "Flow Labelled IP: A Connectionless Approach to ATM" | EMC_0197720-EMC_0197730 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0209** | | WildPackets, Inc. -- "Ethernet Addresses and Names" | EMC_0197731-EMC_0197733 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0210** | | U.S. Patent No. 5,799,141 (Gallipeau, et al.) | EMC_0197734-EMC_0197748 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b), 902 |

41

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0211** | | U.S. Patent No. 6,308,283 (Gallipeau, et al.) | EMC_0197749- EMC_0197763 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b), 902 |
| **PX0212** | | ██████████████ | EMC_0197764- EMC_0197773 | | 402, 403, 802, 901 | 401 (infringement), 403, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0213** | | Stevenson, Dennis, "Why is it Called Cloud Computing?" | EMC_0197774- EMC_0197778 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0214** | | Microsoft, Understanding TCP/IP Addressing and Subnetting Basics | EMC_0197779- EMC_0197781 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0215** | 8/1/2014 | IBISWorld Industry Report 51121b -- "Database, Storage & Backup Software Publishing in the US" | EMC_0197782- EMC_0197818 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0216** | | Zerto Datasheet -- Best Practices for Oracle Database Recovery | EMC_0197819-EMC_0197820 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0217** | | BusinessWire- Storage Software Market Sees Continued Strong Demand | EMC_0197821-EMC_0197822 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0218** | | CDP Technology- OTM | EMC_0197823-EMC_0197825 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0219** | | CDP Technology- PSM | EMC_0197826-EMC_0197828 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0220** | | Zerto Datasheet -- Comparison-Zerto vs. Site Recovery Manager (SRM) | EMC_0197829-EMC_0197831 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0221** | 1/1/2012 | IDC White Paper -- "Continuous Replication for Business-Critical Applications" | EMC_0197832-EMC_0197838 | | 402, 403, 802, 901, 1002 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902, 1003/1004 |
| **PX0222** | | Tom Clark, "Data Security for Storage Area Networks" | EMC_0197839-EMC_0197841 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0223** | | Zerto Website -- "Disaster Recovery Can't Be THIS Easy" | EMC_0197842-EMC_0197843 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0224** | | Double-Take Software, Inc. FY 2006 Form 10-K | EMC_0197844-EMC_0197930 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |
| **PX0225** | | Double-Take Software, Inc. FY 2007 Form 10-K | EMC_0197931-EMC_0198025 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |
| **PX0226** | | Double-Take Software, Inc. FY 2008 Form 10-K | EMC_0198026-EMC_0198131 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0227** | | Double-Take Software, Inc. FY2009 Form 10-K | EMC_0198132-EMC_0198275 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |
| **PX0228** | | Zerto Datasheet -- DR for a Virtualized World | EMC_0198276-EMC_0198277 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0229** | | EMC Press Release -- EMC Completes Acquisition of LEGATO Systems | EMC_0198278-EMC_0198279 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0230** | | EMC Press Release -- EMC Completes Acquisition of Vmware | EMC_0198280-EMC_0198282 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0231** | | EMC Corporation f-k-a Legato Systems, Inc. vs. Columbia Data Products, Inc. (Case No. 2-01 CV 312 TC), Dkt. Entry No. 1 | EMC_0198283-EMC_0198294 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0232** | | EMC Corporation f-k-a Legato Systems, Inc. vs. Columbia Data Products, Inc. (Case No. 2-01 CV 312 TC), Dkt. Entry No. 12 | EMC_0198295-EMC_0198316 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0233** | | EMC Corporation fka Legato Systems, Inc. vs. Columbia Data Products, Inc. (Case No. 201 CV 312 TC), Dkt. Entry No. 397 | EMC_0198317-EMC_0198337 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0234** | | EMC Form 10-k, December 31, 2013 | EMC_0198338-EMC_0198484 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |
| **PX0235** | | EMC Product Solutions | EMC_0198485-EMC_0198486 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0236** | | EMC Datasheet -- EMC RecoverPoint for Virtual Machines | EMC_0198487-EMC_0198488 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0237** | | NetworkWorld -- "EMC Snatches Up Legato" | EMC_0198489-EMC_0198490 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0238** | | Frost & Sullivan- 2013 Global Storage Market Research Report | EMC_0198491-EMC_0198528 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0239** | | Zerto Website -- Hear from your Peers Business Continuity and Disaster Recovery for Microsoft Applications | EMC_0198529-EMC_0198530 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0240 | | Zerto Website -- "Hypervisor Replication" | EMC_0198531-EMC_0198532 | | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0241 | | New York Times -- "I.B.M. Challenges EMC With New Data-Storage Line" | EMC_0198533-EMC_0198534 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| PX0242 | | Robert Amatruda, "IDC Market Analysis: Worldwide Purpose-Built Backup Appliance 2012 - 2016 Forecast and 2011 Vendor Shares" | EMC_0198535-EMC_0198554 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| PX0243 | | Zerto Blog -- "Is Synchronous Replication Enough?" | EMC_0198555-EMC_0198556 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0244 | | Legato Sys. Inc. v. Network Specialists, Inc., (Case No. 5-03-cv-02286,) Dkt. Entry No. 302 | EMC_0198557-EMC_0198572 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0245** | | Zerto Website -- "Microsoft Hyer-V Data Replication, Backup, Recovery & Failover" | EMC_0198573-EMC_0198574 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0246** | | Tech Crunch Network -- "Moving Data From Cloud to Cloud, Zerto Raises $26 Million" | EMC_0198575-EMC_0198579 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0247** | | MTI Technology Partners | EMC_0198580-EMC_0198583 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0248** | | Rouse, Margaret -- "What is network-attached storage (NAS)" | EMC_0198584-EMC_0198591 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0249** | | EMC Pulse -- "New EMC RecoverPoint for Virtual Machines: Redefining Hybrid Cloud Data Protection" | EMC_0198592-EMC_0198596 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0250** | | EMC Press Release -- "EMC Achieves Decade of Storage Software Market Share Leadership-Gains Market Share" | EMC_0198597-EMC_0198598 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0251** | 5/9/2006 | EMC Press Release -- "EMC Acquires Kashya" | EMC_0198599-EMC_0198600 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0252** | | Zerto Website -- "Replication for VMWare" | EMC_0198601-EMC_0198603 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0253** | | SBBI Valuation 2005 Yearbook | EMC_0198604-EMC_0198606 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0254** | | SBBI Valuation 2006 Yearbook | EMC_0198607-EMC_0198609 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0255** | | The Evolution of Backup - Axcient | EMC_0198610-EMC_0198614 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0256** | | Zerto Blog -- "Tired of Not Being Able to Believe in Your Storage Vendor" | EMC_0198615-EMC_0198616 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0257** | | U.S. Patent No. 4,899,342 (Potter, et al.) | EMC_0198617-EMC_0198624 | | 402, 403, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0258** | | U.S. Patent No. 5,649,152 (Ohran, et al.) | EMC_0198625-EMC_0198640 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b), 902 |
| **PX0259** | | U.S. Patent No. 5,799,141 (Galipeau, et al.) | EMC_0198641-EMC_0198655 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b), 902 |
| **PX0260** | | U.S. Patent No. 6,308,283 (Galipeau, et al.) | EMC_0198656-EMC_0198670 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b), 902 |
| **PX0261** | | U.S. Patent No. 6,314,574 (Chan) | EMC_0198671-EMC_0198686 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b), 902 |
| **PX0262** | 3/21/2014 | IDC Press Release -- "Worldwide Purpose-Built Backup Appliance (PBBA) Market Posts 9.7% Year-Over-Year Revenue Growth in Fourth Quarter of 2013, According to IDC" | EMC_0198687-EMC_0198689 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703 803/804, 807, NCBA, 901(b) |
| **PX0263** | | Kingsley-Hughes, Adrian -- "Worldwide Storage Software Market Increases During First Quarter: IDC" | EMC_0198690-EMC_0198692 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703 803/804, 807, NCBA, 901(b), 902 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0264** | | Zerto Press Release -- "Zerto Brings Enterprise-Class Replication to Microsoft Hyper-V" | EMC_0198693-EMC_0198694 and EMC_0198699-EMC_0198700 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0265** | 3/27/2012 | Dave Simpson, "Zerto covers all clouds with hypervisor-based replication for business continuity" | EMC_0198695-EMC_0198698 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0266** | 3/1/2013 | Press Release from marketsandmarkets.com -- "DR as a Service Market [RaaS; Cloud DR; Disaster Recovery as a Service; Business Continuity as a Service] Worldwide Forecasts and Analysis (2013 - 2018)" | EMC_0198823-EMC_0198824 | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0267** | | Pidgeon, Nick -- "How Ethernet Works" | EMC_0198825-EMC_0198827 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0268** | | Black, Uyless N. -- "Introduction to Digital Transport Systems" | EMC_0198828-EMC_0198830 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0269** | | Black, Uyless, Computer Networks, Protocols, Standards and Interfaces, Second Edition | EMC_0198880-EMC_0198885 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b) |
| **PX0270** | | Zandbergen, Paul -- "Types of Networks: LAN, WAN, WLAN, MAN, SAN, PAN, EPN & VPN" | EMC_0198886-EMC_0198888 | | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0271** | 11/10/1998 | U.S. Patent No. 5,835,953 (Ohran) | EMC_0198889-EMC_0198921 | | 402, 403, 901 | 401 (infringement), 403 N/A, NCBA, 901(b), 902 |
| **PX0272** | 4/29/2010 | █████████████ | GD 000001-GD 000017 | Willis (GoDaddy) Exhibit 2 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b) |
| **PX0273** | | █████████████ | NO_BATES00001-NO_BATES00001 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |
| **PX0274** | | █████████████ | NO_BATES00002-NO_BATES00002 | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0275** | 11/20/2014 | Appendix I:  Supplemental Infringement Contentions for '460 Patent | | | 402, 403, 602, 802, 901, 703 | 401 (infringement), 403 N/A, 602 N/A, not hearsay, 803/804, 807, NCBA, 901(b), 703 met |
| **PX0276** | 9/20/2013 | Answer to Amended Complaint (D.I. #067) | | | 402, 403, Not Evidence | 401 (infringment), 403 N/A |
| **PX0277** | 1/9/2015 | Appendix B, Revised, listing Information Reviewed by Russell Parr for preparation of Expert Damages Report of Russell L. Parr, CFA, ASA, CLP | | Parr Exhibit 2 | 402, 403, 602, 802, 901, 703 | 401 (damages), 403 N/A, 602 N/A, 703 met, 803/804, 807, NCBA, 901(b) |
| **PX0278** | 2/14/2012 | Zerto Website -- "Introducing Zerto Virtual Replication 2.0, Industry's First Cloud BC/DR Platform for Private, Hybrid and Public Clouds" | | Allerhand Exhibit 22 | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0279** | 7/30/2012 | Zerto Website -- "Zerto Virtual Replication 2.0 General Availability Announced" | | Allerhand Exhibit 23 | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0280** | 8/21/2013 | Zerto Website -- "Zerto Virtual Replication 3.0 Now Available for Public, Private and Hybrid Clouds" | | Allerhand Exhibit 25 | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0281** | 2/20/2013 | Zerto Website -- "Zerto Widens Technological Lead with Zerto Virtual Replication 3.0" | | Allerhand Exhibit 24 | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0282** | 10/27/2010 | Zerto Blog -- "It's Good to Be Back!  WOW, The World Has Changed!" | | Ziv Kedem Exhibit 4 Kedem, Oded - Exhibit 19 | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0283** | 1/28/2013 | Zerto Blog -- "Top 5 Reasons Why Backup is Not Disaster Recovery" | | Gill Exhibit 12 | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0284** | Printed on 10/21/2014 | Zerto Website -- Board of Directors | | Ziv Kedem Exhibit 14 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0285** | 11/21/2014 | Appendix II Supplemental Infringement Contentions for '395 Patent | | | 402, 403, 602, 802, 901, 703 | 401 (infringement), 403 N/A, 602 N/A, not hearsay, 803/804, 807, NCBA, 901(b), 703 met |
| **PX0286** | 11/21/2014 | Appendix III Supplemental Infringement Contentions for '091 Patent | | | 402, 403, 602, 802, 901, 703 | 401 (infringement), 403 N/A, 602 N/A, not hearsay, 803/804, 807, NCBA, 901(b), 703 met |
| **PX0287** | 11/21/2014 | Appendix IV Supplemental Infringement Contentions for '222 Patent | | | 402, 403, 602, 802, 901, 703 | 401 (infringement), 403 N/A, 602 N/A, not hearsay, 803/804, 807, NCBA, 901(b), 703 met |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0288 | 11/21/2014 | Appendix V Supplemental Infringement Contentions for '867 Patent | | | 402, 403, 602, 802, 901, 703 | 401 (infringement), 403 N/A, 602 N/A, not hearsay, 803/804, 807, NCBA, 901(b), 703 met |
| PX0289 | 12/1/2014 | Ian Jestice CV | | Jestice Exhibit 17 | 802, 901 | 803/804, 807, NCBA, 901(b) |
| PX0290 | 11/2/2012 | Declaration of Ziv Kedem | | Ziv Kedem Exhibit 2 Kedem, Oded - Exhibit 14 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0291 | 3/21/2013 | ███████████ | | Allerhand Exhibit 30 | 402, 403, 802, 901 | 401 (damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0292 | 12/1/2014 - 1/9/2015 | ███████████ | | Zadok Exhibit 18 | 402, 403, 802, 901 | 401 (infringement/validity), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0293 AND PX0299 | 11/20/2014 | EMC's Supplemental Response to Zerto's First and Third Set of Interrogatories (Nos. 1, 2, 4, 9, 14, 15 & 18) | | | 901, 703 | 703 met, NCBA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0294** | 7/10/2014 | EMC's Response to Zerto's Second Set of Interrogatories (10-13) | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0295** | 9/19/2014 | EMC's Response to Zerto's Third Set of Interrogatories | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0296** | 10/20/2014 | EMC's Responses and Objections to Zerto's Notice of 30(b)(6) Deposition of EMC Corporation | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0297** | 4/8/2013 | EMC's Responses to Zerto's First Set of Interrogatories | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0298** | 12/13/2013 | EMC's Second Supplemental Response to Zerto's First Set of Interrogatories (No. 1) | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0299 AND PX0293** | 11/20/2014 | EMC's Supplemental Response to Zerto's First and Third Set of Interrogatories (Nos. 1, 2, 4,9, 14, 15 18) | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0300** | 4/12/2013 | EMC's Supplemental Response to Zerto's First Set of Interrogatories (No. 1) | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0301 AND PX0302** | 8/26/2014 | EMC's Supplemental Response to Zerto's First Set of Interrogatories (Nos. 1-9) | | Chen Exhibit 2 Burke Exhibit 9 | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0302 AND PX0301** | 8/26/2014 | EMC's Supplemental Response to Zerto's First Set of Interrogatories (Nos. 1-9) | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0303** | 8/26/2014 | EMC's Supplemental Response to Zerto's Second Set of Interrogatories (No. 10) | | | 901, 703 | 703 met, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0304 | | Excerpt of Russell Parr Trial Testimony | | Parr Exhibit 5 | 402, 403, 802, 901 | 401 (damages), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0305 | 12/3/2014 | Expert Report of Philip Green | | Green Exhibit 1 Parr Exhibit 3 | 402, 403, 802, 702, 703 | 401 (damages), 403 N/A, 803/804, 807, 702 met, 703 met |
| PX0306 | 12/3/2014 | Opening Expert Report of Ian Jestice | | Jestice Exhibit 19 | 802, 702, 703 | 702 met, 703 met, 803/804, 807 |
| PX0307 | 2/00/2012 | Zerto Website -- "A Comparison of Hypervisor-based Replication vs. Current and Legacy BC/DR Technologies" | | Ziv Kedem Exhibit 41 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0308 | 8/19/2013 | First Amended Complaint and Related Exhibits (D.I. #064) | | | 402, 403, Not Evidence | 401 (infringement), 403 N/A, Contains Facts Admitted in Answer |
| PX0309 | 11/20/2014 | ██████████ ACT ED | | Green Exhibit 9 | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 803/804, 807, 901(b) |
| PX0310 | 2/5/2013 | ██████████ D | | UGL Unicco Exhibit 3 | 402, 403, 901 | 401 (infringement), 403 N/A, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0311 | 1/30/2014 | ████████████ D | | UGL Unicco Exhibit 2 | 402, 403, 901 | 401 (infringement), 403 N/A, NCBA, 901(b) |
| PX0312 | 11/26/2013 | ████████████ | | Walsh Exhibit 4 | 402, 403, 802, 901 | 401 (validity), 403N/A, 801(d), 807, NCBA, 901(b) |
| PX0313 | 7/18/2014 | Notice of Deposition of Defendant Zerto, Inc. | | | 901 | NCBA, 901(b) |
| PX0314 | 11/10/2014 | Subpoena ad Testificandum for Third-Party GoDaddy.com, LLC | | Willis (GoDaddy) Exhibit 1 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, not hearsay, 803/804, 807, NCBA, 901(b) |
| PX0315 | 10/21/2014 | Objections to EMC's Notice of Federal Rule 30(b)(6) Deposition Directed to Zerto, Inc. | | | 402, 403, 602, 802, 901 | 401 (infringement), 403 N/A, 602 met, not hearsay, 801(d), 803/804, 807, NCBA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0316 | Printed on 9/11/2014 | Zerto Website -- "Oded Kedem - Management Team" | | Ziv Kedem Exhibit 5 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0317 | printed 9/11/2014 | Zerto Website -- "Partner Programs" | | Zeiter Exhibit 4 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0318 | | Patent Owner Preliminary Response (Paper 10) in Zerto, Inc. v. EMC Corp. et al., IPR2013-00458 | | | 402, 403, 802, 901, 1002 | 401 (validity), 403 N/A, 703, 803/804, NCBA, 901(b), 1003/1004 |
| PX0319 | | Patent Owner Preliminary Response (Paper 11) in Zerto, Inc. v. EMC Corp., IPR2014-01254 | | | 402, 403, 802, 901, 1002 | 401 (validity), 403 N/A, 703, 803/804, NCBA, 901(b), 1003/1004 |
| PX0320 | | Patent Owner Preliminary Response (Paper 12) in Zerto, Inc. v. EMC Corp., IPR2014-01295 | | | 402, 403, 802, 901, 1002 | 401 (validity), 403 N/A, 703, 803/804, NCBA, 901(b), 1003/1004 |
| PX0321 | | Patent Owner Preliminary Response (Paper 12) in Zerto, Inc. v. EMC Corp., IPR2014-01329 | | | 402, 403, 802, 901, 1002 | 401 (validity), 403 N/A, 703, 803/804, NCBA, 901(b), 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0322 | | Patent Owner Preliminary Response (Paper 13) in Zerto, Inc. v. EMC Corp., IPR2014-01332 | | | 402, 403, 802, 901, 1002 | 401 (validity), 403 N/A, 703, 803/804, NCBA, 901(b), 1003/1004 |
| PX0323 | 1/9/2015 | Rebuttal Expert Report of Ian Jestice | | Jestice Exhibit 1 | 802, 702, 703 | 702 met, 703 met, 803/804, 807 |
| PX0324 | 10/13/2014 | | | Kedem, Oded Exhibit 18 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0325 | 10/13/2014 | | | Kedem, Oded Exhibit 17 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0326 | | | | Allerhand Exhibit 26 | 402, 403, 802, 901 | 401 (damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0327 | | | | Allerhand Exhibit 27 | 402, 403, 802, 901 | 401 (damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0328** | 3/21/2013 | ▮▮▮▮▮ ED | | Allerhand Exhibit 29 Allerhand Exhibit 30 | 402, 403, 802, 901 | 401 (damages), 403 N/A, not hearsay, 801(d), 803/804, NCBA, 901(b) |
| **PX0329** | 11/21/2014 | Subpoena ad Testificandum for Third-Party Rapidparts, Inc. | | Dickinson (RapidParts) Exhibit 1 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, not hearsay, 803/804, 807, NCBA, 901(b) |
| **PX0330** | 10/2/2014 | Subpoena to Testify at a Deposition in a Civil Action, issued to UGL Unicco (D.I. #156) | | UGL Unicco Exhibit 1 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, not hearsay, 803/804, 807, NCBA, 901(b) |
| **PX0331** | 12/23/2014 | Supplemental Expert Report of Ian Jestice | | Jestice Exhibit 20 | 802, 702, 703 | 702 met, 703 met, 803/804, 807 |
| **PX0332** | 4/14/2014 | Wall Street Journal -- "Ziv Kedem: The Hummus-Baked Bean Connection" | | Ziv Kedem Exhibit 50 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b), 902 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0333** | 3/24/2009 | Dennis Stevenson -- "Why is it called 'Cloud Computing'?" | | Jestice Exhibit 18 | 402, 403, 802, 901 | 401 (infringement/validity), 403 N/A, 703, 803/804, 807, NCBA, 901(b), 902 |
| **PX0334** | printed 9/11/2014 | Zerto Website -- "Zerto Alliance Partner Program" | | Gill Exhibit 2 Zeiter Exhibit 5 | 402, 403, 802, 901 | 401 (damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0335** | 1/21/2013 | Zerto Website - "5 Differences Between Zerto and SRM" | | Kedem, Oded, Exhibit 3 Ziv Kedem Exhibit 47 | 402, 403, 802, 901 | 401 (damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0336** | Undated - Printed 10/14/2014 | Zerto Website - "Cloud DR - Overview, Zerto Virtual Replication - Disaster Recovery for Public and Hybrid Clouds" | | Ziv Kedem Exhibit 42 | 402, 403, 802, 901 | 401 (infringement/damages), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0337** | Undated - Copyright date 2013 | Zerto Datasheet - "What's New in Zerto Virtual Replication 3.1?" | | Ziv Kedem Exhibit 36 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0338** | 6/3/2014 | Zerto Website - "Zerto Virtual Replication Now Includes Offsite Backup" | | Ziv Kedem Exhibit 40 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0339** | Printed 10/16/2014 | Zerto Website -- "BCDR for Private Clouds" | | Kedem, Oded - Exhibit 11 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0340** | copyright 2013 | Zerto Datasheet -- "What's New in Zerto Virtual Replication 3.0?" | | Zeiter Exhibit 28 Kedem, Ziv, Exhibit 35 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0341** | copyright 2014 | Zerto Datasheet -- "What's new in Zerto Virtual Replication 3.5?" | | Zeiter Exhibit 29 Gill Exhibit 18 Ziv Kedem Exhibit 37 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0342** | copyright 2012 | Zerto Datasheet -- "Zerto Virtual Replication, What's New in Zerto Virtual Replication 2.0?" | | Zeiter Exhibit 27 Ziv Kedem Exhibit 34 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0343** | 6/1/2014 | ██████████████ | | | 402, 403, 901 | 401 (damages), 403 N/A, NCBA, 901(b) |
| **PX0344** | printed 9/11/2014 | Zerto Website -- "Zerto Cloud DR Ecosystem Program (ZCE)" | | Zeiter Exhibit 6 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0345 AND PX0347** | 8/15/2014 | Zerto Response to EMC's Fourth Set of Interrogatories (11-26) | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0346** | 6/5/2014 | ████████████████ ED | | | 402, 403, 802, 901 | 401 (damages), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| **PX0347 AND PX0345** | 8/15/2014 | Zerto, Inc.'s Response to EMC's Fourth Set of Interrogatories | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0348 AND PX0353** | 2/13/2013 | Zerto, Inc.'s Responses to Plaintiffs' First Set of Interrogatories (Nos. 1-7) | | | 901, 703 | 703 met, NCBA, 901(b) |
| **PX0349 AND PX0354** | 2/19/2013 | Zerto, Inc.'s Responses to Plaintiffs' Second Set of Interrogatories (Nos. 8-9) | | | 901, 703 | 703 met, NCBA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0350 AND PX0355 | 5/14/2013 | Zerto, Inc.'s Responses to Plaintiffs' Third Set of Interrogatories (No. 10) | | | 901, 703 | 703 met, NCBA, 901(b) |
| PX0351 AND PX0356 | 7/7/2014 | Zerto, Inc.'s Supplemental Response to Plaintiffs' Interrogatory No. 5 | | | 901, 703 | 703 met, NCBA, 901(b) |
| PX0352 | Printed 10/22/2014 | Zerto Website -- "About Us, Disaster Recovery and Business Continuity for a New World" | | Ziv Kedem Exhibit 33 | 402, 403, 802, 901 | 401 (infringement), 403 N/A, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0353 AND PX0348 | 2/13/2013 | Zerto's Responses to EMC's First Set of Interrogatories (Nos. 1-7) | | | 901, 703 | 703 met, NCBA, 901(b) |
| PX0354 AND PX0349 | 2/19/2013 | Zerto's Responses to EMC's Second Set of Interrogatories (Nos. 8-9) | | | 901, 703 | 703 met, NCBA, 901(b) |
| PX0355 AND PX0350 | 5/14/2013 | Zerto's Responses to Plaintiffs' Third Set of Interrogatories (No. 10) | | | 901, 703 | 703 met, NCBA, 901(b) |
| PX0356 AND PX0351 | 7/7/2014 | Zerto's Supplemental Response to EMC's Interrogatory No. 5 | | | 901, 703 | 703 met, NCBA, 901(b) |
| PX0357 | 12/3/2013 | Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters, (D.I. #078) | | | 901 | NCBA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0358** | 11/25/2013 | Plaintiffs' Unopposed Motion for Issuance of Letter of Request to a Third Party in Israel (D.I. #076) | | | 901 | NCBA, 901(b) |
| **PX0359** | 2/3/2015 | Business Wire, February 3, 2015 Press Release, "Zerto Hits Triple-Digit Growth Once Again; Builds toward a Future of Uninterrupted Technology" | EMC_0198954-EMC_0198956 | | 402, 403, 802, 901, document produced after close of fact discovery | 401 (damages), 403 N/A, 803/804, 807, NCBA, 901(b), 902, document created by Zerto after close of fact discovery |
| **PX0360** | 11/2/1999 | U.S. Patent No. 5,975,410 (Slattery, et al.) | EMC_0198941-EMC_0198948 | | 402, 403, 901, document produced after close of fact discovery | 401 (infringement/validity), 403 N/A, NCBA, 901(b), 902, disclosed during fact discovery |
| **PX0361** | 1/29/2002 | U.S. Patent No. 6,342,073 B1 (Cumming, et al.) | EMC_0198949-EMC_0198953 | | 402, 403, 901, document produced after close of fact discovery | 401 (infringement/validity), 403 N/A, NCBA, 901(b), 902, disclosed during fact discovery |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0362 | 3/17/2010 | U.S. Provisional Patent Application No. 61/314,589 | EMC_0198922-EMC_0198940 | | 402, 403,802, 901 | 401 (infringement), 403 N/A, 803/804, 807, NCBA, 901(b), 902 |
| PX0363 | 8/4/2004 | | ZERTO INC. 1004 000001-ZERTO INC. 1004 000105 | Walsh Exhibit 2 Lipka Exhibit 7 (Ziv Kedem Exh. 24 missing blank pgs. 8, 22, 24, 38, 46, 54, 96 and 102) Kedem, Oded Exhibit 22 | 402, 403,802, 901 | 401(validity), 403 N/A, 803/804, 807, NCBA, 901(b) |
| PX0364 | | | ZERTO0000007-ZERTO0000275 | | 402, 403,802, 901 | 401(infringement/validity), 403 N/A, 703, 801(d), 803/804, 807, NCBA, 901(b) |
| PX0365 | | | ZERTO0005654-ZERTO0005817 | | 402, 403,802, 901 | 401(infringement/valdity), 403 N/A, 703, 801(d), 803/804, 807, 901(b) |
| PX0366 | 1/6/2013 | | ZERTO0008542-ZERTO0008542 | Zeiter Exhibit 15 | 402, 403,802, 901, 1002 | 401(damages), 403 N/A, 703, not hearsay, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0367** | 1/17/2012 | | ZERTO0008905-ZERTO0008905 | | 402, 403,802, 901, 1002 | 401(damages), 403 N/A, not hearsay, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |
| **PX0368** | 3/18/2013 | | ZERTO0009621-ZERTO0009621 | Zeiter Exhibit 14 | 402, 403,802, 901, 1002 | 401(damages), 403 N/A, 703, not hearsay, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |
| **PX0369** | 10/10/2013 | | ZERTO0012408-ZERTO0012419 | Zeiter Exhibit 22 | 402, 403,802, 901, 1002 | 401(damages), 403 N/A, 703, 801(d), 803/804, 807, not hearsay, 901(b), NBCA, 1003/1004 |
| **PX0370** | 9/18/2013 | | ZERTO0013192-ZERTO0013195 | Zeiter Exhibit 24 | 402, 403,802, 901, 1002 | 401(damages), 403 N/A, 703, 801(d), 803/804, 807, not hearsay, 901(b), NBCA, 1003/1004 |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0371** | 4/15/2013 | | ZERTO0013208-ZERTO0013223 | Zeiter Exhibit 23 | 402, 403,802, 901, 1002 | 401(damages), 403 N/A, 703, 801(d), 803/804, 807, not hearsay, 901(b), NBCA, 1003/1004 |
| **PX0372** | 1/1/2013 | | ZERTO0016325-ZERTO0016336 | | 402, 403,802, 901, 1002 | 401(damages), 403 N/A, 703, 801(d) 803/804, 807, not hearsay, 901(b), NBCA, 1003/1004 |
| **PX0373** | | | ZERTO0016986-ZERTO0016993 | | 402, 403,802, 901, 1002 | 401(damages), 403 N/A, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |
| **PX0374** | | | ZERTO0016994-ZERTO0016998 | | 402, 403, 802, 901 | 401(damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0375** | 2/24/2008 | | ZERTO0018418-ZERTO0018424 | Gill Exhihit 14 Zeiter Exhibit 17 | 402, 403, 802, 901 | 401(damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0376 | | | ZERTO0018471-ZERTO0018481 | Gill Exhibit 5 | 402, 403, 802, 901 | 401(damages), 403 N/A, 801(d), 803/804, 807, 901(b), NBCA |
| PX0377 | | | ZERTO0018484-ZERTO0018485 | Ziv Kedem Exhibit 1 | 802, 901 | 803/804, 807, 901(b), NBCA |
| PX0378 | | | ZERTO0018489-ZERTO0018491 | Kedem, Oded - Exhibit 13 | 802, 901 | 803/804, 807, 901(b), NBCA |
| PX0379 | 5/9/2011 | | ZERTO0018651-ZERTO0018651 | | 402, 403, 602, 802, 901 | 401(damages/infringement), 403 N/A, 602 met, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0380 | 5/11/2011 | | ZERTO0018652-ZERTO0018653 | | 402, 403, 802, 901, 1002 | 401(damages/infringement), 403 N/A, 801(d), 803/804, 807, not hearsay, NBCA, 901(b), 1003/1004 |
| PX0381 | 5/11/2011 | | ZERTO0018654-ZERTO0018656 | | 402, 403, 802, 901, 1002 | 401(damages/infringement), 403 N/A, not hearsay, 801(d), 803/804, 807, NBCA, 901(b), 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0382 | 5/11/2011 | | ZERTO0018657-ZERTO0018659 | | 402, 403, 802, 901, 1002 | 401(damages/infringement), 403 N/A, 801(d), 803/804, 807, not hearsay, NBCA, 901(b), 1003/1004 |
| PX0383 | 12/10/2009 | | ZERTO0018703-ZERTO0018703 | | 402, 403, 802 | 401 (damages/infringement), 403 N/A, 801(d), 803/804, 807, 807. |
| PX0384 | | | ZERTO0018704-ZERTO0018704 | | 402, 403, 802, 901, 1002 | 401(damages/infringement), 403 N/A, 801(d), 803/804, 807, NBCA, 901(b), 1003/1004. |
| PX0385 | 3/21/2010 | | ZERTO0019834-ZERTO0019836 | Ziv Kedem Exhibit 30 | 402, 403, 802, 901, 1002 | 401(damages/infringement), 403 N/A, 801(d), 803/804, 807, NBCA, 901(b), 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0386 | 6/13/2012 | | ZERTO0020406-ZERTO0020407 | | 402, 403, 802, 901 | 401(damages), 403 N/A, 801(d), 803/804, 807, NBCA, 901(b), 1003/1004 |
| PX0387 | | | ZERTO0026800-ZERTO0026806 | | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0388 and PX0497 | | | ZERTO0043648-ZERTO0043648 | | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0389 | 5/2/2012 | | ZERTO0043649-ZERTO0043649 | | 402, 403, 602, 802, 901 | 401(damages/infringement), 403N/A, 602 met, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0390 and PX0518 | 12/31/2012 | | ZERTO0050282-ZERTO0050282 | | 402, 403, 802, 901 | 401(damages), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0391** | 3/7/2012 | | ZERTO0019865-ZERTO0019866 | Ziv Kedem Exhibit 31 | 402, 403, 602, 901 | 401(infringement), 403N/A, 602 met, NBCA, 901(b) |
| **PX0392** | | | ZERTO0020164-ZERTO0020166 | Allerhand Exhibit 1 | 402, 403, 802, 901 | 401(damages), 403N/A, 803/804, 807, NBCA, 901(b) |
| **PX0393** | 2014 | | ZERTO0021028-ZERTO0021047 | Gill Exhibit 6 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d) 803/804, 807, NBCA, 901(b) |
| **PX0394** | 4/2009 | | ZERTO0022488-ZERTO0022496 | Ziv Kedem Exhibit 10 | 402, 403, 802, 901, 1002 | 401(damages), 403N/A, 801(d), 803/804, 807, not hearsay, NBCA, 901(b), 1003/1004 |
| **PX0395** | 7/1/2012 | | ZERTO0022702-ZERTO0022703 | Zeiter Exhibit 2 | 402, 403, 802, 901, 1002 | 401(damages), 403N/A, 801(d), 803/804, 807, NBCA, 901(b), 1003/1004 |
| **PX0396** | 2011-2012 | | ZERTO0023308-ZERTO0023333 | Gill Exhibit 10 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |

