IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMC CORPORATION and | ) | |
| EMC ISRAEL DEVELOPMENT CENTER, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-956 (GMS) |
| | ) | |
| ZERTO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**EMC'S MOTION TO SUPPLEMENT THE RECORD
ON ITS MOTION FOR A PERMANENT INJUNCTION (D.I. 226)**

EMC seeks leave of the Court to supplement the record with documents that support

EMC's motion for a permanent injunction (D.I. 226) that were not available when the motion

was briefed.  Those documents are attached as Exhibits A-E.

The documents show that, notwithstanding the verdict of infringement, Zerto has

continued infringing and has intensified its efforts to take EMC customers by touting its

infringing software's unauthorized use of the patented features.  This evidence supports EMC's

arguments that (1) Zerto's infringement is causing EMC irreparable harm, (2) a causal nexus

exists between that irreparable harm and Zerto's infringement, and (3) the balance of hardships

weighs in favor of EMC.  Had all the documents been available when EMC filed its opening and

reply briefs in support of its motion for a permanent injunction, EMC would have cited them as

further support for at least those three arguments.[1]

EMC has conferred with counsel for Zerto, and Zerto opposes this motion.

---

[1]    In both its opening and reply briefs, EMC argued that (1) Zerto's infringement is causing
EMC irreparable harm (D.I. 227 at 18-20, D.I. 260 at 1-7), (2) there is a causal nexus between
Zerto's infringement and EMC's irreparable harm (D.I. 227 at 23-26, D.I. 260 at 11-15), and (3)
the balance of hardships favor granting EMC an injunction (D.I. 227 at 31-33, D.I. 260 at 18-19).

## THE DOCUMENTS

Exhibit A is an advertisement for a recent Zerto pricing promotion.  The promotion offers EMC customers an up to 25% discount if they switch to Zerto's infringing Zerto Virtual Replication ("ZVR") software.  The advertisement also includes a quote from a Zerto customer that highlights features of ZVR, including the use of VSS checkpoints, that infringe EMC's patents.  The advertisement supports EMC's pending motion in several ways.

First, the advertisement supports EMC's argument that Zerto's infringement is causing EMC irreparable harm, one of the four *eBay* factors.  The advertisement is further evidence that Zerto and EMC are direct competitors for the same customers.  Although Zerto claims the market is crowded with many competitive solutions (D.I. 250 at 1), its pricing promotion focuses on EMC.  As EMC argued in its prior briefs, district courts routinely find that a patentee suffers irreparable harm when the infringer is a direct competitor.  D.I. 227 at 18-20, D.I. 260 at 1-2. Therefore, the parties' direct competitive relationship strongly supports finding that EMC is suffering irreparable harm that only an injunction can remedy.  *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013) ("Where two companies are in competition against one another, the patentee suffers the harm – often irreparable – of being forced to compete against products that incorporate and infringe its own patented inventions.").

Second, the advertisement supports EMC's argument that a causal nexus exists between Zerto's infringement and EMC's irreparable harm.  When the patented features make an infringing product more desirable to customers, a causal nexus between the patentee's irreparable harm and the defendant's infringement is established.  *Apple Inc. v. Samsung Elec. Co. Ltd.*, 801 F.3d 1352, 1359 (Fed. Cir. 2015) ("[P]roving a causal nexus requires the patentee to show 'some connection' between the patented features and the demand for the infringing

products."). The advertisement is further evidence that there is a connection between the patented features and consumer demand for ZVR. Although Zerto claims its customers purchase ZVR for reasons other than the patented features (D.I. 250 at 13), Zerto tries to entice EMC's customers to switch to ZVR with a customer testimonial focused on VSS functionality. Exhibit A ("[ZVR] handles **VSS checkpoints** seamlessly and the ability to rollback a failover streamlines our BC/DR processes."). EMC relied extensively on ZVR's VSS functionality at trial in proving infringement. Quite simply, the advertisement demonstrates that both Zerto and its consumers believe the patented features make ZVR desirable, thus establishing that a causal nexus exists between EMC's irreparable harm and Zerto's infringement.