SCHEDULE C-1:
EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0397 | 7/13/2015 | | ZERTO0023363-ZERTO0023363 | Gill Exhibit 4 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0398 | 2012 | | ZERTO0023367-ZERTO0023389 | Gill Exhibit 11 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d) 803/804, 807, NBCA, 901(b) |
| PX0399 | 1/12/2015 | | ZERTO0023433-ZERTO0023460 | Gill Exhibit 3 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d) 803/804, 807, NBCA, 901(b) |
| PX0400 | 1/13/2010 | | ZERTO0023469-ZERTO0023481 | Ziv Kedem Exhibit 22 | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0401 | 3/5/2012 | | ZERTO0028173-ZERTO0028173 | Ziv Kedem Exhibit 32 | 402, 403, 602, 802, 901 | 401(infringement), 403N/A, 602 met, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0402 | 2012 | | ZERTO0032950-ZERTO0033138 | | 402, 403, 802, 901 | 401(damages), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0403** | 12/31/2010 | | ZERTO0034071-ZERTO0034086 | Allerhand Exhibit 4 Ziv Kedem Exhibit 25 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0404** | 6/28/2010 | | ZERTO0038378-ZERTO0038399 | Kedem, Oded - Exhibit 6 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |
| **PX0405** | 3/25/2010 | | ZERTO0038614-ZERTO0038624 | Ziv Kedem Exhibit 8 | 402, 403, 802, 901, 1002 | 401(damages), 403N/A, 801(d), 803/804, 807, not hearsay, NBCA, 901(b), 1003/1004 |
| **PX0406** | 12/31/2011 | | ZERTO0038773-ZERTO0038789 | | 402, 403, 901, 1002 | 401(damages), 403N/A, 703, NBCA, 901(b), 1003/1004 |
| **PX0407** | 3/31/2012 | | ZERTO0038792-ZERTO0038798 | | 402, 403, 901, 1002 | 401(damages), 403N/A, 703, NBCA, 901(b), 1003/1004 |
| **PX0408** | 5/18/2011 | | ZERTO0039075-ZERTO0039323 | Allerhand Exhibit 8 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0409 | 12/21/2011 | | ZERTO0039327-ZERTO0039327 | Allerhand Exhibit 21 | 402, 403, 802, 901 | 401(damages), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0410 | 2012 | | ZERTO0039328-ZERTO0039517 | | 402, 403, 802, 901 | 401(damages), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0411 | 7/31/2011 | | ZERTO0040022 - ZERTO0040023 and ZERTO0021099 - ZERTO0021106 | Ziv Kedem Exhibit 21 | 402, 403, 802, 901, 1002 | 401(damages), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b), 1003/1004 |
| PX0412 | 12/31/2011 | | ZERTO0041651-ZERTO0041667 | Allerhand Exhibit 5 Ziv Kedem Exhibit 26 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0413 | 1/1/2011 | | ZERTO0041668-ZERTO0041670 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0414 | 2/1/2011 | | ZERTO0041671-ZERTO0041673 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0415** | 3/1/2011 | | ZERTO0041674-ZERTO0041676 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0416** | 4/1/2011 | | ZERTO0041677-ZERTO0041680 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0417** | 5/1/2011 | | ZERTO0041681-ZERTO0041684 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0418** | 6/1/2011 | | ZERTO0041685-ZERTO0041688 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0419** | 7/1/2011 | | ZERTO0041689-ZERTO0041692 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0420** | 8/1/2011 | | ZERTO0041693-ZERTO0041696 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0421** | 9/1/2011 | | ZERTO0041697-ZERTO0041700 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0422** | 10/1/2011 | | ZERTO0041701-ZERTO0041704 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0423 | 11/1/2011 | | ZERTO0041705-ZERTO0041708 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0424 | 12/1/2011 | | ZERTO0041709-ZERTO0041712 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0425 | 12/31/2012 | | ZERTO0041713-ZERTO0041731 | Allerhand Exhibit 6 Ziv Kedem Exhibit 27 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0426 | 1/1/2012 | | ZERTO0041732-ZERTO0041735 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0427 | 2/1/2012 | | ZERTO0041736-ZERTO0041737 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0428 | 2/1/2012 | | ZERTO0041738-ZERTO0041741 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0429 | 3/1/2012 | | ZERTO0041742-ZERTO0041745 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0430 | 4/1/2012 | | ZERTO0041746-ZERTO0041747 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

SCHEDULE C-1:
EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0431 | 4/1/2012 | | ZERTO0041748-ZERTO0041751 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0432 | 5/1/2012 | | ZERTO0041752-ZERTO0041753 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0433 | 5/1/2012 | | ZERTO0041754-ZERTO0041757 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0434 | 6/1/2012 | | ZERTO0041758-ZERTO0041759 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0435 | 6/1/2012 | | ZERTO0041760-ZERTO0041763 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0436 | 7/1/2012 | | ZERTO0041764-ZERTO0041765 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0437 | 7/1/2012 | | ZERTO0041766-ZERTO0041769 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0438 | 8/1/2012 | | ZERTO0041770-ZERTO0041771 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0439 | 8/1/2012 | | ZERTO0041772-ZERTO0041775 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0440 | 9/1/2012 | | ZERTO0041776-ZERTO0041777 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0441 | 9/1/2012 | | ZERTO0041778-ZERTO0041781 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0442 | 10/1/2012 | | ZERTO0041782-ZERTO0041783 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0443 | 10/1/2012 | | ZERTO0041784-ZERTO0041787 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0444 | 11/1/2012 | | ZERTO0041788-ZERTO0041789 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0445 | 11/1/2012 | | ZERTO0041790-ZERTO0041793 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0446 | 12/1/2012 | | ZERTO0041794-ZERTO0041795 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

## SCHEDULE C-1:
### EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0447 | 12/1/2012 | | ZERTO0041796-ZERTO0041799 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0448 | 6/30/2012 | | ZERTO0041800-ZERTO0041807 | | 402, 403, 901, 1002 | 401(damages), 403N/A, 703, NBCA, 901(b), 1003/1004 |
| PX0449 | 9/30/2012 | | ZERTO0041808-ZERTO0041815 | | 402, 403, 901, 1002 | 401(damages), 403N/A, 703, NBCA, 901(b), 1003/1004 |
| PX0450 | 12/31/2013 | | ZERTO0041816-ZERTO0041833 | Zeiter Exhibit 12 Allerhand Exhibit 7 Ziv Kedem Exhibit 28 | 402, 403, 901, 1002 | 401(damages), 403N/A, 703, NBCA, 901(b), 1003/1004 |
| PX0451 | 1/1/2013 | | ZERTO0041834-ZERTO0041836 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0452 | 1/1/2013 | | ZERTO0041837-ZERTO0041840 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0453 | 2/1/2013 | | ZERTO0041841-ZERTO0041844 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0454 | 2/1/2013 | | ZERTO0041845-ZERTO0041847 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0455 | 3/1/2013 | | ZERTO0041848-ZERTO0041850 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0456 | 3/1/2013 | | ZERTO0041851-ZERTO0041854 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0457 | 4/1/2013 | | ZERTO0041855-ZERTO0041857 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0458 | 4/1/2013 | | ZERTO0041858-ZERTO0041861 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0459 | 5/1/2013 | | ZERTO0041862-ZERTO0041864 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0460 | 5/1/2013 | | ZERTO0041865-ZERTO0041868 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0461 | 6/1/2013 | | ZERTO0041869-ZERTO0041871 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0462 | 6/1/2013 | | ZERTO0041872-ZERTO0041875 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0463 | 7/1/2013 | | ZERTO0041876-ZERTO0041878 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0464 | 7/1/2013 | | ZERTO0041879-ZERTO0041882 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0465 | 8/1/2013 | | ZERTO0041883-ZERTO0041885 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0466 | 8/1/2013 | | ZERTO0041886-ZERTO0041889 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0467 | 9/1/2013 | | ZERTO0041890-ZERTO0041892 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0468 | 9/1/2013 | | ZERTO0041893-ZERTO0041896 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0469 | 10/1/2013 | | ZERTO0041897-ZERTO0041899 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0470** | 10/1/2013 | | ZERTO0041900-ZERTO0041903 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0471** | 11/1/2013 | | ZERTO0041904-ZERTO0041906 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0472** | 11/1/2013 | | ZERTO0041907-ZERTO0041910 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0473** | 12/13/2015 | | ZERTO0041911-ZERTO0041913 | Zeiter Exhibit 8 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0474** | 12/13/2015 | | ZERTO0041914-ZERTO0041917 | Zeiter Exhibit 11 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0475** | 3/31/2013 | | ZERTO0041918-ZERTO0041925 | | 402, 403, 901, 1002 | 401(damages), 403N/A, 703, NBCA, 901(b), 1003/1004 |
| **PX0476** | 6/30/2013 | | ZERTO0041926-ZERTO0041934 | | 402, 403, 901, 1002 | 401(damages), 403N/A, 703, NBCA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0477** | 9/30/2013 | | ZERTO0041935-ZERTO0041942 | | 402, 403, 901, 1002 | 401(damages), 403N/A, 703, NBCA, 901(b), 1003/1004 |
| **PX0478** | 1/14/2015 | | ZERTO0041943-ZERTO0041945 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0479** | 1/1/2014 | | ZERTO0041946-ZERTO0041949 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0480** | 2/1/2014 | | ZERTO0041950-ZERTO0041953 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0481** | 2/1/2014 | | ZERTO0041954-ZERTO0041956 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0482** | 3/1/2014 | | ZERTO0041957-ZERTO0041959 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0483** | 3/1/2014 | | ZERTO0041960-ZERTO0041963 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0484** | 4/1/2014 | | ZERTO0041964-ZERTO0041966 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0485 | 4/1/2014 | | ZERTO0041967-ZERTO0041970 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0486 | 5/1/2014 | | ZERTO0041971-ZERTO0041973 | Zeiter Exhibit 9 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0487 | 5/1/2014 | | ZERTO0041974-ZERTO0041977 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0488 | 6/1/2014 | | ZERTO0042141-ZERTO0042143 | Zeiter Exhibit 10 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0489 | | | ZERTO0042202-ZERTO0042202 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0490 | 5/31/2014 | | ZERTO0042273-ZERTO0042273 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0491 | Copyright 2013 | | ZERTO0042514-ZERTO0042519 | Zeiter Exhibit 18 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0492 | 5/27/2014 | | ZERTO0042733-ZERTO0042734 | Gill Exhibit 7 | 402, 403, 602, 802 | 401(damages), 403N/A, 602 met, 801(d), 803/804, 807 |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0493 | 5/7/2014 | | ZERTO0043058 - ZERTO0043058 | Zeiter Exhibit 16 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0494 | 2013-2014 | | ZERTO0043297- ZERTO0043297 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0495 | 2013-2014 | | ZERTO0043301- ZERTO0043301 | | 402, 403, 901 | 401(damages), 403N/A,703, NBCA, 901(b) |
| PX0496 DUPLIC ATE | 4/9/2014 | | ZERTO0043647 and ZERTO0043649- ZERTO0043647 and ZERTO0043649 | Gill Exhibit 8 | 402, 403, 602, 802, 901 | 401(damages/infringement), 403N/A, 602 met, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0497 and PX0388 | 4/9/2014 | | ZERTO0043648- ZERTO0043648 | Gill Exhibit 9 Allerhand Exhibit 16 | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0498 | | | ZERTO0043701- ZERTO0043701 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

## SCHEDULE C-1:
### EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0499** | | | ZERTO0043769-ZERTO0043769 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0500** | | | ZERTO0044327-ZERTO0044346 | Allerhand Exhibit 19 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| **PX0501** | | | ZERTO0045079-ZERTO0045109 | Gill Exhibit 17 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| **PX0502** | 1/2/2014 | | ZERTO0046248-ZERTO0046249 | Allerhand Exhibit 11 | 402, 403, 602, 802, 901 | 401(damages), 403N/A, 602 met, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| **PX0503** | | | ZERTO0046926 -ZERTO0046926 | Zeiter Exhibit 21 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0504** | 10/31/2013 | | ZERTO0047249-ZERTO0047249 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0505** | 10/31/2013 | | ZERTO0047329-ZERTO0047329 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0506 | 10/24/2013 | | ZERTO0047447-ZERTO0047554 | Allerhand Exhibit 15 | 402, 403, 602, 802, 901 | 401(damages/infringement), 403N/A, 602 met, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0507 | 7/2/2013 | | ZERTO0047449-ZERTO0047450 | | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b). |
| PX0508 | 12/31/2012 | | ZERTO0047451-ZERTO0047554 | Ziv Kedem Exhibit 15 | 402, 403, 901, 1002 | 401(damages/infringement), 403N/A, 703, NBCA, 901(b), 1003/1004 |
| PX0509 | 10/20/2013 | | ZERTO0047750 and ZERTO0052145 | Allerhand Exhibit 31 | 402, 403, 602, 802, 901 | 401(damages/infringement), 403N/A, 602 met, 703, 801(d), 803/804, 807, NBCA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|-----------|----------|-----------|-------------|-------------------------|---------------------|------------------|
| PX0510 | | | ZERTO0048159-ZERTO0048159 | | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b)\ |
| PX0511 | | | ZERTO0048225-ZERTO0048225 | | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0512 | | | ZERTO0048301 -ZERTO0048301 | Zeiter Exhibit 20 Allerhand Exhibit 17 | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0513 | | | ZERTO0048990-ZERTO0048990 | | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0514 | 5/31/2013 | | ZERTO0049473-ZERTO0049473 | Gill Exhibit 20 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0515 | | | ZERTO0049474-ZERTO0049526 | Gill Exhibit 19 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0516 | 4/23/2013 | | ZERTO0050019-ZERTO0050022 | Allerhand Exhibit 2 | 402, 403, 602, 802, 901 | 401(damages), 403N/A, 602 met, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0517 | 4/18/2013 | | ZERTO0050280-ZERTO0050281 | Allerhand Exhibit 14 Ziv Kedem Exhibit 13 | 402, 403, 602, 802, 901 | 401(damages), 403N/A, 602 met, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0518 and PX0390 | 12/31/2012 | | ZERTO0050282-ZERTO0050282 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0519 | 2013-2015 | | ZERTO0050530-ZERTO0050530 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0520 | | | ZERTO0052112-ZERTO0052112 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0521 | 12/30/2012 | | ZERTO0052129-ZERTO0052130 | Allerhand Exhibit 35 | 402, 403, 602, 802, 901 | 401(damages), 403N/A, 602 met, 703, 801(d),803/804, 807, NBCA, 901(b). |
| PX0522 | | | ZERTO0052145-ZERTO0052145 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0523 | 2013-2015 | | ZERTO0052147-ZERTO0052147 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0524 | 2012-2013 | | ZERTO0052251-ZERTO0052251 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0525 | 10/19/2012 | | ZERTO0053040-ZERTO0053040 | Allerhand Exhibit 20 | 402, 403, 802, 901 | 401(damages), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0526 | 2013 | | ZERTO0053052-ZERTO0053052 | Allerhand Exhibit 20 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0527** | 10/1/2012 | | ZERTO0053146-ZERTO0053146 | | 402, 403, 802, 901 | 401(damages), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| **PX0528** | 10/1/2012 | | ZERTO0053147-ZERTO0053180 | | 402, 403, 602, 802, 901, 1002 | 401(damages), 403N/A, 602 met, 703, 801(d), 803/804, 807, NBCA, 901(b), 1003/1004 |
| **PX0529** | 2014 | | ZERTO0053662-ZERTO0053662 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0530** | 12/9/2013 | | ZERTO0053691-ZERTO0053692 | Ziv Kedem Exhibit 16 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| **PX0531** | | | ZERTO0054179-ZERTO0054419 | | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| **PX0532** | | | ZERTO0054422-ZERTO0054423 | | 402, 403, 802, 901, 1002 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b), 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0533 | | | ZERTO0054634-ZERTO0054772 | | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0534 | | | ZERTO0055506-ZERTO0055514 | | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0535 | | | ZERTO0055518-ZERTO0055519 | | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0536 | | | ZERTO0055528-ZERTO0055530 | | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0537 | 5/26/2014 | | ZERTO0055538-ZERTO0055543 | Ziv Kedem Exhibit 46 | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0538 | | | ZERTO0055544-ZERTO0055567 | | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0539 | | | ZERTO0055570-ZERTO0055576 | | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0540 | | | ZERTO0055577-ZERTO0055693 | | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0541 | | | ZERTO0055838-ZERTO0055903 | | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0542 | 5/26/2014 | | ZERTO0055976-ZERTO0056270 | Zeiter Exhibit 30 Gill Exhibit 21 Ziv Kedem Exhibit 39 Kedem, Oded - Exhibit 9 Jestice Exhibit 22 Zadok Exhibit 3 | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0543 | 5/26/2014 | | ZERTO0056271-ZERTO0056312 | Ziv Kedem Exhibit 45 | 402, 403, 802, 901 | 401(infringement), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b) |
| PX0544 | 11/1/2014 | | ZERTO0056313-ZERTO0056313 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0545 | 11/1/2014 | | ZERTO0056314-ZERTO0056314 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0546 | 6/1/2013 | | ZERTO0060481-ZERTO0060486 | Allerhand Exhibit 9 Ziv Kedem Exhibit 19 | 402, 403, 802, 901, 1002 | 401(damages), 403N/A, 801(d), 803/804, 807, not hearsay, NBCA, 901(b), 1003/1004 |
| PX0547 | pg. 1 - copyright 2012 pgs 2-3 - copyright 2013 | | ZERTOLTD0000821-ZERTOLTD0000823 | Zeiter Exhibit 19 Gill Exhibit 13 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, 703, NBCA, 901(b). |
| PX0548 | | | ZERTOLTD0007121-ZERTOLTD0007124 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0549 | | | ZERTOLTD0007125-ZERTOLTD0007126 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0550** | | | ZERTOLTD0007127-ZERTOLTD0007130 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0551** | | | ZERTOLTD0007131-ZERTOLTD0007134 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0552** | | | ZERTOLTD0007135-ZERTOLTD0007139 | Zeiter Exhibit 7 Gill Exhibit 1 | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0553** | | | ZERTOLTD0007140-ZERTOLTD0007143 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0554** | | | ZERTOLTD0007144-ZERTOLTD0007148 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0555 | | | ZERTOLTD0007149-ZERTOLTD0007151 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0556 | | | ZERTOLTD0007152-ZERTOLTD0007155 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0557 | | | ZERTOLTD0007156-ZERTOLTD0007160 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0558 | | | ZERTOLTD0007161-ZERTOLTD0007163 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0559 | | | ZERTOLTD0007164-ZERTOLTD0007167 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0560 | | | ZERTOLTD0007168-ZERTOLTD0007173 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0561 | | | ZERTOLTD0007174-ZERTOLTD0007178 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0562 | | | ZERTOLTD0007179-ZERTOLTD0007181 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0563 | | | ZERTOLTD0007182-ZERTOLTD0007187 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0564 | | | ZERTOLTD0007188-ZERTOLTD0007191 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0565 | | | ZERTOLTD0007192-ZERTOLTD0007193 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0566 | | | ZERTOLTD0007194-ZERTOLTD0007195 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0567 | | | ZERTOLTD0007196-ZERTOLTD0007200 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0568 | | | ZERTOLTD0007201-ZERTOLTD0007202 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0569 | | | ZERTOLTD0007203-ZERTOLTD0007204 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|-----------|----------|---------------------------------|-------------|-------------------------|---------------------|------------------|
| PX0570 | | | ZERTOLTD0007205-ZERTOLTD0007206 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0571 | | | ZERTOLTD0007207-ZERTOLTD0007209 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0572 | | | ZERTOLTD0007210-ZERTOLTD0007212 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0573 | | | ZERTOLTD0007213-ZERTOLTD0007216 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0574 | | | ZERTOLTD0007217-ZERTOLTD0007220 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0575 | | | ZERTOLTD0007221-ZERTOLTD0007223 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0576 | | | ZERTOLTD0007224-ZERTOLTD0007226 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0577 | | | ZERTOLTD0007227-ZERTOLTD0007230 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0578 | | | ZERTOLTD0007231-ZERTOLTD0007232 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0579 | | | ZERTOLTD0007233-ZERTOLTD0007235 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0580** | | Customer Satisfaction Survey - MSU | ZERTOLTD0007236- ZERTOLTD0007239 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0581** | | Customer Satisfaction Survey - NRC | ZERTOLTD0007240- ZERTOLTD0007242 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0582** | | Customer Satisfaction Survey - Pharmavite | ZERTOLTD0007243- ZERTOLTD0007246 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0583** | | Customer Satisfaction Survey - Sanchez | ZERTOLTD0007247- ZERTOLTD0007248 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0584** | | Customer Satisfaction Survey - Seoul Daily News | ZERTOLTD0007249- ZERTOLTD0007252 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0585 | | ████████████ | ZERTOLTD0007253-ZERTOLTD0007254 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0586 | | ████████████ | ZERTOLTD0007255-ZERTOLTD0007258 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0587 | | ████████████ | ZERTOLTD0007259-ZERTOLTD0007260 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0588 | | ████████████ | ZERTOLTD0007261-ZERTOLTD0007264 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0589 | | ████████████ | ZERTOLTD0007265-ZERTOLTD0007267 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0590 | | | ZERTOLTD0007268-ZERTOLTD0007271 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0591 | | | ZERTOLTD0007272-ZERTOLTD0007274 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0592 | | | ZERTOLTD0007275-ZERTOLTD0007278 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0593 | | | ZERTOLTD0007279-ZERTOLTD0007281 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0594 | | | ZERTOLTD0007282-ZERTOLTD0007284 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0595 | | ████████████ | ZERTOLTD0007285-ZERTOLTD0007288 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0596 | | ████████████ | ZERTOLTD0007289-ZERTOLTD0007291 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0597 | | ████████████ | ZERTOLTD0007292-ZERTOLTD0007295 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0598 | | ████████████ | ZERTOLTD0007296-ZERTOLTD0007299 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0599 | | ████████████ | ZERTOLTD0007300-ZERTOLTD0007303 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0600 | | | ZERTOLTD0007304-ZERTOLTD0007307 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0601 | | | ZERTOLTD0007308-ZERTOLTD0007309 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0602 | | | ZERTOLTD0007310-ZERTOLTD0007314 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0603 | | | ZERTOLTD0007315-ZERTOLTD0007318 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0604 | | | ZERTOLTD0007319-ZERTOLTD0007323 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|-----------|----------|-----------|-------------|-------------------------|--------------------|-----------------|
| PX0605 | | | ZERTOLTD0007324-ZERTOLTD0007328 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0606 | | | ZERTOLTD0007329-ZERTOLTD0007331 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0607 | | | ZERTOLTD0007332-ZERTOLTD0007335 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0608 | | | ZERTOLTD0007336-ZERTOLTD0007339 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0609 | | | ZERTOLTD0007340-ZERTOLTD0007345 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0610 | | | ZERTOLTD0007346-ZERTOLTD0007350 | | 402, 403, 802, 901 | 401(infringement/damages), 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA |
| PX0611 | 2014 | | ZERTOLTD0007375-ZERTOLTD0007382 | Zeiter Exhibit 3 | 402, 403, 802, 901 | 401(damages), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0612 | 2014 | | ZERTOLTD0007552-ZERTOLTD0007552 | Zeiter Exhibit 13 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| PX0613 | | | ZERTOLTD0007858-ZERTOLTD0007868 | | 402, 403, 802, 901 | 401(infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0614 | 10/2/2013 | | ZERTOLTD0009496-ZERTOLTD0009565 | Jestice Exhibit 23 | 402, 403, 802, 901, 1002 | 401(infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b), 1003/1004 |
| PX0615 | | | ZERTOLTD0009924-ZERTOLTD0009937 | Ziv Kedem Exhibit 11 | 402, 403, 901 | 401(damages/infringement), 403N/A, 703, NBCA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0616 | 5/17/2011 | | ZERTOLTD0009938-ZERTOLTD0009941 | Allerhand Exhibit 10 | 402, 403, 901 | 401(damages/infringement), 403N/A, 703, NBCA, 901(b) |
| PX0617 | 2/27/2014 | | ZERTOLTD0010163-ZERTOLTD0010163 | Zeiter Exhibit 1 Ziv Kedem Exhibit 17 Allerhand Exhibit 3 | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0618 | 10/31/2013 | | ZERTOLTD0010166-ZERTOLTD0010167 | Allerhand Exhibit 32 | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0619 | 5/17/2011 | | ZERTOLTD0010232-ZERTOLTD0010232 | Allerhand Exhibit 33 | 402, 403, 802, 901, 1002 | 401(damages/infringement), 403N/A, 801(d), 803/804, 807, not hearsay, NBCA, 901(b), 1003/1004 |
| PX0620 | 5/17/2011 | | ZERTOLTD0010233-ZERTOLTD0010233 | Allerhand Exhibit 12 | 402, 403, 901, 1002 | 401(damages/infringment), 403N/A, NBCA, 901(b), 902, 1003/1004 |
| PX0621 | 12/31/2013 | | ZERTOLTD0010326-ZERTOLTD0010332 | Allerhand Exhibit 28 Ziv Kedem Exhibit 20 | 402, 403, 901 | 401(damages), 403N/A, NBCA, 901(b) |