Exhibit B is a printout from Zerto's website in which Zerto identifies ZVR's ability to recover data at "the point in time when data is quiesced" as a "critical" feature. This statement further supports EMC's argument that a causal nexus exists between Zerto's infringement and EMC's irreparable harm because it reinforces the connection between a patented feature (using VSS checkpoints to recover quiesced data) and consumer demand for ZVR. Zerto's own belief that the patented feature is "critical," when combined with other evidence establishing consumer preferences for that feature (D.I. 227 at 14), "further establishes a causal nexus and [EMC's] irreparable harm." *Apple Inc.*, 801 F.3d at 1362.

Exhibit C is a printout from Zerto's website in which it highlights customer testimonials discussing why they purchased ZVR. Similar to Exhibits A and B, this document supports EMC's argument that a causal nexus exists between Zerto's infringement and EMC's irreparable harm. At least two customers—Family Investments and Voya Financial—provided recent testimonials that identified ZVR's ability to recover data in an application consistent state as a reason why each purchased ZVR. These customer statements demonstrate that a patented

feature—VSS checkpoints—is a significant driver of consumer demand for ZVR.  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, C.A. No. 03-309-LPS, 2014 WL 2960035, *2 (D. Del. June 30, 2014) (granting injunction and finding causal nexus where there was evidence that "customers demand that the [patented] features be included in the products supplied to them").

      Exhibits D and E are letters from EMC's counsel to Zerto's counsel requesting that Zerto confirm that its most recent version of ZVR—version 4.0—is not more than colorably different from the versions that the jury found to infringe.  Zerto released version 4.0 **during the trial**. *See* D.I. 229, Ex. HH (May 5, 2015 press release announcing 4.0).  The letters note Ziv Kedem's trial testimony—less than a week before 4.0 was released—that Zerto had not designed around the infringed patents.  D.I. 229, Ex. A at 864:11-15 (April 30, 2015 trial transcript).   The letters also note that Zerto's technical materials for the new version indicate that the patented features remain in ZVR.  Counsel for Zerto has not responded to these letters.  Zerto's silence further underscores that its infringing conduct continues unabated and that Zerto has done nothing to stop its unauthorized use of EMC's intellectual property.  Zerto's conduct is relevant at least to the third *eBay* factor—the balance of hardships—because it shows that Zerto has not halted its infringement.  *Douglas Dynamics*, 717 F.3d at 1345 ("If indeed Buyers had a non-infringing alternative which it could easily deliver to the market, then the balance of hardships would suggest that Buyers should halt infringement and pursue a lawful course of market conduct.").

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:


Michael N. Rader
Allen S. Rugg
Richard F. Giunta
Nathan R. Speed
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA  02210-2206
(617) 646-8000

Paul T. Dacier
Krishnendu Gupta
William R. Clark
EMC CORPORATION
176 South Street
Hopkinton, MA  01748

December 4, 2015

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel

for the defendant and that we have not been able to reach agreement.


*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 4, 2015, upon the following in the manner indicated:

| | |
|---|---|
| Adam W. Poff, Esquire<br>Robert M. Vrana, Esquire<br>Gregory J. Brodzik, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Zerto, Inc.* | *VIA ELECTRONIC MAIL* |
| Matthew B. Lowrie, Esquire<br>Aaron W. Moore, Esquire<br>Kevin M. Littman, Esquire<br>Lucas I. Silva, Esquire<br>FOLEY & LARDNER LLP<br>111 Huntington Avenue, Suite 2600<br>Boston, MA  02199-7610<br>*Attorneys for Zerto, Inc.* | *VIA ELECTRONIC MAIL* |
| Aaron J. Weinzierl, Esquire<br>FOLEY & LARDNER LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL  60654<br>*Attorneys for Zerto, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)