111

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0622** | 2014 | | ZERTOLTD0010702-ZERTOLTD0011041 | Allerhand Exhibit 13 Ziv Kedem Exhibit 29 | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0623** | 2013 | | ZERTOLTD0013623-ZERTOLTD0013623 | | 402, 403, 901 | 401(damages), 403N/A, 703, NBCA, 901(b) |
| **PX0624** | | | ZERTOLTD0016287-ZERTOLTD0016294 | | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| **PX0625 DUPLICATE** | | | ZERTOLTD0016328-ZERTOLTD0016332 | | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| **PX0626** | 2014-2016 | | ZERTOLTD0016333-ZERTOLTD0016335 | | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0627 | 3/2011 | | ZERTOLTD0017670-ZERTOLTD0017681 | Ziv Kedem Exhibit 38 Kedem, Oded Exhibit 12 | 402, 403, 802, 901 | 401(damages/infringement), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b) |
| PX0628 | | | ZERTO_SC_004171-ZERTO_SC_004204 | Kedem, Oded Exhibit 7 | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0629 | | | ZERTO_SC_004228-ZERTO_SC_004276 | Kedem, Oded Exhibit 8 | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0630 | | | ZERTO_SC_004437-ZERTO_SC_004544 | Kedem, Oded Exhibit 5 | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0631 | | | ZERTO_SC_004971-ZERTO_SC_004981 | Kedem, Oded Exhibit 2 | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0632 | 7/19/2013 | D.I. 102-1 – 102-3 – Ex. A –Zerto Petition for *Inter Partes* Review of U.S. Patent No. 7,577,867 (IPR2013-00458). | | | 402, 403, 802, 901 | 401(validity), 403N/A, 801(d), 803/804, 807, 901(b), NBCA |
| PX0633 | 7/19/2013 | D.I. 102-4 – Ex. B – Exhibit 1004 to Zerto, Inc.'s Petition for *Inter Partes* Review of U.S. Patent No. 7,577,867 (IPR2013-00458). | | | 402, 403, 901 | 401(validity), 403N/A, 901(b), NBCA |
| PX0634 | 10/24/2013 | D.I. 102-4 – Ex. C – Preliminary Patent Owner Response to Zerto, Inc.'s Petition for *Inter Partes* Review of U.S. Patent No. 7,577,867 (IPR2013-00458). | | | 402, 403, 802, 901 | 401(validity), 403N/A, 803/804, 807, 901(b), NBCA |
| PX0635 | 1/16/2014 | D.I. 102-4 – Ex. D. – Patent Trial and Appeal Board's Decision Denying Institution of *Inter Partes* review in IPR2013-00458. | | | 402, 403, 901 | 401(inequitable conduct/validity), 403N/A, 901(b), NBCA |
| PX0636 | 11/26/2013 | D.I. 102-4 – Ex. E – Letter from M. Lowrie to E. Walsh regarding IPR2013-00458. | | | 402, 403, 802, 901 | 401(validity), 403N/A, 801(d), 803/804, 807, 901(b), NBCA |
| PX0637 | 12/12/2013 | D.I. 102-4 – Ex. F – Letter from E. Walsh to M. Lowrie regarding IPR2013-00458. | | | 402, 403, 802, 901 | 401(validity), 403N/A, 801(d), 803/804, 807, 901(b), NBCA |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0638 | 12/18/2013 | D.I. 102-4 – Ex. G – Email from J. Lanza to the Patent Trial and Appeal Board regarding IPR2013-00458. | | | 402, 403, 802, 901 | 401(validity), 403N/A, 801(d), 803/804, 807, 901(b), NBCA |
| PX0639 | 12/20/2014 | D.I. 102-4 – Ex. H – Patent Trial and Appeal Board's Order on Conduct of the Proceeding in IPR201300458. | | | 402, 403, 901 | 401(validity), 403N/A, 901(b), NBCA |
| PX0640 | 5/3/2004 | D.I. 118-1 – Ex. D – EMC Memo of Points and Authorities in support of its motion for partial summary judgment that neither allegedly insufficient fees nor an allegedly false terminal disclaimer can, as a matter of law, given rise to invalidity of the patents-in-suit, which EMC filed on May 3, 2004 in Legato Systems, Inc. v. Columbia Data Products, Inc., 2:01-cv-00312-TC (D. Utah). | | | 106, 402, 403, 901 | 401(validity), 403N/A, 901(b), NBCA |
| PX0641 | 6/25/2004 | D.I. 118-1 – Ex. E – EMC's reply memorandum of points and authorities in support of its motion for partial summary judgment that neither allegedly insufficient fees nor an allegedly false terminal disclaimer can, as a matter of law, given rise to invalidity of the patents-in-suit, which EMC filed on May 3, 2004 in Legato Systems, Inc. v. Columbia Data Products, Inc., 2:01-cv-00312-TC (D. Utah). | | | 106, 402, 403, 901 | Exhibit is complete, 401(validity), 403N/A, 901(b), NBCA |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0642 | 8/4/2004 | D.I. 118-1 – Ex. F – Court Order granting EMC's motion for partial summary judgment that neither allegedly insufficient fees nor an allegedly false terminal disclaimer can, as a matter of law, given rise to invalidity of the patents-in-suit, which the Court issued on August 13, 2004 in *Legato Systems, Inc. v. Columbia Data Products, Inc.*, 2:01-cv-00312-TC (D. Utah). | | | 106, 402, 403, 901 | Exhibit is complete, 401(validity), 403N/A, 901(b), NBCA |
| PX0643 | 12/6/2007 | D.I. 118-1 – Ex. I - December 6, 2007 Maintenance Fee Statement for U.S. Patent No. 6,073,222. | | | 402, 403, 901 | 401(validity), 403N/A, 901(b), NBCA |
| PX0644 | 9/23/2011 | D.I. 118-1 – Ex. J - September 23, 2011 Maintenance Fee Statement for U.S. Patent No. 6,073,222. | | | 402, 403, 901 | 401(validity), 403N/A, 901(b), NBCA |
| PX0645 | | D.I. 118-1 – Ex. K - Patent Application Information Retrieval transaction history for U.S. Patent No. 5,934,909. | | | 402, 403, 901, 1002 | 401(validity), 403N/A, 901(b), NBCA, 1003/1004 |
| PX0646 | 8/10/2004 | D.I. 118-1 – Ex. L - disclaimer notice for U.S. Patent No. 5,975,410 that was published in the August 10, 2004 Official Gazette | | | 402, 403, 901, 1002 | 401(validity), 403N/A, 901(b), 902, NBCA, 1003/1004 |
| PX0647 | 11/8/2005 | D.I. 118-1 – Ex. M - Disclaimer Notice for US Patent No 6342073 published in the November 8, 2005 Official Gazette. | | | 402, 403, 901, 1002 | 401(validity), 403N/A, 901(b), 902, NBCA, 1003/1004 |

### SCHEDULE C-1:
### EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0648 | 8/29/2014 | D.I. 147-1 - Ex. 1 - Order Summary from the USPTO for Order No 7486492 re file histories including U.S. Patent No. 6,073,222on July 9, 2014 | | | 901 | 901(b), NBCA |
| PX0649 | 5/3/2004 | D.I. 147-1 - Ex. 2 - May 3 2004 Terminal Disclaimer for U.S. Patent No. 6,073,222 | | | 901 | 901(b), 902, NBCA |
| PX0650 | 8/29/2014 | D.I. 147-1 - Ex. 3 - August 29 2014 Email from R. Coates-White of USPTO | | | 802, 901 | 803/804, 807, 807, NCBA, 901(b) |
| PX0651 | 8/29/2014 | D.I. 147-1 - Ex. 4 - USPS tracking report for tracking number 1Z4XA5984247752620 - delivered to Boston MA on August 29, 2014 | | | 901, UPS not USPS | 901(b), NBCA |
| PX0652 | | ███████████████ | ZERTO_SC_001654-ZERTO_SC_001657 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0653 | | ████████████ | ZERTO_SC_004171-ZERTO_SC_004204 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0654 | | | ZERTO_SC_004205-ZERTO_SC_004227 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0655 | | | ZERTO_SC_004228-ZERTO_SC_004276 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0656 | | | ZERTO_SC_004277-ZERTO_SC_004312 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0657 | | | ZERTO_SC_004313-ZERTO_SC_004314 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0658 | | | ZERTO_SC_004315-ZERTO_SC_004333 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0659 | | | ZERTO_SC_004334-ZERTO_SC_004352 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0660 | | | ZERTO_SC_004353-ZERTO_SC_004364 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0661 | | | ZERTO_SC_004365-ZERTO_SC_004436 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0662 | | | ZERTO_SC_004437-ZERTO_SC_004544 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0663 | | | ZERTO_SC_004545-ZERTO_SC_004552 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0664 | | | ZERTO_SC_004553-ZERTO_SC_004611 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0665 | | | ZERTO_SC_004612-ZERTO_SC_004663 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0666 | | | ZERTO_SC_004664-ZERTO_SC_004677 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0667 | | | ZERTO_SC_004678-ZERTO_SC_004707 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0668 | | | ZERTO_SC_004708-ZERTO_SC_004739 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0669 | | | ZERTO_SC_004740-ZERTO_SC_004743 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

121

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0670 | | | ZERTO_SC_004744-ZERTO_SC_004751 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0671 | | | ZERTO_SC_004752-ZERTO_SC_004767 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0672 | | | ZERTO_SC_004768-ZERTO_SC_004817 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0673 | | | ZERTO_SC_004818-ZERTO_SC_004845 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0674 | | | ZERTO_SC_004846-ZERTO_SC_004878 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0675 | | | ZERTO_SC_004879-ZERTO_SC_004883 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0676 | | | ZERTO_SC_004884-ZERTO_SC_004890 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0677 | | | ZERTO_SC_004891-ZERTO_SC_004902 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0678 | | | ZERTO_SC_004903-ZERTO_SC_004923 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0679 | | | ZERTO_SC_004924-ZERTO_SC_004955 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0680 | | | ZERTO_SC_004956-ZERTO_SC_004970 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0681 | | | ZERTO_SC_004971-ZERTO_SC_004981 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0682 | | | ZERTO_SC_004982-ZERTO_SC_004985 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0683 | | | ZERTO_SC_004986-ZERTO_SC_004991 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0684 | | | ZERTO_SC_004992-ZERTO_SC_005009 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0685 | | | ZERTO_SC_005010-ZERTO_SC_005013 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0686 | | | ZERTO_SC_005014-ZERTO_SC_005022 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0687 | | | ZERTO_SC_005023-ZERTO_SC_005024 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0688 | | | ZERTO_SC_005039-ZERTO_SC_005049 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |
| PX0689 | | | ZERTO_SC_005056-ZERTO_SC_005058 | | 106, 402, 403, 802, 901 | 401(infringement); 403 N/A, 703, 801(d), 803/804, 807, 901(b), NBCA, Not Hearsay |

SCHEDULE C-1:
EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0690 | | Chen Burshan and Shannon Snowden Discuss Zerto Virtual Replication Advanced Features ([Full HD]).mp4 | EMC_0189504 – EMC_0189504 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| PX0691 | | Shannon Snowden and Chen Burshan provide an overview of Zerto Virtual Replication (HD).mp4 | EMC_0189637 – EMC_0189637 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| PX0692 | | 2014-06-10 13.02 Master of Disaster  What's new in Zerto Virtual Replication 3.5.mp4 | EMC_0194690 - EMC_0194690 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| PX0693 | | Hear from your Peers  Disaster Recovery for Microsoft Applications 24 hours a Day.mp4 | EMC_0194701 - EMC_0194701 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| PX0694 | | Hear From Your Peers - Protecting SQL Server.mp4 | EMC_0194702 - EMC_0194702 | | 402, 403, 602, 802, 902, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0695** | | Hear from your Peers- Can it be- Simple Disaster Recovery is here!.mp4 | EMC_0194704 - EMC_0194704 | | 402, 403, 602, 802, 902, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0696** | | Journal and Journal Sizing Deep Dive.mp4 | EMC_0194708 - EMC_0194708 | | 402, 403, 602, 802, 902, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0697** | | Happy Holidays from Zerto.mp4 | EMC_0194742 - EMC_0194742 | | 402, 403, 602, 802, 902, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0698** | | Launchpad_ Zerto_ GigaOM Structure 2011.mp4 | EMC_0194743 - EMC_0194743 | | 402, 403, 602, 802, 902, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0699** | | Woodforest National Bank Testimonial about Zerto Virtual Replication.mp4 | EMC_0194759 - EMC_0194759 | | 402, 403, 602, 802, 902, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (for identification purposes only; no substantive admissions implied) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0700 | | Zerto Architecture.mp4 | EMC_0194762 - EMC_0194762 | | 402, 403, 602, 802, 902, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| PX0701 | | Zerto Vision.mp4 | EMC_0194775 - EMC_0194775 | | 402, 403, 602, 802, 902, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| PX0702 | | Ziv Kedem, Zerto_ GigaOM Structure 2010.mp4 | EMC_0194779 - EMC_0194779 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| PX0703 | | UNINTENTIONALLY LEFT BLANK | | | | |
| PX0704 | | 2013-10-10 16.12 Zerto Virtual Replication_ Technical Training 201.wmv | ZERTOLTD0000706 - ZERTOLTD0000706 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| PX0705 | | ZVR 3.1 Beta Demo.mov | ZERTOLTD0000789 - ZERTOLTD0000789 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0706** | | Master of Disaster Series - S1E1 - Installing ZVR.mov | ZERTOLTD0007649 - ZERTOLTD0007649 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0707** | | Master of Disaster Series - S1E2 - Creating a VPG.mov | ZERTOLTD0007650 - ZERTOLTD0007650 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0708** | | Master of Disaster Series - S1E3 - Move VPG.mov | ZERTOLTD0007651 - ZERTOLTD0007651 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0709** | | Zerto-Basic90sec.wmv | ZERTOLTD0007653 - ZERTOLTD0007653 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0710** | | video loop.wmv | ZERTOLTD0007835 - ZERTOLTD0007835 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0711** | | 2013-01-15 13.02 Zerto Virtual Replication GÇô A New Approach to Disaster Recovery.wmv | ZERTOLTD0009723 - ZERTOLTD0009723 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0712** | | 2013-03-12 13.05 Hear from your Peers_ University of Louisville Physicians talks DR.wmv | ZERTOLTD0009725 - ZERTOLTD0009725 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0713** | | 2013-03-26 13.03 Zerto Virtual Replication - A New Approach to Disaster Recovery.wmv | ZERTOLTD0009726 - ZERTOLTD0009726 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0714** | | 2013-06-04 13.05 Hear from your Peers_ Jefferson National Financial Protects Big Bucks.wmv | ZERTOLTD0009729 - ZERTOLTD0009729 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0715** | | 2013-06-12 13.04 Hear from your Peers_ The Philadelphia Contributionship talks DR on a Budget.wmv | ZERTOLTD0009730 - ZERTOLTD0009730 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0716** | | 2013-09-10 13.04 Hear from your Peers_ Tencate Corporation and Simple DR.wmv | ZERTOLTD0009734 - ZERTOLTD0009734 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0717** | | 2013-10-08 13.03 Hear from your Peers_ Save 40_ with BC_DR from Zerto.wmv | ZERTOLTD0009735 - ZERTOLTD0009735 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0718** | | 2013-10-22 13.04 Zerto Virtual Replication - A New Approach to Disaster Recovery.wmv | ZERTOLTD0009736 - ZERTOLTD0009736 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0719** | | 2014-02-04 13.03 Hear from your Peers_ Disaster Recovery for Microsoft SQL Server.wmv | ZERTOLTD0009737 - ZERTOLTD0009737 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0720** | | 2014-03-04 13.01 Hear from your Peers_ Hurricane Avoidance, is it for you_.wmv | ZERTOLTD0009738 - ZERTOLTD0009738 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |

## SCHEDULE C-1:
## EMC'S EXHIBIT LIST

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0721** | | 2014-03-18 13.02 Zerto Virtual Replication - A New Approach to Disaster Recovery.wmv | ZERTOLTD0009739 - ZERTOLTD0009739 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0722** | | Internal ZVR 3.0 Review 8-19-13 12.08 PM.mov | ZERTOLTD0009741 - ZERTOLTD0009741 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0723** | | Master of Disaster_ How to Protect Apps in 15 minutes 4-22-14, 1.05 PM.mov | ZERTOLTD0009742 - ZERTOLTD0009742 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0724** | | 2014-03-05 18.01 Zerto Product Roadmap Webinar for Partners.wmv | ZERTOLTD0009744 - ZERTOLTD0009744 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |
| **PX0725** | | Terms_of_Use_and_Privacy_Policy _Zerto.pdf | EMC_0054737 - EMC_0054740 | | 402, 403, 602, 802, 902 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0726** | 5/9/2006 | Employment Agreement between Kashya Israel Ltd and Oded Kedem, dated 5/9/2006 and Termination Letter to EMC dated 08/09/09 | EMC_0192299-EMC_0192304 | | 402, 403, 602, 901, 1002 | 401 (infringement), 403 N/A, 602 met, NCBA, 901(b), 1003/1004 |
| **PX0727** | | Zerto Website -- "Zerto Jobs - Technical Support Engineer - Boston, MA" | EMC_0055423-EMC_0055424 | | 402, 403, 602, 802, 901, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |
| **PX0728** | | ████████████ CTED | ZERTOLTD0017729 - ZERTOLTD0017729 | | 402, 403, 602, 802, 901, 1002 | 401 (infringement), 403 N/A, 602 met, 703, not hearsay, 801(d), 803/804, 807, NCBA, 901(b), 1003/1004 |
| **PX0729** | 7/31/2011 | ████████████ ACTE D | ZERTO0040022 - ZERTO0040023 and ZERTO0040024 - ZERTO0040482 | | 402, 403, 602, 802, 901, 1002 | 401(damages), 403N/A, 703, 801(d), 803/804, 807, NBCA, 901(b), 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description *(for identification purposes only; no substantive admissions implied)* | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0730 | | Resources.pdf.  Page from Zerto.com | EMC_015462 - EMC_015462 | | EMC_0015462; 402, 403, 602, 802, 901, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |
| PX0731 | | Resources ___Zerto.pdf.   Pages from Zerto.com | EMC_0054454 - EMC_0054455 | | 402, 403, 602, 802, 901, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |
| PX0732 | | Videos___Zerto.pdf.  Page from Zerto.com | EMC_0054921 - EMC_0054922 | | 402, 403, 602, 802, 901, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |
| PX0733 | | Webinars on Disaster Recovery for Virtual IT & Cloud.  Pages from Zerto.com | EMC_0055089 - EMC_0055091 | | 402, 403, 602, 802, 901, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| PX0734 | | White Papers & Data Sheets. Pages from Zerto.com | EMC_0055116 - EMC_0055118 | | 402, 403, 602, 802, 901, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |
| PX0735 | | Resources.pdf.  Pages from Zerto.com | EMC_0196095 - EMC_0196096 | | 402, 403, 602, 802, 901, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |
| PX0736 | | Videos.pdf.  Pages from Zerto.com | EMC_0196549 - EMC_0196550 | | 402, 403, 602, 802, 901, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |
| PX0737 | | Webinars on Disaster Recovery for Virtual IT & Cloud.  Pages from Zerto.com | EMC_0196934 - EMC_0196937 | | 402, 403, 602, 802, 901, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |

**SCHEDULE C-1:**
**EMC'S EXHIBIT LIST**

| PX Number | Doc Date | Proponent's Description (*for identification purposes only; no substantive admissions implied*) | Bates Range | Deposition Exhibit Nos. | ZERTO'S OBJECTIONS | EMC'S RESPONSES |
|---|---|---|---|---|---|---|
| **PX0738** | | White Papers & Data Sheets. Pages from Zerto.com | EMC_0196969 - EMC_0196972 | | 402, 403, 602, 802, 901, 1002 | 401(infringement), 403 N/A, 602 met, 801(d), 803/804, 807, 901(b), NBCA, 1003/1004 |

# ATTACHMENT B

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0001 | 2005-00-00 | Preferred Escrow Agreement between EMC Corporation and Columbia Data Products, Inc. | COLUMBIA000001 - COLUMBIA000009 | 403, 602, 703, 802 | | |
| DTX0002 | 2005-03-03 | License Agreement between EMC Corporation and Columbia Data Products, Inc. | COLUMBIA000010 - COLUMBIA000025 | 403, 602, 703, 802 | | |
| DTX0003 | 2006-05-23 | International Key Employee Agreement between EMC Corporation and Ziv Kedem | EMC_0006878 - EMC_0006880 | 401/402, 403, 802 | | |
| DTX0004 | 2006-03-23 | Kashya KBX5000, Version 2.2 Release Notes | EMC_0006881 - EMC_0006888 | 401/402, 403, 802 | | |
| DTX0005 | 2006-09-15 | Memorandum To: PMT Member From: N. Hession re RecoverPoint Retrospective - General list from | EMC_0008016 - EMC_0008020 | 401/402, 403, 602, 802 | | |
| DTX0006 | 2006-02-00 | Presentation "EMC RecoverPoint Sales Overview" | EMC_0008489 - EMC_0008534 | 401/402, 403, 602, 802 | | |
| DTX0007 | 2013-00-00 | Zerto Virtual Replication Requirements | EMC_0015973 - EMC_0015974 | 401/402, 403, 602, 802 | | |
| DTX0008 | 2006-05-08 | Agreement and Plan of Merger By and Among EMC Corporation, Ezra Merger Corporation, Kashya, Inc. and the Representative of Certain Holders of the Capital Stock of Kashya, Inc. | EMC_0018282 - EMC_0018334 | 401/402, 403, 802 | | |
| DTX0009 | 2003-07-07 | Agreement and Plan of Merger By and Among EMC Corporation, Ezra Merger Corporation, Eclipse Merger Corporation and Legato Systems, Inc. | EMC_0018335 - EMC_0018402 | 401/402, 403, 602, 802 | | |
| DTX0010 | 2007-11-00 | Presentation "NetWorker, PowerSnap & RecoverPoint" | EMC_0018497 - EMC_0018560 | 401/402, 403, 602, 703, 802 | | |
| DTX0011 | 2007-04-00 | Presentation "RecoverPoint Competitive Overview" | EMC_0018749 - EMC_0018864 | 401/402, 403, 602, 703, 802 | | |
| DTX0012 | 2012-00-00 | Data sheet for EMC NetWorker Unified backup and recovery | EMC_0020097 - EMC_0020099 | 401/402, 403, 602, 703, 802 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|---------|-------------|-------------|-------------------|--------------|----------|
| DTX0013 | n/a | Presentation "EMC SRDF and Timefinder Families" | EMC_0021075 - EMC_0021150 | 401/402, 403, 602, 703, 802 | | |
| DTX0014 | 2009-2013 | NetWorker Sales Data 2009-2013 | EMC_0022943 | 401/402, 403, 602, 703, 802 | | |
| DTX0015 | 2006-03-07 | EMC NetWorker PowerSnap Module for EMC RecoverPoint 'Rainier' Software Project Plan, Version 3.0 | EMC_0023381 - EMC_0023394 | 401/402, 403, 602, 703, 802 | | |
| DTX0016 | 2006-03-07 | NetWorker PowerSnap Module for EMC RecoverPoint 'Rainier' Software Requirements Specification, Version 2.0 (approved) | EMC_0023395 - EMC_0023453 | 401/402, 403, 602, 703, 802 | | |
| DTX0017 | 2006-03-27 | EMC NetWorker PowerSnap Module for RecoverPoint Installation and Administration Guide, P/N E-2-2464-01, Rev A01, Version 2.2.1 | EMC_0023620 - EMC_0023835 | 401/402, 403, 602, 703, 802 | | |
| DTX0018 | 2005-07-28 | EMC Product Data Sheet NMCDP 1.0-"Rainier", Revision 1.0 | EMC_0024088 - EMC_0024097 | 401/402, 403, 602, 703, 802 | | |
| DTX0019 | 2005-08-10 | EMC Corporation's Draft NetWorker Module for CDP 'Rainier' Software Requirements Specification, Version .06 | EMC_0024434 - EMC_0024486 | 401/402, 403, 602, 703, 802 | | |
| DTX0020 | 2006-03-28 | Project: Ezra Technical Due Diligence Meeting Notes March 28th - 31st, 2006 | EMC_0029417 - EMC_0029435 | 401/402, 403, 602, 703, 802 | | |
| DTX0021 | 2006-05-08 | Inventions Assignment, Nondisclosure and Noncompetition Agreement between Kashya Limited and Shlomo Ahal | EMC_0029477 - EMC_0029488 | 401/402, 403, 602, 802, 1002 | | |
| DTX0022 | 2006-05-08 | Invention Assignment Signature Pages by Ziv Kedem, Michael Lewin, Yair Heller and Shlomo Ahal | EMC_0029489 - EMC_0029496 | 401/402, 403, 602, 802 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0023 | 2004-10-14 | Email thread between Y. Mosell, J. Stern and M. Taylor re Kashya questions | EMC_0029802 - EMC_0029803 | 401/402, 403, 602, 703, 802 | | |
| DTX0024 | 2004-10-27 | Email thread between O. Yarkowich and G. Le Roux re Kvolume size | EMC_0029804 - EMC_0029805 | 401/402, 403, 602, 703, 802 | | |
| DTX0025 | 2003-11-06 | Kashya KBX-4000 Manual, Version 1.0 | EMC_0030816 - EMC_0031045 | 401/402, 403, 802 | | |
| DTX0026 | 2004-08-30 | Kashya's KBX4000 Administrator's Guide, Product Release: 2.0 - Draft 2 | EMC_0031694 - EMC_0031784 | 401/402, 403, 602, 802, 901, 1002 | | |
| DTX0027 | 2004-10-27 | Kashya KBX4000 Installation Guide, Revision 2.0 | EMC_0032392 - EMC_0032433 | 106, 401/402, 403, 602, 703, 802, Incorrect Bates Range | | |
| DTX0028 | 2004-04-15 | Kashya KBX5000 Administrator's Guide, Revision 2.1 | EMC_0033200 - EMC_0033386 | 401/402, 403, 602, 703, 802 | | |
| DTX0029 | 2004-02-00 | Kashya Presentation to Investor Feb 2004 | EMC_0037547 - EMC_0037603 | 401/402, 403, 602, 802 | | |
| DTX0030 | 2014-01-30 | EMC Corporiation and Legato Systems, Inc. Certificate of Merger | EMC_0055535 - EMC_0055541 | 403, 802 | | |
| DTX0031 | 2006-05-10 | Assignment for Patent Application No. 11/356,920 | EMC_0055552 - EMC_0055555 | 106, 401/402, 403 | | |
| DTX0032 | 1997-07-15 | U.S. Patent No. 5,649,152 | EMC_0062843 - EMC_0062856 | 401/402, 403 | | |
| DTX0033 | 1994-01-19 | Lab Book of Michael Ohran - Vinca Corporation (01/19/94-05/19/95) | EMC_0069319 - EMC_0069392 | 106, 403, 802, Incorrect Bates Range | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0034 | 1999-06-07 | Agreement and Plan of Reorganization By and Among Legato Systems, Inc., Sundance Acquistion Corp., Vinca Corporation, The Canopy Group, Inc. (As Stockholders' Representative), and The Undersigned Stockholders of Vinca Corporation | EMC_0076800 - EMC_0076863 | 401/402, 403, 602, 802 | | |
| DTX0035 | 1999-11-23 | American Appraisal Associates' appraisal re acquisition by Legato Systems, Inc. of Vinca Corporation | EMC_0080764 - EMC_0080806 | 401/402, 403, 602, 703, 802 | | |
| DTX0036 | n/a | Exhibit E - Valuation of Patent/Core Technology | EMC_0080828 - EMC_0080829 | 401/402, 403, 602, 703, 802 | | |
| DTX0037 | 2003-09-18 | Deposition Transcript of Richard Joseph Mayfield for Legato Systems, Inc. v. Columbia Data Products, Inc. | EMC_0094738 - EMC_0094781 | 106, 401/402, 403, 802, 1002 | | |
| DTX0038 | 2004-03-31 | Deposition Transcript of Michael R. Ohran from EMC Corporation v. Columbia Data Products | EMC_0095180 - EMC_0095241 | 106, 401/402, 403, 802, 1002 | | |
| DTX0039 | 2010-06-16 | Declaration of Paul G. Johnson for U.S. Patent Application No. 11/381,343 | EMC_0116916 - EMC_0117080 | 106, 401/402, 403, 1002 | | |
| DTX0040 | 1993-03-17 | "Delta Microsystems new FreezeFrame performs live backups while maintaining system performances," Business Wire Press Release | EMC_0127172 | 106, 401/402, 403, 802 | | |
| DTX0041 | 2007-04-10 | NetWorker PowerSnap Module v2.4 Wachusett Project QA Test Plan, Version 1.0 | EMC_0131409 - EMC_0131447 | 401/402, 403, 602, 703, 802 | | |
| DTX0042 | 2007-04-18 | NetWorker Module for PowerSnap 2.4 (Wachusett) User Documentation Plan, Version 1.0 Approved | EMC_0131448 - EMC_0131473 | 401/402, 403, 602, 703, 802 | | |
| DTX0043 | 2007-05-25 | Product Data Sheet -PDS- for "PowerSnap v2.4 (Wachusett), Rev. 1.0 | EMC_0131594 - EMC_0131604 | 401/402, 403, 602, 703, 802 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0044 | 2007-03-30 | NetWorker PowerSnap Module for EMC RecoverPoint 'Wachusett' Software Requirements Specification, Version 0.4 (draft) | EMC_0134935 - EMC_0134995 | 401/402, 403, 602, 703, 802 | | |
| DTX0045 | 2007-05-23 | Presentation "PowerSnap 2.4 - "Wachusett" Checkpoint 4 Program Commitment Review" | EMC_0140053 - EMC_0140067 | 401/402, 403, 602, 703, 802 | | |
| DTX0046 | 2007-04-19 | PowerSnap v2.4 "Wachusett' Software Project Plan, Rev. 0.2 | EMC_0142008 - EMC_0142022 | 401/402, 403, 602, 703, 802 | | |
| DTX0047 | 2007-03-02 | NetWorker PowerSnap Module for EMC RecoverPoint 'Wachusett' Software Requirements Specification, Version 0.2 (draft) | EMC_0146682 - EMC_0146742 | 401/402, 403, 602, 703, 802 | | |
| DTX0048 | 2006-07-18 | PowerSnap 2.3 "Nashoba" Software Requirements Specification, Version 0.04 | EMC_0149818 - EMC_0149852 | 401/402, 403, 602, 703, 802 | | |
| DTX0049 | 2007-06-11 | QA Test Design Specification Wachusett EMC RecoverPoint SCM, Rev. 1.0 | EMC_0151321 - EMC_0151339 | 401/402, 403, 602, 703, 802 | | |
| DTX0050 | 2007-04-26 | EMC NetWorker PowerSnap Module for RecoverPoint Installation and Administration Guide, P/N 300-004-767, Rev A01, Version 2.4, Draft A | EMC_0154623 - EMC_0154722 | 401/402, 403, 602, 703, 802 | | |
| DTX0051 | 2006-07-31 | Software Requirements Specification (SRS) Template, Rev. 2.4 | EMC_0157026 - EMC_0157090 | 401/402, 403, 602, 703, 802 | | |
| DTX0052 | 2005-09-00 | EMC Legato Networker PowerSnap Module for EMC Symmetrix DMX Installation and Administrator's Guide, Version 2.1 | EMC_0158190 - EMC_0158427 | 401/402, 403, 802 | | |
| DTX0053 | 2006-06-14 | PowerSnap PMT Meeting Minutes | EMC_0168724 - EMC_0168739 | 401/402, 403, 602, 703, 802 | | |
| DTX0054 | n/a | Presentation "EMC NetWorker Recovery Management Launch PowerSnap Module 2.2 (2.2.1) Go to Market Plan" | EMC_0174142 - EMC_0174162 | 401/402, 403, 602, 703, 802 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0055 | 2014-04-02 | EMC NetWorker PowerSnap Module for RecoverPoint Installation and Administration Guide, P/N 300-004-767, Rev A01, Version 2.4, Draft A | EMC_0174830 - EMC_0174987 | 401/402, 403, 602, 802, 1002 | | |
| DTX0056 | 2009-07-23 | Decision on Appeal, Appeal No. 2008-004759 | EMC_0184032 - EMC_0184043 | 106 | | |
| DTX0057 | 2014-08-15 | Massachusetts SOC Filing of Zerto, Inc. Annual Report | EMC_0189428 - EMC_0189429 | 401/402, 403, 802, 1002 | | |
| DTX0058 | 2001-05-31 | Employment Agreement between Kashya Israel Ltd. And Yair Heller | EMC_0189490 - EMC_0189496 | 401/402, 403, 602, 802 | | |
| DTX0059 | 2005-04-29 | Patent Cross-License Agreement By and Between EMC Corporation, Hewlett-Packard Company, and Hewlett-Packard Development Company, L.P. | EMC_0189505 - EMC_0189520 | 403, 602, 703, 802 | | |
| DTX0060 | 2005-04-29 | Settlement Agreement between EMC Corporation and Hewlett-Packard Development Company | EMC_0189521 - EMC_0189538 | 403, 602, 703, 802 | | |
| DTX0061 | 2003-02-24 | Cross-License Agreement between EMC Corporation, et al. and Hitachi, Ltd. | EMC_0189539 - EMC_0189552 | 403, 602, 703, 802 | | |
| DTX0062 | 2003-02-24 | Cross-License Agreement between EMC Corporation and Hitachi, Ltd. | EMC_0189553 - EMC_0189565 | 403, 602, 703, 802 | | |
| DTX0063 | 1999-03-19 | License Agreement between International Business Machines Corporation and EMC Corporation | EMC_0189566 - EMC_0189581 | 403, 602, 703, 802 | | |
| DTX0064 | 2000-05-12 | Amendment to License Agreement between EMC Corporation and International Business Machines Corporation | EMC_0189582 - EMC_0189585 | 403, 602, 703, 802 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0065 | 2014-08-00 | NRDC Issue Paper, "Data Center Efficiency Assessment, Scaling Up Energy Efficiency Across that Data Center Industry: Evaluating Key Drivers and Barriers" | EMC_0189586 - EMC_0189620 | 403, 602, 703, 802 | | |
| DTX0066 | 2006-01-09 | Settlement Agreement between EMC Corporation and NSI Software, Inc. | EMC_0189621 - EMC_0189632 | 403, 602, 703, 802 | | |
| DTX0067 | n/a | Worldwide High-End External RAID   (Factory Revenue, USM$) Q2-2014 Revenue Share | EMC_0189633 | 403, 602, 703, 802 | | |
| DTX0068 | n/a | Product Line P&L - Quarterly Trend Recoverpoint All-in (Classic + Suites + Splitter) | EMC_0189634 | 403, 602, 703, 802 | | |
| DTX0069 | n/a | Product Line P&L - Quarterly Trend Recoverpoint 2009-2014 | EMC_0189635 | 403, 602, 703, 802 | | |
| DTX0070 | n/a | Recoverpoint Market Share | EMC_0189636 | 403, 602, 703, 802 | | |
| DTX0071 | n/a | Product Line P&L - Quarterly Trend Symmetrix Hist | EMC_0189638 | 403, 602, 703, 802 | | |
| DTX0072 | 2005-10-24 | Press Release "EMC RecoverPoint Spearheads New Information Protection Software," www.finanzen.net | EMC_0189672 - EMC_0189678 | 403, 602, 703, 802 | | |
| DTX0073 | 2005-10-24 | Silverthorn, "EMC 'validates' CDP," www.InfoStar.com | EMC_0189679 - EMC_0189681 | 403, 602, 703, 802 | | |
| DTX0074 | 2005-10-30 | Windows IT Pro Storage, "A New CDP Choice" | EMC_0189709 - EMC_0189715 | 403, 602, 703, 802 | | |
| DTX0075 | 2006-04-00 | Presentation "Project Ezra Due Diligence Overview" | EMC_0191301 - EMC_0191312 | 401/402, 403, 602, 703, 802 | | |
| DTX0076 | 1996-09-27 | Settlement and License Agreement between EMC Corporation and CMD Technology, Inc. | EMC_0192310 - EMC_0192337 | 403, 602, 703, 802 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0077 | 2007-08-21 | Letter to K. Butt from W. Clark re Non-Exclusive Patent License and Settlement Agreement | EMC_0192338 - EMC_0192354 | 401/402, 403, 602, 703, 802, 1002 | | |
| DTX0078 | 1996-08-16 | Settlement and License Agreement between EMC Corporation and Falcon Systems Inc. | EMC_0192355 - EMC_0192378 | 403, 602, 703, 802 | | |
| DTX0079 | 1998-12-24 | License Agreement between EMC Corporation and Mylix Corporation | EMC_0192379 - EMC_0192397 | 403, 602, 703, 802 | | |
| DTX0080 | 2004-09-30 | Letter to S. Jaggi from K. Grupta | EMC_0192398 - EMC_0192402 | 403, 602, 703, 802 | | |
| DTX0081 | 2013-04-01 | Intellectual Property Agreement (Foreign) between GoPivotal Holdings and EMC International Company | EMC_0192403 - EMC_0192431 | 403, 602, 703, 802 | | |
| DTX0082 | 2013-04-01 | Intellectual Property Agreement between GoPivotal, Inc. and EMC Corporation | EMC_0192432 - EMC_0192462 | 403, 602, 703, 802 | | |
| DTX0083 | 1999-04-01 | License Agreement between EMC Corporation and TM Patents, L.P. | EMC_0192463 - EMC_0192467 | 403, 602, 703, 802 | | |
| DTX0084 | 1999-03-03 | Agreement between EMC Corporation and TM Patents, L.P. | EMC_0192468 - EMC_0192475 | 403, 602, 703, 802 | | |
| DTX0085 | 2011-07-29 | Patent License Agreement between Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Inc., EMEA Sellers, Other Sellers, French Liquidator, Joint Administrators and EMC Corporation | EMC_0192529 - EMC_0192558 | 403, 602, 703, 802 | | |
| DTX0086 | 2014-00-00 | Microsoft Documentation - Windows Shadow Share Documents | EMC_0193296 - EMC_0194688 | 106, 401/402, 403, 602, 701-03, 802 | | |
| DTX0087 | 1996-00-00 | Newman, et al., "Flow Labelled IP: A Connectionless Approach to AMT," IEEE | EMC_0197720 - EMC_0197730 | 403, 802 | | |

8

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0088 | 2014-11-19 | "Ethernet Addresses and Names," printout from www.wildpackets.com/resouces/compendium/ethernet/ethernet_addresses_ | EMC_0197731 - EMC_0197733 | 403, 802 | | |
| DTX0089 | 1998-08-25 | U.S. Patent No. 5,799,141 | EMC_0197734 - EMC_0197748 | 403 | | |
| DTX0090 | 2001-10-23 | U.S. Patent No. 6,308,283 | EMC_0197749 - EMC_0197763 | 403 | | |
| DTX0091 | n/a | Virtual Machines Protected by Account, Zerto's Enterprise Segment, September 8, 2011 through November 6, 2014 | EMC_0197764 - EMC_0197773 | 403, 802 | | |
| DTX0092 | 2014-10-22 | "Why is it called Cloud Computing," http://it.toolbox.com/blogs/original-thinking/why-is-it-called-quotcloud-computingquot | EMC_0197774 - EMC_0197778 | 403, 802 | | |
| DTX0093 | 2014-11-19 | "Understanding TCP/IP addressing and subnetting basics," http://support.microsoft.com/kb/164015 | EMC_0197779 - EMC_0197781 | 403, 802 | | |
| DTX0094 | 2014-08-00 | "IBISWorld Industry Report 51121b Database, Storage & Backup Software Publishing in the US," IBISWorld | EMC_0197782 - EMC_0197818 | 403, 602, 703, 802 | | |
| DTX0095 | 2014-09-09 | "Storage Software Market Sees Continued Strong Demand as Revenues Increased 6.3% During the Second Quarter of 2014, According to IDC," Business Wire, http://www.businesswire.com/news/home/20140909005174/en/storage-software-market-sees-continued-strong-demand#.VH8i9DHF8uc | EMC_0197821 - EMC_0197822 | 403, 602, 703, 802 | | |
| DTX0096 | n/a | "Technology SnapBack's Power is Based on PSM/OTM Technology," www.cdp.com/technology/#otm | EMC_0197823 - EMC_0197825 | 403, 602, 703, 802 | | |

9

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0097 | n/a | "Technology SnapBack's Power is Based on PSM/OTM Technology," www.cdp.com/technology/#psm | EMC_0197826 - EMC_0197828 | 403, 602, 703, 802 | | |
| DTX0098 | 2003-10-21 | Press Release "EMC Completes Acquisition of LEGATO Systems," www.emc.com/about/news/press/us/2003-20031021-1883 | EMC_0198278 - EMC_0198279 | 403, 602, 703, 802 | | |
| DTX0099 | 2004-01-09 | "EMC Completes Acquisition of VMware," VMware News Release, www.vmware.com/company/news/releases/emc2 | EMC_0198280 - EMC_0198282 | 403, 602, 703, 802 | | |
| DTX0100 | 2001-05-01 | Complaint from Legato Systems, Inc. v. Columbia Data Products, Inc. (Dkt. No. 1) | EMC_0198283 - EMC_0198294 | 403, 602, 703 | | |
| DTX0101 | 2001-07-20 | Answer and Second Amended Counterclaim from Legato Systems, Inc. v. Columbia Data Products, Inc. (Dkt. No. 12) | EMC_0198295 - EMC_0198316 | 403 | | |
| DTX0102 | 2004-11-10 | Order from Legato Systems, Inc. v. Columbia Data Products, Inc. (Dkt. No. 397) | EMC_0198317 - EMC_0198337 | 401/402, 403, 602, 703 | | |
| DTX0103 | 2013-12-31 | EMC Corporation Form 10-K | EMC_0198338 - EMC_0198484 | 403, 602, 703, 802 | | |
| DTX0104 | 2014-00-00 | EMC Specification Sheet "EMC Recoverpoint For Virtual Machines," www.emc.com/collateral/specification-sheet_h13306-recoverpoint-for-vms-ss | EMC_0198487 - EMC_0198488 | 403, 602, 703, 802 | | |
| DTX0105 | 2003-07-08 | Connor, "EMC snatches up Legato," Network World, www.networkworld.com/article-2334923-data-centeremc-snatches-up-legato | EMC_0198489 - EMC_0198490 | 403, 602, 703, 802 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0106 | 1999-07-26 | Lohr, "I.B.M. Challenges EMC With New Data-Storage Line," The New York Times, www.nytimes.com/1999/07/26-business/ibm-challenges-emc-with-new-data-storage-line | EMC_0198533 - EMC_0198534 | 403, 602, 703, 802 | | |
| DTX0107 | 2012-04-00 | Amatruda, "Market Analysis, Worldwide Purpose-Build Backup Appliance 2012-2016 Forecast and 2011 Vendor Shares," IDC | EMC_0198535 - EMC_0198554 | 403, 602, 703, 802 | | |
| DTX0108 | 2005-03-02 | NSI's Amended Answer and Counterclaims to Plaintiff's Complaint from Legato Systems, Inc. v. Network Specialists, Inc. (Dkt. No. 302) | EMC_0198557 - EMC_0198572 | 401/402, 403, 602, 703 | | |
| DTX0109 | 2014-06-18 | Shieber, "Moving Data From Cloud to Cloud, Zerto Raises $26 Million," techcrunch.com/2014/06/18-moving-data-from-cloud-to-cloud-zerto-raises-26-million," | EMC_0198575 - EMC_0198579 | 403, 602, 703, 802 | | |
| DTX0110 | n/a | "MTI Technology Partners," mti.com/about-us/our-partners | EMC_0198580 - EMC_0198583 | 403, 602, 703, 802 | | |
| DTX0111 | 2014-08-26 | Phalen, "New EMC RecoverPoint for Virtual Machines: Redefining Hybrid Cloud Data Protection," www.pulseblog.ecm.com/2014/08/26/emc-announces-recoverpoint-virtual-machines | EMC_0198592 - EMC_0198596 | 403, 602, 703, 802 | | |
| DTX0112 | 2012-03-06 | Press Release, "EMC Achieves Decade of Storage Software Market Share Leadership-Gains Market Share," www.emc.com/about/news/press/2012-20120306-02 | EMC_0198597 - EMC_0198598 | 403, 602, 703, 802 | | |
| DTX0113 | 2006-05-09 | Press Release "EMC Acquires Kashya," www.emc.com/about/news/press/us/2006/05092006-4371 | EMC_0198599 - EMC_0198600 | 403, 602, 703, 802 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0114 | 2014-00-00 | "The Evolution of Backup," axcient.com/the-evolution-of-backup | EMC_0198610 - EMC_0198614 | 403, 602, 703, 802 | | |
| DTX0115 | 1990-02-06 | U.S. Patent No. 4,899,342 | EMC_0198617 - EMC_0198624 | 401/402, 403 | | |
| DTX0116 | 2001-11-06 | U.S. Patent No. 6,314,574 | EMC_0198671 - EMC_0198686 | 401/402, 403 | | |
| DTX0117 | 2014-03-21 | Press Release "Worldwide Purpose-Built Backup Appliance (PBBA) Market Posts 9.7% Year-Over-Year Revenue Growth in Fourth Quarter of 2013, According to IDC," www.idc.com/getdoc.jsp?containerId=prUS24762914 | EMC_0198687 - EMC_0198689 | 403, 602, 703, 802 | | |
| DTX0118 | 2013-06-10 | Kingsley-Hughes, "Worldwide storage software market increases during first quarter: IDC," www.zdnet.com/article/worldwide-storage-software-market-increases-during-first-quarter-idc-7000016602 | EMC_0198690 - EMC_0198692 | 403, 802 | | |
| DTX0119 | 2012-03-27 | Simpson, "Zerto covers all clouds with hypervisor-based replication for business continuity/DR," 451 Research | EMC_0198695 - EMC_0198698 | 403, 602, 703, 802 | | |
| DTX0120 | 2013-03-00 | "DR as a Service Market (RaaS; Cloud DR; Disaster Recovery as a Service; Business Continuity as a Service) - Worldwide Forecasts and Analysis (2013-2018)," www.marketsandmarkets.com/Market-Reports/recover-as-a-service-market-962.html | EMC_0198823 - EMC_0198824 | 403, 602, 703, 802 | | |
| DTX0121 | 2014-10-22 | Pidgeon, "How Ethernet Works," http://computer.howstuffworks.com | EMC_0198825 - EMC_0198827 | 403 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0122 | 2002-08-16 | Black, et al., "Introduction to Digital Transport Systems," www.informit.com | EMC_0198828 - EMC_0198830 | 403 | | |
| DTX0123 | 2008-09-02 | U.S. Patent No. 7,421,617 | EMC_0198831 - EMC_0198845 | 401/402, 403, 1002 | | |
| DTX0124 | 2008-01-29 | U.S. Patent No. 7,325,159 | EMC_0198846 - EMC_0198859 | 401/402, 403, 1002 | | |
| DTX0125 | 2010-05-18 | U.S. Patent No. 7,720,817 | EMC_0198860 - EMC_0198879 | 401/402, 403, 1002 | | |
| DTX0126 | 1993-00-00 | Black, "Computer Networks Protocols, Standards, and Interfaces," Second Edition, pp. 125-128 | EMC_0198880 - EMC_0198885 | 403, 802 | | |
| DTX0127 | 2014-10-22 | Zandbergen, "Types of Networks:  LAN, WAN, WLAN, MAN, SAN, PAN, EPN & VPN," http://education-portal.com | EMC_0198886 - EMC_0198888 | 403, 802 | | |
| DTX0128 | 1998-11-10 | U.S. Patent No. 5,835,953 | EMC_0198889 - EMC_0198921 | 401/402, 403 | | |
| DTX0129 | n/a | EMC Source Code: AccumulatorManager.hh | EMC_SC_0000001 - EMC_SC_0000006 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0130 | n/a | EMC Source Code: Distributor_AO_IMPL.cc | EMC_SC_0000007 - EMC_SC_0000028 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0131 | n/a | EMC Source Code: DistributorGroupHandler.cc | EMC_SC_0000029 - EMC_SC_0000127 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0132 | n/a | EMC Source Code: EvaluatorDistributorGroupHandler.cc | EMC_SC_0000128 - EMC_SC_0000134 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0133 | n/a | EMC Source Code: KashyaTime.hh | EMC_SC_0000135 - EMC_SC_0000136 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0134 | n/a | EMC Source Code: ManagementService.java | EMC_SC_0000137 - EMC_SC_0000139 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0135 | n/a | EMC Source Code: ManagementServiceImpl.jav | EMC_SC_0000140 - EMC_SC_0000145 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0136 | n/a | EMC Source Code: ModelUtils.java | EMC_SC_0000146 - EMC_SC_0000165 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0137 | n/a | EMC Source Code: PersistentSnapshotData.cc | EMC_SC_0000166 - EMC_SC_0000205 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0138 | n/a | EMC Source Code: RCTaskHandler.cc | EMC_SC_0000206 - EMC_SC_0000220 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0139 | n/a | EMC Source Code: ReplicationControl_AO_IMPL.cc | EMC_SC_0000221 - EMC_SC_0000256 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0140 | n/a | EMC Source Code: ReplicationState.dg | EMC_SC_0000257 - EMC_SC_0000265 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0141 | n/a | EMC Source Code: SystemModel.java | EMC_SC_0000266 - EMC_SC_0000318 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0142 | n/a | EMC Source Code: CiscoHostInteractor_AO_IMPL.cc | EMC_SC_0000319 - EMC_SC_0000359 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0143 | n/a | EMC Source Code: DataSynchronizer_AO_IMPL.cc | EMC_SC_0000360 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0144 | n/a | EMC Source Code: DeltaMarker_AO_IMPL.cc | EMC_SC_0000361 - EMC_SC_0000377 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0145 | n/a | EMC Source Code: DeltaMakerSubMap.cc | EMC_SC_0000378 - EMC_SC_0000379 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0146 | n/a | EMC Source Code: DMTaskHandler.cc | EMC_SC_0000380 - EMC_SC_0000420 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0147 | n/a | EMC Source Code: DRLManger.cc | EMC_SC_0000421 - EMC_SC_0000434 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0148 | n/a | EMC Source Code: GroupCommands.cc | EMC_SC_0000435 - EMC_SC_0000455 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0149 | n/a | EMC Source Code: HostManger_AO_IMPL.cc | EMC_SC_0000456 - EMC_SC_0000484 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0150 | n/a | EMC Source Code: InitCommandHandlers.cc | EMC_SC_0000485 - EMC_SC_0000487 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0151 | n/a | EMC Source Code: Management_AO_IMPL_Snapshots.cc | EMC_SC_0000488 - EMC_SC_0000505 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0152 | n/a | EMC Source Code: PersistentGroupTags.cc | EMC_SC_0000506 - EMC_SC_0000510 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0153 | n/a | EMC Source Code: PersistentGroupTags.hh | EMC_SC_0000511 - EMC_SC_0000513 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0154 | n/a | EMC Source Code: ReplicationControl_AO_IMPL.cc | EMC_SC_0000514 - EMC_SC_0000568 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0155 | n/a | EMC Source Code: santap_interface.h | EMC_SC_0000569 - EMC_SC_0000638 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0156 | n/a | EMC Source Code: SantapStructs_DG_IMPL.cc | EMC_SC_0000639 - EMC_SC_0000661 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0157 | n/a | EMC Source Code: SCConnectionManager.cc | EMC_SC_0000662 - EMC_SC_0000664 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0158 | n/a | EMC Source Code: SiteControl_AO_IMPL.cc | EMC_SC_0000665 - EMC_SC_0000677 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0159 | n/a | EMC Source Code: SiteMgmtAPI_AO_IMPL.cc | EMC_SC_0000678 - EMC_SC_0000726 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0160 | n/a | EMC Source Code: sll_ioctl.c | EMC_SC_0000727 - EMC_SC_0000743 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0161 | n/a | EMC Source Code: SplitterController_NetBSD.cc | EMC_SC_0000744 - EMC_SC_0000796 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0162 | 1993-11-00 | FreezeFrame User's Guide, Version 1.1 | LSI 031423 - LSI 031482 | 401/402, 403, 802, 1002 | | |
| DTX0163 | 2014-00-00 | "Accelerate Business With Total Data Protection," www.emc.com/products-solutions/index | n/a | 401/402, 403, 602, 901, 1002, ND | | |
| DTX0164 | n/a | "EMC Pulse Blog," www.searchstorage.techtarget.com/definition-network-attached-storage | n/a | 401/402, 403, 602, 703, 901, 1002, ND | | |
| DTX0165 | n/a | "Recoverpoint," http://www.emc.com/storage/recoverpoint/recoverpoint.htm | n/a | 401/402, 403, 602, 901, 1002, ND | | |
| DTX0166 | 1998-06-10 | "Testimony of Chairman Alan Greenspan," http://www.federalreserve.gov/boarddocs/testimony/1998/19980610.htm | n/a | 401/402, 403, 602, 802, ND | | |
| DTX0167 | 2005-12-02 | "The U.S. Economy:  2005 in Review and Prospects for 2006," Presentation to the California Chamber of Commer San Francisco, CA, http://www.frbsf.org/our-district/press/presidents-speeches/yellen-speeches/2005/december/the-u-s-economy-2005-in-review-and-prospects-for-2006/ | n/a | 401/402, 403, 602, 802, ND | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0168 | n/a | "Zombie" Servers and Inefficiency Drive Energy Waste at Data Centers," http://news.nationalgeographic.com/news/energy/2014/08/140826-nrdc-data-center-energy-waste | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0169 | 2014-11-20 | Appendix I:  Supplemental Infringement Disclosures for U.S. Patent No. 7,647,460 | n/a | 403, 701-03 | | |
| DTX0170 | 2014-11-20 | Appendix II:  Supplemental Infringement Disclosures for U.S. Patent No. 7,603,395 | n/a | 403, 701-03 | | |
| DTX0171 | 2014-11-20 | Appendix III:  Supplemental Infringement Disclosures for U.S. Patent No. 7,971,091 | n/a | 403, 701-03 | | |
| DTX0172 | 2014-11-20 | Appendix IV:  Supplemental Infringement Disclosures for U.S. Patent No. 6,073,222 | n/a | 403, 701-03 | | |
| DTX0173 | 2014-11-20 | Appendix V:  Supplemental Infringement Disclosures for U.S. Patent No. 7,577,867 | n/a | 403, 701-03 | | |
| DTX0174 | 2009-00-00 | Clark, "Chapter XXXVIII, Data Security for Storage Area Networks," IGI Global | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0175 | 2013-03-21 | Disclosure Schedule | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0176 | 2006-00-00 | Double-Take Software, Inc. Form 10-K | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |
| DTX0177 | 2007-00-00 | Double-Take Software, Inc. Form 10-K | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0178 | 2008-00-00 | Double-Take Software, Inc. Form 10-K | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |
| DTX0179 | 2009-00-00 | Double-Take Software, Inc. Form 10-K | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |
| DTX0180 | 2014-08-28 | Email to A. Moore from N. Speed re: Rokicki Deposition | n/a | 401/402, 403, 802 | | |
| DTX0181 | 2003-00-00 | EMC Symmetric 8000 Series Data Sheet | n/a | 401/402, 403, 602, 703, 802 | | |
| DTX0182 | 2014-09-30 | EMC Symmetrix description for Wikipedia | n/a | 401/402, 403, 602, 703, 802 | | |
| DTX0183 | 1999-00-00 | EMC's Symmetrix 3000 and 5000 Enterprise Storage Systems Product Description Guide | n/a | 401/402, 403, 602, 703, 802 | | |
| DTX0184 | 2000-06-00 | EMC's Symmetrix Remote Data Facility Enterprise Storage Software Product Description Guide | n/a | 401/402, 403, 602, 703, 802 | | |
| DTX0185 | 2011-00-00 | EMC's Tech Books for Extended Distance Technologies, Version 1.4 | n/a | 401/402, 403, 602, 703, 802 | | |
| DTX0186 | 1988-07-00 | Exhibit 1005 in *Zerto, Inc. v. EMC Corp*., IPR2014-01332, IBM Virtual Machine/System Product CMS Command Reference, Release 6 | n/a | 401/402, 403, 602, ND | | |
| DTX0187 | 1976-02-00 | Exhibit 1006 in *Zerto, Inc. v. EMC Corp*., IPR2014-01332, IBM Virtual Machine Facility/370: CMS User's Guide, Release 3 | n/a | 401/402, 403, 602, ND | | |
| DTX0188 | 2014-08-18 | Exhibit 1008 in *Zerto, Inc. v. EMC Corp*., Declaration of Dr. Erez Zadok in IPR2014-01329 | n/a | 401/402, 403, 602, ND | | |
| DTX0189 | 2014-08-18 | Exhibit 1009 in *Zerto, Inc. v. EMC Corp*., Declaration of Dr. Erez Zadok in IPR2014-01329 | n/a | 401/402, 403, 602, ND | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0190 | 2014-12-03 | Exhibit C-1 to Opening Expert Report of Philip Green - Reasonable Royalties Due EMC from Zerto's Accused Sales - Based on Zerto's Further Apportioned Values per Virtual Machine - Zerto's Enterprise Segment | n/a | 403, 802 | | |
| DTX0191 | 2014-12-03 | Exhibit C-2 to Opening Expert Report of Philip Green - Reasonable Royalties Due EMC from Zerto's Accused Sales - Based on Zerto's Further Apportioned Values per Virtual Machine - Zerto's Cloud Segment | n/a | 403, 802 | | |
| DTX0192 | 2014-12-03 | Exhibit F to Opening Expert Report of Philip Green - CDP Agreement - Implied Royalty Rate (In Thousands) | n/a | 403, 802 | | |
| DTX0193 | n/a | Handwritten notes with Dates of Employment for M. Ohran | n/a | 401/402, 403, 802 | | |
| DTX0194 | | "Database Backup and Recovery User's Guide," Oracle, http://docs.oracle.com/cd/E11882_01/backup.112/e10642/glossary.htm#i433107 | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |
| DTX0195 | 1979-03-00 | IBM Virtual Machine Facility/370: CMS User's Guide | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |
| DTX0196 | 1988-07-00 | IBM VM/SP CMS Command Reference, pp. 831-851 | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |
| DTX0197 | 2004-08-04 | Kashya KBX-4000 Manual, Version 2.0 | n/a | 401/402, 403, 602, 802, 901, 1002 ND | | |

20

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0198 | 2014-04-14 | Kedem, "Ziv Kedem: The Hummus-Baked Bean Connection," The Wall Street Journal | n/a | 401/402, 403, 602, 802, 901 | | |
| DTX0199 | 2013-11-26 | Letter to E. Walsh from M. Lowrie re Zerto, Inc. v. EMC Israel Development Center, Ltd. Case No. IPR2013-00458 | n/a | 401/402, 403, 802, 901 | | |
| DTX0200 | 2014-00-00 | LinkedIn Profile of Barry Burke | n/a | 401/402, 403, 802, 901 | | |
| DTX0201 | 2014-11-14 | Patent Owner's Preliminary Response To Petition Pursuant To 37 C.F.R. § 42.107 (Paper 11) in IPR2014-01254 | n/a | 401/402, 403, 602, 901, 1002 | | |
| DTX0202 | 2014-11-25 | Patent Owner's Preliminary Response To Petition Pursuant To 37 C.F.R. § 42.107 (Paper 12) in IPR2014-01295 | n/a | 401/402, 403, 602, 901, 1002 | | |
| DTX0203 | 2014-12-03 | Patent Owner's Preliminary Response To Petition Pursuant To 37 C.F.R. § 42.107 (Paper 12) in IPR2014-01329 | n/a | 401/402, 403, 602, 901, 1002 | | |
| DTX0204 | 2014-12-03 | Patent Owner's Preliminary Response To Petition Pursuant To 37 C.F.R. § 42.107 (Paper 12) in IPR2014-01332 | n/a | 401/402, 403, 602, 901, 1002 | | |
| DTX0205 | 2013-10-24 | Patent Owner's Preliminary Response To Petition Pursuant To 37 C.F.R. § 42.107 for IPR2013-00458 | n/a | 401/402, 403, 602, 901, 1002 | | |
| DTX0206 | 2014-08-07 | Petition for Inter Partes Review (w/ Exhibits) in IPR2014-01254 | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0207 | 2014-08-15 | Petition for Inter Partes Review (w/ Exhibits) in IPR2014-01295 | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0208 | 2014-08-19 | Petition for Inter Partes Review (w/ Exhibits) in IPR2014-01329 | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0209 | 2014-08-19 | Petition for Inter Partes Review (w/ Exhibits) in IPR2014-01332 | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0210 | 2014-08-19 | Petition For Inter Partes Review Under 35 U.S.C. §§ 311-319 and 37 C.F.R. § 42.100 Et. Seq. (Paper 1) in IPR2013-01332 | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0211 | 2013-07-19 | Petition For Inter Partes Review Under 35 U.S.C. §§ 311-319 and 37 C.F.R. § 42.100 Et. Seq. in IPR2013-00458 | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0212 | 2014-08-19 | Petition For Inter Partes Review Under 35 U.S.C. §§ 311-319 and 37 C.F.R. § 42.100 Et. Seq. in IPR2013-01329 | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0213 | 2015-01-23 | Diagram prepared at deposition of Ian Jestice | n/a | 401/402, 403 | | |
| DTX0214 | 2005-00-00 | SBBI Stocks, Bonds, Bills, and Inflation, Valuation Edition 2005 Yearbook | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |
| DTX0215 | 2006-00-00 | SBBI Stocks, Bonds, Bills, and Inflation, Valuation Edition 2006 Yearbook | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |
| DTX0216 | 2014-09-11 | Screenshot Zerto Alliance Partner Program | n/a | 401/402, 403, 802, 901, ND | | |
| DTX0217 | 2013-03-21 | Series C Preferred Share Purchase Agreement between ZeRTO Ltd. and Investors | n/a | 401/402, 403, 602, 703, 802, 901, ND | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0218 | n/a | Spreadsheet of Product Line P&L - Qtrly Trend Symmetrix | n/a | 401/402, 403, 602, 703, 802, 901, 1002 ND | | |
| DTX0219 | 2011-09-22 | U.S. Patent Application No. US 2011/0231841 | n/a | 403, ND | | |
| DTX0220 | 1997-07-15 | U.S. Patent No. 5,649,125 | n/a | 401/402, 403, 802, 901, 1002, ND | | |
| DTX0221 | 2012-10-00 | Yandle, "The Economic Situation October 2012 A Special Edition," http://mercatus.org/publication/economic-situation-october-2012 | n/a | 401/402, 403, 802, 901, ND | | |
| DTX0222 | 2004-08-04 | Kashya's KBX4000 Administrator's Guide, Product Release: 2.0 | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0223 | 2006-01-03 | Mendocino Software's The RecoveryONE Solution Architecture Guide, Product Version 1.0 | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |
| DTX0224 | 2015-01-09 | Appendix A to Expert Report of Russell L. Parr - Professional Qualifications of Russell L. Parr | n/a | 401/402, 403, 802 | | |
| DTX0225 | 2014-08-18 | Exhibit 1009 in *Zerto, Inc. v. EMC Corp* ., Declaration of Dr. Erez Zadok for U.S. Patent No. 7,647,460 | n/a | 403, 802 | | |
| DTX0226 | n/a | Court Docket No. 2:01-cv-00312-TC for Legato Systems, Inc., et al. v. Columbia Data Products, et al. | n/a | 106, 401/402, 403, 602, 703, 802, 901, 1002 | | |
| DTX0227 | n/a | Court Docket No. 5:03-cv-02286-JW for Legato Systems, Inc. v. Network Specialists, Inc., et al. | n/a | 106, 401/402, 403, 602, 703, 802, 901, 1002 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0228 | 2006-08-11 | "Double-Take Seeks IPO, Replication vendor makes surprising bid to go public," Information Week | n/a | 106, 401/402, 403, 602, 703, 802, 901, 1002 | | |
| DTX0229 | 2006-12-07 | "Double-Take Software plans IPO," Boston Business Journal | n/a | 106, 401/402, 403, 602, 703, 802, 901, 1002 | | |
| DTX0230 | 2010-10-14 | "Evaluating Reasonable Royalties After ResQNet," Law360 | n/a | 106, 401/402, 403, 602, 703, 802, 901, 1002 | | |
| DTX0231 | 2014-11-10 | Handwritten notes for Philip Green from meeting with Mr. Jestice | n/a | 401/402, 403, 602, 703, 802 | | |
| DTX0232 | 2010-12-07 | U.S. Patent No. 7,849,361 | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |
| DTX0233 | 2009-04-07 | U.S. Patent No. 7,516,287 | n/a | 401/402, 403, 602, 703, 802, 901, 1002, ND | | |
| DTX0234 | 2013-03-07 | Declaration of William R. Clark, Esq. | n/a | 401/402, 403, 602, 802, 1002, ND | | |
| DTX0235 | 2013-04-08 | EMC's Response to Zerto's First Set of Interrogatories | n/a | 403, 703 | | |
| DTX0236 | 2014-08-26 | EMC's Supplemental Response to Zerto's First Set of Interrogatories (Nos. 1-9) | n/a | 403, 703 | | |
| DTX0237 | 2005-03-08 | Joint Motion To Dismiss With Prejudice | n/a | 401/402, 403, 602, 802, 901, 1002, ND | | |

24

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0238 | 2014-02-07 | Zerto's Preliminary Invalidity Contentions as to U.S. Patent No. 6,073,222 | n/a | 403, 703 | | |
| DTX0239 | 2014-11-21 | Zerto's First Supplemental Invalidity Contentions as to U.S. Patent No. 6,073,222 | n/a | 403, 703 | | |
| DTX0240 | 2013-05-17 | Zerto's  Preliminary Invalidity Contentions as to U.S. Patent No. 7,577,867 | n/a | 403, 703 | | |
| DTX0241 | 2014-02-07 | Zerto's  Supplemental Preliminary Invalidity Contentions as to U.S. Patent No. 7,577,867 | n/a | 403, 703 | | |
| DTX0242 | 2014-11-21 | Zerto's Second Supplemental Invalidity Contentions as to U.S. Patent No. 7,577,867 | n/a | 403, 703 | | |
| DTX0243 | 2014-02-07 | Zerto's  Preliminary Invalidity Contentions as to U.S. Patent No. 7,603,395 | n/a | 403, 703 | | |
| DTX0244 | 2014-11-21 | Zerto's  First Supplemental Invalidity Contentions as to U.S. Patent No. 7,603,395 | n/a | 403, 703 | | |
| DTX0245 | 2014-02-07 | Zerto's  Preliminary Invalidity Contentions as to U.S. Patent No. 7,647,460 | n/a | 403, 703 | | |
| DTX0246 | 2014-11-21 | Zerto's  First Supplemental Invalidity Contentions as to U.S. Patent No. 7,647,460 | n/a | 403, 703 | | |
| DTX0247 | 2014-02-07 | Zerto's  Preliminary Invalidity Contentions as to U.S. Patent No. 7,971,091 | n/a | 403, 703 | | |
| DTX0248 | 2014-11-21 | Zerto's  First Supplemental Invalidity Contentions as to U.S. Patent No. 7,971,091 | n/a | 403, 703 | | |
| DTX0249 | 2013-04-12 | Preliminary Infringement Disclosures for U.S. Patent No. 7,577,867 | n/a | 403, 703 | | |
| DTX0250 | 2013-12-13 | Preliminary Infringement Disclosures for U.S. Patent No. 7,647,460 | n/a | 403, 703 | | |
| DTX0251 | 2013-12-13 | Preliminary Infringement Disclosures for U.S. Patent No. 7,603,395 | n/a | 403, 703 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------------|-------------|-------------|------------------|--------------|----------|
| DTX0252 | 2013-12-13 | Preliminary Infringement Disclosures for U.S. Patent No. 7,971,091 | n/a | 403, 703 | | |
| DTX0253 | 2013-12-13 | Preliminary Infringement Disclosures for U.S. Patent No. 6,073,222 | n/a | 403, 703 | | |
| DTX0254 | 2014-11-20 | Supplemental Infringement Disclosures for U.S. Patent No. 7,647,460 | n/a | 403, 703 | | |
| DTX0255 | 2014-11-20 | Supplemental Infringement Disclosures for U.S. Patent No. 7,603,395 | n/a | 403, 703 | | |
| DTX0256 | 2014-11-20 | Supplemental Infringement Disclosures for U.S. Patent No. 7,971,091 | n/a | 403, 703 | | |
| DTX0257 | 2014-11-20 | Supplemental Infringement Disclosures for U.S. Patent No. 6,073,222 | n/a | 403, 703 | | |
| DTX0258 | 2014-11-20 | Supplemental Infringement Disclosures for U.S. Patent No. 7,577,867 | n/a | 403, 703 | | |
| DTX0259 | 2008-12-09 | Exhibit 1003 in *Zerto, Inc. v. EMC Corp*., IPR2013-00458, U.S. Patent No. 7,464,126 | n/a | 401/402, 403, 602, ND | | |
| DTX0260 | 2004-07-00 | Exhibit 1002 in *Zerto, Inc. v. EMC Corp*., IPR2013-00458, "IBM TotalStorage Enterprise Storage Server Implementing ESS Copy Services in Open Enviornments," IBM Redbooks, Fifth Edition | n/a | 401/402, 403, 602, ND | | |
| DTX0261 | 2013-07-19 | Exhibit 1005 in *Zerto, Inc. v. EMC Corp*., IPR2013-00458, Declaration of Ahmed Amer | n/a | 401/402, 403, 602, ND | | |
| DTX0262 | 2012-07-20 | Complaint | n/a | 401/402, 403 | | |
| DTX0263 | 2014-10-24 | Deposition Transcript of William Clark | n/a | 403, 602, 802, DO | | |
| DTX0264 | 2014-11-12 | Deposition Transcript of Hank Chen | n/a | 403, 602, 802, DO | | |

26

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0265 | 2014-09-05 | Deposition Transcript of John Rokicki | n/a | 403, 602, 802, DO | | |
| DTX0266 | 2014-10-29 | Deposition Transcript of Oded Kedem | n/a | 403, 602, 802, DO | | |
| DTX0267 | 2014-10-30 | Deposition Transcript of Oded Kedem | n/a | 403, 602, 802, DO | | |
| DTX0268 | 2014-12-03 | Deposition Transcript of Zach Dickinson | n/a | 403, 602, 802, DO | | |
| DTX0269 | 2014-10-23 | Deposition Transcript of Ziv Kedem | n/a | 403, 602, 802, DO | | |
| DTX0270 | 2014-10-22 | Deposition Transcript of Ziv Kedem | n/a | 403, 602, 802, DO | | |
| DTX0271 | 2014-10-16 | Subpoena to Sara Jones | n/a | 401/402, 403 | | |
| DTX0272 | 2014-08-28 | Subpoena to Testify at Civil for Richard Joseph Mayfield | n/a | 401/402, 403 | | |
| DTX0273 | 2014-01-16 | Decision Denying Institution of Inter Partes Review in *Zerto, Inc. v. EMC Corp.*, IPR2013-00458 | n/a | 401/402, 403, 602, 802, 901, 1002 | | |
| DTX0274 | 1996-08-06 | U.S. Patent No. 5,544,347 | ZERTO_0041572 - ZERTO_0041581 | 401/402, 403 | | |
| DTX0275 | 2010-03-21 | Email thread between O. Kedem, Z. Kedem, N. Senderowicz and I. Parnafes re a question about the prototype | ZERTO0019834 - ZERTO0019836 | 403, 802 | | |
| DTX0276 | 2012-03-07 | Email thread between Z. Kedem, J. Benkoski and M. Tessel re Articles | ZERTO0019865 - ZERTO0019866 | 403, 802 | | |
| DTX0277 | n/a | Curriculum Vitae of Paul P. Allerhand | ZERTO0020164 - ZERTO0020166 | 401/402, 403, 802 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0278 | n/a | Presentation "Zerto Virtual Replication re A New Approach to Disaster Recovery" | ZERTO0021028 - ZERTO0021047 | 403, 802 | | |
| DTX0279 | 2009-11-19 | Appendix 1 to the Promissory Loan Agreement Summary of Terms For Series A Convertible Preferred Stock of ZeRTO Ltd. Between ZeRTO Ltd. and Greylock Israel Limited Partnership | ZERTO0022488 - ZERTO0022496 | 403, 802 | | |
| DTX0280 | 2012-07-01 | Email to J. Benkoski, et al. from Z. Kedem re two things | ZERTO0022702 - ZERTO0022703 | 403, 802 | | |
| DTX0281 | n/a | Presentation "Zerto Online & Social Marketing Overview 2011 & 2012" | ZERTO0023308 - ZERTO0023333 | 403, 802 | | |
| DTX0282 | n/a | Spreadsheet of Zerto 2012 Activity Tracker | ZERTO0023363 | 403, 802 | | |
| DTX0283 | n/a | Presentation "Zerto 2012 Product Goals" | ZERTO0023367 - ZERTO0023389 | 403, 802 | | |
| DTX0284 | 2010-01-13 | Email to E. Ofer from O. Kedem re Latest customer presentation (v17) | ZERTO0023469 - ZERTO0023481 | 403, 802 | | |
| DTX0285 | 2012-03-05 | Email thread between I. Parnafes and Z. Kedem re I'm abroad | ZERTO0028173 | 403, 802 | | |
| DTX0286 | 2012-00-00 | Spreadsheet of Zerto 2012 Plan | ZERTO0032950 - ZERTO0033138 | 403, 802 | | |
| DTX0287 | 2010-12-31 | ZeRTO Ltd. (A Development Stage Company) Financial Statements as of December 31, 2010 | ZERTO0034071 - ZERTO0034086 | 403, 802 | | |
| DTX0288 | 2010-06-28 | Email to E. Ofer from O. Kedem re ZeRTO 1.0 Product Requirement Specifications v14.docx | ZERTO0038378 - ZERTO0038399 | 403, 802 | | |
| DTX0289 | 2010-03-25 | Email to S. Tobin from Z. Kedem re ZeRTO documents | ZERTO0038614 - ZERTO0038624 | 403, 802 | | |
| DTX0290 | 2012-04-15 | Draft of Zerto Ltd. and Its Subsidiary Consolidated Financial Statements as of December 31, 2011 | ZERTO0038773 - ZERTO0038789 | 403, 602, 703, 802 | | |

28

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|-------------------|--------------|----------|
| DTX0291 | 2012-05-17 | Zerto Ltd. Interim Financial Statements as of December 31, 2012 | ZERTO0038792 - ZERTO0038798 | 403, 602, 703, 802 | | |
| DTX0292 | 2011-05-18 | Email to J. Benkoski from Z. Kedem re ZeRTO Operating Plan for 2011-2013 | ZERTO0039075 - ZERTO0039323 | 403, 802 | | |
| DTX0293 | 2011-12-21 | Email to J. Benkoski, et al. re Z. Kedem re Zerto Plan for 2012 | ZERTO0039327 - ZERTO0039517 | 403, 802 | | |
| DTX0294 | 2011-07-31 | Email to M. Deals, et al. from Y. Zilber re Zerto Round B - Final Documents | ZERTO0040022 - ZERTO0040023, ZERTO0021099 - ZERTO0021106 | 403, 802 | | |
| DTX0295 | 1993-12-00 | Implementing Concurrent Copy-Document Number GG24-3990-00-International Technical Support Organization, San Jose Center | ZERTO0041190 - ZERTO0041370 | 401/402, 403, 602, 802, 901, 1002 | | |
| DTX0296 | 1994-01-00 | PDC's FreezeFrame User's Guide, Version 2.0 | ZERTO0041371 - ZERTO0041412 | 401/402, 403, 602, 802, 901, 1002 | | |
| DTX0297 | 1993-11-00 | Delta Microsystems, Inc.'s FreezeFrame User's Guide, Version 1.1 | ZERTO0041413 - ZERTO0041472 | 401/402, 403, 602, 802, 901, 1002 | | |
| DTX0298 | 2005-00-00 | The Recovery ONE Solution, Mendocino Software | ZERTO0041483 - ZERTO0041505 | 401/402, 403, 602, 802, 901, 1002 | | |
| DTX0299 | 1997-09-02 | U.S. Patent No. 5,664,186 | ZERTO0041582 - ZERTO0041597 | 401/402, 403, 602, 802, 901, 1002 | | |
| DTX0300 | 1999-11-23 | U.S. Patent No. 5,991,813 | ZERTO0041598 - ZERTO0041605 | 401/402, 403, 602, 802, 901, 1002 | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0301 | 2000-06-06 | U.S. Patent No. 6,073,209 | ZERTO0041606 - ZERTO0041634 | 401/402, 403, 602, 802, 901, 1002 | | |
| DTX0302 | n/a | Presentation "Zerto Virtual Replication A New Approach to Disaster Recovery:  Owning the Customer/Changing the Model/Creating a Platform | ZERTO0042514 - ZERTO0042519 | 403, 802 | | |
| DTX0303 | 2014-01-02 | Email to J. Benkoski, et al. re P. Allerhand re Zerto Flash Update - 2013 Results | ZERTO0046248 - ZERTO0046249 | 403, 802 | | |
| DTX0304 | 2013-07-02 | Letter to P. Allerhand from Kost, Forer, Gabbay & Kasierer | ZERTO0047449 - ZERTO0047450 | 403, 602, 703, 802 | | |
| DTX0305 | n/a | Presentation "Mvware vCloud Hybrid Service (vCHS) ND Roadmap" | ZERTO0049474 - ZERTO0049526 | 403, 802 | | |
| DTX0306 | 2014-00-00 | Zerto Virtual Manager Administration Guide, Version 3.5 | ZERTO0055976 - ZERTO0056270 | 403, 802 | | |
| DTX0307 | 2009-04-00 | IBM System Storage N Series, Redbooks | ZERTO0059721 - ZERTO0060480 | 401/402, 403, 602, 802, 901, 1002 | | |
| DTX0308 | 2013-06-01 | Intercompany Agreement between Zerto, Inc. and Zerto Ltd. | ZERTO0060481 - ZERTO0060486 | 403, 802, Wrong/Duplicate Bates Range | | |
| DTX0309 | n/a | By-Laws of ZeRTO, Inc. | ZERTOLTD0009924 - ZERTOLTD0009937 | 401/402, 403, 802 | | |
| DTX0310 | 2011-05-17 | State of Delaware Certificate of Incorporation of Zerto, Inc. | ZERTOLTD0009938 - ZERTOLTD0009941 | 401/402, 403, 802 | | |
| DTX0311 | n/a | ███████████████ | ZERTOSC000001 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0312 | n/a | | ZERTOSC000002 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0313 | n/a | | ZERTOSC000003 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0314 | n/a | | ZERTOSC000004 - ZERTOSC000005 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0315 | n/a | | ZERTOSC000006 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0316 | n/a | | ZERTOSC000007 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0317 | n/a | | ZERTOSC000008 - ZERTOSC000009 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0318 | n/a | | ZERTOSC000010 - ZERTOSC000015 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0319 | n/a | | ZERTOSC000016 - ZERTOSC000017 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0320 | n/a | | ZERTOSC000018 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0321 | n/a | | ZERTOSC000019 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0322 | n/a | | ZERTOSC000020- ZERTOSC000022 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0323 | n/a | | ZERTOSC000023 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0324 | n/a | | ZERTOSC000024 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0325 | n/a | | ZERTOSC000025 - ZERTOSC000032 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0326 | n/a | | ZERTOSC000033 - ZERTOSC000035 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0327 | n/a | | ZERTOSC000036 - ZERTOSC000037 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0328 | n/a | | ZERTOSC000038 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0329 | n/a | | ZERTOSC000039 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0330 | n/a | | ZERTOSC000040 - ZERTOSC000043 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0331 | n/a | | ZERTOSC000044 - ZERTOSC000064 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0332 | n/a | | ZERTOSC000065 - ZERTOSC000069 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0333 | n/a | | ZERTOSC000070 - ZERTOSC000074 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0334 | n/a | | ZERTOSC000075 - ZERTOSC000096 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0335 | n/a | | ZERTOSC000097 - ZERTOSC000101 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0336 | n/a | | ZERTOSC000102 - ZERTOSC000108 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0337 | n/a | | ZERTOSC000109 - ZERTOSC000110 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0338 | n/a | | ZERTOSC000111 - ZERTOSC000112 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0339 | n/a | | ZERTOSC000113 - ZERTOSC000117 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0340 | n/a | | ZERTOSC000118 - ZERTOSC000120 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0341 | n/a | | ZERTOSC000121 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0342 | n/a | | ZERTOSC000122 - ZERTOSC000131 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0343 | n/a | | ZERTOSC000132 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0344 | n/a | | ZERTOSC000133 - ZERTOSC000134 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0345 | n/a | | ZERTOSC000135 - ZERTOSC000136 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0346 | n/a | | ZERTOSC000137 - ZERTOSC000138 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0347 | n/a | | ZERTOSC000139 - ZERTOSC000140 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0348 | n/a | | ZERTOSC000141 - ZERTOSC000152 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0349 | n/a | | ZERTOSC000153 - ZERTOSC000154 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0350 | n/a | | ZERTOSC000155 - ZERTOSC000191 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0351 | n/a | | ZERTOSC000192 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0352 | n/a | | ZERTOSC000193 - ZERTOSC000196 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0353 | n/a | | ZERTOSC000197 - ZERTOSC000199 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0354 | n/a | | ZERTOSC000200 - ZERTOSC000201 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0355 | n/a | | ZERTOSC000202 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0356 | n/a | | ZERTOSC000203 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0357 | n/a | | ZERTOSC000204 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0358 | n/a | | ZERTOSC000205 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0359 | n/a | | ZERTOSC000206 - ZERTOSC000207 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0360 | n/a | | ZERTOSC000208 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0361 | n/a | | ZERTOSC000209 - ZERTOSC000210 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0362 | n/a | | ZERTOSC000211 - ZERTOSC000235 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0363 | n/a | | ZERTOSC000236 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0364 | n/a | | ZERTOSC000237 - ZERTOSC000245 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0365 | n/a | | ZERTOSC000246 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0366 | n/a | | ZERTOSC000247 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0367 | n/a | | ZERTOSC000248 - ZERTOSC000250 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0368 | n/a | | ZERTOSC000251 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0369 | n/a | | ZERTOSC000252 - ZERTOSC000255 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0370 | n/a | | ZERTOSC000256 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0371 | n/a | | ZERTOSC000257 - ZERTOSC000258 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0372 | n/a | | ZERTOSC000259 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0373 | n/a | | ZERTOSC000260 - ZERTOSC000263 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0374 | n/a | | ZERTOSC000264 - ZERTOSC000265 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0375 | n/a | | ZERTOSC000266 - ZERTOSC000276 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0376 | n/a | | ZERTOSC000277 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0377 | n/a | | ZERTOSC000278 - ZERTOSC000282 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0378 | n/a | | ZERTOSC000283 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0379 | n/a | | ZERTOSC000284 - ZERTOSC000286 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0380 | n/a | | ZERTOSC000287 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0381 | n/a | | ZERTOSC000288 - ZERTOSC000291 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0382 | n/a | | ZERTOSC000292 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0383 | n/a | | ZERTOSC000293 - ZERTOSC000294 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0384 | n/a | | ZERTOSC000295 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0385 | n/a | | ZERTOSC000296 - ZERTOSC000300 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0386 | n/a | | ZERTOSC000301 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0387 | n/a | | ZERTOSC000302 - ZERTOSC000318 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0388 | n/a | | ZERTOSC000319 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0389 | n/a | | ZERTOSC000320 - ZERTOSC000325 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0390 | n/a | | ZERTOSC000326 - ZERTOSC000328 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0391 | n/a | | ZERTOSC000329 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0392 | n/a | | ZERTOSC000330 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0393 | n/a | | ZERTOSC000331 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0394 | n/a | | ZERTOSC000332 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0395 | n/a | | ZERTOSC000333 - ZERTOSC000335 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0396 | n/a | | ZERTOSC000336 - ZERTOSC000337 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0397 | n/a | | ZERTOSC000338 - ZERTOSC000340 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0398 | n/a | | ZERTOSC000341- ZERTOSC000344 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0399 | n/a | | ZERTOSC000345 - ZERTOSC000347 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0400 | n/a | | ZERTOSC000348 - ZERTOSC000351 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0401 | n/a | | ZERTOSC000352 - ZERTOSC000361 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0402 | n/a | | ZERTOSC000362 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0403 | n/a | | ZERTOSC000363 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0404 | n/a | | ZERTOSC000364 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0405 | n/a | | ZERTOSC000365 - ZERTOSC000369 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0406 | n/a | | ZERTOSC000370 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0407 | n/a | | ZERTOSC000371 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0408 | n/a | | ZERTOSC000372 - ZERTOSC000394 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0409 | n/a | | ZERTOSC000395 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0410 | n/a | | ZERTOSC000396 - ZERTOSC000397 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0411 | n/a | | ZERTOSC000398 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0412 | n/a | | ZERTOSC000399 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0413 | n/a | | ZERTOSC000400 - ZERTOSC000401 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0414 | n/a | | ZERTOSC000402 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0415 | n/a | | ZERTOSC000403 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0416 | n/a | | ZERTOSC000404 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0417 | n/a | | ZERTOSC000405 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0418 | n/a | | ZERTOSC000406 ZERTOSC000407 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0419 | n/a | | ZERTOSC000408 - ZERTOSC000412 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0420 | n/a | | ZERTOSC000413 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0421 | n/a | | ZERTOSC000414 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0422 | n/a | | ZERTOSC000415 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0423 | n/a | | ZERTOSC000416 ZERTOSC000418 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0424 | n/a | | ZERTOSC000419 - ZERTOSC000425 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0425 | n/a | | ZERTOSC000426 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0426 | n/a | | ZERTOSC000427 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0427 | n/a | | ZERTOSC000428 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0428 | n/a | | ZERTOSC000429 - ZERTOSC000566 | 401/402, 403, 602, 701, 702, 703, NEA | | |

43

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0429 | n/a | | ZERTOSC000567 - ZERTOSC000573 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0430 | n/a | | ZERTOSC000574 - ZERTOSC000599 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0431 | n/a | | ZERTOSC000600 - ZERTOSC000603 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0432 | n/a | | ZERTOSC000604 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0433 | n/a | | ZERTOSC000605 - ZERTOSC000613 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0434 | n/a | | ZERTOSC000614 - ZERTOSC000617 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0435 | n/a | | ZERTOSC000618 - ZERTOSC000619 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0436 | n/a | | ZERTOSC000620 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0437 | n/a | | ZERTOSC000621 - ZERTOSC000622 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0438 | n/a | | ZERTOSC000623 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0439 | n/a | | ZERTOSC000624 - ZERTOSC000626 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0440 | n/a | | ZERTOSC000627 - ZERTOSC000643 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0441 | n/a | | ZERTOSC000644 - ZERTOSC000695 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0442 | n/a | | ZERTOSC000696 - ZERTOSC000698 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0443 | n/a | | ZERTOSC000699 - ZERTOSC000704 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0444 | n/a | | ZERTOSC000705 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0445 | n/a | | ZERTOSC000706 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0446 | n/a | | ZERTOSC000707 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0447 | n/a | | ZERTOSC000708 - ZERTOSC000709 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0448 | n/a | | ZERTOSC000710 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0449 | n/a | | ZERTOSC000711 - ZERTOSC000712 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0450 | n/a | | ZERTOSC000713 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0451 | n/a | | ZERTOSC000714 - ZERTOSC000736 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0452 | n/a | | ZERTOSC000737 - ZERTOSC000742 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0453 | n/a | | ZERTOSC000743 - ZERTOSC000753 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0454 | n/a | | ZERTOSC000754 - ZERTOSC000756 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0455 | n/a | | ZERTOSC000757 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0456 | n/a | | ZERTOSC000758 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0457 | n/a | | ZERTOSC000759 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0458 | n/a | | ZERTOSC000760 - ZERTOSC000761 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0459 | n/a | | ZERTOSC000762 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0460 | n/a | | ZERTOSC000763 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0461 | n/a | | ZERTOSC000764 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0462 | n/a | | ZERTOSC000765 - ZERTOSC000767 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0463 | n/a | | ZERTOSC000768 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0464 | n/a | | ZERTOSC000769 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0465 | n/a | | ZERTOSC000770 - ZERTOSC000791 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0466 | n/a | | ZERTOSC000792 - ZERTOSC000795 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0467 | n/a | | ZERTOSC000796 - ZERTOSC000797 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0468 | n/a | | ZERTOSC000799 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0469 | n/a | | ZERTOSC000800 - ZERTOSC000801 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0470 | n/a | | ZERTOSC000802 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0471 | n/a | | ZERTOSC000803 - ZERTOSC000808 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0472 | n/a | | ZERTOSC000809 - ZERTOSC000810 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0473 | n/a | | ZERTOSC000811 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0474 | n/a | | ZERTOSC000812 - ZERTOSC000851 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0475 | n/a | | ZERTOSC000852 - ZERTOSC000854 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0476 | n/a | | ZERTOSC000855 - ZERTOSC000856 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0477 | n/a | | ZERTOSC000857 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0478 | n/a | | ZERTOSC000858 - ZERTOSC000859 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0479 | n/a | | ZERTOSC000860 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0480 | n/a | | ZERTOSC000861 - ZERTOSC000863 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0481 | n/a | | ZERTOSC000864 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0482 | n/a | | ZERTOSC000865 - ZERTOSC000869 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0483 | n/a | | ZERTOSC000870 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0484 | n/a | | ZERTOSC000871 - ZERTOSC000872 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0485 | n/a | | ZERTOSC000873 - ZERTOSC000875 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0486 | n/a | | ZERTOSC000876 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0487 | n/a | | ZERTOSC000877 - ZERTOSC000915 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0488 | n/a | | ZERTOSC000916 - ZERTOSC000920 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0489 | n/a | | ZERTOSC000921 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0490 | n/a | | ZERTOSC000922 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0491 | n/a | | ZERTOSC000923 - ZERTOSC000926 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0492 | n/a | | ZERTOSC000927 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0493 | n/a | | ZERTOSC000928 - ZERTOSC000931 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0494 | n/a | | ZERTOSC000932 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0495 | n/a | | ZERTOSC000933 - ZERTOSC000934 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0496 | n/a | | ZERTOSC000935 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0497 | n/a | | ZERTOSC000936 - ZERTOSC000938 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0498 | n/a | | ZERTOSC000939 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0499 | n/a | | ZERTOSC000940 - ZERTOSC000941 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0500 | n/a | | ZERTOSC000942 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0501 | n/a | | ZERTOSC000943 - ZERTOSC000954 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0502 | n/a | | ZERTOSC000955 - ZERTOSC000956 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0503 | n/a | | ZERTOSC000957 - ZERTOSC000959 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0504 | n/a | | ZERTOSC000960 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0505 | n/a | | ZERTOSC000961 - ZERTOSC000962 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0506 | n/a | | ZERTOSC000963 - ZERTOSC000966 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0507 | n/a | | ZERTOSC000967- ZERTOSC000968 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0508 | n/a | | ZERTOSC000969 - ZERTOSC000970 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0509 | n/a | | ZERTOSC000971 - ZERTOSC000973 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0510 | n/a | | ZERTOSC000974 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0511 | n/a | | ZERTOSC000975 - ZERTOSC000986 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0512 | n/a | | ZERTOSC000987 - ZERTOSC000989 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0513 | n/a | | ZERTOSC000990 - ZERTOSC000992 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0514 | n/a | | ZERTOSC000993 - ZERTOSC000994 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0515 | n/a | | ZERTOSC000995 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0516 | n/a | | ZERTOSC000996 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0517 | n/a | | ZERTOSC000997 - ZERTOSC000999 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0518 | n/a | | ZERTOSC001000 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0519 | n/a | | ZERTOSC001001 - ZERTOSC001025 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0520 | n/a | | ZERTOSC001026 - ZERTOSC001028 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0521 | n/a | | ZERTOSC001029 - ZERTOSC001030 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0522 | n/a | | ZERTOSC001031 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0523 | n/a | | ZERTOSC001032 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0524 | n/a | | ZERTOSC001033 - ZERTOSC001035 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0525 | n/a | | ZERTOSC001036 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0526 | n/a | | ZERTOSC001037 - ZERTOSC001064 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0527 | n/a | | ZERTOSC001065 - ZERTOSC001069 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0528 | n/a | | ZERTOSC001070 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0529 | n/a | | ZERTOSC001071 - ZERTOSC001072 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0530 | n/a | | ZERTOSC001073 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0531 | n/a | | ZERTOSC001074 - ZERTOSC001075 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0532 | n/a | | ZERTOSC001076 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0533 | n/a | | ZERTOSC001077 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0534 | n/a | | ZERTOSC001078 - ZERTOSC001079 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0535 | n/a | | ZERTOSC001081 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0536 | n/a | | ZERTOSC001082 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0537 | n/a | | ZERTOSC001083 - ZERTOSC001085 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0538 | n/a | | ZERTOSC001086 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0539 | n/a | | ZERTOSC001087 - ZERTOSC001090 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0540 | n/a | | ZERTOSC001091 - ZERTOSC001092 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0541 | n/a | | ZERTOSC001093 - ZERTOSC001097 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0542 | n/a | | ZERTOSC001098 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0543 | n/a | | ZERTOSC001099 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0544 | n/a | | ZERTOSC001100 - ZERTOSC001102 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0545 | n/a | | ZERTOSC001103 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0546 | n/a | | ZERTOSC001104 - ZERTOSC001105 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0547 | n/a | | ZERTOSC001106 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0548 | n/a | | ZERTOSC001107 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0549 | n/a | | ZERTOSC001108 - ZERTOSC001109 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0550 | n/a | | ZERTOSC001110 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0551 | n/a | | ZERTOSC001111 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0552 | n/a | | ZERTOSC001112 - ZERTOSC001115 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0553 | n/a | | ZERTOSC001116 - ZERTOSC001127 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0554 | n/a | | ZERTOSC001128 - ZERTOSC001130 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0555 | n/a | | ZERTOSC001131 - ZERTOSC001138 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0556 | n/a | | ZERTOSC001139 - ZERTOSC001140 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0557 | n/a | | ZERTOSC001141 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0558 | n/a | | ZERTOSC001142 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0559 | n/a | | ZERTOSC001143 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0560 | n/a | | ZERTOSC001144 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0561 | n/a | | ZERTOSC001145 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0562 | n/a | | ZERTOSC001146 - ZERTOSC001147 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0563 | n/a | | ZERTOSC001148 - ZERTOSC001202 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0564 | n/a | | ZERTOSC001203 - ZERTOSC001206 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0565 | n/a | | ZERTOSC001207 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0566 | n/a | | ZERTOSC001208 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0567 | n/a | | ZERTOSC001209 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0568 | n/a | | ZERTOSC001210 - ZERTOSC001211 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0569 | n/a | | ZERTOSC001212 - ZERTOSC001214 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0570 | n/a | | ZERTOSC001215 - ZERTOSC001219 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0571 | n/a | | ZERTOSC001220 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0572 | n/a | | ZERTOSC001221 - ZERTOSC001224 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0573 | n/a | | ZERTOSC001225 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0574 | n/a | | ZERTOSC001226 - ZERTOSC001232 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0575 | n/a | | ZERTOSC001233 - ZERTOSC001237 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0576 | n/a | | ZERTOSC001238 - ZERTOSC001260 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0577 | n/a | | ZERTOSC001261 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0578 | n/a | | ZERTOSC001262 - ZERTOSC001264 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0579 | n/a | | ZERTOSC001265 - ZERTOSC001267 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0580 | n/a | | ZERTOSC001268 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0581 | n/a | | ZERTOSC001269 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0582 | n/a | | ZERTOSC001270 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0583 | n/a | | ZERTOSC001271 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0584 | n/a | | ZERTOSC001272 - ZERTOSC001275 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0585 | n/a | | ZERTOSC001276 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0586 | n/a | | ZERTOSC001277 - ZERTOSC001281 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0587 | n/a | | ZERTOSC001282 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0588 | n/a | | ZERTOSC001283 - ZERTOSC001293 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0589 | n/a | | ZERTOSC001294 - ZERTOSC001296 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0590 | n/a | | ZERTOSC001297 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0591 | n/a | | ZERTOSC001298 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0592 | n/a | | ZERTOSC001299 - ZERTOSC001302 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0593 | n/a | | ZERTOSC001303 - ZERTOSC001304 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0594 | n/a | | ZERTOSC001305 ZERTOSC001311 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0595 | n/a | | ZERTOSC001312 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0596 | n/a | | ZERTOSC001313 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0597 | n/a | | ZERTOSC001314 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0598 | n/a | | ZERTOSC001315 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0599 | n/a | | ZERTOSC001316 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0600 | n/a | | ZERTOSC001317 - ZERTOSC001318 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0601 | n/a | | ZERTOSC001319 - ZERTOSC001320 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0602 | n/a | | ZERTOSC001321 - ZERTOSC001322 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0603 | n/a | | ZERTOSC001323 - ZERTOSC001329 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0604 | n/a | | ZERTOSC001330 - ZERTOSC001331 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0605 | n/a | | ZERTOSC001332 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0606 | n/a | | ZERTOSC001333 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0607 | n/a | | ZERTOSC001334 - ZERTOSC001335 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0608 | n/a | | ZERTOSC001336 - ZERTOSC001337 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0609 | n/a | | ZERTOSC001338 - ZERTOSC001339 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0610 | n/a | | ZERTOSC001340 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0611 | n/a | | ZERTOSC001341 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0612 | n/a | | ZERTOSC001342- ZERTOSC001343 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0613 | n/a | | ZERTOSC001344 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0614 | n/a | | ZERTOSC001345 - ZERTOSC001348 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0615 | n/a | | ZERTOSC001349 - ZERTOSC001350 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0616 | n/a | | ZERTOSC001351 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0617 | n/a | | ZERTOSC001352 - ZERTOSC001353 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0618 | n/a | | ZERTOSC001354 - ZERTOSC001355 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0619 | n/a | | ZERTOSC001356 - ZERTOSC001358 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0620 | n/a | | ZERTOSC001359 - ZERTOSC001360 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0621 | n/a | | ZERTOSC001361 - ZERTOSC001370 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0622 | n/a | | ZERTOSC001371 - ZERTOSC001372 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0623 | n/a | | ZERTOSC001373 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0624 | n/a | | ZERTOSC001374 - ZERTOSC001375 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0625 | n/a | | ZERTOSC001376 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0626 | n/a | | ZERTOSC001377 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|-----------------|--------------|----------|
| DTX0627 | n/a | | ZERTOSC001378 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0628 | n/a | | ZERTOSC001379 - ZERTOSC001380 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0629 | n/a | | ZERTOSC001381 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0630 | n/a | | ZERTOSC001382 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0631 | n/a | | ZERTOSC001383 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0632 | n/a | | ZERTOSC001384 - ZERTOSC001395 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0633 | n/a | | ZERTOSC001396 - ZERTOSC001397 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0634 | n/a | | ZERTOSC001398 - ZERTOSC001400 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0635 | n/a | | ZERTOSC001401 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0636 | n/a | | ZERTOSC001402 - ZERTOSC001407 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0637 | n/a | | ZERTOSC001408 - ZERTOSC001409 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0638 | n/a | | ZERTOSC001410 - ZERTOSC001411 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0639 | n/a | | ZERTOSC001412 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0640 | n/a | | ZERTOSC001413 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0641 | n/a | | ZERTOSC001414 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0642 | n/a | | ZERTOSC001415 - ZERTOSC001416 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0643 | n/a | | ZERTOSC001417 - ZERTOSC001422 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0644 | n/a | | ZERTOSC001423 - ZERTOSC001424 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0645 | n/a |  | ZERTOSC001425 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0646 | n/a |  | ZERTOSC001426 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0647 | n/a |  | ZERTOSC001427 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0648 | n/a |  | ZERTOSC001428 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0649 | n/a |  | ZERTOSC001429 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0650 | n/a |  | ZERTOSC001430 - ZERTOSC001436 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0651 | n/a |  | ZERTOSC001437 - ZERTOSC001442 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0652 | n/a |  | ZERTOSC001443 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0653 | n/a |  | ZERTOSC001444 - ZERTOSC001448 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0654 | n/a | | ZERTOSC001449 - ZERTOSC001450 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0655 | n/a | | ZERTOSC001451 - ZERTOSC001464 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0656 | n/a | | ZERTOSC001465 - ZERTOSC001467 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0657 | n/a | | ZERTOSC001468 - ZERTOSC001471 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0658 | n/a | | ZERTOSC001472 - ZERTOSC001475 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0659 | n/a | | ZERTOSC001476 - ZERTOSC001478 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0660 | n/a | | ZERTOSC001479 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0661 | n/a | | ZERTOSC001480 - ZERTOSC001482 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0662 | n/a | | ZERTOSC001483 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0663 | n/a | | ZERTOSC001484 - ZERTOSC001485 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0664 | n/a | | ZERTOSC001486 - ZERTOSC001487 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0665 | n/a | | ZERTOSC001488 - ZERTOSC001503 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0666 | n/a | | ZERTOSC001504 - ZERTOSC001509 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0667 | n/a | | ZERTOSC001510 - ZERTOSC001511 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0668 | n/a | | ZERTOSC001512 - ZERTOSC001527 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0669 | n/a | | ZERTOSC001528 - ZERTOSC001531 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0670 | n/a | | ZERTOSC001532 - ZERTOSC001536 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0671 | n/a | | ZERTOSC001537 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0672 | n/a | | ERTOSC001538 - ERTOSC001540 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0673 | n/a | | ERTOSC001541 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0674 | n/a | | ERTOSC001542 - ERTOSC001546 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0675 | n/a | | ERTOSC001547 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0676 | n/a | | ERTOSC001548 - ERTOSC001572 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0677 | n/a | | ERTOSC001573 - ERTOSC001577 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0678 | n/a | | ERTOSC001578 - ERTOSC001589 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0679 | n/a | | ERTOSC001590 - ERTOSC001593 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0680 | n/a | | ERTOSC001594 - ERTOSC001618 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0681 | n/a | | ZERTOSC001619 - ZERTOSC001624 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0682 | n/a | | ZERTOSC001625 - ZERTOSC001631 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0683 | n/a | | ZERTOSC001632 - ZERTOSC001633 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0684 | n/a | | ZERTOSC001634 - ZERTOSC001642 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0685 | n/a | | ZERTOSC001643 - ZERTOSC001644 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0686 | n/a | | ZERTOSC001645 - ZERTOSC001650 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0687 | n/a | | ZERTOSC001651 - ZERTOSC001653 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0688 | n/a | | ZERTOSC001654 - ZERTOSC001657 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0689 | n/a | | ZERTOSC001658 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0690 | n/a | | ZERTOSC001659 - ZERTOSC001660 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0691 | n/a | | ZERTOSC001661 - ZERTOSC001668 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0692 | n/a | | ZERTOSC001669 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0693 | n/a | | ZERTOSC001670 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0694 | n/a | | ZERTOSC001671 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0695 | n/a | | ZERTOSC001672 - ZERTOSC001676 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0696 | n/a | | ZERTOSC001677 - ZERTOSC001678 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0697 | n/a | | ZERTOSC001679 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0698 | n/a | | ZERTOSC001680 - ZERTOSC001682 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0699 | n/a | | ZERTOSC001683 - ZERTOSC001684 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0700 | n/a | | ZERTOSC001685 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0701 | n/a | | ZERTOSC001686 - ZERTOSC001687 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0702 | n/a | | ZERTOSC001688 - ZERTOSC001691 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0703 | n/a | | ZERTOSC001692 - ZERTOSC001693 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0704 | n/a | | ZERTOSC001694 - ZERTOSC001695 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0705 | n/a | | ZERTOSC001696 - ZERTOSC001697 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0706 | n/a | | ZERTOSC001698 - ZERTOSC001699 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0707 | n/a | | ZERTOSC001700 - ZERTOSC001701 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0708 | n/a | | ZERTOSC001702 - ZERTOSC001708 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0709 | n/a | | ZERTOSC001709 - ZERTOSC001710 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0710 | n/a | | ZERTOSC001711 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0711 | n/a | | ZERTOSC001712 - ZERTOSC001719 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0712 | n/a | | ZERTOSC001720 - ZERTOSC001722 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0713 | n/a | | ZERTOSC001723 - ZERTOSC001727 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0714 | n/a | | ZERTOSC001728 - ZERTOSC001729 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0715 | n/a | | ZERTOSC001730 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0716 | n/a | | ZERTOSC001731 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|--|-------------|------------------|--------------|----------|
| DTX0717 | n/a | | ZERTOSC001732 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0718 | n/a | | ZERTOSC001733 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0719 | n/a | | ZERTOSC001734 - ZERTOSC001735 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0720 | n/a | | ZERTOSC001736 - ZERTOSC001737 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0721 | n/a | | ZERTOSC001738 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0722 | n/a | | ZERTOSC001739 - ZERTOSC001744 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0723 | n/a | | ZERTOSC001745 - ZERTOSC001746 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0724 | n/a | | ZERTOSC001747 - ZERTOSC001756 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0725 | n/a | | ZERTOSC001757 - ZERTOSC001759 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0726 | n/a | | ZERTOSC001760 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0727 | n/a | | ZERTOSC001761 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0728 | n/a | | ZERTOSC001762 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0729 | n/a | | ZERTOSC001763-ZERTOSC001774 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0730 | n/a | | ZERTOSC001775 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0731 | n/a | | ZERTOSC001776 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0732 | n/a | | ZERTOSC001777 - ZERTOSC001778 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0733 | n/a | | ZERTOSC001779 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0734 | n/a | | ZERTOSC001780-ZERTOSC001781 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0735 | n/a | | ZERTOSC001782 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0736 | n/a | | ZERTOSC001783 - ZERTOSC001785 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0737 | n/a | | ZERTOSC001786 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0738 | n/a | | ZERTOSC001787 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0739 | n/a | | ZERTOSC001788 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0740 | n/a | | ZERTOSC001789 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0741 | n/a | | ZERTOSC001790 - ZERTOSC001792 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0742 | n/a | | ZERTOSC001793 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0743 | n/a | | ZERTOSC001794 - ZERTOSC001795 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0744 | n/a | | ZERTOSC001796 - ZERTOSC001797 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0745 | n/a | | ZERTOSC001798 - ZERTOSC001800 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0746 | n/a | | ZERTOSC001801 - ZERTOSC001802 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0747 | n/a | | ZERTOSC001803 - ZERTOSC001804 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0748 | n/a | | ZERTOSC001805 - ZERTOSC001806 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0749 | n/a | | ZERTOSC001807 - ZERTOSC001810 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0750 | n/a | | ZERTOSC001811 - ZERTOSC001812 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0751 | n/a | | ZERTOSC001813 - ZERTOSC001814 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0752 | n/a | | ZERTOSC001815 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0753 | n/a | | ZERTOSC001816 - ZERTOSC001817 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0754 | n/a | | ZERTOSC001818 - ZERTOSC001819 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0755 | n/a | | ZERTOSC001820 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0756 | n/a | | ZERTOSC001821 - ZERTOSC001844 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0757 | n/a | | ZERTOSC001845 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0758 | n/a | | ZERTOSC001846 - ZERTOSC001854 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0759 | n/a | | ZERTOSC001855 - ZERTOSC001858 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0760 | n/a | | ZERTOSC001859 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0761 | n/a | | ZERTOSC001860 - ZERTOSC001882 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0762 | n/a | | ZERTOSC001883 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0763 | n/a | | ZERTOSC001884 - ZERTOSC001886 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0764 | n/a | | ZERTOSC001887 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0765 | n/a | | ZERTOSC001888 - ZERTOSC001889 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0766 | n/a | | ZERTOSC001890 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0767 | n/a | | ZERTOSC001891 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0768 | n/a | | ZERTOSC001892 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0769 | n/a | | ZERTOSC001893 - ZERTOSC001901 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0770 | n/a | | ZERTOSC001902 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0771 | n/a |  | ZERTOSC001903 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0772 | n/a |  | ZERTOSC001904 - ZERTOSC001905 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0773 | n/a |  | ZERTOSC001906 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0774 | n/a |  | ZERTOSC001907 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0775 | n/a |  | ZERTOSC001908 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0776 | n/a |  | ZERTOSC001909 - ZERTOSC001912 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0777 | n/a |  | ZERTOSC001913 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0778 | n/a |  | ZERTOSC001914 - ZERTOSC001965 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX0779 | n/a |  | ZERTOSC001966 - ZERTOSC002293 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0780 | n/a | | ZERTOSC002294 - ZERTOSC002374 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0781 | n/a | | ZERTOSC002375 - ZERTOSC002469 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0782 | n/a | | ZERTOSC002470 - ZERTOSC002560 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0783 | n/a | | ZERTOSC002561 - ZERTOSC002569 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0784 | n/a | | ZERTOSC002570 - ZERTOSC002579 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0785 | n/a | | ZERTOSC002580 - ZERTOSC002590 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0786 | n/a | | ZERTOSC002591 - ZERTOSC002598 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0787 | n/a | | ZERTOSC002599 - ZERTOSC002607 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0788 | n/a | | ZERTOSC002608 - ZERTOSC002617 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0789 | n/a | | ZERTOSC002618 - ZERTOSC002624 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0790 | n/a | | ZERTOSC002625 - ZERTOSC002752 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0791 | n/a | | ZERTOSC002753 - ZERTOSC002759 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0792 | n/a | | ZERTOSC002760 - ZERTOSC002804 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0793 | n/a | | ZERTOSC002805 - ZERTOSC002815 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0794 | n/a | | ZERTOSC002816 - ZERTOSC002933 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0795 | n/a | | ZERTOSC002934 - ZERTOSC002940 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0796 | n/a | | ZERTOSC002941 - ZERTOSC002971 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0797 | n/a | | ZERTOSC002972 - ZERTOSC002973 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0798 | n/a | | ZERTOSC002974 - ZERTOSC002975 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0799 | n/a | | ZERTOSC002976 - ZERTOSC002984 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0800 | n/a | | ZERTOSC002985 - ZERTOSC002988 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0801 | n/a | | ZERTOSC002989 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0802 | n/a | | ZERTOSC002990 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0803 | n/a | | ZERTOSC002991 - ZERTOSC002992 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0804 | n/a | | ZERTOSC002993 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0805 | n/a | | ZERTOSC002994 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0806 | n/a | | ZERTOSC002995 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0807 | n/a | | ZERTOSC002996 - ZERTOSC003003 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0808 | n/a | | ZERTOSC003004 - ZERTOSC003005 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0809 | n/a | | ZERTOSC003006 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0810 | n/a | | ZERTOSC003007 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0811 | n/a | | ZERTOSC003008 - ZERTOSC003010 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0812 | n/a | | ZERTOSC003011 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0813 | n/a | | ZERTOSC003012 - ZERTOSC003015 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0814 | n/a | | ZERTOSC003016 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0815 | n/a | | ZERTOSC003017 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|-----------------|--------------|----------|
| DTX0816 | n/a | | ZERTOSC003018 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0817 | n/a | | ZERTOSC003019 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0818 | n/a | | ZERTOSC003020 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0819 | n/a | | ZERTOSC003021 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0820 | n/a | | ZERTOSC003022 - ZERTOSC003023 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0821 | n/a | | ZERTOSC003024 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0822 | n/a | | ZERTOSC003025 - ZERTOSC003027 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0823 | n/a | | ZERTOSC003028 - ZERTOSC003029 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0824 | n/a | | ZERTOSC003030 - ZERTOSC003032 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0825 | n/a | | ZERTOSC003033 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0826 | n/a | | ZERTOSC003034 - ZERTOSC003035 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0827 | n/a | | ZERTOSC003036 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0828 | n/a | | ZERTOSC003037 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0829 | n/a | | ZERTOSC003038 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0830 | n/a | | ZERTOSC003039 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0831 | n/a | | ZERTOSC003040 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0832 | n/a | | ZERTOSC003041 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0833 | n/a | | ZERTOSC003042 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0834 | n/a | | ZERTOSC003043 - ZERTOSC003047 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0835 | n/a | | ZERTOSC003048 - ZERTOSC003053 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0836 | n/a | | ZERTOSC003054 - ZERTOSC003055 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0837 | n/a | | ZERTOSC003056 - ZERTOSC003060 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0838 | n/a | | ZERTOSC003061 - ZERTOSC003067 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0839 | n/a | | ZERTOSC003068 - ZERTOSC003070 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0840 | n/a | | ZERTOSC003071 - ZERTOSC003072 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0841 | n/a | | ZERTOSC003073 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0842 | n/a | | ZERTOSC003074 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0843 | n/a | | ZERTOSC003075 - ZERTOSC003076 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0844 | n/a | | ZERTOSC003077 - ZERTOSC003080 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0845 | n/a | | ZERTOSC003081 - ZERTOSC003084 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0846 | n/a | | ZERTOSC003085 - ZERTOSC003088 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0847 | n/a | | ZERTOSC003089 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0848 | n/a | | ZERTOSC003090 - ZERTOSC003094 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0849 | n/a | | ZERTOSC003095 - ZERTOSC003096 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0850 | n/a | | ZERTOSC003097 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0851 | n/a | | ZERTOSC003098 - ZERTOSC003101 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0852 | n/a | | ZERTOSC003102 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0853 | n/a | | ZERTOSC003103 - ZERTOSC003117 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0854 | n/a | | ZERTOSC003118 - ZERTOSC003121 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0855 | n/a | | ZERTOSC003122 - ZERTOSC003128 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0856 | n/a | | ZERTOSC003129 - ZERTOSC003131 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0857 | n/a | | ZERTOSC003132 - ZERTOSC003133 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0858 | n/a | | ZERTOSC003134 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0859 | n/a | | ZERTOSC003135 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0860 | n/a | | ZERTOSC003136 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0861 | n/a | | ZERTOSC003137 - ZERTOSC003138 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0862 | n/a | | ZERTOSC003139 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0863 | n/a | | ZERTOSC003140 - ZERTOSC003141 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0864 | n/a | | ZERTOSC003142 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0865 | n/a | | ZERTOSC003143 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0866 | n/a | | ZERTOSC003144 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0867 | n/a | | ZERTOSC003145 - ZERTOSC003148 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0868 | n/a | | ZERTOSC003149 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0869 | n/a | | ZERTOSC003150 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0870 | n/a | | ZERTOSC003151 - ZERTOSC003160 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0871 | n/a | | ZERTOSC003161 - ZERTOSC003163 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0872 | n/a | | ZERTOSC003164 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0873 | n/a | | ZERTOSC003165 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0874 | n/a | | ZERTOSC003166 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0875 | n/a | | ZERTOSC003167 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0876 | n/a | | ZERTOSC003168 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0877 | n/a | | ZERTOSC003169 - ZERTOSC003170 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0878 | n/a | | ZERTOSC003171 - ZERTOSC003172 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0879 | n/a | | ZERTOSC003173 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0880 | n/a | | ZERTOSC003174 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0881 | n/a | | ZERTOSC003175 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0882 | n/a | | ZERTOSC003176 - ZERTOSC003177 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0883 | n/a | | ZERTOSC003178 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0884 | n/a | | ZERTOSC003179 - ZERTOSC003183 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0885 | n/a | | ZERTOSC003184- ZERTOSC003185 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0886 | n/a | | ZERTOSC003186 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0887 | n/a | | ZERTOSC003187 - ZERTOSC003188 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0888 | n/a | | ZERTOSC003189 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0889 | n/a | | ZERTOSC003190 - ZERTOSC003191 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0890 | n/a | | ZERTOSC003192 - ZERTOSC003193 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0891 | n/a | | ZERTOSC003194 - ZERTOSC003199 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0892 | n/a | | ZERTOSC003200 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0893 | n/a | | ZERTOSC003201 - ZERTOSC003203 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0894 | n/a | | ZERTOSC003204 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0895 | n/a | | ZERTOSC003205 - ZERTOSC003207 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0896 | n/a | | ZERTOSC003208 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0897 | n/a | | ZERTOSC003209 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0898 | n/a | | ZERTOSC003210 - ZERTOSC003211 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0899 | n/a | | ZERTOSC003213 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0900 | n/a | | ZERTOSC003214 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0901 | n/a | | ZERTOSC003215 - ZERTOSC003217 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0902 | n/a | | ZERTOSC003218 - ZERTOSC003219 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0903 | n/a | | ZERTOSC003220 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0904 | n/a | | ZERTOSC003221 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0905 | n/a | | ZERTOSC003222 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0906 | n/a | | ZERTOSC003223 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0907 | n/a | | ZERTOSC003224 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0908 | n/a | | ZERTOSC003225 - ZERTOSC003226 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0909 | n/a | | ZERTOSC003227 - ZERTOSC003228 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0910 | n/a | | ZERTOSC003229 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0911 | n/a | | ZERTOSC003230 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0912 | n/a | | ZERTOSC003231 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0913 | n/a | | ZERTOSC003232 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0914 | n/a | | ZERTOSC003233 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0915 | n/a | | ZERTOSC003234 - ZERTOSC003236 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0916 | n/a | | ZERTOSC003237 - ZERTOSC003238 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0917 | n/a | | ZERTOSC003239 - ZERTOSC003241 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0918 | n/a | | ZERTOSC003242 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0919 | n/a | | ZERTOSC003243 - ZERTOSC003244 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0920 | n/a | | ZERTOSC003245 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0921 | n/a | | ZERTOSC003246 - ZERTOSC003291 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0922 | n/a | | ZERTOSC003292 - ZERTOSC003298 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0923 | n/a | | ZERTOSC003299 - ZERTOSC003300 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0924 | n/a | | ZERTOSC003301 - ZERTOSC003311 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0925 | n/a | | ZERTOSC003312 - ZERTOSC003313 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0926 | n/a | | ZERTOSC003314 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0927 | n/a | | ZERTOSC003315 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0928 | n/a | | ZERTOSC003316 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0929 | n/a | | ZERTOSC003317 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0930 | n/a | | ZERTOSC003318 - ZERTOSC003403 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0931 | n/a | | ZERTOSC003404 - ZERTOSC003408 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0932 | n/a | | ZERTOSC003409 - ZERTOSC003426 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0933 | n/a | | ZERTOSC003427 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0934 | n/a | | ZERTOSC003428 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0935 | n/a | | ZERTOSC003429 - ZERTOSC003444 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0936 | n/a | | ZERTOSC003445 - ZERTOSC003473 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0937 | n/a | | ZERTOSC003474 - ZERTOSC003475 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0938 | n/a | | ZERTOSC003476 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0939 | n/a | | ZERTOSC003477 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0940 | n/a | | ZERTOSC003478 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0941 | n/a | | ZERTOSC003479 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0942 | n/a | | ZERTOSC003480 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0943 | n/a | | ZERTOSC003481 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0944 | n/a | | ZERTOSC003482 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0945 | n/a | | ZERTOSC003483 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0946 | n/a | | ZERTOSC003484 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0947 | n/a | | ZERTOSC003485 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0948 | n/a | | ZERTOSC003486 - ZERTOSC003490 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0949 | n/a | | ZERTOSC003491 - ZERTOSC003495 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0950 | n/a | | ZERTOSC003496 - ZERTOSC003506 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0951 | n/a | | ZERTOSC003507 - ZERTOSC003510 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0952 | n/a | | ZERTOSC003511 - ZERTOSC003513 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0953 | n/a | | ZERTOSC003514 - ZERTOSC003524 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0954 | n/a | | ZERTOSC003525 - ZERTOSC003526 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0955 | n/a | | ZERTOSC003527 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0956 | n/a | | ZERTOSC003528 - ZERTOSC003530 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0957 | n/a | | ZERTOSC003531 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0958 | n/a | | ZERTOSC003532 - ZERTOSC003551 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0959 | n/a | | ZERTOSC003552 - ZERTOSC003554 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0960 | n/a | | ZERTOSC003555 - ZERTOSC003557 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0961 | n/a | | ZERTOSC003558 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0962 | n/a | | ZERTOSC003559 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0963 | n/a | | ZERTOSC003560 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0964 | n/a | | ZERTOSC003561 - ZERTOSC003562 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0965 | n/a | | ZERTOSC003563 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0966 | n/a | | ZERTOSC003564 - ZERTOSC003566 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0967 | n/a | | ZERTOSC003567 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0968 | n/a | | ZERTOSC003568 - ZERTOSC003779 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX0969 | n/a | | ZERTOSC003708 - ZERTOSC003779 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0970 | n/a | | ZERTOSC003780 - ZERTOSC003784 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0971 | n/a | | ZERTOSC003785 - ZERTOSC003785 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0972 | n/a | | ZERTOSC003787 - ZERTOSC004112 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0973 | n/a | | ZERTOSC004113 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0974 | n/a | | ZERTOSC004114 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0975 | n/a | | ZERTOSC004115 - ZERTOSC004118 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0976 | n/a | | ZERTOSC004119 - ZERTOSC004140 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0977 | n/a | | ZERTOSC004141 - ZERTOSC004154 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0978 | n/a | | ZERTOSC004155 - ZERTOSC004158 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0979 | n/a | | ZERTOSC004159 - ZERTOSC004166 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0980 | n/a | | ZERTOSC004167 - ZERTOSC004168 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0981 | n/a | | ZERTOSC004169 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0982 | n/a | | ZERTOSC004170 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX0983 | n/a | | ZERTOSC004171 - ZERTOSC004204 | 602, 701, 702, 703, NEA | | |
| DTX0984 | n/a | | ZERTOSC004205 - ZERTOSC004227 | 602, 701, 702, 703, NEA | | |
| DTX0985 | n/a | | ZERTOSC004228 - ZERTOSC004276 | 602, 701, 702, 703, NEA | | |
| DTX0986 | n/a | | ZERTOSC004277 - ZERTOSC004312 | 602, 701, 702, 703, NEA | | |
| DTX0987 | n/a | | ZERTOSC004313 - ZERTOSC004314 | 602, 701, 702, 703, NEA | | |
| DTX0988 | n/a | | ZERTOSC004315 - ZERTOSC004333 | 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX0989 | n/a | | ZERTOSC004334 - ZERTOSC004352 | 602, 701, 702, 703, NEA | | |
| DTX0990 | n/a | | ZERTOSC004353 - ZERTOSC004364 | 602, 701, 702, 703, NEA | | |
| DTX0991 | n/a | | ZERTOSC004365 - ZERTOSC004436 | 602, 701, 702, 703, NEA | | |
| DTX0992 | n/a | | ZERTOSC004437 - ZERTOSC004544 | 602, 701, 702, 703, NEA | | |
| DTX0993 | n/a | | ZERTOSC004545 - ZERTOSC004552 | 602, 701, 702, 703, NEA | | |
| DTX0994 | n/a | | ZERTOSC004553 - ZERTOSC004611 | 602, 701, 702, 703, NEA | | |
| DTX0995 | n/a | | ZERTOSC004612 - ZERTOSC004663 | 602, 701, 702, 703, NEA | | |
| DTX0996 | n/a | | ZERTOSC004664 - ZERTOSC004677 | 602, 701, 702, 703, NEA | | |
| DTX0997 | n/a | | ZERTOSC004678 - ZERTOSC004707 | 602, 701, 702, 703, NEA | | |
| DTX0998 | n/a | | ZERTOSC004708 - ZERTOSC004739 | 602, 701, 702, 703, NEA | | |
| DTX0999 | n/a | | ZERTOSC004740 - ZERTOSC004743 | 602, 701, 702, 703, NEA | | |
| DTX1000 | n/a | | ZERTOSC004744 - ZERTOSC004751 | 602, 701, 702, 703, NEA | | |
| DTX1001 | n/a | | ZERTOSC004752 - ZERTOSC004767 | 602, 701, 702, 703, NEA | | |
| DTX1002 | n/a | | ZERTOSC004768 - ZERTOSC004817 | 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1003 | n/a | | ZERTOSC004818 - ZERTOSC004845 | 602, 701, 702, 703, NEA | | |
| DTX1004 | n/a | | ZERTOSC004846 - ZERTOSC004878 | 602, 701, 702, 703, NEA | | |
| DTX1005 | n/a | | ZERTOSC004879 - ZERTOSC004883 | 602, 701, 702, 703, NEA | | |
| DTX1006 | n/a | | ZERTOSC004884 - ZERTOSC004890 | 602, 701, 702, 703, NEA | | |
| DTX1007 | n/a | | ZERTOSC004891 - ZERTOSC004902 | 602, 701, 702, 703, NEA | | |
| DTX1008 | n/a | | ZERTOSC004903 - ZERTOSC004923 | 602, 701, 702, 703, NEA | | |
| DTX1009 | n/a | | ZERTOSC004924 - ZERTOSC004955 | 602, 701, 702, 703, NEA | | |
| DTX1010 | n/a | | ZERTOSC004956 - ZERTOSC004970 | 602, 701, 702, 703, NEA | | |
| DTX1011 | n/a | | ZERTOSC004971 - ZERTOSC004981 | 602, 701, 702, 703, NEA | | |
| DTX1012 | n/a | | ZERTOSC004982 - ZERTOSC004985 | 602, 701, 702, 703, NEA | | |
| DTX1013 | n/a | | ZERTOSC004986 - ZERTOSC004991 | 602, 701, 702, 703, NEA | | |
| DTX1014 | n/a | | ZERTOSC004992 - ZERTOSC005009 | 602, 701, 702, 703, NEA | | |
| DTX1015 | n/a | | ZERTOSC005010 - ZERTOSC005013 | 602, 701, 702, 703, NEA | | |
| DTX1016 | n/a | | ZERTOSC005014 - ZERTOSC005016 | 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1017 | n/a | | ZERTOSC005017 - ZERTOSC005022 | 602, 701, 702, 703, NEA | | |
| DTX1018 | n/a | | ZERTOSC005023 - ZERTOSC005024 | 602, 701, 702, 703, NEA | | |
| DTX1019 | n/a | | ZERTOSC005025 - ZERTOSC005032 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1020 | n/a | | ZERTOSC005033 - ZERTOSC005038 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1021 | n/a | | ZERTOSC005039 - ZERTOSC005049 | 602, 701, 702, 703, NEA | | |
| DTX1022 | n/a | | ZERTOSC005050 - ZERTOSC005051 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1023 | n/a | | ZERTOSC005052 - ZERTOSC005055 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1024 | n/a | | ZERTOSC005056 - ZERTOSC005058 | 602, 701, 702, 703, NEA | | |
| DTX1025 | n/a | | ZERTOSC005059 - ZERTOSC005188 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1026 | n/a | | ZERTOSC005189 - ZERTOSC005211 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1027 | n/a | | ZERTOSC005212 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1028 | n/a | | ZERTOSC005213 - ZERTOSC005223 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1029 | n/a | | ZERTOSC005224 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1030 | n/a | | ZERTOSC005225 - ZERTOSC005226 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1031 | n/a | | ZERTOSC005227 - ZERTOSC005228 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1032 | n/a | | ZERTOSC005229 - ZERTOSC005231 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1033 | n/a | | ZERTOSC005232 - ZERTOSC005233 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1034 | n/a | | ZERTOSC005234 - ZERTOSC005235 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1035 | n/a | | ZERTOSC005236 - ZERTOSC005249 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1036 | n/a | | ZERTOSC005250 - ZERTOSC005251 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1037 | n/a | | ZERTOSC005252 - ZERTOSC005295 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1038 | n/a | | ZERTOSC005296 - ZERTOSC005297 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1039 | n/a | | ZERTOSC005298 - ZERTOSC005301 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1040 | n/a | | ZERTOSC005302 - ZERTOSC005304 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1041 | n/a | | ZERTOSC005305 - ZERTOSC005306 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1042 | n/a | | ZERTOSC005307 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1043 | n/a | | ZERTOSC005308 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1044 | n/a | | ZERTOSC005309 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1045 | n/a | | ZERTOSC005310 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1046 | n/a | | ZERTOSC005311 - ZERTOSC005312 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1047 | n/a | | ZERTOSC005313 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1048 | n/a | | ZERTOSC005314 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1049 | n/a | | ZERTOSC005315 - ZERTOSC005316 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1050 | n/a | | ZERTOSC005317 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1051 | n/a | | ZERTOSC005318 - ZERTOSC005348 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1052 | n/a | | ZERTOSC005349 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1053 | n/a | | ZERTOSC005350 - ZERTOSC005359 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1054 | n/a | | ZERTOSC005360 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1055 | n/a | | ZERTOSC005361 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1056 | n/a | | ZERTOSC005362 - ZERTOSC005365 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1057 | n/a | | ZERTOSC005366 - ZERTOSC005367 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1058 | n/a | | ZERTOSC005368 - ZERTOSC005371 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1059 | n/a | | ZERTOSC005372 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1060 | n/a | | ZERTOSC005373 - ZERTOSC005374 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1061 | n/a | | ZERTOSC005375 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1062 | n/a | | ZERTOSC005376 - ZERTOSC005379 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1063 | n/a | | ZERTOSC005380 - ZERTOSC005382 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1064 | n/a | | ZERTOSC005383 - ZERTOSC005396 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1065 | n/a | | ZERTOSC005397 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1066 | n/a | | ZERTOSC005398 - ZERTOSC005402 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1067 | n/a | | ZERTOSC005403 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1068 | n/a | | ZERTOSC005404 - ZERTOSC005407 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1069 | n/a | | ZERTOSC005408 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1070 | n/a | | ZERTOSC005409 - ZERTOSC005413 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1071 | n/a | | ZERTOSC005414 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1072 | n/a | | ZERTOSC005415 - ZERTOSC005416 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1073 | n/a | | ZERTOSC005417 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1074 | n/a | | ZERTOSC005418 - ZERTOSC005422 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1075 | n/a | | ZERTOSC005423 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1076 | n/a | | ZERTOSC005424 - ZERTOSC005444 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1077 | n/a | | ZERTOSC005445 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1078 | n/a | | ZERTOSC005446 - ZERTOSC005452 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1079 | n/a | | ZERTOSC005453 - ZERTOSC005455 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1080 | n/a | | ZERTOSC005456 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1081 | n/a | | ZERTOSC005457 - ZERTOSC005458 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1082 | n/a | | ZERTOSC005459 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1083 | n/a | | ZERTOSC005460 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1084 | n/a | | ZERTOSC005461 - ZERTOSC005463 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1085 | n/a | | ZERTOSC005464 - ZERTOSC005465 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1086 | n/a | | ZERTOSC005466 - ZERTOSC005468 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1087 | n/a | | ZERTOSC005469 - ZERTOSC005473 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1088 | n/a | | ZERTOSC005474 - ZERTOSC005476 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1089 | n/a | | ZERTOSC005477 - ZERTOSC005481 | 401/402, 403, 602, 701, 702, 703, NEA | | |

115

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1090 | n/a | | ZERTOSC005482 - ZERTOSC005493 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1091 | n/a | | ZERTOSC005494 - ZERTOSC005495 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1092 | n/a | | ZERTOSC005496 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1093 | n/a | | ZERTOSC005497 - ZERTOSC005498 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1094 | n/a | | ZERTOSC005499 - ZERTOSC005506 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1095 | n/a | | ZERTOSC005507 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1096 | n/a | | ZERTOSC005508 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1097 | n/a | | ZERTOSC005509 - ZERTOSC005535 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1098 | n/a | | ZERTOSC005536 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1099 | n/a | | ZERTOSC005537 - ZERTOSC005538 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1100 | n/a | | ZERTOSC005539 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1101 | n/a | | ZERTOSC005540 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1102 | n/a | | ZERTOSC005541 - ZERTOSC005543 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1103 | n/a | | ZERTOSC005544 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1104 | n/a | | ZERTOSC005545 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1105 | n/a | | ZERTOSC005546 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1106 | n/a | | ZERTOSC005547 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1107 | n/a | | ZERTOSC005548 - ZERTOSC005549 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1108 | n/a | | ZERTOSC005550 - ZERTOSC005555 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1109 | n/a | | ZERTOSC005556 - ZERTOSC005557 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1110 | n/a | | ZERTOSC005558 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1111 | n/a | | ZERTOSC005559 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1112 | n/a | | ZERTOSC005560 - ZERTOSC005562 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1113 | n/a | | ZERTOSC005563 - ZERTOSC005571 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1114 | n/a | | ZERTOSC005572 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1115 | n/a | | ZERTOSC005573 - ZERTOSC005574 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1116 | n/a | | ZERTOSC005575 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1117 | n/a | | ZERTOSC005576 - ZERTOSC005748 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1118 | n/a | | ZERTOSC005749 - ZERTOSC005757 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1119 | n/a | | ZERTOSC005758 - ZERTOSC005789 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1120 | n/a | | ZERTOSC005790 - ZERTOSC005793 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1121 | n/a | | ZERTOSC005794 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1122 | n/a | | ZERTOSC005795 - ZERTOSC005806 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1123 | n/a | | ZERTOSC005807 - ZERTOSC005811 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1124 | n/a | | ZERTOSC005812 - ZERTOSC005813 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1125 | n/a | | ZERTOSC005814 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1126 | n/a | | ZERTOSC005815 - ZERTOSC005817 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1127 | n/a | | ZERTOSC005818 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1128 | n/a | | ZERTOSC005819 - ZERTOSC005822 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1129 | n/a | | ZERTOSC005823 - ZERTOSC005843 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1130 | n/a | | ZERTOSC005844 - ZERTOSC005907 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1131 | n/a | | ZERTOSC005908 - ZERTOSC005911 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1132 | n/a | | ZERTOSC005912 - ZERTOSC005918 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1133 | n/a | | ZERTOSC005919 - ZERTOSC005920 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1134 | n/a | | ZERTOSC005921 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1135 | n/a | | ZERTOSC005922 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1136 | n/a | | ZERTOSC005923 - ZERTOSC005924 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1137 | n/a | | ZERTOSC005925 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1138 | n/a | | ZERTOSC005926 - ZERTOSC005927 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1139 | n/a | | ZERTOSC005928 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1140 | n/a | | ZERTOSC005929 - ZERTOSC005956 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1141 | n/a | | ZERTOSC005957 - ZERTOSC005963 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1142 | n/a | | ZERTOSC005964 - ZERTOSC005976 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1143 | n/a | | ZERTOSC005977 - ZERTOSC005980 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1144 | n/a | | ZERTOSC005981 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1145 | n/a | | ZERTOSC005982 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1146 | n/a | | ZERTOSC005983 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1147 | n/a | | ZERTOSC005984 - ZERTOSC005986 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1148 | n/a | | ZERTOSC005987 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1149 | n/a | | ZERTOSC005988 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1150 | n/a | | ZERTOSC005989 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1151 | n/a | | ZERTOSC005990 - ZERTOSC005992 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1152 | n/a | | ZERTOSC005993 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1153 | n/a | | ZERTOSC005994 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1154 | n/a | | ZERTOSC005995 - ZERTOSC006020 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1155 | n/a | | ZERTOSC006021 - ZERTOSC006025 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1156 | n/a | | ZERTOSC006026 - ZERTOSC006029 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1157 | n/a | | ZERTOSC006030 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1158 | n/a | | ZERTOSC006031 - ZERTOSC006033 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1159 | n/a | | ZERTOSC006034 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1160 | n/a | | ZERTOSC006035 - ZERTOSC006041 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1161 | n/a | | ZERTOSC006042 - ZERTOSC006043 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1162 | n/a | | ZERTOSC006044 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1163 | n/a | | ZERTOSC006045 - ZERTOSC006091 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1164 | n/a | | ZERTOSC006092 - ZERTOSC006095 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1165 | n/a | | ZERTOSC006096 - ZERTOSC006097 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1166 | n/a | | ZERTOSC006098 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1167 | n/a | | ZERTOSC006099 - ZERTOSC006100 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1168 | n/a | | ZERTOSC006101 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1169 | n/a | | ZERTOSC006102 - ZERTOSC006104 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1170 | n/a | | ZERTOSC006105 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1171 | n/a | | ZERTOSC006106 - ZERTOSC006111 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1172 | n/a | | ZERTOSC006112 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1173 | n/a | | ZERTOSC006113 - ZERTOSC006115 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1174 | n/a | | ZERTOSC006116 - ZERTOSC006118 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1175 | n/a | | ZERTOSC006119 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1176 | n/a | | ZERTOSC006120 - ZERTOSC006165 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1177 | n/a | | ZERTOSC006166 - ZERTOSC006171 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1178 | n/a | | ZERTOSC006172 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1179 | n/a | | ZERTOSC006173 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1180 | n/a | | ZERTOSC006174 - ZERTOSC006178 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1181 | n/a | | ZERTOSC006179 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1182 | n/a | | ZERTOSC006180 - ZERTOSC006184 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1183 | n/a | | ZERTOSC006185 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1184 | n/a | | ZERTOSC006186 - ZERTOSC006187 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1185 | n/a | | ZERTOSC006188 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1186 | n/a | | ZERTOSC006189 - ZERTOSC006192 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1187 | n/a | | ZERTOSC006193 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1188 | n/a | | ZERTOSC006194 - ZERTOSC006195 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1189 | n/a | | ZERTOSC006196 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1190 | n/a | | ZERTOSC006197 - ZERTOSC006210 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1191 | n/a | | ZERTOSC006211 - ZERTOSC006212 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1192 | n/a | | ZERTOSC006213 - ZERTOSC006216 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1193 | n/a | | ZERTOSC006217 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1194 | n/a | | ZERTOSC006218 - ZERTOSC006219 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1195 | n/a | | ZERTOSC006220 - ZERTOSC006223 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1196 | n/a | | ZERTOSC006224 - ZERTOSC006225 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1197 | n/a | | ZERTOSC006226 - ZERTOSC006227 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1198 | n/a | | ZERTOSC006228 - ZERTOSC006231 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1199 | n/a | | ZERTOSC006232 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1200 | n/a | | ZERTOSC006233 - ZERTOSC006246 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1201 | n/a | | ZERTOSC006247 - ZERTOSC006249 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1202 | n/a | | ZERTOSC006250 - ZERTOSC006252 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1203 | n/a | | ZERTOSC006253 - ZERTOSC006254 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1204 | n/a | | ZERTOSC006255 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1205 | n/a | | ZERTOSC006256 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1206 | n/a | | ZERTOSC006257 - ZERTOSC006259 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1207 | n/a | | ZERTOSC006260 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1208 | n/a | | ZERTOSC006261 - ZERTOSC006291 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1209 | n/a | | ZERTOSC006292 - ZERTOSC006295 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1210 | n/a | | ZERTOSC006296 - ZERTOSC006297 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1211 | n/a | | ZERTOSC006298 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1212 | n/a | | ZERTOSC006299 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1213 | n/a | | ZERTOSC006300 - ZERTOSC006302 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1214 | n/a | | ZERTOSC006303 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1215 | n/a | | ZERTOSC006304 - ZERTOSC006339 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1216 | n/a | | ZERTOSC006340 - ZERTOSC006344 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1217 | n/a | | ZERTOSC006345 - ZERTOSC006346 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1218 | n/a | | ZERTOSC006347 - ZERTOSC006348 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1219 | n/a | | ZERTOSC006349 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1220 | n/a | | ZERTOSC006350 - ZERTOSC006352 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1221 | | | ZERTOSC006353 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1222 | n/a | | ZERTOSC006354 - ZERTOSC006355 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1223 | n/a | | ZERTOSC006356 - ZERTOSC006358 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1224 | n/a | | ZERTOSC006359 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1225 | n/a | | ZERTOSC006360 - ZERTOSC006361 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1226 | n/a | | ZERTOSC006362 - ZERTOSC006364 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1227 | n/a | | ZERTOSC006365 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1228 | n/a | | ZERTOSC006366 - ZERTOSC006370 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1229 | n/a | | ZERTOSC006371 - ZERTOSC006372 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1230 | n/a | | ZERTOSC006373 - ZERTOSC006378 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1231 | n/a | | ZERTOSC006379 - ZERTOSC006380 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1232 | n/a | | ZERTOSC006381 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1233 | n/a | | ZERTOSC006382 - ZERTOSC006385 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1234 | n/a |  | ZERTOSC006386 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1235 | n/a |  | ZERTOSC006387 - ZERTOSC006388 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1236 | n/a |  | ZERTOSC006389 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1237 | n/a |  | ZERTOSC006390 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1238 | n/a |  | ZERTOSC006391 - ZERTOSC006392 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1239 | n/a |  | ZERTOSC006393 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1240 | n/a |  | ZERTOSC006394 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1241 | n/a |  | ZERTOSC006395 - ZERTOSC006398 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1242 | n/a |  | ZERTOSC006399 - ZERTOSC006413 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1243 | n/a | | ZERTOSC006414 - ZERTOSC006417 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1244 | n/a | | ZERTOSC006418 - ZERTOSC006427 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1245 | n/a | | ZERTOSC006428 - ZERTOSC006429 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1246 | n/a | | ZERTOSC006430 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1247 | n/a | | ZERTOSC006431 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1248 | n/a | | ZERTOSC006432 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1249 | n/a | | ZERTOSC006433 - ZERTOSC006434 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1250 | n/a | | ZERTOSC006435 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1251 | n/a | | ZERTOSC006436 - ZERTOSC006438 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1252 | n/a | | ZERTOSC006439 - ZERTOSC006506 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1253 | n/a | | ZERTOSC006507 - ZERTOSC006510 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1254 | n/a | | ZERTOSC006511 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1255 | n/a | | ZERTOSC006512 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1256 | n/a | | ZERTOSC006513 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1257 | n/a | | ZERTOSC006514 - ZERTOSC006515 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1258 | n/a | | ZERTOSC006516 - ZERTOSC006519 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1259 | n/a | | ZERTOSC006520 - ZERTOSC006525 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1260 | n/a | | ZERTOSC006526 - ZERTOSC006527 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1261 | n/a | | ZERTOSC006528 - ZERTOSC006531 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1262 | n/a | | ZERTOSC006532 - ZERTOSC006533 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1263 | n/a | | ZERTOSC006534 - ZERTOSC006541 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1264 | n/a | | ZERTOSC006542 - ZERTOSC006547 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1265 | n/a | | ZERTOSC006548 - ZERTOSC006575 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1266 | n/a | | ZERTOSC006576 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1267 | n/a | | ZERTOSC006577 - ZERTOSC006579 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1268 | n/a | | ZERTOSC006580 - ZERTOSC006582 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1269 | n/a | | ZERTOSC006583 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1270 | n/a | | ZERTOSC006584 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1271 | n/a | | ZERTOSC006585 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1272 | n/a | | ZERTOSC006586 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1273 | n/a | | ZERTOSC006587 - ZERTOSC006590 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1274 | n/a | | ZERTOSC006591 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1275 | n/a | | ZERTOSC006592 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1276 | n/a | | ZERTOSC006593 - ZERTOSC006605 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1277 | n/a | | ZERTOSC006606 - ZERTOSC006608 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1278 | n/a | | ZERTOSC006609 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1279 | n/a | | ZERTOSC006610 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1280 | n/a | | ZERTOSC006611 - ZERTOSC006614 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1281 | n/a | | ZERTOSC006615 - ZERTOSC006616 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1282 | n/a | | ZERTOSC006617 - ZERTOSC006624 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1283 | n/a | | ZERTOSC006625 - ZERTOSC006626 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1284 | n/a | | ZERTOSC006627 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1285 | n/a | | ZERTOSC006628 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1286 | n/a | | ZERTOSC006629 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1287 | n/a | | ZERTOSC006630 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1288 | n/a | | ZERTOSC006631 - ZERTOSC006632 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1289 | n/a | | ZERTOSC006633 - ZERTOSC006634 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1290 | n/a | | ZERTOSC006635 - ZERTOSC006636 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1291 | n/a | | ZERTOSC006637 - ZERTOSC006644 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1292 | n/a | | ZERTOSC006645 - ZERTOSC006647 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1293 | n/a | | ZERTOSC006648 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1294 | n/a | | ZERTOSC006649 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1295 | n/a | | ZERTOSC006650 - ZERTOSC006651 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1296 | n/a | | ZERTOSC006652 - ZERTOSC006654 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1297 | n/a | | ZERTOSC006655 - ZERTOSC006656 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1298 | n/a | | ZERTOSC006657 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1299 | n/a | | ZERTOSC006658 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1300 | n/a | | ZERTOSC006659 - ZERTOSC006660 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1301 | n/a | | ZERTOSC006661 - ZERTOSC006662 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1302 | n/a | | ZERTOSC006663 - ZERTOSC006667 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1303 | n/a | | ZERTOSC006668 - ZERTOSC006669 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1304 | n/a | | ZERTOSC006670 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1305 | n/a | | ZERTOSC006671 - ZERTOSC006673 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1306 | n/a | | ZERTOSC006674 - ZERTOSC006675 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1307 | n/a | | ZERTOSC006676 - ZERTOSC006679 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1308 | n/a | | ZERTOSC006680 - ZERTOSC006681 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1309 | n/a | | ZERTOSC006682 - ZERTOSC006693 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1310 | n/a | | ZERTOSC006694 - ZERTOSC006696 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1311 | n/a | | ZERTOSC006697 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1312 | n/a | | ZERTOSC006698 - ZERTOSC006699 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1313 | n/a | | ZERTOSC006700 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1314 | n/a | | ZERTOSC006701 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1315 | n/a | | ZERTOSC006702 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1316 | n/a | | ZERTOSC006703 - ZERTOSC006704 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1317 | n/a | | ZERTOSC006705 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1318 | n/a | | ZERTOSC006706 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1319 | n/a | | ZERTOSC006707 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1320 | n/a | | ZERTOSC006708 - ZERTOSC006721 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1321 | n/a | | ZERTOSC006722 - ZERTOSC006723 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1322 | n/a | | ZERTOSC006724 - ZERTOSC006726 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1323 | n/a | | ZERTOSC006727 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1324 | n/a | | ZERTOSC006728 - ZERTOSC006733 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1325 | n/a | | ZERTOSC006734 - ZERTOSC006735 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1326 | n/a | | ZERTOSC006736 - ZERTOSC006737 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1327 | n/a | | ZERTOSC006738 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1328 | n/a | | ZERTOSC006739 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1329 | n/a | | ZERTOSC006740 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1330 | n/a | | ZERTOSC006741 - ZERTOSC006742 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1331 | n/a | | ZERTOSC006743 - ZERTOSC006749 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1332 | n/a | | ZERTOSC006750 - ZERTOSC006751 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1333 | n/a | | ZERTOSC006752 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1334 | n/a | | ZERTOSC006753 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1335 | n/a | | ZERTOSC006754 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1336 | n/a | | ZERTOSC006755 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1337 | n/a | | ZERTOSC006756 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1338 | n/a | | ZERTOSC006757 - ZERTOSC006764 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1339 | n/a | | ZERTOSC006765 - ZERTOSC006771 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1340 | n/a | | ZERTOSC006772 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1341 | n/a | | ZERTOSC006773 - ZERTOSC006777 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1342 | n/a | | ZERTOSC006778 - ZERTOSC006779 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1343 | n/a | | ZERTOSC006780 - ZERTOSC006795 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1344 | n/a | | ZERTOSC006796 - ZERTOSC006799 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1345 | n/a | | ZERTOSC006800 - ZERTOSC006804 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1346 | n/a | | ZERTOSC006805 - ZERTOSC006808 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1347 | n/a | | ZERTOSC006809 - ZERTOSC006811 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1348 | n/a | | ZERTOSC006812 - ZERTOSC006813 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1349 | n/a | | ZERTOSC006814 - ZERTOSC006816 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1350 | n/a | | ZERTOSC006817 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1351 | n/a | | ZERTOSC006818 - ZERTOSC006819 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1352 | n/a | | ZERTOSC006820 - ZERTOSC006821 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1353 | n/a | | ZERTOSC006822 - ZERTOSC006840 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1354 | n/a | | ZERTOSC006841 - ZERTOSC006847 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1355 | n/a | | ZERTOSC006848 - ZERTOSC006849 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1356 | n/a | | ZERTOSC006850 - ZERTOSC006867 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1357 | n/a | | ZERTOSC006868 - ZERTOSC006872 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1358 | n/a | | ZERTOSC006873- ZERTOSC006878 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1359 | n/a | | ZERTOSC006879 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|-----------------|--------------|----------|
| DTX1360 | n/a | | ZERTOSC006880 - ZERTOSC006882 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1361 | n/a | | ZERTOSC006883 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1362 | n/a | | ZERTOSC006884 - ZERTOSC006888 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1363 | n/a | | ZERTOSC006889 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1364 | n/a | | ZERTOSC006890 - ZERTOSC006919 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1365 | n/a | | ZERTOSC006920 - ZERTOSC006925 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1366 | n/a | | ZERTOSC006926 - ZERTOSC006938 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1367 | n/a | | ZERTOSC006939 - ZERTOSC006942 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1368 | n/a | | ZERTOSC006943 - ZERTOSC006972 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1369 | n/a | | ZERTOSC006973 - ZERTOSC006979 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1370 | n/a | | ZERTOSC006980 - ZERTOSC006987 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1371 | n/a | | ZERTOSC006988 ZERTOSC006989 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1372 | n/a | | ZERTOSC006990 - ZERTOSC007000 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1373 | n/a | | ZERTOSC007001 - ZERTOSC007003 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1374 | n/a | | ZERTOSC007004 - ZERTOSC007010 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1375 | n/a | | ZERTOSC007011 - ZERTOSC007013 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1376 | n/a | | ZERTOSC007014 - ZERTOSC007018 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1377 | n/a | | ZERTOSC007019 - ZERTOSC007020 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1378 | n/a | | ZERTOSC007021 - ZERTOSC007022 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1379 | n/a | | ZERTOSC007023 - ZERTOSC007035 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1380 | n/a | | ZERTOSC007036 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1381 | n/a | | ZERTOSC007037 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1382 | n/a | | ZERTOSC007038 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1383 | n/a | | ZERTOSC007039 - ZERTOSC007044 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1384 | n/a | | ZERTOSC007045 - ZERTOSC007046 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1385 | n/a | | ZERTOSC007047 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1386 | n/a | | ZERTOSC007048 - ZERTOSC007051 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1387 | n/a | | ZERTOSC007052 - ZERTOSC007053 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1388 | n/a | | ZERTOSC007054 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1389 | n/a | | ZERTOSC007055 - ZERTOSC007057 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1390 | n/a | | ZERTOSC007058 - ZERTOSC007062 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1391 | n/a | | ZERTOSC007063 - ZERTOSC007065 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1392 | n/a | | ZERTOSC007066 - ZERTOSC007068 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1393 | n/a | | ZERTOSC007069 - ZERTOSC007070 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1394 | n/a | | ZERTOSC007071 - ZERTOSC007072 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1395 | n/a | | ZERTOSC007073 - ZERTOSC007074 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1396 | n/a | | ZERTOSC007075 - ZERTOSC007082 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1397 | n/a | | ZERTOSC007083 - ZERTOSC007084 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1398 | n/a | | ZERTOSC007085 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1399 | n/a | | ZERTOSC007086 - ZERTOSC007094 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1400 | n/a | | ZERTOSC007095 - ZERTOSC007098 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1401 | n/a | | ZERTOSC007099 - ZERTOSC007103 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1402 | n/a | | ZERTOSC007104 - ZERTOSC007106 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1403 | n/a | | ZERTOSC007107 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1404 | n/a | | ZERTOSC007108 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1405 | n/a | | ZERTOSC007109 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1406 | n/a | | ZERTOSC007110 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1407 | n/a | | ZERTOSC007111 - ZERTOSC007112 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1408 | n/a | | ZERTOSC007113 - ZERTOSC007114 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1409 | n/a | | ZERTOSC007115 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1410 | n/a | | ZERTOSC007116 - ZERTOSC007122 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1411 | n/a | | ZERTOSC007123 - ZERTOSC007125 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1412 | n/a | | ZERTOSC007126 - ZERTOSC007137 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1413 | n/a | | ZERTOSC007138 - ZERTOSC007141 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1414 | n/a | | ZERTOSC007142 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1415 | n/a | | ZERTOSC007143 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1416 | n/a | | ZERTOSC007144 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1417 | n/a | | ZERTOSC007145 - ZERTOSC007158 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1418 | n/a | | ZERTOSC007159 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1419 | n/a | | ZERTOSC007160 - ZERTOSC007161 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1420 | n/a | | ZERTOSC007162 - ZERTOSC007163 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1421 | n/a | | ZERTOSC007164 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1422 | n/a | | ZERTOSC007165 - ZERTOSC007166 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1423 | n/a |  | ZERTOSC007167 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1424 | n/a |  | ZERTOSC007168 - ZERTOSC007182 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1425 | n/a |  | ZERTOSC007183 - ZERTOSC007196 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1426 | n/a |  | ZERTOSC007197 - ZERTOSC007210 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1427 | n/a |  | ZERTOSC007211 - ZERTOSC007224 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1428 | n/a |  | ZERTOSC007225 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1429 | n/a |  | ZERTOSC007226 - ZERTOSC007228 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1430 | n/a |  | ZERTOSC007229 - ZERTOSC007230 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1431 | n/a |  | ZERTOSC007231 - ZERTOSC007232 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1432 | n/a | | ZERTOSC007233 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1433 | n/a | | ZERTOSC007234 - ZERTOSC007235 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1434 | n/a | | ZERTOSC007236 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1435 | n/a | | ZERTOSC007237 - ZERTOSC007263 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1436 | n/a | | ZERTOSC007264 - ZERTOSC007270 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1437 | n/a | | ZERTOSC007271 - ZERTOSC007283 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1438 | n/a | | ZERTOSC007284 - ZERTOSC007286 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1439 | n/a | | ZERTOSC007287 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1440 | n/a | | ZERTOSC007288 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1441 | n/a | | ZERTOSC007289 - ZERTOSC007302 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1442 | n/a | | ZERTOSC007303 - ZERTOSC007304 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1443 | n/a | | ZERTOSC007305 - ZERTOSC007308 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1444 | n/a | | ZERTOSC007309 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1445 | n/a | | ZERTOSC007310 - ZERTOSC007311 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1446 | n/a | | ZERTOSC007312 - ZERTOSC007315 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1447 | n/a | | ZERTOSC007316 - ZERTOSC007317 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1448 | n/a | | ZERTOSC007318 - ZERTOSC007319 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1449 | n/a | | ZERTOSC007320 - ZERTOSC007323 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1450 | n/a | | ZERTOSC007324 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1451 | n/a | | ZERTOSC007325 - ZERTOSC007338 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1452 | n/a | | ZERTOSC007339 - ZERTOSC007341 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1453 | n/a | | ZERTOSC007342 - ZERTOSC007344 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1454 | n/a | | ZERTOSC007345 - ZERTOSC007346 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1455 | n/a | | ZERTOSC007347 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1456 | n/a | | ZERTOSC007348 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1457 | n/a | | ZERTOSC007349 - ZERTOSC007351 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1458 | n/a | | ZERTOSC007352 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1459 | n/a | | ZERTOSC007353 - ZERTOSC007383 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1460 | n/a | | ZERTOSC007384 - ZERTOSC007387 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1461 | n/a | | ZERTOSC007388 - ZERTOSC007389 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1462 | n/a | | ZERTOSC007390 - ZERTOSC007391 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1463 | n/a | | ZERTOSC007392 - ZERTOSC007393 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1464 | n/a | | ZERTOSC007394 - ZERTOSC007395 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1465 | n/a | | ZERTOSC007396 - ZERTOSC007399 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1466 | n/a | | ZERTOSC007400 - ZERTOSC007402 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1467 | n/a | | ZERTOSC007403 - ZERTOSC007404 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1468 | n/a | | ZERTOSC007405 - ZERTOSC007406 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1469 | n/a | | ZERTOSC007407 - ZERTOSC007410 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1470 | n/a | | ZERTOSC007411 - ZERTOSC007413 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1471 | n/a | | ZERTOSC007414 - ZERTOSC007415 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1472 | n/a | | ZERTOSC007416 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1473 | n/a | | ZERTOSC007417 - ZERTOSC007419 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1474 | n/a | | ZERTOSC007420 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1475 | n/a | | ZERTOSC007421 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1476 | n/a | | ZERTOSC007422 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|-----------------|--------------|----------|
| DTX1477 | n/a | | ZERTOSC007423 - ZERTOSC007425 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1478 | n/a | | ZERTOSC007426 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1479 | n/a | | ZERTOSC007427 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1480 | n/a | | ZERTOSC007428 - ZERTOSC007453 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1481 | n/a | | ZERTOSC007454 - ZERTOSC007458 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1482 | n/a | | ZERTOSC007459 - ZERTOSC007462 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1483 | n/a | | ZERTOSC007463 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1484 | n/a | | ZERTOSC007464 - ZERTOSC007466 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1485 | n/a | | ZERTOSC007467 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1486 | n/a | | ZERTOSC007468 - ZERTOSC007474 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1487 | n/a | | ZERTOSC007475 - ZERTOSC007476 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1488 | n/a | | ZERTOSC007477 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1489 | n/a | | ZERTOSC007478 - ZERTOSC007524 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1490 | n/a | | ZERTOSC007525 - ZERTOSC007528 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1491 | n/a | | ZERTOSC007529 - ZERTOSC007530 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1492 | n/a | | ZERTOSC007531 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1493 | n/a | | ZERTOSC007532 - ZERTOSC007533 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1494 | n/a | | ZERTOSC007534 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1495 | n/a | | ZERTOSC007535 - ZERTOSC007537 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1496 | n/a | | ZERTOSC007538 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1497 | n/a | | ZERTOSC007539 - ZERTOSC007544 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1498 | n/a | | ZERTOSC007545 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1499 | n/a | | ZERTOSC007546 - ZERTOSC007548 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1500 | n/a | | ZERTOSC007549 - ZERTOSC007551 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1501 | n/a | | ZERTOSC007552 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1502 | n/a | | ZERTOSC007553 - ZERTOSC007598 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1503 | n/a | | ZERTOSC007599 - ZERTOSC007604 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1504 | n/a | | ZERTOSC007605 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1505 | n/a | | ZERTOSC007606 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1506 | n/a | | ZERTOSC007607 - ZERTOSC007611 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1507 | n/a | | ZERTOSC007612 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1508 | n/a | | ZERTOSC007613 - ZERTOSC007617 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1509 | n/a | | ZERTOSC007618 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1510 | n/a | | ZERTOSC007619 - ZERTOSC007620 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1511 | n/a | | ZERTOSC007621 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1512 | n/a | | ZERTOSC007622 - ZERTOSC007625 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1513 | n/a |  | ZERTOSC007626 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1514 | n/a |  | ZERTOSC007627 - ZERTOSC007628 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1515 | n/a |  | ZERTOSC007629 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1516 | n/a |  | ZERTOSC007630 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1517 | n/a |  | ZERTOSC007631 - ZERTOSC007632 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1518 | n/a |  | ZERTOSC007633 - ZERTOSC007634 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1519 | n/a |  | ZERTOSC007635 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1520 | n/a |  | ZERTOSC007636 - ZERTOSC007637 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |
| DTX1521 | n/a |  | ZERTOSC007638 - ZERTOSC007647 | 401/402, 403, 602, 701, 702, 703, NEA |  |  |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1522 | n/a | | ZERTOSC007648 - ZERTOSC007651 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1523 | n/a | | ZERTOSC007652 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1524 | n/a | | ZERTOSC007653 - ZERTOSC007654 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1525 | n/a | | ZERTOSC007655 - ZERTOSC007657 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1526 | n/a | | ZERTOSC007658 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1527 | n/a | | ZERTOSC007659 - ZERTOSC007660 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1528 | n/a | | ZERTOSC007661 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1529 | n/a | | ZERTOSC007662 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1530 | n/a | | ZERTOSC007663 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1531 | n/a | | ZERTOSC007664 - ZERTOSC007673 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1532 | n/a | | ZERTOSC007674 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1533 | n/a | | ZERTOSC007675 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1534 | n/a | | ZERTOSC007676 - ZERTOSC007678 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1535 | n/a | | ZERTOSC007679 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1536 | n/a | | ZERTOSC007680 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1537 | n/a | | ZERTOSC007681 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1538 | n/a | | ZERTOSC007682 - ZERTOSC007686 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1539 | n/a | | ZERTOSC007687 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1540 | n/a | | ZERTOSC007688 - ZERTOSC007749 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1541 | n/a | | ZERTOSC007750 - ZERTOSC008135 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1542 | n/a | | ZERTOSC008136 - ZERTOSC008235 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1543 | n/a | | ZERTOSC008236 - ZERTOSC008353 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1544 | n/a | | ZERTOSC008354 - ZERTOSC008458 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1545 | n/a | | ZERTOSC008459 - ZERTOSC008469 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1546 | n/a | | ZERTOSC008470 - ZERTOSC008480 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1547 | n/a | | ZERTOSC008481 - ZERTOSC008493 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1548 | n/a | | ZERTOSC008494 - ZERTOSC008611 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1549 | n/a | | ZERTOSC008612 - ZERTOSC008716 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1550 | n/a | | ZERTOSC008717 - ZERTOSC008725 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1551 | n/a | | ZERTOSC008726 - ZERTOSC008735 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1552 | n/a | | ZERTOSC008736 - ZERTOSC008747 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1553 | n/a | | ZERTOSC008748 - ZERTOSC008749 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1554 | n/a | | ZERTOSC008750 - ZERTOSC008751 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1555 | n/a | | ZERTOSC008752 - ZERTOSC008762 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1556 | n/a | | ZERTOSC008763 - ZERTOSC008766 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1557 | n/a | | ZERTOSC008767 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1558 | n/a | | ZERTOSC008768 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1559 | n/a | | ZERTOSC008769 - ZERTOSC008770 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1560 | n/a | | ZERTOSC008771 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1561 | n/a | | ZERTOSC008772 - ZERTOSC008773 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1562 | n/a | | ZERTOSC008774 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1563 | n/a | | ZERTOSC008775 - ZERTOSC008783 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1564 | n/a | | ZERTOSC008784 - ZERTOSC008785 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1565 | n/a | | ZERTOSC008786 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1566 | n/a | | ZERTOSC008787 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1567 | n/a | | ZERTOSC008788 - ZERTOSC008791 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1568 | n/a | | ZERTOSC008792 - ZERTOSC008793 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1569 | n/a | | ZERTOSC008794 - ZERTOSC008797 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1570 | n/a | | ZERTOSC008798 - ZERTOSC008799 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1571 | n/a | | ZERTOSC008800 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1572 | n/a | | ZERTOSC008801 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1573 | n/a | | ZERTOSC008802 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1574 | n/a | | ZERTOSC008803 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1575 | n/a | | ZERTOSC008804 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1576 | n/a | | ZERTOSC008805 - ZERTOSC008806 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1577 | n/a | | ZERTOSC008807 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1578 | n/a | | ZERTOSC008808 - ZERTOSC008810 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1579 | n/a | | ZERTOSC008811 - ZERTOSC008812 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1580 | n/a | | ZERTOSC008813 - ZERTOSC008815 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1581 | n/a | | ZERTOSC008816 - ZERTOSC008817 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1582 | n/a | | ZERTOSC008818 - ZERTOSC008820 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1583 | n/a | | ZERTOSC008821 - ZERTOSC008822 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1584 | n/a | | ZERTOSC008823 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1585 | n/a | | ZERTOSC008824 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1586 | n/a | | ZERTOSC008825 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1587 | n/a | | ZERTOSC008826 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1588 | n/a | | ZERTOSC008827 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1589 | n/a | | ZERTOSC008828 - ZERTOSC008829 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1590 | n/a | | ZERTOSC008830 - ZERTOSC008834 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1591 | n/a | | ZERTOSC008835 - ZERTOSC008841 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1592 | n/a | | ZERTOSC008842 - ZERTOSC008843 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1593 | n/a | | ZERTOSC008844 - ZERTOSC008848 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1594 | n/a | | ZERTOSC008849 - ZERTOSC008855 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1595 | n/a | | ZERTOSC008856 - ZERTOSC008858 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1596 | n/a | | ZERTOSC008859 - ZERTOSC008860 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1597 | n/a | | ZERTOSC008861 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1598 | n/a | | ZERTOSC008862 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1599 | n/a | | ZERTOSC008863 - ZERTOSC008864 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1600 | n/a | | ZERTOSC008865 - ZERTOSC008869 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1601 | n/a | | ZERTOSC008870 - ZERTOSC008873 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1602 | n/a | | ZERTOSC008874 - ZERTOSC008877 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1603 | n/a | | ZERTOSC008878 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1604 | n/a | | ZERTOSC008879 - ZERTOSC008884 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1605 | n/a | | ZERTOSC008885 - ZERTOSC008886 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1606 | n/a | | ZERTOSC008887 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1607 | n/a | | ZERTOSC008888 - ZERTOSC008891 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1608 | n/a | | ZERTOSC008892 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1609 | n/a | | ZERTOSC008893 - ZERTOSC008909 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1610 | n/a | | ZERTOSC008910 - ZERTOSC008914 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1611 | n/a | | ZERTOSC008915 - ZERTOSC008922 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1612 | n/a | | ZERTOSC008923 - ZERTOSC008925 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1613 | n/a | | ZERTOSC008926 - ZERTOSC008927 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1614 | n/a | | ZERTOSC008928 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1615 | n/a | | ZERTOSC008929 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1616 | n/a | | ZERTOSC008930 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1617 | n/a | | ZERTOSC008931 - ZERTOSC008932 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1618 | n/a | | ZERTOSC008933 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1619 | n/a | | ZERTOSC008934 - ZERTOSC008935 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1620 | n/a | | ZERTOSC008936 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1621 | n/a | | ZERTOSC008937 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1622 | n/a | | ZERTOSC008938 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1623 | n/a | | ZERTOSC008939 - ZERTOSC008943 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1624 | n/a | | ZERTOSC008944 - ZERTOSC008945 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1625 | n/a | | ZERTOSC008946 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1626 | n/a | | ZERTOSC008947 - ZERTOSC008958 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1627 | n/a | | ZERTOSC008959 - ZERTOSC008961 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1628 | n/a | | ZERTOSC008962 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1629 | n/a | | ZERTOSC008963 | 401/402, 403, 602, 701, 702, 703, NEA | | |

175

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1630 | n/a | | ZERTOSC008964 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1631 | n/a | | ZERTOSC008965 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1632 | n/a | | ZERTOSC008966 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1633 | n/a | | ZERTOSC008967 - ZERTOSC008968 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1634 | n/a | | ZERTOSC008969 - ZERTOSC008971 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1635 | n/a | | ZERTOSC008972 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1636 | n/a | | ZERTOSC008973 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1637 | n/a | | ZERTOSC008974 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1638 | n/a | | ZERTOSC008975 - ZERTOSC008976 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1639 | n/a | | ZERTOSC008977 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1640 | n/a | | ZERTOSC008978 - ZERTOSC008983 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1641 | n/a | | ZERTOSC008984 - ZERTOSC008985 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1642 | n/a | | ZERTOSC008986 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1643 | n/a | | ZERTOSC008987 - ZERTOSC008988 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1644 | n/a | | ZERTOSC008989 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1645 | n/a | | ZERTOSC008990 - ZERTOSC008991 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1646 | n/a | | ZERTOSC008992 - ZERTOSC008993 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1647 | n/a | | ZERTOSC008994 - ZERTOSC009000 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1648 | n/a | | ZERTOSC009001 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1649 | n/a | | ZERTOSC009002 - ZERTOSC009004 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1650 | n/a | | ZERTOSC009005 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1651 | n/a | | ZERTOSC009006 - ZERTOSC009008 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1652 | n/a | | ZERTOSC009009 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1653 | n/a | | ZERTOSC009010 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1654 | n/a | | ZERTOSC009011 - ZERTOSC009014 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1655 | n/a | | ZERTOSC009015 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1656 | n/a | | ZERTOSC009016 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1657 | n/a | | ZERTOSC009017 - ZERTOSC009019 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1658 | n/a | | ZERTOSC009020 - ZERTOSC009021 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1659 | n/a | | ZERTOSC009022 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1660 | n/a | | ZERTOSC009023 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1661 | n/a | | ZERTOSC009024 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1662 | n/a | | ZERTOSC009025 - ZERTOSC009026 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1663 | n/a | | ZERTOSC009027 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1664 | n/a | | ZERTOSC009028 - ZERTOSC009029 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1665 | n/a | | ZERTOSC009030 - ZERTOSC009032 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1666 | n/a | | ZERTOSC009033 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1667 | n/a | | ZERTOSC009034 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1668 | n/a | | ZERTOSC009035 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1669 | n/a | | ZERTOSC009036 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1670 | n/a | | ZERTOSC009037 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1671 | n/a | | ZERTOSC009038 - ZERTOSC009041 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1672 | n/a | | ZERTOSC009042 - ZERTOSC009043 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1673 | n/a | | ZERTOSC009044 - ZERTOSC009046 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1674 | n/a | | ZERTOSC009047 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1675 | n/a | | ZERTOSC009048 - ZERTOSC009049 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1676 | n/a | | ZERTOSC009050 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1677 | n/a | | ZERTOSC009051 - ZERTOSC009106 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1678 | n/a | | ZERTOSC009107 - ZERTOSC009114 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1679 | n/a | | ZERTOSC009115 - ZERTOSC009116 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1680 | n/a | | ZERTOSC009117 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1681 | n/a | | ZERTOSC009118 - ZERTOSC009119 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1682 | n/a | | ZERTOSC009120 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1683 | n/a | | ZERTOSC009121 - ZERTOSC009123 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1684 | n/a | | ZERTOSC009124 - ZERTOSC009142 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1685 | n/a | | ZERTOSC009143 - ZERTOSC009152 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1686 | n/a | | ZERTOSC009153 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1687 | n/a | | ZERTOSC009154 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1688 | n/a | | ZERTOSC009155 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1689 | n/a | | ZERTOSC009156 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1690 | n/a | | ZERTOSC009157 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1691 | n/a | | ZERTOSC009158 - ZERTOSC009164 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1692 | n/a | | ZERTOSC009165 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1693 | n/a | | ZERTOSC009166 - ZERTOSC009168 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1694 | n/a | | ZERTOSC009169 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1695 | n/a | | ZERTOSC009170 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1696 | n/a | | ZERTOSC009171 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1697 | n/a | | ZERTOSC009172 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1698 | n/a | | ZERTOSC009173 - ZERTOSC009283 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1699 | n/a | | ZERTOSC009284 - ZERTOSC009289 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1700 | n/a | | ZERTOSC009290 - ZERTOSC009292 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1701 | n/a | | ZERTOSC009293 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1702 | n/a | | ZERTOSC009294 - ZERTOSC009295 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1703 | n/a | | ZERTOSC009296 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1704 | n/a | | ZERTOSC009297 - ZERTOSC009352 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1705 | n/a | | ZERTOSC009353 - ZERTOSC009360 | 401/402, 403, 602, 701, 702, | | |
| DTX1706 | n/a | | ZERTOSC009361 - ZERTOSC009362 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1707 | n/a | | ZERTOSC009363 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1708 | n/a | | ZERTOSC009364 - ZERTOSC009386 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1709 | n/a | | ZERTOSC009387 - ZERTOSC009390 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1710 | n/a | | ZERTOSC009391 - ZERTOSC009393 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1711 | n/a | | ZERTOSC009394 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1712 | n/a | | ZERTOSC009395 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1713 | n/a | | ZERTOSC009396 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1714 | n/a | | ZERTOSC009397 - ZERTOSC009398 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1715 | n/a | | ZERTOSC009399 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1716 | n/a | | ZERTOSC009400 - ZERTOSC009402 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1717 | n/a | | ZERTOSC009403 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1718 | n/a | | ZERTOSC009404 - ZERTOSC009567 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1719 | n/a | | ZERTOSC009568 - ZERTOSC009653 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|------|------|-------------|-------------|------------------|--------------|----------|
| DTX1720 | n/a | | ZERTOSC009654 - ZERTOSC009659 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1721 | n/a | | ZERTOSC009660 - ZERTOSC009661 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1722 | n/a | | ZERTOSC009662 - ZERTOSC010062 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1723 | n/a | | ZERTOSC010063 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1724 | n/a | | ZERTOSC010064 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1725 | n/a | | ZERTOSC010065 - ZERTOSC010068 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1726 | n/a | | ZERTOSC010069 - ZERTOSC010096 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1727 | n/a | | ZERTOSC010097 - ZERTOSC010112 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1728 | n/a | | ZERTOSC010113 - ZERTOSC010116 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1729 | n/a | | ZERTOSC010117 - ZERTOSC010126 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1730 | n/a | | ZERTOSC010127 - ZERTOSC010128 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1731 | n/a | | ZERTOSC010129 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1732 | n/a | | ZERTOSC010130 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1733 | n/a | | ZERTOSC010131 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1734 | n/a | | ZERTOSC010132 - ZERTOSC010135 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1735 | n/a | | ZERTOSC010136 - ZERTOSC010163 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1736 | n/a | | ZERTOSC010164 - ZERTOSC010179 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1737 | n/a | | ZERTOSC010180 - ZERTOSC010183 | 401/402, 403, 602, 701, 702, 703, NEA | | |

SCHEDULE C-2:

ZERTO INC.'S EXHIBIT LIST

| DTX | DATE | DESCRIPTION | BATES RANGE | EMC'S OBJECTIONS | DATE OFFERED | ADMITTED |
|---|---|---|---|---|---|---|
| DTX1738 | n/a | ███████████████ | ZERTOSC010184 - ZERTOSC010193 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1739 | n/a | ███████████████ | ZERTOSC010194 - ZERTOSC010195 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1740 | n/a | ███████████████ | ZERTOSC010196 | 401/402, 403, 602, 701, 702, 703, NEA | | |
| DTX1741 | n/a | ███████████████ | ZERTOSC010197 | 401/402, 403, 602, 701, 702, 703, NEA | | |

# ATTACHMENT C

**SCHEDULE C-3:**
**JOINT EXHIBIT LIST**

| | | | |
|---|---|---|---|
| **JX0001** | 1/12/2010 | Certified copy of U.S. Patent No. 7,647,460 B1 (Wilson, et al.) | EMC_0198721 - EMC_0198736 |
| **JX0002** | 10/13/2009 | Certified copy of U.S. Patent No. 7,603,395 B1 (Bingham, et al.) | EMC_0198701 - EMC_0198720 |
| **JX0003** | 6/28/2011 | Certified copy of U.S. Patent No. 7,971,091 (Bingham, et al.) | EMC_0198769 - EMC_0198788 |
| **JX0004** | 8/18/2009 | Certified copy of U.S. Patent No. 7,577,867 B2 (Lewin, et al.) | EMC_0198789 - EMC_0198822 |
| **JX0005** | 6/6/2000 | Certified copy of U.S. Patent No. 6,073,222 (Ohran) | EMC_0198737 - EMC_0198768 |
| **JX0006** | | Certified File History for U.S. Patent No. 7,647,460 (Wilson, et al.) | EMC_0183412 - EMC_0184067 |
| **JX0007** | | Certified File History for U.S. Patent No. 7,603,395 (Bingham, et al.) | EMC_0185501 - EMC_0185860 |
| **JX0008** | | Certified File History for U.S. Patent No. 7,971,091 (Bingham, et al.) | EMC_0184659 - EMC_0185499 |
| **JX0009** | | Certified File History for U.S. Patent No. 7,577,867 (Lewin, et al.) | EMC_0184069 - EMC_0184657 |
| **JX0010** | | Certified File History for U.S. Patent No. 6,073,222 (Ohran) | EMC_0185861 - EMC_0189427 |